**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
         apersinger@bursor.com
         ykrivoshey@bursor.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA MCMILLION, JESSICA ADEKOYA, and IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated, <br><br> Plaintiffs, <br> v. <br><br> RASH CURTIS & ASSOCIATES, <br><br> Defendant. | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiffs Sandra McMillion, Jessica Adekoya, and Ignacio Perez ("Plaintiffs"), individually and on behalf of all others similarly situated, allege the following on information and belief, except that Plaintiffs' allegations as to their own actions are based on personal knowledge.

## NATURE OF THE ACTION

1. Defendant Rash Curtis & Associates ("Rash Curtis" or "Defendant") is a large, nationwide debt collection agency. Defendant uses repeated robocalls, pre-recorded voice messages, and auto-dialed calls to threaten and harass consumers in an attempt to collect.

2. Between June 2015 and March 2016, Defendant repeatedly called Plaintiff Sandra McMillion on her cellular telephone using an autodialer and/or an artificial or prerecorded voice. Ms. McMillion did not give Defendant prior express written consent to make these calls. Defendant's calls continued despite Ms. McMillion's many requests for Defendant to stop calling.

3. The following chart details 33 of Defendant's calls to Ms. McMillion:

| **Date** | **Time** | **Number Calling** |
|---|---|---|
| 12/23/2015 | 4:06 PM | (707) 454-2010 |
| 12/24/2015 | 10:55 AM | (866) 729-2722 |
| 12/24/2015 | 12:55 PM | (866) 729-2722 |
| 12/29/2015 | 9:52 AM | (866) 729-2722 |
| 12/30/2015 | 6:09 PM | (866) 729-2722 |
| 12/31/2015 | 11:56 AM | (866) 729-2722 |
| 1/04/2016 | 2:01 PM | (866) 729-2722 |
| 1/06.2016 | 10:45 AM | (707) 454-2010 |
| 1/07/2016 | 9:32 AM | (866) 729-2722 |
| 1/07/2016 | 12:54 PM | (866) 729-2722 |
| 1/08/2016 | 12:04 PM | (866) 729-2722 |
| 1/08/2016 | 4:23 PM | (707) 454-2010 |
| 1/12/2016 | 10:23 AM | (866) 729-2722 |
| 1/14/2016 | 11:09 AM | (707) 454-2010 |
| 1/14/2016 | 8:19 PM | (866) 729-2722 |
| 1/15/2016 | 11:08 AM | (866) 729-2722 |
| 1/16/2016 | 11:16 AM | (866) 729-2722 |

| 1/18/2016 | 9:58 AM | (707) 454-2010 |
|---|---|---|
| 1/19/2016 | 11:09 AM | (866) 729-2722 |
| 1/20/2016 | 9:27 AM | (707) 454-2010 |
| 1/21/2016 | 9:33 AM | (866) 729-2722 |
| 1/21/2016 | 11:59 AM | (707) 454-2010 |
| 1/22/2016 | 11:42 AM | (866) 729-2722 |
| 1/23/2016 | 10:08 AM | (707) 454-2010 |
| 1/25/2016 | 5:26 PM | (866) 729-2722 |
| 1/26/2016 | 4:06 PM | (707) 454-2010 |
| 1/27/2016 | 1:39 PM | (866) 729-2722 |
| 1/29/2016 | 3:06 PM | (866) 729-2722 |
| 2/01/2016 | 5:59 PM | (866) 729-2722 |
| 2/02/2016 | 9:49 AM | (707) 454-2010 |
| 2/02/2016 | 2:59 PM | (866) 729-2722 |
| 2/16/2016 | 9:25 AM | (866) 729-2722 |
| 2/17/2016 | 3:10 PM | (855) 849-7848 |

4.      Defendant harassed Plaintiff Jessica Adekoya in a similar manner, calling her cellular telephone 45 times using an autodialer and/or an artificial or prerecorded voice. Ms. Adekoya did not give Defendant prior express written consent to make these calls. Defendant's calls continued despite Ms. Adekoya's many requests for Defendant to stop calling.

