Mark E. Ellis - 127159
Andrew M. Steinheimer - 200524
Amanda N. Griffith - 288164
ELLIS LAW GROUP LLP
740 University Avenue, Suite 100
Sacramento, CA  95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
asteinheimer@ellislawgrp.com
agriffith@ellislawgrp.com

Attorneys for Defendant RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA McMILLION, JESSICA ADEKOYA, AND IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>        Plaintiffs,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>        Defendant. | Case No.:  4:16-cv-03396-YGR<br><br>**DEFENDANT RASH CURTIS & ASSOCIATES' ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL** |

Defendant RASH CURTIS & ASSOCIATES, (hereinafter "Defendant") hereby responds to Plaintiffs' Complaint as follows:

1.    As to paragraph 1, Defendant admits that it is a debt collection agency, but denies all other allegations alleged herein. Defendant specifically denies that it "uses repeated, pre-recorded voice messages, and auto-dialed calls to threaten and harass consumers in an attempt to collect."

2.    As to paragraph 2, Defendant denies these allegations.

3.    As to paragraph 3, Defendant lacks sufficient information and/or belief to admit whether every call alleged in paragraph 3 was placed by Defendant at the date and time alleged and, on that basis, denies these allegations. Defendant denies any implied allegation(s) that these purported calls violated the federal Telephone Consumer Protection Act ("TCPA"), federal Fair Debt Collection

- 1 -

1   Practices Act ("FDCPA") and/or, California's Rosenthal Fair Debt Collection Practices Act

2   ("Rosenthal FDCPA").

3       4.      As to paragraph 4, Defendant denies these allegations.

4       5.      As to paragraph 5, Defendant lacks sufficient information and/or belief to admit

5   whether every call alleged in paragraph 5 was placed by Defendant at the date and time alleged and, on

6   that basis, denies these allegations. Defendant denies any implied allegation that these purported calls

7   violated the TCPA, FDCPA and/or, Rosenthal FDCPA.

8       6.      As to paragraph 6, Defendant denies these allegations.

9       7.      As to paragraph 7, Defendant lacks sufficient information and/or belief to admit

10  whether every call alleged in paragraph 7 was placed by Defendant at the date and time alleged and, on

11  that basis, denies these allegations. Defendant denies any implied allegation that these purported calls

12  violated the TCPA, FDCPA and/or, Rosenthal FDCPA.

13      8.      As to paragraph 8, Defendant lacks sufficient information and/or belief to admit or deny

14  why Plaintiffs are bringing this action against it for alleged violations of the TCPA. To the extent

15  paragraph 8 alleges (expressly or implicitly) that Defendant violated the TCPA, Defendant denies

16  those allegations.

17      9.      As to paragraph 9, Defendant lacks sufficient information and/or belief to admit or deny

18  why Plaintiffs are bringing this action against it for alleged violations of the FDCPA and Rosenthal

19  FDCPA.   To the extent paragraph 9 alleged (expressly or implicitly) that Defendant violated the

20  FDCPA and/or Rosenthal FDCPA, Defendant denies those allegations. Defendant specifically denies

21  that it "engaged in a campaign of harassment in an attempt to coerce payment of a consumer debt."

22      10.     As to paragraph 10, Defendant lacks sufficient information and/or belief as to Plaintiff

23  Sandra McMillion's residency and therefore, denies the allegations in paragraph 10 on that basis.

24      11.     As to paragraph 11, Defendant lacks sufficient information and/or belief as to Plaintiff

25  Jessica Adekoya's residency and therefore, denies the allegations in paragraph 11 on that basis.

26      12.     As to paragraph 12, Defendant lacks sufficient information and/or belief as to Plaintiff

27  Ignacio Perez's residency and therefore, denies the allegations in paragraph 12 on that basis.

28      13.     As to paragraph 13, Defendant admits that it is a debt collector as defined by 15 U.S.C.

§ 1692a(6) but, denies any implicit allegations that it violated the FDCPA or Rosenthal FDCPA. Defendant admits that its principal place of business is in Vacaville, California at 190 S. Orchard Avenue, but denies that it is located in Suite A-205.

14.     As to paragraph 14, Defendant denies that this Court has subject jurisdiction over the matter pursuant to the Class Action Fairness Act of 2005 because no class has been certified and the claims of the proposed class do not exceed the value of $5,000,000.00.

15.     As to paragraph 15, Defendant does not contest federal question jurisdiction.

16.     As to paragraph 16, Defendant does not contest this action being venued in the Northern District of California.

17.     As to paragraph 17, this paragraph does not contain allegations which Defendant can admit or deny as it is a statement of legislative history regarding the enactment of the TCPA. In that regard, the allegations made in paragraph 17 are impermissibly argumentative and a legal conclusion. To the extent that Plaintiffs implicitly allege that Defendant violated the TCPA, Defendant denies those allegations.

18.     As to paragraph 18, this paragraph does not contain allegations which Defendant can admit or deny as it is a statement regarding the prohibitions under the TCPA. In that regard, the allegations made in paragraph 18 are impermissibly argumentative and a legal conclusion. To the extent that Plaintiffs implicitly allege that Defendant violated the TCPA, Defendant denies those allegations.

19.     As to paragraph 19, this paragraph does not contain allegations which Defendant can admit or deny as it is a statement of the Federal Communication Commission's findings regarding the enactment of the TCPA. In that regard, the allegations made in paragraph 19 are impermissibly argumentative and a legal conclusion. To the extent that Plaintiffs implicitly allege that Defendant violated the TCPA, Defendant denies those allegations.

20.     As to paragraph 20, this paragraph does not contain allegations which Defendant can admit or deny as it is a statement of the Federal Communication Commission's findings regarding the enactment of the TCPA. In that regard, the allegations made in paragraph 20 are impermissibly argumentative and contains legal conclusions. To the extent that Plaintiffs implicitly allege that

- 3 -

1    Defendant violated the TCPA, Defendant denies those allegations.

2        21.    As to paragraph 21, this paragraph does not contain allegations which Defendant can

3    admit or deny as it is a statement of legislative history regarding the enactment of the FDCPA. In that

4    regard, the allegations made in paragraph 21 are impermissibly argumentative and a legal conclusion.

5    To the extent that Plaintiffs implicitly allege that Defendant violated the FDCPA, Defendant denies

6    those allegations.

7        22.    As to paragraph 22, this paragraph does not contain allegations which Defendant can

8    admit or deny as it is a statement regarding the prohibitions under the FDCPA. In that regard, the

9    allegations made in paragraph 22 are impermissibly argumentative and a legal conclusion.  To the

10   extent that Plaintiffs implicitly allege that Defendant violated the FDCPA, Defendant denies those

11   allegations.

12       23.    As to paragraph 23, Defendant denies these allegations.

13       24.    As to paragraph 24, Defendant denies these allegations.

14       25.    As to paragraph 25, Defendant denies these allegations.

15       26.    As to paragraph 26, Defendant denies these allegations.

16       27.    As to paragraph 27, Defendant denies these allegations.

17       28.    As to paragraph 28, Defendant denies these allegations.

18       29.    As to paragraph 29, Defendant admits that it was assigned a medical debt for collections

19   owed by Plaintiff Ms. Adekoya.  Defendant denies that it violated the TCPA, FDCPA or Rosenthal

20   FDCPA in attempting to collect the medical debt.

21       30.    As to paragraph 30, Defendant denies these allegations.

22       31.    As to paragraph 31, Defendant denies these allegations.

23       32.    As to paragraph 32, Defendant denies these allegations.

24       33.    As to paragraph 33, Defendant denies these allegations.

25       34.    As to paragraph 34, Defendant denies these allegations.

26       35.    As to paragraph 35, Defendant lacks sufficient information and/or belief to admit or

27   deny these allegations and on that basis, denies these allegations.

28       36.    As to paragraph 36, Defendant denies these allegations.

DEFENDANT RASH CURTIS & ASSOCIATES' ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL

37.     As to paragraph 37, Defendant lacks sufficient information and/or belief to admit or deny these allegations and on that basis, denies these allegations.

38.     Paragraph 38 contains a list of purported online consumer complaints regarding Defendant. These purported online consumer complaints are impermissibly argumentative and irrelevant to the Plaintiffs' Complaint and the causes of action alleged therein.

39.     As to paragraph 39, Defendant cannot admit or deny why Plaintiffs' bring this action against it. To the extent the allegations in paragraph 39 imply that Defendant violated the TCPA, FDCPA, or Rosenthal FDCPA, Defendant denies those allegations.  Defendant additionally denies that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in this paragraph.

40.     As to paragraph 40, Defendant denies that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in this paragraph.

41.     As to paragraph 41, Defendant denies that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in this paragraph.

42.     As to paragraph 42, Defendant denies that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in this paragraph.

43.     As to paragraph 43, Defendant denies that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in this paragraph.

44.     As to paragraph 44, Defendant denies that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in this paragraph.

45.     As to paragraph 45, Defendant denies that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in this paragraph.

46.     As to paragraph 46, Defendant denies that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in this paragraph.

47.     As to paragraph 47, Defendant denies that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in this paragraph.

48.     As to paragraph 48, Defendant denies that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in this paragraph.

49.     As to paragraph 49, Defendant denies that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in this paragraph.

50.     As to paragraph 50, Defendant denies that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in this paragraph.

51.     As to paragraph 51, Defendant denies that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in this paragraph.

52.     As to paragraph 52, Defendant denies that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in this paragraph.

53.     As to paragraph 53, Defendant denies that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in this paragraph. Defendant further denies that there is a common question of law and fact among the named Plaintiffs.

54.     As to paragraph 54, Defendant denies that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in this paragraph.

55.     As to paragraph 55, Defendant denies that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in this paragraph.

56.     As to paragraph 56, Defendant denies that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in this paragraph.

57.     As to paragraph 57, Defendant denies that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in this paragraph.

58.     As to paragraph 58, Defendant incorporates its responses to paragraphs 1 through 57 as though fully stated herein.

59.     As to paragraph 59, Defendant denies these allegations.

60.     As to paragraph 60, Defendant denies these allegations.

61.     As to paragraph 61, Defendant denies these allegations.

62.     As to paragraph 62, Defendant denies that Plaintiffs' counsel is entitled to an award of attorneys' fees for any alleged violations of the TCPA as the TCPA does not contain a fee-shifting provision. Defendant denies that Plaintiffs are entitled to an award of costs. Defendant further denies that it violated the TCPA.

- 6 -

1    63.    As to paragraph 63, Defendant incorporates its responses to paragraphs 1 through 60 as

2    though fully set forth herein.

3    64.    As to paragraph 64, Defendant denies these allegations.

4    65.    As to paragraph 65, Defendant denies these allegations.

5    66.    As to paragraph 66, Defendant denies these allegations.

6    67.    As to paragraph 67, Defendant denies that Plaintiffs' counsel is entitled to an award of

7    attorneys' fees for any alleged violations of the TCPA as the TCPA does not contain a fee-shifting

8    provision. Defendant denies that Plaintiffs are entitled to an award of costs.  Defendant further denies

9    that it violated the TCPA.

10    68.    As to paragraph 68, Defendant incorporates its responses to paragraphs 1 through 67 as

11    though fully set forth herein.

12    69.    As to paragraph 69, Defendant denies these allegations.

13    70.    As to paragraph 70, Defendant denies these allegations.

14    71.    As to paragraph 71, Defendant incorporates its responses to paragraphs 1 through 70 as

15    through fully set forth herein.

16    72.    As to paragraph 72, Defendant denies these allegations.

17    73.    As to paragraph 73, Defendant denies these allegations.

18    74.    As to paragraph 74, Defendant denies these allegations.

19    Pursuant to Federal Rule of Civil Procedure 8(c), Defendant sets forth the following matters

20    constituting an avoidance or affirmative defense:

21    **FIRST AFFIRMATIVE DEFENSE**

22    Plaintiffs' Complaint (and the causes of action alleged therein) fails to state facts sufficient to

23    constitute a cause of action against Defendant.

24    **SECOND AFFIRMATIVE DEFENSE**

25    Defendant alleges that the Complaint (and each cause of action therein) is barred in whole or in

26    part, by the applicable statutes of limitations.

27    / / / /

28    / / / /

- 7 -

### THIRD AFFIRMATIVE DEFENSE

In an abundance of caution[1], Defendant alleges that it has no or limited civil liability under the TCPA, 47 U.S.C. § 227 *et seq*. pursuant to 47 U.S.C. § 227(b)(3)(C) because Defendant's acts were taken with the prior express consent of Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that it has no civil liability under the FDCPA, 15 U.S.C. § 1692 *et seq*., because, pursuant to 15 U.S.C. § 1692k(c), any alleged violation was unintentional and resulted despite the maintenance of procedures reasonably adopted to avoid any such violation.

### FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that it has no civil liability, under the Rosenthal FDCPA, California Civil Code § 1788 *et seq*., because, pursuant to Civil Code § 1788.30(e), as any violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation.

### SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs have not suffered a concrete and particularized injury for the alleged violations of the TCPA, FDCPA, and Rosenthal FDCPA so as to confer Article III standing upon them.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not suitable for class certification because, among other reasons, issues that require separate adjudication predominate over common issues; and, accordingly, the maintenance of a class action would not be superior of otherwise advantageous to the judicial process and litigants.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not suitable for class certification because, among other reasons, there is no definitely ascertainable class, the members are not clearly identifiable, and the members of the putative classes cannot be located without incurring an exorbitant expenditure of time and money.

### NINETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not suitable for class certification because, among other reasons, Plaintiffs

---

[1] Defendant does not concede the prior express consent is an affirmative defense; but, is rather, an element of Plaintiffs' *prima facie* case.

DEFENDANT RASH CURTIS & ASSOCIATES' ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL

1    are not adequate representatives for the putative classes.

2    **TENTH AFFIRMATIVE DEFENSE**

3    Plaintiffs' claims are barred because neither Plaintiff nor the members of the putative classes

4    have suffered the type of harm which the TCPA was designed to protect.

5    **ELEVENTH AFFIRMATIVE DEFENSE**

6    Defendant hereby gives notice that it intends to rely upon any other affirmative defenses as

7    may become available and apparent during discovery in this action and reserves the right to amend its

8    Answer to assert such defenses.

9    **WHEREFORE**, Defendant prays for:

10   1.    That Plaintiffs take nothing from this answering Defendant by this Complaint;

11   2.    That Defendant be awarded judgment in this action;

12   3.    For attorneys' fees incurred herein, pursuant to statute;

13   4.    For costs of suit incurred herein; and

14   5.    For such other and further relief as the Court deems proper.

15   Dated: July 18, 2016

                                  ELLIS LAW GROUP LLP
16

17                                By   _/s/ Amanda N. Griffith_____
                                       Amanda N. Griffith
18                                     Attorney for Defendant
                                       RASH CURTIS & ASSOCIATES
19

20                                **DEMAND FOR JURY TRIAL**
21
     Defendant RASH CURTIS & ASSOCIATES hereby demands a jury trial in this matter.
22

23   Dated: July 18, 2016

                                  ELLIS LAW GROUP LLP
24

25                                By  _/s/ Amanda N. Griffith_____
                                      Amanda N. Griffith
26                                    Attorney for Defendant
                                      RASH CURTIS & ASSOCIATES
27

28

DEFENDANT RASH CURTIS & ASSOCIATES' ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL