**BURSOR & FISHER, P.A.**
L. Timothy Fisher (SBN 191626)
Annick M. Persinger (SBN 272996)
Yeremey O. Krivoshey (SBN 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
         apersinger@bursor.com
         ykrivoshey@bursor.com

*Attorneys for Plaintiffs*

**ELLIS LAW GROUP LLP**
Mark E. Ellis (SBN 127159)
Andrew M. Steinheimer (SBN 200524)
Amanda N. Griffith (SBN 288164)
740 University Avenue, Suite 100
Sacramento, CA 95825
Telephone: (916) 283-8820
Fax: (916) 283-8821
E-mail: mellis@ellislawgrp.com
         asteinheimer@ellislawgrp.com
         agriffith@ellislawgrp.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA MCMILLION, JESSICA ADEKOYA, and IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>Defendant. | Case No. 4:16-cv-03396-YGR<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:   October 3, 2016<br>Time:   2:00 p.m.<br>Judge:  Hon. Yvonne Gonzalez Rogers |

Plaintiffs Sandra McMillion, Jessica Adekoya, and Ignacio Perez ("Plaintiffs") and Defendant Rash Curtis & Associates ("Defendant"), the parties to the above-entitled action (collectively, "Parties") jointly submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1. **Jurisdiction and Service**

Plaintiffs filed their complaint on June 17, 2016 and service was completed on Defendant on June 27, 2016. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6). This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of federal statutes, the TCPA and the FDCPA. This Court has supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367.

Defendant denies that this Court has jurisdiction over this action pursuant to CAFA. However, Defendant does not challenge this Court's jurisdiction over this action pursuant to 28 U.S.C. § 1331. Should Plaintiffs' federal law claims, for which this Court's original jurisdiction arises, be dismissed, Defendant does not consent to this Court's supplemental jurisdiction over any remaining state law claims.

There are no challenges to personal or subject matter jurisdiction or to venue.

2. **Facts**

    A.   **Plaintiffs' Statement**

Defendant Rash Curtis & Associates ("Rash Curtis" or "Defendant") is a large, nationwide debt collection agency. Defendant uses repeated robocalls, pre-recorded voice messages, and auto-dialed calls to threaten and harass consumers in an attempt to collect. Defendant called Plaintiffs' cellular telephones dozens of times using an autodialer and/or an artificial or prerecorded voiced

without prior express written consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"). Defendant willfully continued to call Plaintiffs despite all Plaintiffs' demands that the calls cease. Plaintiffs allege that Defendant's calls were part of a campaign of harassment to coerce payment of a consumer debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Civil Code 1788 et seq. ("Rosenthal Act").

     **B.**     **Defendant's Statement**

Defendant denies that it uses "robo-calls, pre-recorded voice messages, and auto-dialed called" as part of a "campaign of harassment to coerce" the payment of consumer debt(s). Defendant has not violated the TCPA, FDCPA or, Rosenthal Act with respect to Plaintiffs.

3. **Legal Issues**

Plaintiffs assert claims on behalf of themselves and a nationwide class for (1) knowing and/or willful violations of the TCPA, (2) violations of the TCPA, (3) violations of the FDCPA, and (4) violations of the Rosenthal Act. The main legal and factual issues in this case concern whether the technology used to call Plaintiffs' and class members' cellular telephones constitutes ATDS technology under the TCPA, where Defendant had prior written consent to make such calls, whether Defendant continued making calls after being instructed to stop, and whether Defendant's debt-collection practices constitute harassment under the FDCPA and Rosenthal Act.

Additional factual and legal issues concern whether the Plaintiffs have individually suffered a concrete and particularized harm as to confer Article III standing upon each of them.

4. **Motions**

There are no motions currently pending before the Court. Plaintiffs will move for class certification in accordance with the schedule set by the Court. Defendant will oppose any class certification motion and foresees the need to move for summary judgment/ partial summary judgment.

5. **Amendment of Pleadings**

No amended pleadings have been filed. Discovery is still in its infancy, however, and parties, claims, or defenses may be added as necessary.

6. **Evidence Preservation**

The Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. **Disclosures**

Defendant made its initial disclosures on September 13, 2016. Plaintiffs will make their initial disclosures by the date of the status conference on October 3, 2016.

8. **Discovery**

Plaintiffs served (by e-mail) their first round of interrogatories and requests for production of documents on September 21, 2016.

Plaintiffs intend to seek discovery regarding, among other things: 1) Defendants' telephone dialing equipment; (2) Defendants' use of artificial or prerecorded voices on its calls; (3) Defendants' procurement and verification of prior express written consent; (4) training materials given to call operators; (5) Defendants' TCPA, FDCPA, and Rosenthal Act compliance procedures; (6) the phone numbers used by Defendant; (7) the identities of all non-consenting call recipients; and (8) all calls to recipients who made removal requests.

Defendant intends to seek discovery on the following non-exhaustive list of issues: (1) Plaintiff's provision of prior express contest to the original creditor; (2) Plaintiff's individual Article III standing; (3) Plaintiff's failure to revoke prior express consent.

The Parties do not believe that it is necessary to modify the limitations on discovery imposed by the Federal Rules of Civil Procedure. The Parties will negotiate an ESI protocol and a protective order.

9. **Class Actions**

Plaintiffs bring this action on their own behalf and seek to represent all other persons similarly situated pursuant to the provisions of *Fed. R. Civ. Proc.* 23. Plaintiffs seeks certification of the following classes:

**The Robocall Class.**  All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

**The Autodialer Class.**  All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone; (c) made by or on behalf of Defendant; (d) for whom Defendant has no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

**The Internal Do-Not-Call List Class.**  All persons within the United States who (a) after notifying Defendant that they no longer wished to receive calls from or on behalf of Defendant; (b) received one or more calls from or on behalf of Defendant; (c) using either an artificial or prerecorded voice or an automatic telephone dialing system as defined under the TCPA; (d) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

**The FDCPA Class.**  All persons within the United States who received harassing, oppressive, or abusive calls from Defendant including (a) repeated calls to annoy someone, or (b) calling at times in violation of curfew, such as before 8:00 a.m. or after 9:00 p.m., (c) threats to take any action that cannot legally be taken, or (d) representations or implications that nonpayment of any debt will result in the arrest or imprisonment of any person.

**The Rosenthal Act Class.**  All persons within the State of California who received harassing, oppressive, or abusive calls from Defendant including (a) repeated calls to annoy

or harass, (b) calls at times in violation of curfew, such as before 8:00 a.m. or after 9:00 p.m., (c) threats to take any action that cannot legally be taken, or (d) representations or implications that nonpayment of any debt will result in the arrest or imprisonment of any person; (e) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

A proposed schedule for class certification briefing is set out below under (17) Scheduling.

10. **Related Cases**

A putative TCPA class action has been filed against Defendant in the District of New Jersey.

11. **Relief**

   A. **Plaintiffs' Statement**

Plaintiffs seek (a) Injunctive relief prohibiting such violations of the TCPA, FDCPA, and the Rosenthal Act by Defendant in the future; (b) Plaintiffs seek for themselves and each member of the proposed TCPA classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA; (c) Plaintiffs seek for themselves and each member of the proposed TCPA classes $500.00 in statutory damages for each and every call that violated the TCPA; (d) an award of damages as permitted by the FDCPA; (e) and award of damages as permitted by the Rosenthal Act; (f) an award of attorneys' fees and costs to counsel for Plaintiffs and the proposed classes; (g) an order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiffs are proper representatives of the classes, and appointing the lawyers and law firm representing Plaintiffs as counsel for the classes; and (h) such other relief as the Court deems just and proper.

   B. **Defendant's Statement**

Defendant denies that Plaintiff is entitled to any relief.

12. **Settlement and ADR**

The Parties have engaged in some informal settlement discussions, though no agreement appears imminent at this time. The Parties filed a Stipulation Selecting ADR Process pursuant to Civil L.R. 16-8 and ADR L.R. 3-5 on August 30, 2016. *See* ECF Doc. 17. The Parties agree to

participate in a mediation pursuant to ADR L.R. 6.  Plaintiffs believe that the production of documents regarding the technology used by Defendant to make outbound collections calls is critical for the early resolution of this matter.

13. **Consent to Magistrate Judge For All Purposes**

    The Parties do not consent to assignment of this case to a magistrate judge.

14. **Other References**

    The Parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

15. **Narrowing of Issues**

    This case is still in its initial stages and, as such, there are no issues that can be narrowed by agreement or motion at the present time.  The Parties will continue to meet and confer about issues that can be narrowed.

16. **Expedited Trial Procedure**

    The Parties agree that this action cannot proceed on an expedited basis.

17. **Scheduling**

    The Parties suggest the following schedule:

| | |
|---|---|
| Plaintiffs' motion for class certification, and any expert reports Plaintiffs intend to use in support of class certification, to be filed and served | April 25, 2017 |
| Defendant's opposition to Plaintiffs' motion for class certification, and any expert reports Defendant intends to use in opposition to class certification, to be filed and served | May 25, 2017 |
| Plaintiffs' reply in support of class certification, and any rebuttal expert reports Plaintiff intends to use in connection with class certification, to be filed and served | June 25, 2017 |
| Hearing on motion for class certification | July 25, 2017 |
| Parties' expert designations on issues other than class certification, including expert reports and information required by Fed. R. Civ. P. 26(a)(2), to be served | August 25, 2017 |

| | |
|---|---|
| Parties' rebuttal expert designations on issues other than class certification, including expert reports and information required by Fed. R. Civ. P. 26(a)(2), to be served | September 25, 2017 |
| Discovery cutoff | December 25, 2017 |
| Last day to file dispositive motions<br>Last day to file *Daubert* motions | February 1, 2018 |

18. **Trial**

Plaintiffs have demanded a jury trial, and expect the trial to last approximately one to two weeks.

Defendant has demanded a jury trial.

19. **Disclosure of Non-party Interested Entities or Persons**

The Parties have complied with Civil Local Rule 3-15 by filing a Certification of Interested Entities or Persons.

20. **Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **Other Issues**

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: September 26, 2016                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Yeremey Krivoshey*
         Yeremey Krivoshey

L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email:  ltfisher@bursor.com
            apersinger@bursor.com
            ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiffs*

Dated:  September 26, 2016        **ELLIS LAW GROUP LLP**

By: */s/ Amanda N. Griffith*
        Amanda N. Griffith

Mark E. Ellis (State Bar No. 127159)
Andrew M, Steinheimer (State Bar No. 200524)
Amanda N. Griffith (State Bar No. 288164)
740 University Avenue, Suite 100
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821
Email: mellis@ellislawgrp.com
         asteinheimer@ellislawgrp.com
         agriffith@ellislawgrp.com

*Attorneys for Defendant*