**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MCMILLION ET AL,** | **Case No. 4:16-cv-3396 YGR** |
| **PLAINTIFFS,** | **ORDER DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT** |
| **VS.** | |
| **RASH CURTIS & ASSOCIATES,** | **DKT. NO. 33** |
| **DEFENDANT.** | |

Plaintiffs Sandra McMillion, Jessica Adekoya, and Ignacio Perez bring this case against defendant Rash Curtis & Associates ("Rash Curtis") as a putative class-action seeking injunctive relief and statutory damages. Plaintiffs allege that Rash Curtis, a debt collection agency, violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Civil Code 1788 et seq. ("Rosenthal Act") by repeatedly calling plaintiffs' cellular phones using an auto-dialer and/or artificial or pre-recorded voice. (Dkt. No. 1 (Class Action Complaint) ¶¶ 1-2, 58-74).

Defendant has filed this motion to enforce a purported settlement agreement with plaintiffs. (Dkt. No. 33).

Having carefully considered the papers submitted on this motion, and for the reasons set forth below, the Court **ORDERS** as follows: The Court **DENIES** defendant's motion to enforce settlement.[1]

---

[1] The Court has reviewed the papers submitted by Rash Curtis in connection with its motion to enforce settlement (Dkt. No. 33) and has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Accordingly, the hearing set for May 2, 2017 is **VACATED**.

## I.   BACKGROUND

Between December 12, 2016 and January 26, 2017, counsel for Rash Curtis and counsel for plaintiffs exchanged e-mails discussing a potential settlement agreement.  (Dkt. No. 33-1 (Declaration of Mark E. Ellis) at ¶¶ 2-11, Exhibits A - J).  After several rounds of back-and-forth negotiation on the settlement amount, plaintiffs' counsel e-mailed defense counsel on January 3, 2017, indicating that "the deal remains $60k with monthly payments.  Please confer with your client and let me know if we have a deal."  (*Id.* at ¶ 11, Exhibit J).  Defense counsel responded on January 13: "we have a deal on the 60k with payment.  I'll prepare an agreement."  (*Id.* at ¶ 21, Exhibit K).  On January 26, defense counsel e-mailed plaintiffs' counsel the purported settlement agreement, which he referred to as a "draft settlement agreement."  (*Id.* at ¶¶ 13-14, Exhibits L-M).  In this same e-mail, defense counsel asked plaintiffs' counsel to "please let me know if it is approved."  (*Id.* at ¶ 13, Exhibit L).  Plaintiff's counsel subsequently rejected the settlement and proposed a new settlement amount of $375,000.  (*Id.* at ¶¶ 2-11, Exhibit N).

## II.   ANALYSIS

### A.   Plaintiffs' Federal Law Claims Under the TCPA and FDCPA

With respect to plaintiffs' federal law claims, a "district court only has the power to enforce *complete* settlement agreements."  *Callie v. Near*, 829 F.2d 888, 891 (9th Cir. 1987) (emphasis in original).  A complete settlement agreement requires: (1) "intent of the parties to bind themselves" and (2) "agreement on its material terms."  *Id.*

With regard to the first prong, "[w]hether the parties intended only to be bound upon the execution of a written, signed agreement is a factual issue."  *Id.* at 890–91.  It is not appropriate for a district court to determine whether parties intended to be bound to a settlement agreement, at least absent an evidentiary hearing.  *Id.* at 891.  Further, defendant's own e-mails suggest that it did not intend to be bound absent a signed, written settlement agreement.  (*See* Ellis Decl. at ¶ 13, Exh. L ("[a]ttached is a draft settlement agreement please let me know if it is approved and I will have it executed.")).

With regard to the second prong, a complete settlement agreement requires agreement on material terms.  *Callie*, 829 F.2d at 891.  Although materiality is a fact-specific inquiry, federal courts

have noted "[t]here is no doubt that release provisions are generally thought to be material terms of any settlement agreement." *Inamed Corp. v. Kuzmak*, 275 F. Supp. 2d 1100, 1125 (C.D. Cal. 2002), aff'd, 64 F. App'x 241 (Fed. Cir. 2003); *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1138 (9th Cir.2002) (referencing release as among the material terms of a settlement agreement).

Here, while the emails reflect agreement on the amount to be paid, the record lacks evidence of agreement on at least three material terms. First, the record lacks any showing that the parties negotiated or discussed a provision for mutual release of claims. The nature of the release was particularly important here, as plaintiffs' lawsuit arises from allegations that the defendant improperly called them in an attempt to collect debts they allegedly did not owe. The purported settlement agreement does not appear to release plaintiffs from defendant's debt claims.

Second, one of defendant's e-mails indicates that it specifically sought a waiver of plaintiffs' rights under California Civil Code Section 1542. (Ellis Decl. at ¶ 1, Exh A) ("RCA requests a release of all known and unknown claims including a Civil Code 1542 waiver."). Indeed, the draft settlement agreement circulated by the defendant includes such a waiver. (*Id.* at ¶ 15, Exh M). A Section 1542 waiver is unquestionably material to the purported settlement agreement, especially given the defendant's early insistence on such a waiver. Yet there exists nothing in the record to show that plaintiffs agreed to waive their Section 1542 rights.

Third, defendant also sought assurance from plaintiffs' counsel that they would not file another similar suit. Again, this issue remained without resolution.

Accordingly, the Court finds that the parties did not agree on all material terms in the purported settlement agreement, and thus the purported settlement is not enforceable as to plaintiffs' federal law claims under *Callie*, 829 F.2d at 891.

## B. Plaintiffs' California Law Claim under the Rosenthal Fair Debt Collection Practices Act

With respect to the state law claim, pursuant to California Code of Civil Procedure Section 664.6, a settlement agreement must be signed by the parties themselves, as opposed to "attorneys for the litigants." *Levy v. Superior Court*, 41 Cal.Repr.2d 878, 882 (1995). In *Levy*, the California Supreme Court noted that the California Legislature intended to put forth this requirement because

settlement of a lawsuit "obviously implicates a fundamental right of the litigants themselves" and "litigants' direct participation tends to ensure that the settlement is the result of their mature reflection and deliberate assent." *Id.* at 882.

Federal courts sitting in diversity must apply substantive state law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188 (1938). A federal court exercising supplemental jurisdiction over state law claims must apply the law of the forum state just as if it were sitting in diversity. *Bass v. First Pac. Networks, Inc.,* 219 F.3d 1052, 1055 (9th Cir. 2000); *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Mangold v. California Pub. Utils. Comm'n,* 67 F.3d 1470, 1478 (9th Cir.1995) ("The *Erie* principles apply equally in the context of pendent jurisdiction."). Because this Court has supplemental jurisdiction over plaintiffs' Rosenthal Act claim, it must apply substantive California law.

The district court for the Eastern District of California previously considered the issue of whether enforcement of a settlement agreement is a substantive issue. *Renaissance Ribbon Inc. v. Hadley Pollet, LLC,* No. 2:07-cv-1271-JAM-DAD, 2008 WL 5179096 (E.D. Cal. Dec. 8, 2008). There, the court found that Section 664.6 was substantive. *Renaissance Ribbons* at *2. This Court similarly finds that Section 664.6 is substantive state law because the settlement of a lawsuit is a decision to end the litigation, and implicates substantial rights of the litigants. For a settlement agreement to be enforceable under Section 664.6 the litigants must actually sign the agreement. Here, no evidence exists in the record that plaintiffs signed or even saw the purported settlement agreement. Accordingly, the purported settlement is not enforceable with regard to plaintiffs' state law claim under California Code of Civil Procedure Section 664.6.

Even if Section 664.6 is not substantive state law, the purported settlement is not enforceable with regard to plaintiffs' state law claim under *Callie* for the same reasons that it is not enforceable with regard to the federal law claims discussed above.

//
//
//
//

**III.    CONCLUSION**

For the foregoing reasons, defendant's motion to enforce settlement is **DENIED**.

This Order terminates Docket Number 33.

**IT IS SO ORDERED.**

Dated: April 18, 2017

**HON. YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**