UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA MCMILLION, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>    Defendant. | Case No. 16-cv-03396-YGR (JSC)<br><br>**ORDER RE DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 40 |

    Plaintiffs Sandra McMillion, Jessica Adekoya, and Ignacio Perez bring this case against Defendant Rash Curtis & Associates ("Rash Curtis") as a putative class-action seeking injunctive relief and statutory damages. Plaintiffs allege that Rash Curtis, a debt collection agency, violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 ("Rosenthal Act") by repeatedly calling Plaintiffs' cellular phones using an auto-dialer and/or artificial or pre-recorded voice. (Dkt. No. 1 ¶¶ 1-2, 58-74.) The case has been assigned to the undersigned magistrate judge for discovery. (Dkt. Nos. 21, 22.) Now pending before the Court is a joint statement regarding a discovery dispute about four sets of Plaintiffs' Requests for Production. (Dkt. No. 40.) The Court sets a hearing on the discovery dispute for April 27, 2017 at 11:00 a.m.

**I.    Request for Production No. 1**

    Plaintiffs' Request for Production ("RFP") No. 1 seeks production of "ALL DOCUMENTS and COMMUNICATIONS CONCERNING PLAINTIFFS." (Dkt. No. 40-1 at 16 (emphasis in original).) While Defendant has produced some responsive documents from a single software system it used to make debt collection calls, Plaintiffs lament that Defendant's

production is missing: (1) records from other software systems; (2) records of calls from after this lawsuit was initiated; (3) records related to skip traces Defendant performed to locate Plaintiffs; and (4) communications with third-party creditors regarding Plaintiffs' accounts. Defendant contends that the other requested documents are not relevant or overbroad and that any discovery should be held in abeyance given Defendant's pending motion to enforce settlement. The district court has since denied Defendant's motion to enforce settlement. (Dkt. No. 41.) Defendant shall come to the April 27, 2017 hearing prepared to discuss whether each category of document exists, proposed limitations to the extent Defendant believes any category is overbroad, whether Defendant has begun to search for those documents, and how long Defendant will need to produce responsive documents.

## II.     Requests for Production Nos. 4-8, 14, 17

The next set of RFPs seeks production of several categories of documents. (Dkt. No. 40-1 at 16-18.) Defendant agrees to produce these documents. Defendant shall come to the April 27, 2017 discovery hearing prepared to identify a date certain for production.

## III.    Requests for Production Nos. 8-11

RFP Nos. 8 through 11 seek documents reflecting policies, procedures, and complaints regarding phone calls and FDCPA compliance. (Dkt. No. 40-1 at 16-17.) Plaintiffs seek an order compelling Defendant to produce employee disciplinary and audit reports concerning FDCPA compliance, the Rosenthal Act, or the TCPA, as well as internal communications concerning compliance with those laws. Defendant's only response is that "employee discipline records are privacy protected, and implicate the rights of third parties[,]" and they are not relevant. (Dkt. No. 40 at 4.) The documents are relevant, as it is broadly construed in the context of discovery.

As for the privacy objection, under California's constitutional right to privacy, the personnel records of employees are confidential and thus protected from discovery "unless the litigant can show a compelling need for the particular documents and that the information cannot reasonably be obtained through depositions or from nonconfidential sources." *Foster v. ScentAir Techs., Inc.*, No. 13-cv-05772-TEH (MEJ), 2014 WL 4063160, at *2 (N.D. Cal. Aug. 15, 2014) (citing *Harding Lawson Assocs. v. Super. Ct.*, 10 Cal. App. 4th 7, 10 (1992)). Thus, it is

insufficient for a party to state only that discovery of personnel records is necessary to facilitate the prosecution of the action. *El Dorado Sav. & Loan Ass'n v. Super. Ct. of Sacramento Cnty.*, 190 Cal. App.3d 342, 345–46 (1987). The party must also show that there are no less intrusive means to "satisfy [the party's] legitimate need for relevant information." *Id.* at 346. Plaintiffs must come to the April 27, 2017 discovery hearing prepared to identify a compelling need for the documents and to demonstrate that the information cannot be obtained through other nonconfidential sources.

## IV. Requests for Production Nos. 19-23

Finally, Plaintiffs challenge the boilerplate objections Defendant raised in response to RFP Nos. 19 through 23, which ask Defendant to identify every call recipients' first name, last name, area code, cellular telephone number, date, and result of each call for all call campaigns run through a number of different autodialers. (Dkt. No. 40-1 at 28-29.) Plaintiffs contend that this discovery is crucial to class certification. For each of these requests, Defendant stated the same objections based on undue burden, oppression, and cost. Defendant argues that compiling these records "is burdensome and quite expensive, especially where it is uncertain whether this case will go forward" given its motion to enforce settlement. (*See* Dkt. No. 40 at 5.) Now that it is clear that the case will go forward (*see* Dkt. No. 41), that argument is a non-starter.

"Although courts sometimes refuse to allow discovery of putative class members' identities at the pre-certification stage, a purported 'class list' is still discoverable if it bears relevance to issues of class certification." *Webb v. Healthcare Revenue Recovery Grp. LLC*, No. C-13-00737 RS, 2014 WL 325132, at *3 (N.D. Cal. Jan. 29, 2014) (internal citations omitted). Courts in this District and elsewhere have found that a list of numbers a particular autodialer called is relevant to Rule 23's commonality requirement. *See, e.g.*, *id.* (citations omitted); *see also, e.g.*, *Knutson v. Schwan's Home Serv., Inc.*, 2013 WL 3746118, at *8 (S.D. Cal. 2013). In *Webb*, the court ordered the defendant to produce the call list with the caveat that plaintiffs' counsel was prohibited from contacting any phone numbers on the list before class certification. *Id.*

Here, Defendant does not contest the documents' relevance. Instead, it contends that there

3

are "less burdensome ways to conduct discovery such as by interrogatories" or by testing a random sample of records. (Dkt. No. 40 at 5.) Put simply, Defendant seeks to defer this discovery until after the district court has decided class certification. (*Id.*) There is no information in the joint statement regarding the quantity of records Defendant must search or the time and money such a search will likely entail. Thus, there is no basis before the Court to decide that these RFPs are unduly burdensome. Defendant shall come to the April 27, 2017 hearing prepared to discuss the burden of searching for and producing (1) all responsive documents and (2) a proposed random sample of documents and how the samples will be chosen.

**IT IS SO ORDERED.**

Dated: April 21, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge