# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SANDRA MCMILLION, ET AL.,** | CASE NO. 16-cv-03396-YGR |
| Plaintiffs, | |
| vs. | **ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER** |
| **RASH CURTIS & ASSOCIATES,** | Re: Dkt. No. 79 |
| Defendant. | |

On September 1, 2017, defendant Rash Curtis & Associates filed a motion for relief from a nondispositive pretrial order of Magistrate Judge Corley, related to certain discovery issues. (Dkt. No. 79.) The order of which defendant complains was issued on August 17, 2017 and, in an attempt to manage and phase discovery, Magistrate Judge Corley ordered defendant initially to produce documents held by four custodians by September 18, 2017, responsive to the following search terms: "SKIP," "SKP," "CONSENT," "DO-NOT-CALL," "DNC," "CAMPAIGN," "BLAST," and "ATTDS."[1] (Dkt. No. 63.) Magistrate Judge Corley set a further discovery hearing on September 28, 2017.

Defendant seeks relief from that order, arguing that the scope is overbroad because certain documents have now revealed that none of the plaintiffs have valid claims. Additionally, defendant claims that, in any event, the requests at issue are independently overbroad in both issue and temporal scope. An opposition to defendant's motion would have been due on September 15, 2017, and any reply on September 22, 2017. However, the Court finds that no need exists for further briefing. Having carefully considered defendant's motion and the record, and for the

---

[1] Defendant notes that Magistrate Judge Corley may have intended to order a search for "ATDS" rather than "ATTDS." A review of the requests and the hearing on their discovery dispute held on August 17, 2017 clarifies that the search term Magistrate Judge Corley and the parties intended was "ATDS."

reasons set forth more fully below, the Court finds that defendant has no ground upon which relief should be granted, and thus, **DENIES** defendant's motion.[2]

First, defendant's argument that discovery is overbroad because certain documents in their possession reveal that plaintiffs have no claim is belied by this Court's review of the same in the context of the motion for class certification. As discussed in the order granting plaintiffs' motion for class certification, this Court finds that plaintiffs have made a plausible showing that valid TCPA claims exist, at least with regard to plaintiff Perez. (Dkt. No. 81, Order Granting Class Certification.)

Second, defendant's argument that the production requests are independently overbroad is equally unavailing. The very purpose of Magistrate Judge Corley's order was to limit plaintiffs' requests and phase discovery to reduce the likelihood of imposing on defendant overly burdensome discovery obligations that are unlikely to yield relevant results. Thus, she divided the email searches for the four custodians listed in her order into multiple batches, with additional search terms in later batches depending on what types of emails and documents are produced and discovered during the first batch search. (*See, e.g.*, Dkt. No. 80 at 4:18–23; 19:16–20:4; 21:8–25; 29:13–22.) Defendant's argument that a strict reading of the order could require it to produce any email, including "any privileged or otherwise confidential or protected information," strains credulity and is belied by the record itself. Nothing on the face of the order suggests that it intends to encapsulate privileged and otherwise protected information. Rather, Magistrate Judge Corley specifically clarified that the production would *not* apply to privileged documents. (Dkt. No. 80 at 22:15.) Further, in response to defendant's consistent complaint that even a more limited search would be burdensome because it would require a review of all the documents for privileged documents and attorney-work product, Magistrate Judge Corley suggested that the parties enter

---

[2] The Court notes that twice in defendant's motion, it mistakenly attributes the discovery order to "Judge Rogers." In addition to the fact that the discovery order was issued by Magistrate Judge Corley, the undersigned's proper name is "Judge Gonzalez Rogers." Defendant is reminded to undertake the utmost diligence and care in the accuracy of their filings in the future.

into a Federal Rule of Evidence 502 agreement that would allow defendant to claw back anything produced that should not have been, due to attorney-client privilege. (*Id.* at 26:23–25; 29:5–6.)[3]

Finally, defendant complains that there is no temporal limit to the scope of discovery ordered by Magistrate Judge Corley. Again, defendant's hyperbolic assertion that a strict reading of the order permits discovery "dating back to the beginning of time" is entirely irrational. A temporal limitation to discovery is implicit in the Federal Rule of Civil Procedure to what is reasonably within or relevant to plaintiffs' claims. Furthermore, as demonstrated in plaintiffs' requests (Dkt. No. 51) and by the discussion before Magistrate Judge Corley on August 17, 2017 (Dkt. No. 80), plaintiffs are generally seeking discovery from four years preceding the filing of the lawsuit. In fact, defense counsel himself acknowledged that plaintiffs are asking only for "documents that are up to five years old." (Dkt. No. 80 at 29:13–18.) Thus, while not explicit in the text of the order itself, within the context of the record, the requests appear to be so limited. To the extent further clarity is required, such limitation is hereby ordered. Plaintiffs may later amend their request to encompass a larger time period, consistent with the constraints of the Federal Rules of Civil Procedure.

This Order terminates Docket Number 79.

**IT IS SO ORDERED.**

Dated: September 7, 2017

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[3] Magistrate Judge Corley further recommended that defendant add the names of defendant's lawyers, if known, to the search terms so as to flag any documents that may be subject to the attorney-client privilege. (Dkt. No. 80 at 29:9–12.)