1  Mark E. Ellis - 127159
   Anthony P. J. Valenti - 284542
2  ELLIS LAW GROUP LLP
   1425 River Park Drive, Suite 400
3  Sacramento, CA  95815
   Tel: (916) 283-8820
4  Fax: (916) 283-8821
   mellis@ellislawgrp.com
5  avalenti@ellislawgrp.com

6  Attorneys for Defendant RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA McMILLION, JESSICA ADEKOYA, AND IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>Defendant. | Case No.:  4:16-cv-03396-YGR(JSC)<br><br>**STIPULATED "CLAWBACK" AGREEMENT AND PRESUMPTIVELY-PRIVILEGED PROTOCOL ORDER** |

Pursuant to Federal Rule of Civil Procedure 26(b)(5)(D) and Federal Rules of Evidence 502(d) and (e), Plaintiffs SANDRA McMILLION, JESSICA ADEKOYA, and IGNACIO PEREZ and Defendant RASH CURTIS & ASSOCIATES (collectively, "parties") hereby stipulate and agree to this Stipulated "Clawback" Agreement And Presumptively-Privileged Protocol Order, which protects certain privileged and otherwise protected documents and electronically stored information (collectively, "document" or "documents") against claims of waiver where, as here, they are produced over objections, during the course of this litigation, pursuant to a Court Order, a parties' discovery request, or other informal production.

Defendant has been required, per the order of Magistrate Judge Jacqueline Scott Corley, to produce large volumes of documents. The parties wish to complete discovery as expeditiously as possible, in compliance with the discovery deadlines in the case, while preserving and without waiving

- 1 -

STIPULATED "CLAWBACK" AGREEMENT AND PRESUMPTIVELY-PRIVILEGED PROTOCOL ORDER

any evidentiary protections or privileges applicable to the information contained in the documents produced, including as against third parties and other Federal and State proceedings. Accordingly, the parties hereby stipulate and agree to, and the Court hereby orders, pursuant to Federal Rules of Civil Procedure 502(d) and (e), as follows:

1. The inadvertent production of any document in this action shall be without prejudice to any claim that such material is protected by any legally cognizable evidentiary privilege or other protection including, but not limited to the attorney-client privilege, the work product doctrine, all applicable trade secret protections, all third-party privacy rights, or any protections afforded to "Personal Health Information" by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). No party shall be held to have waived any rights by such inadvertent production.

2. If any document produced by another party is on its face subject to a legally recognizable privilege or evidentiary protection, the receiving party shall: (a) refrain from reading the document any more closely than is necessary to ascertain that it is privileged; (b) immediately notify the producing party in writing that it has discovered documents believed to be privileged or protected; (c) specifically identify the documents, including, if applicable, by Bates number range amd/or hash value range, and, (d) where possible, return, sequester, or destroy all copies of such documents, along with any notes, abstracts or compilations of the content thereof, within five (5) calendar days of discovery by the receiving party. Where such documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the receiving party. The receiving party is, however, under no obligation to search or review the producing party's documents to identify potentially privileged or work product protected documents.

3. Upon written notice of an unintentional production by the producing party or oral notice if notice is delivered on the record at a deposition, the receiving party must promptly return, sequester or destroy the specified document and any hard copies the receiving party has and may not use or disclose the information until the privilege claim has been resolved. The producing party shall also provide a privilege log for such documents setting forth the author, recipient(s), subject matter of the document, along with the basis for the claim of privilege or evidentiary protection, as well as any

portion of the document that does not contain privileged or protected information. To the extent that the producing party insists on the return or destruction of electronic copies, rather than disabling the documents from further use or otherwise rendering them inaccessible to the receiving party, the producing party shall bear the costs of the return or destruction of such electronic copies.

4. To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved. If the receiving party disclosed the specified documents before being notified of its inadvertent production, it must take reasonable steps to retrieve it. The producing party shall preserve the specified documents until the claim is resolved.

5. The receiving party shall have five (5) calendar days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the producing party in writing of an objection to the claim of privilege and the grounds for that objection.

6. The receiving party's return, sequestering or destruction of such privileged or protected documents as provided herein will not act as a waiver of the requesting party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not in fact subject to a viable claim of privilege or protection. However, the receiving party is prohibited and estopped from arguing that the production of the documents in this matter acts as a waiver of an applicable privilege or evidentiary protection, that the disclosure of the documents was not inadvertent, that the producing party did not take reasonable steps to prevent the disclosure of the privileged documents or that the producing party failed to take reasonable steps to rectify the error as set forth in Federal Rules of Civil Procedure 26(b)(5)(B). The producing party need make no showing with respect to measures taken to prevent the inadvertent production of the documents in question in order to be entitled to their return.

7. Either party may submit the specified documents to the Court under seal for a determination of the claim and will provide the Court with the grounds for the asserted privilege or

STIPULATED "CLAWBACK" AGREEMENT AND PRESUMPTIVELY-PRIVILEGED PROTOCOL ORDER

protection. The receiving party may not use the documents for any purpose absent this Court's Order. Any party may request expedited treatment of any request for the Court's determination of the claim.

8. Upon a determination by the Court that the specified documents are protected by the applicable privilege or evidentiary protection, and if the specified documents have been sequestered rather than returned or destroyed, the specified documents shall be returned or destroyed. The Court may also order, the identification and/or review of documents that have been identified as being potentially subject to a legally recognized claim by search terms or other means.

9. This Stipulated "Clawback" Agreement And Presumptively-Privileged Protocol Order shall not affect, limit, modify, alter, change, or render void the parties' Stipulated Protective Order for Standard Litigation as Modified by the Court, dated February 24, 2017 (Dkt. No. 29), the terms of which are incorporated herein by this express reference

**IT IS SO STIPULATED AND AGREED.**

Dated: September 15, 2017

        ELLIS LAW GROUP LLP

        By  /s/ *Anthony P. J. Valenti*
           Anthony P. J. Valenti
           Attorney for Defendant
           RASH CURTIS & ASSOCIATES

Dated: September 15, 2017

        Bursor & Fisher, P.A.

        By  /s/ *Yeremey O. Krivoshey*
           Yeremey O. Krivoshey
           Attorney for Plaintiffs
           SANDRA McMILLION, JESSICA ADEKOYA, and
           IGNACIO PEREZ

**IT IS SO ORDERED.**

Dated: September 19, 2017

        _____
        Yvonne Gonzalez Rogers
        United States District Court Judge