Mark E. Ellis - 127159
Anthony P. J. Valenti - 284542
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA  95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
avalenti@ellislawgrp.com

Attorneys for Defendant RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA McMILLION, JESSICA ADEKOYA, AND IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>    Defendant. | Case No.:  4:16-cv-03396-YGR JSC<br><br>**DEFENDANT RASH CURTIS & ASSOCIATES' RESPONSE TO PLAINTIFFS' MOTION TO EXTEND PRETRIAL DEADLINES**<br><br>Judge:  Hon. Yvonne Gonzalez Rogers |

## I.    <u>INTRODUCTION</u>

Defendant Rash Curtis & Associates hereby responds to Plaintiffs' motion to extend the current pretrial deadlines, as set forth in the court's recent Amended Scheduling Order, dated October 13, 2017 (Dkt. No. 107).  Specifically, Plaintiffs now seek an eight (8) week extension of the current deadlines to amend their experts' reports, Defendant's corresponding deadline to rebut those expert reports, the close of expert discovery, and the parties' mutual deadline to file dispositive motions.  *See* Plaintiff's Motion ("Pl. Mot.") (Dkt. No. 112), p. 1:1-5, 3:14-20.  According to Plaintiffs' proposed revisions to the scheduling deadline, the court would likely not have sufficient time to issue an order on the parties' anticipated dispositive and *Daubert* motions in advance of the Compliance Hearing (currently set for March 16, 2018) or the Pretrial Conference (currently set for April 6, 2018).  Pl. Mot., p. 3:21-24.

- 1 -

Thus, Plaintiffs also request the court either vacate the remaining pretrial deadlines or continue those deadlines by a corresponding eight weeks. *Id.* at p. 3:26-28.

## II.     FACTUAL BACKGROUND

At the last Case Management Conference, held on October 2, 2017, the court made it clear that it had no intention of continuing the then-current case scheduling deadlines absent some recommendation to the contrary from the Honorable Jacqueline Scott Corley, the magistrate judge assigned to adjudicate all discovery disputes.  The court's position was consistent with its October 7th Order (Dkt. No. 64) denying the parties' prior stipulation (Dkt No. 59) to vacate the then-current pretrial deadlines.[1]

On October 13, 2017, the court issued an Amended Scheduling Order (Dkt. No. 107), requiring that "[t]he parties must file any rebuttals to expert reports and other affirmative disclosures within twenty-one days after October 16, 2017[,]" or by no later than November 6, 2017.[2]  Amended Scheduling Order, p. 2:9-10.  The Amended Scheduling Order also noted that "[e]xpert and fact discovery will close fourteen days thereafter[,]" or on November 20, 2017.[3]  However, "[e]xpert reports may be amended within fourteen days after the close of fact discovery, *if* fact discovery is extended on specific topics so as to include new discovery."  *Id.* at p. 2:12-13.  "If expert reports are [so] amended[,] rebuttals to those amended reports will be due fourteen days thereafter."  *Id.* at p. 2:14-15.  "If amendment and rebuttals are [so] exchanged[,] dispositive motions must be filed within twenty-one days after such rebuttals are exchanged.  Otherwise, dispositive motions must be filed within twenty-one days after expert and fact discovery closes [on November 20, 2017,]" or by no later than December 11, 2017.[4]  *Id.* at p. 2:16-19.  In effect, the Amended Scheduling Order creates two

---

[1] Under the previous Case Management and Pretrial Order, dated October 11, 2016, Rebuttal Expert Designations were due on August 25, 2017, the Non-Expert Discovery Cutoff was October 25, 2017, and the last day to file dispositive/*Daubert* motions was November 21, 2017.  (*See* Dkt. No. 23)

[2] This amounted to a seventy-three (73) day extension of the then-current Rebuttal Expert Designation deadline from August 25, 2017, to November 6, 2017.

[3] This amounted to a twenty-six (26) day extension of the then-current Fact Discovery Cutoff from October 25, 2017, to November 20, 2017.

[4] If no amended/rebuttal expert designations are served, this amounts to a twenty (20) day extension of the dispositive/*Daubert* motion cutoff from November 21, 2017, to December 11, 2017; otherwise, it is an "open" extension, the length of which is based upon when any "extended" fact discovery closes.

DEFENDANT RASH CURTIS & ASSOCIATES' RESPONSE TO PLAINTIFFS' MOTION TO EXTEND PRETRIAL DEADLINES

different sets of deadlines, and the set which governs depends upon whether "fact discovery is extended on specific topics so as to include new discovery." *Id.* at p. 2:12-13.

The uniqueness of the court's Amended Scheduling Order was likely due to the fact that, at the time it was issued (on October 13, 2017), the parties were scheduled to appear at a discovery hearing set for October 17, 2017. (*See* Dkt. Nos. 97, 103) (continuing discovery hearing from October 12, 2017 to October 17, 2017). At the discovery hearing, held on October 17, 2017, the court ordered Defendant to produce call logs for its dialers for the entire class period (from June 17, 2012 to the present, or approximately 5.5 years' worth of calls). (*See* Dkt. No. 109, p. 1:26-27.) Defendant was ordered to produce the documents on a "rolling basis" as they receive them from their vendor, TCN (formerly Global Connect). *Id.* at p. 1:27-28. As noted in the parties' joint discovery letter, this production is expected to take several weeks given the massive amounts of data to be compiled. (*See* Dkt. No. 98, p. 3:19-23.) In addition, Defendant was also ordered to produce various debtor/account records and more emails.[5] (*See* Dkt. No. 109, p. 2:2-11.)

Pursuant to the court's recent discovery order, dated October 18, 2017 (Dkt. No. 109), Defendant was also required to file a declaration describing the status of its production by no later than October 23, 2017, and the court set a further discovery hearing on October 24, 2017. (*See* Dkt. No. 109, p. 2:19-21.) Satisfied with Defendant's declaration (Dkt. No. 110), the court held a brief, three-minute discovery hearing on October 24, 2017. (*See* Dkt. No. 111.)

## III.   ANALYSIS

Plaintiffs assert that the requested extension is necessary in light of the court's recent discovery order, dated October 18, 2017 (Dkt. No. 109), which requires Defendant to produce additional documents. Pl. Mot., pp. 1:21-2:24. Plaintiffs go to great lengths to accuse Defendant of sandbagging, claiming "Defendant has improperly withheld the call logs at issue for over a year…" *Id.* at p. 2:11. Plaintiffs also claim their discovery motions were met by "grandstanding and obfuscation by

---

[5] Pursuant to the court's previous discovery order, dated August 18, 2017 (Dkt. No. 63), Defendant was ordered to produce emails responsive to eight different search terms from four of its management-level custodians. This production consisted of over 28,000 emails, and all of the attachments thereto, for a total of over 250,000 pages of documents.

Defendant at every turn." *Id.* at p. 2:14.  This is simply not true.

Like Plaintiffs' class definitions, Plaintiffs discovery requests have also "evolved" over the course of this litigation.[6]  Plaintiffs cite to their First Set of Requests for Production, claiming the call logs were "improperly withheld" by Defendant for over a year.[7]  In reality, Defendant timely objected to Plaintiffs' Request for Production No. 2, and, after meeting and conferring, the parties agreed that Plaintiffs' Requests for Production Nos. 19-23 superseded Plaintiffs' Request for Production No. 2.[8]

Defendant timely objected to Plaintiffs' Request for Production Nos. 19-23 on the basis that, *inter alia*, Defendant's production of this Electronically Stored Information ("ESI") was not required pursuant to the Rule 26(b)(1) "proportionality" requirements and the Rule 26(b)(2)(B) limitations on ESI.  (*See, e.g.,* Dkt. No. 98, pp. 4:5-5:19.)   Defendant has never argued that full and complete call logs for the entire 5.5-year class period were impossible to obtain, just that the expense and burden of doing so did not justify their production under the "proportionality" requirements (added by way of the 2015 amendment to Rule 26) and the ESI rules (added by way of the 2006 amendment to Rule 26).  *Id.* In fact, Defendant repeatedly offered to produce samples of the call logs, such as the one-week sample from Global Connect which Defendant obtained in November 2016.[9]

---

[6] Plaintiffs' Complaint (Dkt. No. 1) alleges 5 classes: (1) the Robocall Class, (2) the Autodialer Class, (3) the Internal Do-Not-Call List Class, (4) the FDCPA Class, and (5) the Rosenthal Act Class.  (*See* Dkt. No. 1, ¶¶ 40-49.)  Plaintiffs' moved to certify, and this court granted certification of, 4 completely different classes: (1) the Skip-Trace Class 1, (2) the Skip-Trace Class 2, (3) the Non-Debtor Class 1, and (4) the Non-Debtor Class 2.  (*See* Dkt. Nos. 47, 81.)

[7] Plaintiff's First Set of Requests for Production ("RFP"), served on September 21, 2016, contain RFP No. 2 which seeks: "ALL call detail records from the TELEPHONE DIALING EQUIPMENT for all CALL RECIPIENTS, including the originating calling party number, phone number called, date and time number was dialed, type of number (i.e., home, work, cellular, other), how the number was called (e.g., predictive mode, preview mode, manual mode, etc.), call disposition/treatment, call notes on the account, etc."

[8] Plaintiff's Second Set of RFPs, served on February 8, 2017, contain RFP No. 19 which seeks: "DOCUMENTS sufficient to identify every call recipients' first name, last name, area code, cellular telephone number, date, and result of each call for ALL campaigns ran through OR processed by ANY Global Connect dialer in which THIRD PARTIES were the focus within the CLASS PERIOD." Likewise, Plaintiffs' RFP No. 21 seeks: "DOCUMENTS sufficient to identify every call recipients' first name, last name, area code, cellular telephone number, date, and result of each call for ALL campaigns ran through OR processed by ANY Global Connect dialer in which REFERENCE NUMBERS were the focus within the CLASS PERIOD."

[9] This sample contained over 265,000 discrete phone calls placed by Rash Curtis during the one week period from January 10, 2016 to January 16, 2016.  To date, Plaintiffs have failed to demonstrate that any of the 265,000 calls were placed to a cell phone number which Defendant obtained via skiptracing.

Plaintiffs' requests for Defendant's collection notes and account records have also evolved. Once Plaintiffs' class definitions changed to reflect their evolving theory that Defendant callsed skiptraced cell phone numbers, Plaintiffs propounded Request for Production No. 23.[10]   Following Defendant's timely objections and further meet and confer efforts, Plaintiff subsequently agreed to "amend" their request by propounding Requests for Production Nos. 24 and 25 instead.  (*See* Dkt. No. 99, p. 1:1-13.)  Once again, Defendant timely objected to these requests on the basis that Defendant's production of such ESI was not required under the Rule 26 "proportionality" requirements and special ESI rules.   After reviewing the 28,000 emails produced by Defendant, Plaintiffs changed their discovery requests yet again, instead seeking Defendant's collection account records for all accounts containing one or more phone numbers in phone fields 5 through 10.  (*Id.* at pp. 2:25-3:3.)

## IV.   CONCLUSION

In an attempt to justify an extension of the current pretrial deadlines, Plaintiffs accuse Defendant of "grandstanding and obfuscation."   In reality, it is Plaintiffs who have consistently provided Defendant with a "moving target" when it comes to complying with their various and varying discovery requests.  In addition, this court's Amended Scheduling Order already provides for a further extension of the current pretrial deadlines in the event that Plaintiffs' expert reports are amended following the production of the additional discovery ordered by this court.  Plaintiffs' argument that "it is quite likely that the Court would not have sufficient time to issue an order on the Parties' anticipated dispositive motions and Daubert motions" is, at this point, rather speculative.   At the very least, Plaintiffs' motion is premature and should be taken under submission pending Defendant's final production of documents pursuant to the court's recent discovery order and the close of fact discovery.

Dated: October 30, 2017

ELLIS LAW GROUP LLP

By  /s/ Anthony P. J. Valenti
Anthony P. J. Valenti
Attorney for Defendant
RASH CURTIS & ASSOCIATES

---

[10] Plaintiffs' RFP No. 23 seeks: "DOCUMENTS sufficient to identify every SKIP-TRACED CALL RECIPIENTS' first name, last name, area code, cellular telephone number, date, and result of each call to a SKIP-TRACED CALL RECIPIENT within the CLASS PERIOD."