**BURSOR & FISHER, P.A.**
L. Timothy Fisher (SBN 191626)
Yeremey O. Krivoshey (SBN 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
         ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA MCMILLION, JESSICA ADEKOYA, and IGNACIO PEREZ on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>Defendant. | Case No. 4:16-cv-03396-YGR<br><br>**PLAINTIFFS' SUPPORTING SEPARATE STATEMENT IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: January 30, 2018<br>Time: 2:00 p.m.<br>Courtroom 1<br><br>Judge: Yvonne Gonzalez Rodgers |

| Issue No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| **Issue 1** (Global Connect is an automatic telephone dialing system within the meaning of the Telephone Consumer Protection Act. *See* 47 U.S.C. § 227(b)(1)) | Fact 1. Within the class period, Defendant has placed calls using Global Connect for purposes of collecting debt.<br><br>Krivoshey Decl., Ex. 1 (Dan Correa Dep.) (hereafter, "DC Dep."), at 14:1-15; *id*., Ex. 2 (Nick Keith Dep.) (hereafter, "NK Dep."), at 14:17-15:3; *id*., Ex. 3 (Steven Kizer Dep.) (hereafter, "Kizer Dep."), at 56:5-12. | |
| Issue 1 | Fact 2: Global Connect is a progressive dialer.<br><br>Snyder Decl, at ¶¶ 19, 22, 24-26, 43-50, 110 ; *id*., Krivoshey Decl., Ex. 4 at 9-10 (Exhibit 8 to NK Dep.) (discussing needing to "work on getting cell phone compliant" and differentiating number that are "ok for us to robo call"); *id*., Ex. 5 at 3 (Exhibit 9 to NK Dep.) (discussing ways to stop calling skip traced numbers on "global" and the VIC dialer in order to avoid TCPA liability); *id*., Ex. 6 at 1 (Exhibit 10 to NK Dep.) (distinguishing manual calls from calls made on Global Connect and VIC). | |
| Issue 1 | Fact 3: Defendant's employees would load lists of numbers for Global Connect to call prior to Global Connect placing calls.<br><br>DC Dep., at 12:10-14, 17:6-12, 21:10-18; Krivoshey Decl., Ex. 7 (Global Collect Manual), at RCA0000067; Snyder Decl., at ¶¶ 17, 19, 26, 50. | |
| Issue 1 | Fact 4: At the time Defendant was using Global Connect, Global Connect could make 10 simultaneous calls per each of Defendant's available agents. | |

| | | |
|---|---|---|
| | DC Dep., at 21:19-23; Kizer Dep., at 99:12-100:12. | |
| Issue 1 | Fact 5: When a call recipient picked up a call made by Global Connect, the call recipient would hear a prerecorded message.<br><br>DC Dep., at 22:20-23:2, 23:14-24:17; Kizer Dep., at 51:3-13; 52:23-54:8; Krivoshey Decl., Ex. 8 at 2 (Exhibit 26 to DC Dep.) (discussing content of prerecorded message). | |
| Issue 1 | Fact 6: If Defendant did not have an available agent at the time a call through Global Connect went through, the call recipient would hear a pause before another agent was able to connect.<br><br>DC Dep., at 22:6-12. | |
| Issue 1 | Fact 7: Defendant's collectors processed calls made through Global Connect on a first come first serve basis.<br><br>Kizer Dep., at 55:13-16, 54:7-12. | |
| Issue 1 | Fact 8: Global Connect could make thousands of contacts within minutes.<br><br>NK Dep., at 34:2-5, Krivoshey Decl., Ex. 9 (Exhibit 4 to NK Dep.), at 8. | |
| Issue 1, 2, and 3 | Fact 9: Defendant has never had more than 70 collectors employed simultaneously within the class period.<br><br>Kizer Dep., at 28:18-29:20 (between 18-65 collectors at any given time); NK Dep., at 34:6-11 (roughly 30-40 collectors in 2016). | |
| Issue 1 | Fact 10: Global Collect operates without human intervention. | |

| | | |
|---|---|---|
| | | Snyder Decl., at ¶¶ 19, 22, 24-26, 43-50, 110; Krivoshey Decl., Ex. 10 (Bob Keith Dep.) (hereafter, "BK Dep."), at 16:20-17:13 (discussing Defendant's decision to stop calling cell phones on Global Connect because it was a "robo call" as opposed to VIC, which, according to Bob Keith, has "human interaction"). |
| **Issue 2** ((VIC is an automatic telephone dialing system within the meaning of the Telephone Consumer Protection Act. *See* 47 U.S.C. § 227(b)(1))) | Fact 11: Within the class period, Defendant has placed calls using VIC for purposes of collecting debt.<br><br>DC Dep., at 12:15-13:24. | |
| Issue 2 | Fact 12: VIC is a predictive dialer.<br><br>Snyder Decl., at ¶¶ 17, 20-22, 24-26, 36-42, 109; DC Dep., at 23:10-13, NK Dep., at 26:22-27:11, 28:18-30:4; Krivoshey Decl., Ex. 9 (Exhibit 4 to NK Dep.), at 8; *id*., Ex. 11 (VIC Manual), at 4 (saying VIC "is a fully integrated predictive dialer and IVR solution with text to speech, a campaign scheduler, and right party verification in one complete package"); *id*., Ex. 12 (Exhibit 24 to DC Dep.), at 12, 18-19; *id*., Ex. 5 at 3 (Exhibit 9 to NK Dep.); *id*., Ex. 6 at 1 (Exhibit 10 to NK Dep.). | |
| Issue 2 | Fact 13: Defendant's employees would load lists of numbers for VIC to call prior to VIC placing calls.<br><br>DC Dep., at 25:7-10; Krivoshey Decl., Ex. 11 (VIC Manual), at 246-265 (describing process for setting up campaign); Snyder Decl. ¶¶ 17, 20, 22, 26, 39. | |
| Issue 2 | Fact 14: VIC was able to dial a minimum of three outbound numbers simultaneously per available agent. | |

| | | |
|---|---|---|
| | DC Dep., at 25:11-20; Kizer Dep., at 99:12-100:12. | |
| Issue 2 | Fact 15: VIC operates without human intervention.<br><br>Snyder Decl., at ¶¶ 20-22, 24-26, 39-42, 109. | |
| **Issue 3** (TCN is an automatic telephone dialing system within the meaning of the Telephone Consumer Protection Act.  *See* 47 U.S.C. § 227(b)(1)) | Fact 16: Within the class period, Defendant has placed calls using TCN for purposes of collecting debt.<br><br>DC Dep. at 14:17-15:3; NK Dep., at 27:20-28:2. | |
| Issue 3 | Fact 17: TCN is a predictive dialer.<br><br>Snyder Decl., at ¶¶ 17, 20-22, 24-26, 51-57, 111; DC Dep., at 30:9-21. | |
| Issue 3 | Fact 18: Defendant's employees load lists of numbers for TCN to call prior to TCN placing calls.<br><br>DC Dep., at 17:6-12, 21:10-18; Snyder Decl., at ¶¶ 17, 20, 22, 26, 53, 57. | |
| Issue 3 | Fact 19: TCN can simultaneously dial up to 10 numbers per available agent.<br><br>DC Dep., at 20:14-20; Snyder Decl., at ¶ 53. | |
| Issue 3 | Fact 20: TCN operates without human intervention.<br><br>Snyder Decl., at ¶¶ 17, 20-22, 24-26, 51-57, 111. | |
| **Issue 4** (Plaintiff Perez never provided consent for Defendant to call his cellphone number) | Fact 21: Defendant called Plaintiff Perez's cellphone number regarding Daniel Reynoso, not Plaintiff Perez.<br><br>2017.08.24 Declaration of Robert Keith, ECF Doc. No 71-2, at ¶ 4, Ex. 6. | |
| Issue 4 | Fact 22: Defendant obtained Daniel Reynoso's facesheet, attached as Exhibit 6 to the 2017.08.24 Declaration of Robert Keith, ECF Doc. No | |

CASE NO. 4:16-cv-03396-YGR

4

| | | | |
|---|---|---|---|
| | | 71-2 after the filing of the *McMillion* case.<br><br>Krivoshey Decl., Ex. 13 (Exhibit 17 to NK Dep.); NK Dep., at 89:8-92:15; 2017.07.03 Declaration of Anthony Valenti, ECF Doc. No. 50-1; Kizer Dep. at 45:19-46:13; 47:23-48:1. | |
| | Issue 4 | Fact 23: Defendant has never tried to collect a debt from Plaintiff Perez that Plaintiff Perez owes.<br><br>2017.08.24 Declaration of Robert Keith, ECF Doc. No 71-2, at ¶ 4, Ex. 6. | |
| | Issue 4 | Fact 24: Plaintiff Perez did not provide his cellphone number to Sutter regarding Daniel Reynoso's debt or account.<br><br>2017.08.24 Declaration of Robert Keith, ECF Doc. No 71-2, at ¶ 4, Ex. 6. | |
| | Issue 4 | Fact 25: Defendant has never had an account in Plaintiff Perez's name. | |
| | Issue 4 | Fact 26: Plaintiff Perez does not know Daniel Reynoso.<br><br>Krivoshey Decl., Ex. 14 (Perez Dep.), at 30:13-16, 45:13-23, 46:19-25, 48:18-49:6. | |
| | Issue 4 | Fact 27: Plaintiff Perez does not know Darlene Lopez.<br><br>Perez Dep. at 30:13-16, 45:13-23, 46:19-25, 48:18-49:6. | |
| | **Issue 5** (Plaintiff Adekoya revoked consent to call her cellphone number on April 18, 2016) | Fact 28: On April 18, 2016, Jessica Adekoya told Defendant's employee on a phone call: "I told you guys to stop calling me, but you guys keep calling me, and then the one before, she almost had me fired from my job, so im having something filed against you guys, because I asked you nicely to stop calling ... but you guys are not supposed to be contacting me." Q. "I'm | |

PLAINTIFFS' SUPPORTING SEPARATE STATEMENT
CASE NO. 4:16-cv-03396-YGR                                                                 5

| | | | |
|---|---|---|---|
| 1 2 3 4 5 6 7 8 | | sorry I don't see where we got down not to call you." A. "yeah ive been saying that for a long time, she even faxed over, she even faxed .. found my jobs fax number and faxed over something without my authorization ... and she's also called my job ... she wasn't supposed to do that at all ... that could get me terminated."<br><br>Krivoshey Decl., Ex. 15 (starting around minute 6:13 of the audio file). | |
| 9 10 11 | Issue 5 | Fact 29: Defendant called Plaintiff Adekoya's cellphone on April 27, 2016 and April 28, 2016 using Global Connect.<br><br>Krivoshey Decl., at ¶ 21. | |
| 12 13 14 15 16 17 | **Issue 6** (Defendant did not have Plaintiff Adekoya's consent to call her cellphone regarding Plaintiff Adekoya's mother's account prior to February 27, 2014) | Fact 30: Geraldine Caldwell, Plaintiff Adekoya's mother, did not provide Plaintiff Adekoya's cellphone number to the creditor on whose behalf Defendant called Plaintiff Adekoya's cellphone.<br><br>Krivoshey Decl., Ex. 16 (Patient Information Sheet), at RCA00281. | |
| 18 19 20 21 22 | Issue 6 | Fact 31: Defendant called Plaintiff Adekoya using Global Connect regarding Geraldine Caldwell's account six times prior to speaking with Plaintiff Adekoya.<br><br>Krivoshey Decl., Ex. 17 (call logs), at RCA000258; DC Dep., at 81:24-82:9. | |
| 23 24 25 26 27 | **Issue 7** (Plaintiff McMillion revoked any purported consent to call her cellphone by Defendant) | Fact 32: Plaintiff McMillion instructed Defendant's employee on a February 2, 2016 phone call not to call her any more in the future.<br><br>Krivoshey Decl., Ex. 18 (call logs), at RCA000227; DC Dep., at 85:23-86:8 ("Looks like she said don't call us | |
| 28 | | | |

| | | | |
|---|---|---|---|
| | | anymore, she has an attorney."). | |
| | Issue 7 | Fact 33: On February 16, 2016, Defendant called Plaintiff McMillion's cellular telephone number 415-632-0589 using Global Connect.<br><br>Krivoshey Decl., Ex. 18 (call logs), at RCA000227 | |
| | Issue 7 | Fact 34: On June 17, 2016, Plaintiff McMillion filed the Class Action Complaint in *McMillion, et al., v. Rash Curtis & Associates*, Case No. 4:16-cv-03396-YGR in the Northern District of California, and thereby revoked any purported consent Defendant may have had in calling her cellphone.<br><br>Class Action Complaint, ECF Doc. No. 1, at ¶¶ 2, 23. | |
| | Issue 7 | Fact 35: Defendant called Plaintiff McMillion's cellphone two times on January 25, 2017 through its TCN dialer.<br><br>Krivoshey Decl., at ¶ 22. | |

I attest that the evidence cited herein fairly and accurately supports the facts as asserted.


Dated: December 11, 2017                    Respectfully submitted,

                                               **BURSOR & FISHER, P.A.**

                                               By:   */s/ Yeremey Krivoshey*
                                                         Yeremey Krivoshey

                                               L. Timothy Fisher (State Bar No. 191626)
                                               Yeremey Krivoshey (State Bar No.295032)
                                               1990 North California Blvd., Suite 940
                                               Walnut Creek, CA  94596
                                               Telephone: (925) 300-4455
                                               Email:  ltfisher@bursor.com
                                                                   ykrivoshey@bursor.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Class Counsel*