Mark E. Ellis - 127159
Anthony P. J. Valenti - 284542
David E. Castro - 298614
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA 95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
avalenti@ellislawgrp.com
dcastro@ellislawgrp.com

Attorneys for Defendant
RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA McMILLION, JESSICA ADEKOYA, AND IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>    Defendant. | Case No.: 4:16-cv-03396-YGR JSC<br><br>**DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT KOURTNEY RICHARDSON AS CLASS REPRESENTATIVE**<br><br>Date: January 9, 2018<br>Time: 2:00 p.m.<br>Courtroom 1 – 4th Floor<br>Judge: Yvonne Gonzalez Rodgers |

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................. 1

II. FACTUAL AND PROCEDURAL BACKGROUND ........................................................... 1

    A. The McMillion Case ................................................................................................. 1

    B. The Richardson Case ................................................................................................ 2

    C. Richardson Discovery .............................................................................................. 3

III. ARGUMENT ......................................................................................................................... 4

    A. Governing Standards ................................................................................................ 4

    B. Adding Ms. Richardson as a Class Representative in the McMillion Action is Unnecessary and She Has Potential Conflicts with the Certified Classes in McMillion .............................. 5

    C. Adding Ms. Richardson as a Class Representative in McMillion is Not Proper as She is Not Typical of the Claims Certified Here. ............................................................. 6

    D. Adding Ms. Richardson as a Class Representative on this Record is Not Warranted and is Prejudicial to Defendant. .................................................................. 7

    E. To the Extent Plaintiffs' Motion is Dependent Upon Exhibit 7, Attorney-Client Privileged Communications from the Richardson Case, and Subject to this Court's Claw-Back and Presumptively-Privileged Protocol Order, Exhibit 7 Should Be Stricken, the Motion Should Be Denied, and Plaintiffs' Counsel Should Be Admonished. ................................................... 8

IV. CONCLUSION .................................................................................................................... 10

TABLES TO DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT KOURTNEY RICHARDSON AS CLASS REPRESENTATIVE

# TABLE OF AUTHORITIES

**Cases**

*Brandt v. Smith,* 634 F.2d 796 (5th Cir. 1981) ..................................................................... 8

*City Gen'l Tel. Co. Southwest v. Falcon,* 457 U.S. 147
    102 S.Ct. 2364 (1982) .......................................................................................................... 7

*Fraker v. Marysville Exempted Village Schools,* 2010 WL 785283, at *3 (S.D. Ohio 2010) ................. 5

*Hanon v. Data Products Corp.,* 976, F.2d 497 (9th Cir. 1992) ............................................................ 7

*Hoiles v. Superior Court,* 157 Cal.App.3d 1192, 1200, 204 Cal.Rptr. 111 (1984) ................................ 9

*In re Flash Memory Antitrust Litigation,* 2010 WL 2332081 at *17 (N.D. Cal. 2010) ........................ 4

*In re Grand Jury Invest.,* 599 F.2d 1224 (3rd Cir. 1979) ..................................................................... 9

*In re HP Inkjet Printer Litigation,* 2008 WL 2949265, at *7 (N.D. Cal. 2010) .................................. 5

*Kaiser Foundation Hospitals v. Superior Court,* 66 Cal.App.4th 1217,
    78 Cal.Rptr.2d 543, 548-550 (1998) .................................................................................... 9

*Leon v. S.D. Metro Transit Sys.,* 2016 WL 3952154, at *5 (S.D. Cal. 2016) ..................................... 5

*Martin v. Valley National Bank,* 140 F.R.D. 291 (S.D.N.Y. 1991) .................................................... 9

*Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012) .................................. 6

*National Steel Products Co. v. Superior Court,* 164 Cal.App.3d 476,
    210 Cal.Rptr. 535 (1985) ...................................................................................................... 9

*Partington v. Gedan,* 961 F.2d 852 (9th Cir. 1992) ........................................................................... 8

*Randall v. Rolls-Royce Corp.,* 637 F.3d 818 (7th Cir. 2011) ............................................................. 4

*Swidler & Berlin v. United States,* 524 U.S. 399 (1998) ................................................................... 9

*Upjohn Co. v. United States,* 449 U.S. 383 (1981) ........................................................................... 8

*Wellpoint Health Networks, Inc. v. Superior Court,* 59 Cal.App.4th 110
    Cal. Rptr. 844, 852 (1997) ................................................................................................... 9

TABLES TO DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT KOURTNEY RICHARDSON AS CLASS REPRESENTATIVE

**Statutes**

15 U.S.C. § 1692d ................................................................................................................... 2

California Civil Code § 1788.17 ............................................................................................ 2

**Rules**

Fed. R. Civ. Proc. 23(d)(1)(B)(iii) .......................................................................................... 4

- iii -

TABLES TO DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT KOURTNEY RICHARDSON AS CLASS REPRESENTATIVE

## I. INTRODUCTION

Defendant Rash Curtis & Associates opposes Plaintiffs' motion to add Ms. Kourtney Richardson as a named class representative because:

(1) after more than a year and a half of litigation in the *McMillion* matter, there is a named class representative, Ignacio Perez, and the addition of Ms. Richardson is unnecessary;

(2) Ms. Richardson, by Plaintiffs' own admission, is ostensibly a member of one or more of the classes certified in *McMillion* though, as shown below, this is controverted and thus she as such would not be a suitable class representative because the records suggest factual issues exist as to whether Rash Curtis: (a) possessed prior express consent to call her, and (b) did *not* skip trace her number;

(3) only limited discovery has been performed in *Richardson*, and Defendant will be prejudiced in opposing this motion without conducting discovery;

(4) discovery is cut off in this action, the last date to amend has expired, a trial date has been set, and so forth; despite Plaintiffs' argument that Defendant could shoehorn Richardson's deposition in before Christmas, this is neither fair nor consistent with due process;

(5) finally, Plaintiffs have utilized attorney-client privileged emails to advance their position, contrary to the parties' stipulation and this court's September 9, 2017 order (ECF Doc. 92).

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    The *McMillion* Case

Plaintiffs Sandra McMillion, Jessica Adekoya, and Ignacio Perez filed this action alleging claims under the TCPA, FDCPA, and RFDCPA on June 17, 2016. Though the class claims transmogrified over the course of the litigation, on September 6, 2017, this court certified four TCPA classes with Mr. Perez as the class representative. (September 6, 2017 Order Granting Class Certification, ECF Doc 81 at pp. 15:23-16:11.) An essential element common to each certified class is the requirement that the telephone number called "was obtained by Rash Curtis through skip tracing." (*See* 9/6/17 Order, ECF Doc. 81, at pp. 16:1-11.)

- 1 -

DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT KOURTNEY RICHARDSON AS CLASS REPRESENTATIVE

Pursuant to this court's scheduling orders and the Federal Rules, fact discovery closed on December 1, 2017, and expert discovery is set to close on January 29, 2018. Clearly, the last day to amend has passed. Both parties filed cross-motions for summary judgment/partial summary judgment on the dispositive motion cutoff date of December 11, 2017. Those dispositive motions will be heard on January 30, 2018. The pretrial submissions are due by no later than March 23, 2018, and the pretrial conference is set to be heard on April 6, 2018. Trial is set to commence on April 30, 2018.

**B.   The *Richardson* Case**

The *Richardson v. Rash Curtis* matter was filed on April 13, 2017 (4:17-cv-02047-YGR, ECF Doc. 1). Very little litigation has occurred in the matter, and little discovery has been conducted.[1] (Ellis Decl., ¶ 2.) The parties prepared and filed a Joint Case Management Conference Statement on June 30, 2017 (ECF Doc. 4), and an anticipated Early Neutral Evaluation Conference was set. (*Id.*) However, Richardson's lead counsel resides in Florida and was affected by the September 2017 hurricanes, and the ENE has been postponed twice. (*Id.* at ¶ 3.)

Meanwhile, as this Court is aware, in the *McMillion* matter, class discovery proceeded in earnest between May 1st through November of 2017. (*Id.*)

On November 21, 2017, class counsel in McMillion filed the motion to relate the case with the *Richardson* case. After the Thanksgiving holiday, on November 28, 2017, this Court granted the motion without defendant having an opportunity to respond and raise the issue of why it believes the cases are not truly related due to the skip tracing requirement in *McMillion* that is absent in *Richardson*.

In any event, the *Richardson* case alleges a wrong number claim under the TCPA (4:17-cv-02047-YGR Complaint, at ECF Doc. 1, at pp. 13-14) as well as claims of call frequency harassment under 15 U.S.C. § 1692d of the FDCPA (*id.* at p. 14), as well as a parasitic claim under California Civil Code § 1788.17 of the RFDCPA. (*Id.* at pp. 14-15). The putative classes sought to be certified by Ms. Richardson are:

---

[1]   Ms. Richardson has propounded interrogatories and requests for production. Both parties have exchanged initial disclosures.

DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT KOURTNEY RICHARDSON AS CLASS REPRESENTATIVE

### TCPA Class

"All persons and entities throughout the United States (1) to whom Rash Curtis & Associates placed, or caused to be placed, calls (2) directed to a number assigned to a cellular telephone service, by (3) using an automatic telephone dialing system or an artificial or prerecorded voice, (4) from four years prior to the date of this complaint through and including the date of class certification, (5) absent prior express consent – in that the called party was not the intended recipient of the calls.

### Debt Collection Class

All persons and entities through the United States (1) to whom Rash Curtis & Associates placed, or caused to be placed, calls, (2) from one year prior to the date of this complaint through and including the date of class certification, (3) and in connection with the collection of a consumer debt, (4) after the called party informed Rash Curtis & Associates that it was calling the wrong person."

(*Id.* at p. 10:6-17.)

Significantly, the putative class definitions in *Richardson* are <u>not</u> the same as the classes certified in *McMillion* in that no FDCPA class was sought in *McMillion*, and the *Richardson* class definition is silent as to skip tracing, but skip tracing is an essential common element of every class certified in *McMillion*. Nonetheless, Plaintiffs' Motion to Appoint Richardson as Class Representative (ECF Doc. 138), at p, 1:6-10, erroneously states: "[the] evidence unequivocally shows that Plaintiff Richardson is a class member: (1) she is a non-debtor, (2) she was called by Defendant's autodialer on her cell phone, (3) she heard a prerecorded message upon answering the phone, (4) *her cellphone number was obtained by Defendant through skip tracing,* and (5) she has never provided Defendant (or its creditor clients) prior express consent to call her using ATDS technology." (Emphasis added.)

### C. Richardson Discovery

Although little formal discovery has been conducted in *Richardson*, Rash Curtis' investigation to date has revealed the following:

Rash Curtis was assigned numerous collection accounts over several years as to one Jagindar Prashad, which he incurred for medical services. (Keith Decl., at ¶ 2.) On or about September 19, 2016, Rash was referred an overdue medical debt from Dr. James Greer, dba Brentwood Podiatry. (Keith Decl., at ¶ 3.)

When the account was referred by Dr. Greer's office, Rash Curtis was provided Mr. Prashad's

- 3 -

cell phone number ending in 9652. (*Id.*) The records from Brentwood Podiatry demonstrate that the 9652 number was provided by Mr. Prashad, without restriction, on March 24, 2014, to Rash's creditor client, Dr. Greer, and that number was, in turn, given to Rash Curtis as a contact number. (*Id.* at ¶ 4.) The Patient Information and Financial Responsibility Form from Dr. Greer's office, showing that Mr. Prashad supplied his cell number ending in 9652, is attached as **Exhibit A** to Defendant's Master List of Exhibits.

From that point forward, Rash Curtis began calling this number associated with Mr. Prashad, either manually – or otherwise. (*Id.* at ¶ 5.) In short, Rash Curtis did *not* discover the Prashad/Richardson's cell phone number through skip tracing. (*Id.* at ¶ 6.)

Subsequently, *after* the Prashad assignment from Dr. Greer, Rash Curtis' records indicate an "ECA trace" was run, and the 9652 number was confirmed. (*Id.*, at ¶ 7.) Rash Curtis' records demonstrate the 9652 number was obtained by an ECA trace, but it was then stored in phone field 8 – a field that cannot be autodialed. In short, the number at issue here was originally obtained from a client, *not* from skip tracing. (*Id.*, at ¶¶ 5-7.)

### III. ARGUMENT

#### A. Governing Standards

Substitution or addition of class representatives may be permitted by a district court in its discretion, but "it's not automatic." *Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 826 (7th Cir. 2011) (per Posner, J.) ("Substitution (via permissive intervention by an unnamed plaintiff, who, if intervention is allowed becomes the named plaintiff and thus the class representative) is possible.") (*citing cases* and Fed. R. Civ. Proc. 23(d)(1)(B)(iii)). Factors that courts look to in deciding the motion are the necessity of the motion (recognizing that class counsel should not be allowed to get "multiple bites" at the certification apple),[2] as well as the delay or prejudice to the opposing parties' rights. *Randall*, 637 F.3d at 827 (*affirming* denial of motion to intervene with new class representative); *In re Flash Memory Antitrust Litigation*, 2010 WL 2332081, at *17 (N.D. Cal. 2010) (motion was denied as untimely, as it

---

[2] *Randall*, 637 F.3d at 827.

- 4 -

DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT KOURTNEY RICHARDSON AS CLASS REPRESENTATIVE

would require new and additional discovery severely prejudicing defendants); *In re HP Inkjet Printer Litigation,* 2008 WL 2949265, at *7 (N.D. Cal. 2010) (same); *Fraker v. Marysville Exempted Village Schools,* 2010 WL 785283, at *3 (S.D. Ohio 2010) (same).

The District Court in *Leon v. S.D. Metro Transit Sys.,* 2016 WL 3952154, at *5 (S.D. Cal. 2016) wrote, in language applicable here:

> Some cases from other circuits would allow precertification substitution in some circumstances. See *Phillips v. Ford Motor Co.,* 435 F.3d 85, 787 (7th Cir. 2006). However, <u>given the late stage of this request – nearly two years into this case and after the close of discovery – the Court finds that it would unduly prejudice Defendants to permit substitution here</u>. See *In re Milk Prods. Antitrust Litigation,* 195 F.3d 430, 438 (8th Cir. 1999) ("Granting [a motion to add class plaintiffs] would have required reopening class discovery and further delay, precisely the sort of prejudice that justifies denial of a motion to amend under Rule 15(a)."); *Osakan v. Apple American Group,* 2010 WL 1838701, at *3, *5 (N.D. Cal. 2010). (Emphasis added.)

As shown below, not only should this motion be denied because discovery is cut off and a trial date is four and a half months away, but it is completely unnecessary. There is an existing class representative, Ignacio Perez, who has already been deemed adequate by this Court.

**B.     Adding Ms. Richardson as a Class Representative in the *McMillion* Action is Unnecessary and She Has Potential Conflicts with the Certified Classes in *McMillion*.**

<u>First</u>, and most fundamentally, the *McMillion* matter has been certified as to four classes and Mr. Perez has been named the class representative. It is wholly unnecessary to name an additional class representative.

<u>Second</u>, to do so creates other problems with discovery (and due process); Plaintiffs' counsel wants this motion granted with only a perfunctory nod to the lack of discovery in *Richardson*, and the fact discovery is closed here. Class counsel has suggested that all necessary discovery including Ms. Richardson's deposition could be conducted "during the pendency of this motion" (over the Christmas and New Year holidays), which is set to be heard January 9, 2018. *See* Plaintiffs' Motion, at p. 10:11-13. Moreover, class counsel seems to forget, they are not Ms. Richardson's attorneys, who presumptively will need to agree to produce her. The plan is not workable and definitely appears

- 5 -

DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT KOURTNEY RICHARDSON AS CLASS REPRESENTATIVE

intended to work a hardship and to prejudice Rash Curtis' due process rights to oppose the motion and prepare a defense. (*Id.*)

<u>Third</u>, while Ms. Richardson may or may not be a member of one or more of the *McMillion* certified classes,[3] the specifics of her claims are different and potentially conflicting and atypical. For example, her complaint and class definitions do not allege skip tracing occurred.

<u>Finally</u>, to add her at this late date in *McMillion* will require reopening discovery in *McMillion* and moving the trial date. And if she *is* added, does the *Richardson* action disappear, as it will no longer have a putative class representative, and the action will be redundant?

**C.   Adding Ms. Richardson as a Class Representative in *McMillion* is Not Proper as She is Not Typical of the Claims Certified Here.**

As noted above in the declaration of Bob Keith, Vice President of Operations of Rash Curtis, Rash Curtis originally obtained the number it called from its creditor client, Brentwood Podiatry, and thus had consent to call that number, notwithstanding that the recipient was Ms. Richardson, not Mr. Prashad. Defendant is, of course, aware that this court, relying upon *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036 (9th Cir. 2012), has tentatively disagreed with this argument, but, respectfully, the issue of whether consent follows the name or number has not been definitely decided in this circuit, much less by the United States Supreme Court. *Cf. Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1039, 1045 (9th Cir. 2017) (focus is whether the call is of the "type" invited by providing number). It is one of the significant issues before the D.C. Circuit in *ACA International, et al. v. Federal Communications Commission*. It may ultimately be a legal issue of first impression here.

But even assuming prior express consent is determined not to exist here as to Ms. Richards, skip tracing is still required as a common element, and Ms. Richardson's class complaint does not allege that common "fact" anywhere. For this reason alone, on this record, her claim appears atypical, and she does

---

[3] Which is not clear since each class certified in *McMillion* requires the element of skip tracing, an element that is not alleged in Richardson's still-putative class action or in her declaration here. (*Cf.* 9/6/17 Order, ECF Doc. 81, *with* Richardson's Complaint, 4:17-cv-02047-YGR, ECF Doc. 1, at ¶¶ 21-44 ("Factual Allegations")).

- 6 -

DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT KOURTNEY RICHARDSON AS CLASS REPRESENTATIVE

not qualify to be a class representative in the *McMillion* case. *See Hanon v. Data Products Corp.*, 976, F.2d 497, 508-509 (9th Cir. 1992).[4]

### D. Adding Ms. Richardson as a Class Representative on this Record is Not Warranted and is Prejudicial to Defendant.

Plaintiffs' motion speculates that Ms. Richardson will be an "excellent" class representative in *McMillion*. Not to be repetitive, but the record is not sufficiently developed, as little discovery has been conducted to conclude if the 9652 number used was obtained by skip tracing, and Defendant denies this based on its review of its records. (Keith Decl., at ¶ 8.) If Ms. Richardson's number was not skip traced, she will be subject to a unique defenses making her an inappropriate class representative. *Hanon,* at 508-509. The mere fact her cell phone number may have been placed in a telephone number field typically reserved for numbers not obtained from clients is not dispositive here. For example, the email trail that is reflected in the exhibits supporting the motion (*see* Plaintiffs' Memorandum of Points and Authorities, ECF Doc. 138, at pp. 5:2; and Exhibit 5 to Krivoshey Decl., 5/12/16 Email from Mr. Keith, ECF Doc. 138-1, at p. 38) suggests numbers may be placed in fields 5-10 by human error, not because they were skip traced. (*Id.*)

Likewise, Account No. 1952383 referred to in Mr. Keith's otherwise attorney-client privileged emails (*see* Exhibit 7 to Krivoshey Decl., 5/22/17 Emails from Mr. Keith) refer to an account for Mr. Prashad related to medical services rendered to him at John Muir in 2010, and which had been referred to Rash Curtis in *2013*, but which account was *not* collected upon in 2016 or 2017, the time period in question here.[5] (Ellis Decl., at ¶ 5; Keith Decl., at ¶ 8.)

---

[4] In determining Ms. Richardson's suitability as a class representative, class counsel bears the burden to establish her typicality under Rule 23(a). *Hanon,* at 508. This requirement, like all of the prerequisites of Rule 23(c), may only be satisfied after a rigorous analysis. *Id.*, at 509 (*City Gen'l Tel. Co. Southwest v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 2372 (1982)). In *Hanon, supra,* the Ninth Circuit affirmed denial of class certification because the proposed class representative failed to satisfy the typicality requirement in that he was "subject to unique defenses." *Hanon*, at 508. And, so it is here.

[5] As discussed *infra,* Defendant objects to the use of Exhibit 7 which contain attorney-client privileged emails, subject to this court's order of September 19, 2017. Defendant requests these documents be stricken.

- 7 -

E. **To the Extent Plaintiffs' Motion is Dependent Upon Exhibit 7, Attorney-Client Privileged Communications from the *Richardson* Case, and Subject to this Court's Claw-Back and Presumptively-Privileged Protocol Order, Exhibit 7 Should Be Stricken, the Motion Should Be Denied, and Plaintiffs' Counsel Should Be Admonished.**

Class counsel has improperly attached Exhibit 7 to this motion to add Ms. Richardson as class representative. This exhibit is made up of two May 2017 emails from Bob Keith internally at Rash Curtis communicating back to an email sent to him from Ellis Law Group (Mark Ellis) about the then new case of *Richardson v. Rash Curtis & Associates*. (Ellis Decl., at ¶ 8.) These emails were produced as part of the Orders to immediately produce Rash Curtis' emails – but subject to the stipulated order by the Court that such rapid production would *not* waive privileges and that any attorney-client privileged communications would be "clawed back." (*See* Stipulated "Clawback" Agreement and Presumptively-Privileged Protocol Order, dated September 19, 2017 (ECF Doc. 92).)

Class counsel improperly attempted to use Exhibit 7 at Mr. Keith's deposition, to which objection was made on the basis of privilege. (Ellis Decl., ¶ 6; as set forth in **Exh. B** to Defendant's Master List of Exhibits, Excerpts from Keith Depo.) Defendant's counsel agreed to permit class counsel to ask questions based upon a stipulation that there would be no claim of waiver of the attorney-client privilege (Ellis Decl., ¶ 7), to which class counsel agreed. (*See* **Exh. B,** Keith Depo., at pp. 20:22-28:20.)

The emails in Exhibit 7 are attorney-client privileged as communications between counsel and client, and more specifically between the client contact (Bob Keith) and his associates on behalf of counsel within the first month of the *Richardson* litigation. (Ellis Decl., ¶ 6.) Thus Exhibit 7 must be stricken, and class counsel should be admonished for using the email in support of this motion. These emails were made part of Defendant's privilege log. (Ellis Decl., ¶¶ 6, 10; **Exh. C** to Defendant's Master List of Exhibits.)

The attorney-client privilege is deemed fundamental to the proper functioning of our system of justice. *See, e.g., Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981); *Brandt v. Smith,* 634 F.2d 796, 800 (5th Cir. 1981); *Partington v. Gedan,* 961 F.2d 852, 863 (9th Cir. 1992). The rationale and policy undergirding the privilege is the encouragement of "full and frank communication between attorneys and their clients. . .[to] thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends, and that such

- 8 -

advice or advocacy depends upon the lawyer's being fully informed by the client." *Upjohn,* 449 U.S. at 389; Restatement (3rd) *Law Governing Lawyers* § 68, comment (c).

The attorney-client privilege, if found applicable, is <u>absolute</u>, and it applies broadly in the litigation context. *See Martin v. Valley National Bank,* 140 F.R.D. 291, 306 (S.D.N.Y. 1991). It may be asserted in all proceedings, as here, in which testimony may be compelled. *See Swidler & Berlin v. United States*, 524 U.S. 399, 408-409 (1998).

The privilege is held <u>*by the client*</u>, who has the sole authority to waive the privilege. Nonetheless, the attorney is required to assert or invoke the privilege when necessary on behalf of the client, even without an express instruction by the client.

There are few exceptions to the privilege where the communication is between attorney and client; it is presumed to exist; if the privilege applies, compelled disclosure is forbidden regardless of need. *In re Grand Jury Invest.*, 599 F.2d 1224, 1253 (3rd Cir. 1979). The burden of showing waiver falls on the party seeking disclosure. *Id.*

Attorney-client confidential communications include those, as here, made to third parties if reasonably necessary to accomplish the purpose of transmitting the information between attorney and client, or accomplishing the purpose for which the attorney was hired; this includes confidential communications with or between agents of the client. *See, e.g., Upjohn, supra*, 449 U.S. at 391-393; *National Steel Products Co. v. Superior Court,* 164 Cal.App.3d 476, 210 Cal.Rptr. 535, 539 (1985); *Hoiles v. Superior Court,* 157 Cal.App.3d 1192, 1200, 204 Cal.Rptr. 111, 116 (1984).

The privilege applies during litigation investigations. *See Wellpoint Health Networks, Inc. v. Superior Court,* 59 Cal.App.4th 110, 122 Cal. Rptr. 844, 852 (1997). The privilege covers an agent working with an attorney. *Kaiser Foundation Hospitals v. Superior Court,* 66 Cal.App.4th 1217, 1227-1228, 78 Cal.Rptr.2d 543, 548-550 (1998).

Here, the emails in question were produced in response to this Court's orders, and they are subject to the stipulated claw-back order. A privilege log related to the subject emails (produced four times from different users' email accounts) was produced identifying these specific emails as privileged. (*See* **Exh. C**; Ellis Decl., at ¶ 9.) The privilege was asserted when the emails were produced. (*Id.*) These emails

- 9 -

DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT KOURTNEY RICHARDSON AS CLASS REPRESENTATIVE

were required to be given back, which class counsel has not yet done despite the request to do so. (*See* **Exh. C**; Ellis Decl., at ¶ 10.)

### IV.   CONCLUSION

For the reasons stated above, the motion to add Ms. Richardson as a class representative in this matter is not warranted – at least not at this time. She is not necessary, as the four certified classes already have a representative – Ignacio Perez, who this Court has found to be an adequate representative. Although little discovery has been completed in *Richardson*, Ms. Richardson does not appear to be an adequate representative because Rash Curtis did not discover her cell phone number through skip tracing. Rather, it was provided by Dr. Greer to Rash Curtis in connection with the referral of Account 2721282 on September 19, 2016, and on whose behalf Rash Curtis undertook collection efforts thereafter. Although the number was later added to phone field 8 – so as not to be autodialed,[6] this, at the very least, creates a factual issue as to the typicality of Ms. Richardson's claims in comparison with the McMillion allegations, such that she has not been shown to be an adequate class representative on the record as it currently exists.

Dated: December 18, 2017

                                ELLIS LAW GROUP LLP

                                By   /s/ *Mark E. Ellis*
                                Mark E. Ellis
                                Attorney for Defendant
                                RASH CURTIS & ASSOCIATES

---

[6] It may be the number appeared twice – once in phone fields 1-4 (permitting autodialing), and once in fields 5-10 (not permitting autodialing).

- 10 -

DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT KOURTNEY RICHARDSON AS CLASS REPRESENTATIVE