Mark E. Ellis - 127159
Anthony P. J. Valenti - 284542
ELLIS LAW GROUP LLP
740 University Avenue, Suite 100
Sacramento, CA  95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
avalenti@ellislawgrp.com

Attorneys for Defendant
RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA McMILLION, JESSICA ADEKOYA, AND IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>Defendant. | Case No.:  4:16-cv-03396-YGR JSC<br><br>**MASTER LIST OF EXHIBITS IN SUPPORT OF DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT KOURTNEY RICHARDSON AS CLASS REPRESENTATIVE**<br><br>Date:   January 9, 2018<br>Time: 2:00 p.m.<br>Ctrm: 1<br>Judge: Hon. Yvonne Gonzalez Rogers |

- 1 -

Defendant Rash Curtis & Associates hereby submits this Master List of Exhibits in support of its Opposition to Plaintiffs' Motion to Appoint Richardson as Class Representative:

| Exhibit | Description |
|---------|-------------|
| A | Business Record from Dr. James M. Greer, d.b.a. Brentwood Podiatry, which shows the number ending in 9652 was provided by Jagindar Prashad on March 24, 2014. |
| B | Excerpts from Deposition of Bob Keith, taken on October 24, 2017. |
| C | Excerpts from Rash Curtis' Privilege Log for Emails Produced Subject to the Court's Stipulated Clawback Agreement and Presumptively-Privileged Protocol Order. |

Dated: December 18, 2017                    ELLIS LAW GROUP LLP


By: _/s/ Mark E. Ellis____
Mark E. Ellis
Attorney for Defendant
RASH CURTIS & ASSOCIATES

- 2 -

MASTER LIST OF EXHIBITS IN SUPPORT OF DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO PLAINTIFFS'
MOTION TO APPOINT KOURTNEY RICHARDSON AS CLASS REPRESENTATIVE

# EXHIBIT A

# WELCOME

## PATIENT INFORMATION

Date: 3/28/14

SS#/HIC/Patient ID #: _____

Patient Name: Bashad    Jagindar
Last Name    First Name    Middle Initial

Address: 2461, Elena ct

City: Antioch    State: CA.    Zip: 94531

E-mail: _____

Sex: ☒M ☐F    Age: ____    Birthdate: _____

☒ Married ☐ Widowed ☐ Single ☐ Minor
☐ Separated ☐ Divorced ☐ Partnered for ____ years

Spouse's Name: Chanda Bashad.

Birthdate: _____    SS#: _____

Employer/School Phone ( ) _____

Patient Employer/School: _____

Employer/School Address: _____

Spouse's Employer: _____

Whom may we thank for referring you? Dr. Humble

## PHONE NUMBERS

Home Phone ( 925 ) _____

Cell Phone ( 925 ) 965-2 _____

Best time and place to reach you: any time

Home Phone ( ) _____

Work Phone ( ) _____

### IN CASE OF EMERGENCY CONTACT

Name: Elizabeth Singh.

Relationship: Daughter

Home Phone ( ) _____

Work Phone ( ) Cell # 925 - 1602.

## INSURANCE

Who is responsible for this account? Anthem Blue Cross

Relationship to Patient _____

Insurance Co. _____

Group #: _____

Is patient covered by additional insurance? ☐ Yes ☐ No

Subscriber's Name _____

Birthdate _____    SS# _____

Relationship to Patient _____

Insurance Co. _____

Group #: _____

### INSURANCE ASSIGNMENT AND RELEASE

I certify that I have insurance coverage with _____
Name of Insurance Company(ies)

and assign directly to Dr. _____ for services rendered, all insurance benefits, if any, otherwise payable to me. I understand that I am financially responsible for all charges whether or not paid by insurance. I authorize the use of my signature on all insurance submissions.

The above-named doctor may use my health care information and may disclose such information to the above-named insurance Company(ies) and their agents for the sole purpose of obtaining payment for services and determining insurance benefits or the benefits payable for related services. This consent will end when my current treatment plan is completed or one year from the date signed below.

### MEDICARE/MEDIGAP AUTHORIZATION

I request that payment of authorized Medicare benefits and, if applicable, Medigap benefits, be made either to me or on my behalf to _____
Doctor or Clinic

for any services furnished to me by that provider.

To the extent permitted by law, I authorize any holder of medical or other information about me to release to the Centers for Medicare and Medicaid Services, my Medigap insurer, and their agents any information needed to determine these benefits or benefits for related services.

Signature of Beneficiary or Personal Representative    Date: 3-28-14

Please print name of Beneficiary, Guardian or Personal Representative

Relationship to Beneficiary

# EXHIBIT B

1            UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3

4    SANDRA MCMILLION, JESSICA
     ADEKOYA, and IGNACIO PEREZ,

5    on Behalf of Themselves and
     all Others Similarly Situated,

6

              Plaintiffs,

7

        vs.                        No. 4:16-cv-03396-YGR

8

     RASH CURTIS & ASSOCIATES,

9

              Defendant.

10   _____

11

12

13

14

15        VIDEOTAPED DEPOSITION OF ROBERT KEITH

16            Walnut Creek, California

17            Tuesday, October 24, 2017

18                  Volume 1

19

20

21   Reported by:

22   JODI L. BOSETTI
     CSR No. 11316, RPR

23   JOB No. 2730695

24   PAGES 1 - 31

25   PAGES 24-28 CONFIDENTIAL

                                        Page 1

```
1    that what you're saying?

2         A    I was, correct.

3         Q    So you're saying that GlobalConnect never --

4    Rash Curtis never put any numbers in phone fields 5

5    through 10 into GlobalConnect?                        10:27

6         A    To my knowledge, no, we never did.

7         Q    You remember you're under oath, correct?

8         A    I do.

9         Q    Okay.  And you're sticking with that answer?

10        A    I am.                                        10:28

11        Q    Okay.  Why did you think, at that time, that

12   humans put the wrong lines into GlobalConnect?

13        MR. ELLIS:  Objection.  The document speaks for

14   itself.

15             You can answer.                              10:28

16        THE WITNESS:  I don't remember the circumstances.

17   It's over a year ago.

18   BY MR. KRIVOSHEY:

19        Q    You don't remember what made you think that?

20        A    No.                                          10:28

21        Q    Okay.  You can put that aside.

22        MR. KRIVOSHEY:  I'm going to have the court

23   reporter mark as Exhibit 39 an e-mail dated May 22nd,

24   2017.

25             (Deposition Exhibit 39 marked.)              10:29
```

Page 20

```
 1    BY MR. KRIVOSHEY:

 2         Q    Do you have Exhibit 39?

 3         A    I do.

 4         Q    What is it?

 5         A    It's an e-mail.                              10:29

 6         Q    What is the date of this e-mail?

 7         A    May 22, 2017.

 8         Q    It's an e-mail thread, rather; is that

 9    correct?

10         A    Correct.                                    10:29

11         Q    And did you write the e-mails on this thread

12    that have you as a sender?

13         A    I did.

14         Q    So the last e-mail here --

15         MR. ELLIS:  I'm going to object.  Do not respond  10:29

16    to anything else on this.

17         MR. KRIVOSHEY:  On what basis?

18         MR. ELLIS:  On the basis that it's regarding

19    Richardson versus Rash-Curtis.  It's attorney-client

20    privilege and attorney work-product privilege.         10:30

21         Do not answer that.

22    BY MR. KRIVOSHEY:

23         Q    Do you see any attorneys on this e-mail?

24         MR. ELLIS:  You know what, he's not going to

25    answer.  And if you want to go to Judge Corley, let's   10:30
```

Page 21

```
 1    go right now.
 2          MR. KRIVOSHEY:  Okay, sure.  I will go get him.
 3             Let's go off the record, please.
 4             (Recess.)
 5          THE VIDEOGRAPHER:  Back on the record.  The time    10:35
 6    is 10:35.
 7          MR. ELLIS:  Off the record, I've talked with
 8    Yeremey and we've -- I have agreed that he can ask
 9    Mr. Keith questions about this e-mail subject to this
10    being a determination that this is going to be            10:35
11    attorney-client privileged, attorney work-product
12    privilege, and otherwise confidential pursuant to
13    Business and Professions Code section 606(a).
14             And for purposes of this deposition, we have
15    instructed the court reporter that with this series of   10:35
16    questions, we will start where they're set forth as
17    confidential and work product and attorney-client
18    privileged, and then we will instruct the court
19    reporter where that confidentiality ends.
20             Are you agreeable to that?                       10:36
21          MR. KRIVOSHEY:  I am agreeable to -- yes, I am
22    agreeable.  I will just say for the record that
23    plaintiffs do not think that any of this is
24    work-product privileged or confidential or privileged
25    in any way, but we will agree to keep this               10:36
```

Page 22

1    confidential for the purposes of this deposition and

2    subject to court determination as to, you know, any

3    privileges that may apply.

4         MR. ELLIS:  And just to finish up on that, this

5    is not simply -- I'm not simply asserting the          10:36

6    privilege as to Mr. Keith's testimony about this

7    document, I'm also asserting that Exhibit 39, which is

8    two-page excerpt from a longer e-mail trail in a case,

9    in fact, in which I was representing Rash-Curtis, I'm

10   going to assert privilege and confidentiality as to --  10:37

11   and work-product protection as to that document also.

12            (Pages 24-28 are marked confidential)

13

14

15

16

17

18

19

20

21

22

23

24

25

                                          Page 23

CONFIDENTIAL

1    BY MR. KRIVOSHEY:

2

10:38

Page 24



10:39

21       MR. KRIVOSHEY:  You can put that aside.

22       MR. ELLIS:  Okay, Jodi, pursuant to the

23  stipulation that we had, that will end the

24  confidential part of the deposition.

25       MR. KRIVOSHEY:  I'm going to have the court        10:40

Page 25

CONFIDENTIAL

1    reporter mark as Exhibit 40 an e-mail dated May 22nd,

2    2017.  And I'll just preface this, that I will agree

3    to ask questions about this e-mail under the same

4    conditions.

5                (Deposition Exhibit 40 marked.)          10:40

6    BY MR. KRIVOSHEY:

7        Q    Do you have Exhibit 39?

8        A    I do.

9        Q    What is it?

10       MR. ELLIS:  Okay.  Hold on, I haven't finished    10:41

11   reading it.  Don't answer any questions.

12       MR. MR. VALENTI:  It's Exhibit 40.

13       MR. KRIVOSHEY:  I apologize.

14       MR. ELLIS:  Before I do this, let me take a break

15   and speak with my client.                            10:41

16       MR. KRIVOSHEY:  Okay.

17       THE VIDEOGRAPHER:  Going off the record.  The

18   time is 10:42.

19           (Recess.)

20       THE VIDEOGRAPHER:  Back on the record.  The time  10:48

21   is 10:49.

22       MR. ELLIS:  Okay.  Off the record Yeremey and I

23   have talked about Exhibit 40, which is an e-mail dated

24   May 22nd, 2017, and the subject is "Cell phones in

25   skip fields."  And the substance of the e-mail       10:49

                                              Page 26

1    directly relates to my communications with Mr. Keith.

2    I think relating -- I'm not sure if it's this case or

3    not.  And so this is really, he's passing on

4    internally a communication from me and asking a series

5    of questions about that.                              10:49

6         For purposes of this deposition, however,

7    Yeremey, I'll enter into the same stipulation that we

8    just entered into, that by permitting you to ask

9    questions about this e-mail and then questions that

10   may relate to it in some way, I am not waiving, in any   10:50

11   way, shape, or form, attorney-client privilege,

12   attorney work-product privilege or confidentiality

13   under Business and Professions Code 606(a)(e).

14        I will permit you to ask questions and get

15   responses subject, of course, to me raising this       10:50

16   objection again and striking all of this testimony and

17   this exhibit, just like we talked about with the last

18   one, if ultimately I decide to stand on the privilege.

19        Do you stipulate to that?

20        MR. KRIVOSHEY:  I will stipulate to that.  And,   10:50

21   again, you know, plaintiffs don't believe that this is

22   privileged or -- but for the purposes of this, you

23   know, we'll agree to stipulate, for the time being,

24   and we need to work out a time for how long you have

25   until -- well, we'll talk off the record about that.    10:50

                                            Page 27

CONFIDENTIAL

1       MR. ELLIS:  So, Jodi, once again, the following

2   series questions as well as this exhibit, if you're

3   the person putting together the exhibits, are going to

4   need to be withheld on the basis of privilege and the

5   deposition is going to need to say that the following      10:51

6   questions are confidential, work-product protected,

7   attorney-client privileged, and then I will tell you

8   when I believe that lifts in the deposition.

9           So go ahead, Yeremey.

10  BY MR. KRIVOSHEY:                                          10:51

11

25                                                            10:52

Page 28

1    I, the undersigned, a Certified Shorthand

2  Reporter of the State of California, do hereby

3  certify:

4    That the foregoing proceedings were taken

5  before me at the time and place herein set forth; that

6  any witnesses in the foregoing proceedings, prior to

7  testifying, were administered an oath; that a record

8  of the proceedings was made by me using machine

9  shorthand which was thereafter transcribed under my

10  direction; that the foregoing transcript is a true

11  record of the testimony given.

12    Further, that if the foregoing pertains to

13  the original transcript of a deposition in a Federal

14  Case, before completion of the proceedings, review of

15  the transcript [ ] was [ ] was not requested.

16    I further certify I am neither financially

17  interested in the action nor a relative or employee

18  of any attorney or any party to this action.

19    IN WITNESS WHEREOF, I have this date

20  subscribed my name.

21  Dated:  November 13, 2017

22

23

24  _____

JODI L. BOSETTI

CSR No. 11316, RPR

25

Page 31

# EXHIBIT C

DEFENDANT'S PRIVILEGE LOG
CLAWBACK DOCUMENTS
November 14, 2017

| BATES NO. RCA- | DATE | PRIVILEGE ASSERTED | AUTHOR | RECIPIENT | DESCRIPTION |
|---|---|---|---|---|---|
| 024349-024354 | 05/2017 | Attorney-Client Not Relevant | Ellis Law Group/ Rash Curtis | Rash Curtis/ Ellis Law Group | Richardson v Rash Curtis – Emails |

DEFENDANT'S PRIVILEGE LOG
CLAWBACK DOCUMENTS
November 14, 2017

| BATES NO. RCA- | DATE | PRIVILEGE ASSERTED | AUTHOR | RECIPIENT | DESCRIPTION |
|---|---|---|---|---|---|
| 025171-025171 | 05/2017 | Attorney-Client Not Relevant | Ellis Law Group/ Rash Curtis | Rash Curtis/ Ellis Law Group | Richardson v. Rash Curtis – Emails |

32

| BATES NO. RCA- | DATE | PRIVILEGE ASSERTED | AUTHOR | RECIPIENT | DESCRIPTION |
|---|---|---|---|---|---|
| 026861-026867 | 05/2017 | Attorney-Client Not Relevant | Ellis Law Group/ Rash Curtis | Rash Curtis/ Ellis Law Group | Richardson v. Rash Curtis – Emails |

DEFENDANT'S PRIVILEGE LOG
CLAWBACK DOCUMENTS
November 14, 2017

34

DEFENDANT'S PRIVILEGE LOG
CLAWBACK DOCUMENTS
November 14, 2017

| BATES NO. RCA- | DATE | PRIVILEGE ASSERTED | AUTHOR | RECIPIENT | DESCRIPTION |
|---|---|---|---|---|---|
| 153336-153342 | 05/2017 | Attorney-Client Not Relevant | Ellis Law Group/ Rash Curtis | Rash Curtis/ Ellis Law Group | Richardson v. Rash Curtis – Emails |