5.      The following chart details 45 of Defendant's calls to Ms. Adekoya:

| **Date** | **Time** | **Number Calling** |
|---|---|---|
| 6/12/15 | 8:31 AM | (866) 729-2722 |
| 6/24/15 | 11:26 AM | (866)246-2953 |
| 6/26/15 | 1:35 PM | (615) 246-2953 |
| 6/26/15 | 3:24 PM | (615) 246-2953 |
| 7/1/15 | 5:17 PM | (866) 729-2722 |
| 7/2/15 | 11:41 AM | (866) 729-2722 |
| 7/15/15 | 2:33 PM | (866) 729-2722 |
| 7/22/15 | 5:10 PM | (866) 729-2722 |
| 7/23/15 | 1:43 PM | (866) 729-2722 |
| 7/23/15 | 4:56 PM | (866) 729-2722 |

CLASS ACTION COMPLAINT                                             2

| | | |
|---|---|---|
| 7/24/15 | 11:59 AM | (866) 729-2722 |
| 7/28/15 | 11:26 AM | (866) 729-2722 |
| 7/29/15 | 11:42 AM | (866) 729-2722 |
| 8/11/15 | 2:57 PM | (866) 729-2722 |
| 8/11/15 | 4:59 PM | (866) 729-2722 |
| 8/19/15 | 2:59 PM | (866) 729-2722 |
| 8/25/15 | 10:48 AM | (866) 729-2722 |
| 8/27/15 | 12:57 PM | (866) 729-2722 |
| 8/31/15 | 2:06 PM | (707) 454-2010 |
| 8/31/15 | 3:17 PM | (707) 454-2010 |
| 9/3/15 | 3:50 PM | (866) 729-2722 |
| 9/11/15 | 3:07 PM | (707) 454-2010 |
| 9/14/15 | 4:16 PM | (866) 729-2722 |
| 9/16/15 | 9:12 AM | (866) 729-2722 |
| 9/18/15 | 3:04 PM | (866) 729-2722 |
| 9/21/15 | 2:06 PM | (707) 454-2010 |
| 9/23/15 | 4:12 PM | (866) 729-2722 |
| 9/24/15 | 2:21 PM | (866) 729-2722 |
| 9/25/15 | 2:40 PM | (866) 729-2722 |
| 9/26/15 | 10:29 AM | (866) 729-2722 |
| 9/28/15 | 2:26 PM | (866) 729-2722 |
| 9/29/15 | 2:09 PM | (866) 729-2722 |
| 9/30/15 | 3:00 PM | (866) 729-2722 |
| 10/5/15 | 2:38 PM | (866) 729-2722 |
| 10/6/15 | 5:01 PM | (866) 729-2722 |
| 10/7/15 | 4:01 PM | (707) 454-2010 |
| 10/9/15 | 1:56 PM | (707) 454-2010 |
| 10/13/15 | 3:09 PM | (866) 729-2722 |
| 10/14/15 | 4:24 PM | (866) 729-2722 |
| 10/23/15 | 2:52 PM | (866) 729-2722 |
| 12/9/15 | 11:36 AM | (866) 729-2722 |
| 2/8/16 | 10:18 AM | (707) 454-2010 |
| 3/14/16 | 2:20 PM | (707) 454-2010 |
| 3/15/16 | 12:08 PM | (707) 454-2010 |

| | | |
|---|---|---|
| 3/16/16 | 9:07 AM | (707) 454-2010 |

6. Defendant also repeatedly called Plaintiff Ignacio Perez on his cellular telephone using an autodialer and/or an artificial or prerecorded voice. Mr. Perez did not give Defendant prior express written consent to make these calls. Defendant's calls continued despite Mr. Perez's many requests for Defendant to stop calling.

7. The following chart details 4 of Defendant's calls to Mr. Perez:

| **Date** | **Time** | **Number Calling** |
|---|---|---|
| 5/26/16 | 4:17 PM | (866) 729-2722 |
| 6/1/16 | 3:51 PM | (866) 729-2722 |
| 6/3/16 | 4:53 PM | (866) 729-2722 |
| 6/7/16 | 3:26 PM | (707) 454-2010 |

8. Plaintiffs bring this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendant in negligently, knowingly, and willfully contacting Plaintiffs and class members on their telephones using an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

9. Plaintiffs also bring this action for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* (hereinafter "FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Civil Code 1788 *et seq.* (hereinafter, the "Rosenthal Act"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices in their collection of consumer debts. Plaintiffs allege that Defendant engaged in a campaign of harassment in an attempt to coerce payment of a consumer debt.

## PARTIES

10. Plaintiff Sandra McMillion is, and at all times mentioned herein was, a resident of San Francisco, California and a citizen of the State of California.

11. Plaintiff Jessica Adekoya is, and at all times mentioned herein was, a resident of Richmond, California and a citizen of the State of California.

CLASS ACTION COMPLAINT                                                                                                 4

1       12.     Plaintiff Ignacio Perez is, and at all times mentioned herein was, a resident of
2   Sacramento, California and a citizen of the State of California.
3       13.     Defendant Rash Curtis & Associates' principal place of business is located at 190 S.
4   Orchard Avenue, Suite A205, Vacaville, CA 95688.  Defendant is a debt collector as defined by 15
5   U.S. C. § 1692a.

## JURISDICTION AND VENUE

7       14.     This Court has subject matter jurisdiction over this action pursuant to the Class
8   Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28
9   U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as
10  here: (a) there are 100 or more members in the proposed classes; (b) some members of the
11  proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed
12  class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28
13  U.S.C. § 1332(d)(2) and (6).
14      15.     This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331
15  because this action involves violations of federal statutes, the TCPA and the FDCPA.  This Court
16  has supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367.
17      16.     Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant transacts
18  significant business within this District, Plaintiffs McMillion and Adekoya reside within this
19  District, and a substantial part of the events giving rise to Plaintiffs' claims took place within this
20  District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.      The Telephone Consumer Protection Act Of 1991**

23      17.     In 1991, Congress enacted the TCPA in response to a growing number of consumer
24  complaints regarding certain telemarketing practices.
25      18.     Among other things, the TCPA prohibits "initiat[ing] any telephone call to any
26  residential telephone line using an artificial or prerecorded voice to deliver a message without the
27  prior express consent of the called party. . . ."

CLASS ACTION COMPLAINT                                                                                5

19. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

20. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.    The Federal Fair Debt Collection Practices Act**

21. The Federal Fair Debt Collection Practices Act was enacted to eliminate abusive practices in the collection of consumer debt and to promote fair debt collection.

22. Among other things, the FDCPA prohibits debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of debt."  Violations of 15 U.S.C. §1692 include "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number," calling before 8:00 a.m. or after 9:00 p.m., failing to cease communication upon request, threatening arrest or legal action, using abusive or profane language, misrepresenting the debt, and using deceit to collect debt.

**C.    Defendant's Calls to Plaintiffs and Class Members**

**Ms. McMillion**

23. Defendant called Ms. McMillion at least 33 times on her cellular telephone using an autodialer and/or an artificial or prerecorded voice.  Ms. McMillion did not give Defendant prior express written consent to make these calls, and repeatedly requested that Defendant stop calling. Defendant's calls continued despite Ms. McMillion's requests.

24. Defendant's calls were made from several different telephone numbers in an effort to disguise the identity of the caller.  These telephone numbers include (866) 729-2722, (707) 454-2010, and (855) 849-7848.

CLASS ACTION COMPLAINT                                                                                           6

25. Defendant's calls to Ms. McMillion were made with such frequency as to constitute harassment, and were made with the intent to annoy and harass. For example, in September 2015 Defendant called nearly daily. Defendant called Ms. Million's cellular telephone on September 11, September 14, September 16, September 18, September 21, September 23, September 24, September 25, September 26, September 28, September 29, and September 30.

26. Prior to the calls at issue in this action, Ms. McMillion never had any contact with Defendant. She has never consented in writing, or otherwise, to receive autodialed telephone calls from Defendant. She has never provided Defendant with her telephone number.

**Ms. Adekoya**

27. Defendant called Ms. Adekoya at least 45 times on her cellular telephone using an autodialer and/or an artificial or prerecorded voice. Ms. Adekoya did not give Defendant prior express written consent to make these calls, and repeatedly requested that Defendant stop calling. Defendant's calls continued despite Ms. Adekoya's requests.

28. Defendant's calls were made from several different telephone numbers in an effort to disguise the identity of the caller. These telephone numbers include (866) 729-2722, (707) 454-2010, and (615) 246-2953.

29. Defendant's calls to Ms. Adekoya were in an effort to collect a debt she purportedly owes for an unpaid doctor's visit.

30. Defendant's calls to Ms. Adekoya were made with such frequency as to constitute harassment, and were made with the intent to annoy and harass. For example, Defendant called Ms. Adekoya on September 21, 2016, and again on September 23, 24, 25, and 26.

31. Defendant also contacted Ms. Adekoya's place of employment regarding her alleged debt. Defendant made several harassing phone calls and sent a letter via fax to Ms. Adekoya's supervisor regarding the purported owed debt.

32. Prior to the calls at issue in this action, Ms. Adekoya never had any contact with Defendant. She has never consented in writing, or otherwise, to receive autodialed telephone calls from Defendant. She has never provided Defendant with her telephone number.

CLASS ACTION COMPLAINT 7

**Mr. Perez**

33. Defendant called Mr. Perez at least 4 times on her cellular telephone using an autodialer and/or an artificial or prerecorded voice. Mr. Perez did not give Defendant prior express written consent to make these calls, and repeatedly requested that Defendant stop calling. Mr. Perez informed Defendant's agents that he was not the individual they were attempting to contact. Defendant's calls continued despite Mr. Perez's requests.

34. Defendant's calls were made from several different telephone numbers in an effort to disguise the identity of the caller. These telephone numbers include (866) 729-2722 and (707) 454-2010.

35. When Mr. Perez answered calls from Defendant, there was a pause before a live person began speaking, indicating the use of an automatic telephone dialing machine. Further, at times, a recording would play before Mr. Perez was connected to a live person.

36. Defendant's calls to Mr. Perez were made with such frequency as to constitute harassment, and were made with the intent to annoy and harass.

37. Prior to the calls at issue in this action, Mr. Perez never had any contact with Defendant. He has never consented in writing, or otherwise, to receive autodialed telephone calls from Defendant. He has never provided Defendant with her telephone number.

**D.    Consumer Complaints Regarding Defendant's Calls**

38. Online consumer complaints regarding Defendant's unsolicited robocalls and autodialed calls are abundant. The following illustrate some of the many complaints regarding Defendant's calls originating from (866) 729-2722 and (707) 454-2010, the exact numbers Defendant used to call each of the Plaintiffs:

- "Someone from this number has done nothing but call me several times through-out the week, for the past couple of months. The message states that this is an important business call for so-in-so, that requires my immediate attention. Due to the [sensitive] nature of this case, no further information can be given at this time. To connect to an operator press the 9 key and refer to case number such-an-such. Finally after they called me yet again yesterday afternoon, I decided to connect with an operator to tell them to take me off of whatever call

CLASS ACTION COMPLAINT                                                                                                                8

- list they may have. I pressed the 9 key to be connected, was put on hold for about two minutes, then I could hear someone pick up the phone and hang up on me…"[1]

- "THIS COMPANY RASH CURTIS & ASSOCIATES KEEPS CALLING MY NUMBER FOR SOMEONE WHO DOES NOT LIVE HERE.  IT IS AN AUTOMATED CALL TO PRESS A BUNCH OF NUMBERS IF YOU ARE THIS PERSON OR NOT.  I PRESS THE ONE FOR I AM NOT THIS PERSON YET THEY KEEP CALLING ME EVERYDAY."[2]

- "One of 4 or 5 telephone numbers used by collection agency, Rash, Curtis & Associates.  You get no response when answering the call; however, if you don't answer the call immediately, they dial again...and again.  Following the 3rd successive call, a live person leaves a message on your answering machine identifying themselves as agents of Rach, Curtis & Associates."[3]

- "They call and call and call!  4 times in one day!!  Never have they left a message. How do I stop the calls??"[4]

- "I received calls from this collector not only on my work phone after I had told them not to call my work, but also on co-workers numbers."[5]

- "They keep calling me. Asking for somebody I don't know. I keep telling them that they dialed the wrong number." [6]

- "When I picked up, the recording told me that all operators were busy and to please wait for the next available operator. Why would I do that if you're the one calling me? How ridiculous is this?"[7]

- "I am another person in this long list of complainants.  I have no debt for these people to collect. I have never received a bill. I do not know how they [acquired] my telephone number but they call many times and harass! When you try to ask them to stop they are beyond difficult!!!"[8]

- "This company is calling my phone number to leave messages for another person. Harassing and annoying. No more calls, please."[9]

- "They are still calling my house everyday three times a day. They are not calling out of the allotted call times but they are being rude telling me I am irresponsible for not paying my

---

[1] http://whocallsme.com/Phone-Number.aspx/8667292722
[2] *Id.*
[3] http://800notes.com/Phone.aspx/1-707-454-2010
[4] *Id.*
[5] http://800notes.com/Phone.aspx/1-707-454-2010/5
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*

CLASS ACTION COMPLAINT 9

bills and so on. I have requested over the phone for them to not call me anymore but they keep calling."[10]

## CLASS ACTION ALLEGATIONS

39. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated.

40. Plaintiffs proposes the following Robocall Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

41. Collectively, all these persons will be referred to as the "Robocall Class." Plaintiffs represent, and are members of, this proposed class. Excluded from the Robocall Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

42. Plaintiffs also propose the following Autodialer Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone; (c) made by or on behalf of Defendant; (d) for whom Defendant has no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

43. Collectively, all these persons will be referred to as the "Autodialer Class." Plaintiffs represent, and are members of, this proposed class. Excluded from the Autodialer Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and

---

[10] http://www.complaintsboard.com/complaints/collection-company-collections-c658530.html

CLASS ACTION COMPLAINT                                                                                   10

employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

44. Plaintiffs further propose the following Internal Do-Not-Call List ("IDNCL") Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) after notifying Defendant that they no longer wished to receive calls from or on behalf of Defendant; (b) received one or more calls from or on behalf of Defendant; (c) using either an artificial or prerecorded voice or an automatic telephone dialing system as defined under the TCPA; (d) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

45. Collectively, all these persons will be referred to as the "IDNCL Class." Plaintiffs represent, and are members of, this proposed class. Excluded from the IDNCL Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

46. Plaintiffs further propose the following FDCPA Class definition, subject to amendment as appropriate:

> All persons within the United States who received harassing, oppressive, or abusive calls from Defendant including (a) repeated calls to annoy someone, or (b) calling at times in violation of curfew, such as before 8:00 a.m. or after 9:00 p.m., (c) threats to take any action that cannot legally be taken, or (d) representations or implications that nonpayment of any debt will result in the arrest or imprisonment of any person.

47. Collectively, all these persons will be referred to as the "FDCPA Class." Plaintiffs represent, and are members of, this proposed class. Excluded from the FDCPA Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

48. Plaintiffs also propose the following Rosenthal Act Class definition, subject to amendment as appropriate:

CLASS ACTION COMPLAINT                                                                                              11

> All persons within the State of California who received harassing, oppressive, or abusive calls from Defendant including (a) repeated calls to annoy or harass, (b) calls at times in violation of curfew, such as before 8:00 a.m. or after 9:00 p.m., (c) threats to take any action that cannot legally be taken, or (d) representations or implications that nonpayment of any debt will result in the arrest or imprisonment of any person; (e) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

49. Collectively, all these persons will be referred to as the "Rosenthal Act Class." Plaintiffs represent, and are members of, this proposed class. Excluded from the Rosenthal Act Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

50. Plaintiffs do not know the exact number of members in the proposed classes, but reasonably believe based on the scale of Defendant's business, and the number of online complaints, that the classes are so numerous that individual joinder would be impracticable.

51. Plaintiffs and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

52. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed classes can be identified easily through records maintained by Defendant.

53. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendant made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

   b. Whether Defendant's conduct was knowing and/or willful;

   c. Whether Defendant made harassing, oppressive, or abusive telephone calls;

    d.  Whether Defendant is liable for damages, and the amount of such damages, and

    e.  Whether Defendant should be enjoined from engaging in such conduct in the future.

54.    As persons who received numerous and repeated calls on their telephones through the use of an artificial or prerecorded voice, without their prior express written consent, Plaintiffs assert claims that are typical of each member of the classes.  Plaintiffs will fairly and adequately represent and protect the interests of the proposed classes, and have no interests which are antagonistic to any member of the proposed classes.

55.    Plaintiffs have retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

56.    A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendant to comply with the TCPA, FDCPA, and Rosenthal Act.  The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA, FDCPA, and Rosenthal Act are relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

57.    Defendant has acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate.  Moreover, on information and belief, Plaintiffs allege that the TCPA, FDCPA, and Rosenthal Act violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

58. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

59. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

60. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

61. Plaintiffs and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

62. Plaintiffs and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

### SECOND COUNT
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

63. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

64. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

65. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and members of the classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

66. Plaintiffs and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

67. Plaintiffs and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

### THIRD COUNT
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692, *et seq*.

68. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

69. Defendant's course of conduct as more fully described above constitutes numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq*., including but not limited to 15 U.S.C. § 1692d and e.

70. As a result of Defendant's actions, Plaintiffs and the FDCPA Class are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. § 1692k, *et seq*.

### FOURTH COUNT
### VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ.Code 1788, *et seq*.

71. Plaintiffs incorporate by reference the foregoing paragraphs of his Complaint as if fully stated herein.

72. The foregoing acts and omissions by Defendant in its illegal attempt to collect a consumer debt constitute numerous unfair, deceptive, and/or unconscionable trade practices, made unlawful pursuant to the California Rosenthal Fair Debt Collections Practices Act, including but not limited to Cal. Civ. Code § 1788.11(d) and (e).

73. Defendant also violated Cal. Civ. Code § 1788.17, which requires Defendant to comply with all of the provisions of the FDCPA 15 U.S.C. §§ 1692, *et seq*. in all of its collection efforts.

74. Therefore, Plaintiffs and the Rosenthal Act Class are entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs and all members of the proposed classes the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiffs seeks for themselves and each member of the proposed classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendant's violations of the TCPA, Plaintiffs seek for themselves and each member of the proposed classes $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of damages as permitted by the FDCPA;

e. An award of damages as permitted by the Rosenthal Act;

f. An award of attorneys' fees and costs to counsel for Plaintiffs and the proposed classes;

g. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiffs are proper representatives of the classes, and appointing the lawyers and law firm representing Plaintiffs as counsel for the classes;

h. Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

| | | |
|---|---|---|
| 1 | Dated:  June 17, 2016 | Respectfully submitted, |
| 2 | | **BURSOR & FISHER, P.A.** |
| 3 | | By:   */s/ Yeremey Krivoshey* |
| 4 | | Yeremey Krivoshey |

L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email:  ltfisher@bursor.com
          apersinger@bursor.com
          ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiffs*