# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SANDRA MCMILLION, ET AL.,** | CASE NO. 16-cv-03396-YGR |
| Plaintiffs, | |
| vs. | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| **RASH CURTIS & ASSOCIATES,** | Re: Dkt. No. 189 |
| Defendant. | |

Plaintiffs Sandra McMillion, Jessica Adekoya, and Ignacio Perez bring this class action against defendant Rash Curtis & Associates ("Rash Curtis") alleging that defendant called plaintiffs and class members without consent in violation of several laws, including the Telephone Consumer Protection Act, 47 U.S.C. Sections 227, *eq seq*. (the "TCPA"). Relevant to the instant motion, on February 2, 2018, the Court ruled on parties' motions for summary judgment. (Dkt. No. 167 ("SJ Order").) In its order, the Court granted plaintiffs' motion for partial summary judgment regarding the dialer systems[1] defendant used to make the alleged phone calls and held that those Dialers constitute Automatic Telephone Dialing Systems ("ATDSs") within the meaning of the TCPA. (*Id.* at 2.) The Court also granted plaintiffs' motion for partial summary judgment on the issue of prior express consent with regard to Perez and held that Rash Curtis never possessed prior express consent to call Perez. (*Id.* at 3, 11, 12.) Now, Rash Curtis moves that the Court reconsider the parties' motions for summary judgment in light of the recent outcome in *ACA International v. Federal Communications Commission*, 2018 WL 1352922 (D.C. Cir.

---

[1] Plaintiffs offer evidence that to make the alleged calls, defendant employed three dialers: (i) DAKCS/VIC Software System ("DAKCS/VIC"), (ii) Global Connect system ("Global Connect"), and (iii) TCN (collectively, "Dialers"). (Dkt. No. 46-6 at 55-56.)

March 16, 2018). (Dkt. No. 189 ("Motion").) Specifically, Rash Curtis asks the Court to reconsider whether (i) defendant's Dialers constitute ATDSs under the TCPA; (ii) the defendant used an artificial or pre-recorded voice during any of the calls made without plaintiffs' prior express consent; and (iii) the defendant reasonably relied on a third party's prior express consent in calling Perez.[2] (*Id.* at 1.) Alternatively, Rash Curtis requests that the Court reconsider its motion to stay this action pending the outcome of *Marks v. Crunch San Diego,* LLC, Case No. 14-56834 (9th Cir. December 14, 2106). (*Id.* at 25.)

Having carefully reviewed the pleadings and the papers submitted, and for the reasons set forth more fully below, the Court **DENIES** Rash Curtis' motion to reconsider the parties' motions for summary judgment or, in the alternative, stay the case.

**I.    BACKGROUND**

A.    Use of an ATDS

Plaintiffs allege that Rash Curtis repeatedly called them on their cell phones using an ATDS and/or an artificial or prerecorded voice. (Dkt. No. 1 ("Compl.") ¶¶ 2, 4, 6.) Regarding the Dialers that Rash Curtis allegedly used, plaintiffs assert that the DAKCS/VIC dialer can dial eighty phone numbers per minute and the Global Connect dialer can dial approximately 60,000 phone numbers in a twelve-hour period. (Dkt. No. 46-6 at 99-100.) Plaintiffs also offer testimony of Rash Curtis executives who state that DAKCS/VIC and TCN are predictive dialers. (Dkt. No. 139-2 at 23 and 90.) With regard to Global Connect, plaintiffs proffer that Global Connect offers

---

[2] Rash Curtis also requests that the Court "Grant Partial Summary Judgment to Rash Curtis on the issue of whether Rash Curtis' three dialers do not constitute ATDSs" as well as "the issue of TCPA liability based on the fact that none of the calls which were placed without prior express consent were done so using an ATDS or a pre-recorded or artificial voice[.]" (Motion at 24.) These requests were not a part of Rash Curtis' motion for summary judgment and are, therefore, not appropriate for reconsideration. (*See* Dkt. No. 140). Additionally, the Court notes that its Standing Order requires that "no motion for summary judgment . . . may be filed without prior leave of the court" and permits only one summary judgment motion per side. Standing Order in Civil Cases at 3-4. For these reasons, the Court **DENIES** Rash Curtis' motion for partial summary judgment as to the aforementioned issues.

2

"predictive" functionality and enables defendant to make ten simultaneous calls per agent to reach "thousands of contacts within minutes." (Dkt. No. 46-4 ¶ 39; Dkt. No. 139-2 at ECF 179.)

Plaintiffs sought partial summary judgment on the issue of whether Rash Curtis' Dialers constitute ATDSs within the meaning of the TCPA. (SJ Order at 2.) Plaintiffs argued that the Dialers were ATDSs because they possessed "predictive dialing" capabilities which allowed them to operate without human intervention. (*See* Dkt. No. 139 at 6-11.) Rash Curtis argued that in light of the Ninth Circuit's decision to defer submission on the issue of whether a predictive dialer constitutes an ATDS in *Marks v. Crunch San Diego, LLC*, Case No. 14-56834 (9th Cir. 2016) pending the D.C. Circuit's decision in *ACA International*, the Court should stay the instant case. (Dkt. 152 at 16.) Rash Curtis further contended that its Dialers were not ATDSs because they could not either store or produce phone numbers to be called by using a random or sequential number generator. (*Id.* at 1.) The Court granted the plaintiffs' motion and held that Rash Curtis' Dialers were ATDSs within the meaning of the TCPA. (SJ Order at 6-7.) Additionally, the Court declined to stay the case and noted that the mere deferral of a case does not displace the existing law on the issue of whether predictive dialers constituted ATDSs. (*Id.* at 7.)

### B. Prior Express Consent as to Perez

Ignacio Perez alleges that Rash Curtis called his cell phone, a number ending in 5193, four times in 2016. (Compl. ¶ 7.) During the fourth and final phone call, Rash Curtis learned that the number ending in 5193 belonged to Perez, not the individual that the defendant was attempting to contact, Daniel Reynoso. (Dkt. No. 140 at 8.) Reynoso had previously provided the cell phone number ending in 5193 in connection with a hospital visit that resulted in the debt about which Rash Curtis was attempting speak with Reynoso when the defendant called Perez. (*Id.* at 7.) Perez also provided the number ending in 5193 to the same hospital in connection with medical

treatment received by individuals under his care.[3]  (*Id.* at 8.)

Plaintiffs sought partial summary judgment on the issue of whether Rash Curtis had prior consent to call the named plaintiffs, including Perez.  (Dkt. No. 139 at 12-14.)  Plaintiffs argued that Rash Curtis did not provide any evidence of prior express consent by Perez.  (*Id.* at 13.)  Instead, Rash Curtis argued that because Perez previously provided consent regarding an unrelated hospital visit, the defendant had prior express consent to contact Perez even though Perez was not the intended recipient of defendant's phone call.  (Dkt. No. 140 at 14.)  The Court held that Rash Curtis did not possess prior express consent to call Perez.  (SJ Order 11-12.)  The Court further found that Rash Curtis was (i) attempting to reach a different individual when it called Perez's cell phone number and (ii) did not call Perez in connection with a particular debt owned by Perez.  (*Id.*)

## II. DISCUSSION

A. <u>Motion to Reconsider Motion Order on Parties' Motions for Summary Judgment</u>

Rash Curtis argues that because the Court's order on the motions for summary judgment relied "solely" on the Dialer's "capability to 'predictively' dial phone numbers 'without human intervention,'" the Court should reconsider its order in light of the D.C. Circuit's holding in *ACA International* which "remove[s] 'predictive dialers' as well as dialers which 'operate without human intervention,' from the list of telephone dial equipment which constitute ATDSs."  (Motion at 11.)  Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citations omitted).  Absent highly unusual circumstances, a court should not grant a motion for reconsideration unless the court "is presented with newly discovered evidence, committed a clear error, or if there is an intervening change in the *controlling* law."  *Id.*

---

[3] At the time, Perez worked as a personal care-taker.  (Dkt. No. 139 at 12.)

4

(internal citations omitted) (emphasis supplied).  Here, Rash Curtis does not point to newly discovered evidence or argue that the Court committed a clear error, instead the defendant argues that the Court should reconsider its order in light of a recent decision that does not constitute *controlling* law.  (*See* Motion.)

The D.C. Circuit's decision in *ACA International* may influence a future ruling by the Ninth Circuit regarding the TCPA, but it does not itself constitute a change in the controlling law.  First, *ACA International* invalidated only the 2015 FCC Order—the court discusses but does not rule on the validity of the 2003 FCC Order or the 2008 FCC Order.  *See ACA International*, 885 F.3d at 703 (finding that the FCC's 2015 ruling, in describing the functions a device must perform to qualify as an autodialer, fails to satisfy the requirement of reasoned decisionmaking and noting that it may be permissible for the FCC to adopt either interpretation).[4]  Second, even if the D.C. Circuit had vacated the 2003 and 2008 FCC Orders, *ACA International* has no bearing on pre-existing Ninth Circuit precedent.  In 2009, the Ninth Circuit held that for a dialing system to be an ATDS it "need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Ci. 2009).  In 2012, the court held that "capacity" is not limited to present ability and that "predictive dialers fall squarely within the FCC's definition of 'automatic telephone dialing system.'" *Meyer v. Portfolio Recovery Assocs.*, 707 F.3d 1036, 1043 (9th Cir. 2012).

Rash Curtis also argues that because the D.C. Circuit in *ACA International* "confirmed the Commission's embraces of an interpretation of the statutory phrase prior express consent grounded in conceptions of reasonable reliance," the Court should reconsider whether the defendant reasonably relied on prior express consent provided by the Reynoso, who previously

---

[4] *See also Reyes v. BCA Financial Services, Inc.*, 2018 WL 2220417, at *11 (S.D. Fla. May 14, 2018) (finding that both the 2003 and the 2008 FCC Opinions remain valid following *ACA International*); *Swaney v. Regions Bank*, 2018 WL 2316452, at *1 (N.D. Ala. May 22, 2018).

5

owned Perez's phone number.[5]  (Motion at 21-22.)  As noted above, the decision in *ACA International* may influence a future ruling, but it does not itself constitute a change in the controlling law.  Additionally, even if *ACA International* did constitute controlling law, it does not change the Ninth Circuit's finding in *Meyer* that "prior express consent is consent to call a particular telephone number in *connection with a particular debt* that is given before the call in question is placed."  *See Meyer*, 707 F.3d at 1042 (emphasis supplied).

Accordingly, because the D.C. Circuit's ruling in *ACA International* does not constitute *controlling* law this circuit, the Court finds that parties' motions for summary judgment are not appropriate for reconsideration.

B.  Motion to Stay

Now that the D.C. Circuit has issued its opinion in *ACA International*, Rash Curtis requests that the Court reconsider its motion to stay the instant case pending the Ninth Circuit's decision in *Marks*.[6]  (Motion at 25.)  A stay pending the resolution of an appeal in another case is appropriate only in "rare circumstances."  *Landis v. North American Company*, 299 U.S. 248, 255 (1936).  Those circumstances include whether (i) a final result is imminently forthcoming; (ii) the impending decision would have an impact on the issues raised in the instant matter; (iii) the moving party demonstrates hardship in moving forwarding; and (iv) a stay will prejudice the non-moving party.  *See Glick v. Performant Fin. Corp.*, 2017 WL 786293 at *2 (N.D. Cal. Feb. 27, 2017) (denying defendant's motion to stay the case pending decisions in *ACA International* and

---

[5] The Court notes that Rash Curtis' original motion for summary judgment did not assert that the defendant had prior express consent to call Perez as a result of consent provided by Reynoso.  Instead, defendant's motion asserted that Perez had given his cell phone number in connection with medical treatment provided to individuals in his care, he had given prior express consent to receive calls regarding medical billing.  (Dkt. No. 140 at 17.)

[6] The Court notes that Rash Curtis' original motion to stay the case requested a stay pending the outcome of *ACA International*, not *Marks*.  (Dkt. No. 156 at 1.)  Therefore, the Court will treat Rash Curtis' motion as a motion to stay rather than a motion for reconsideration of a motion to stay.

*Marks*); *Edwards v. Oportun, Inc.*, 193 F.Supp.3d 1096, 1100-1102 (N.D. Cal. 2016).

Given the recent decision in *ACA International*, the pending resolution of which was the Ninth Circuit's express reasoning for *sua sponte* ordering a stay in *Marks*, a final result in *Marks* may be forthcoming. The impending decision in *Marks* will constitute controlling law and will likely clarify the Ninth Circuit's position on the type of device or system that qualifies as an ATDS within the meaning of the TCPA. However, plaintiffs' TCPA claims are not limited to Rash Curtis' use of an ATDS. They also concern defendant's use of an artificial or prerecorded voice system. (Opp. at 19.); *see Mendez v. Optio Solutions, LLC*, 239 F.Supp.3d 1229, 1233 (S.D. Cal. 2017) (holding that stay of a case pending the D.C. Circuit's decision in *ACA International* is inappropriate where plaintiff's TCPA claims are not limited to defendant's use of an ATDS but also concern defendants use of an artificial or prerecorded voice system).[7]

Although a decision may be forthcoming in *Marks* that would likely have some impact on the issues raised in the instant matter, it is unclear whether a resolution of *Marks* will "have a direct impact on the issues before the court, or substantially simplify the issues presented." *Id.* "Even if the outcome [in *Marks*] was relevant to these proceedings and favorable to the [d]efendant, other issues would remain ripe for consideration, discovery, and resolution." *Id.* Therefore, the Court is open to considering bifurcation of the case as between those alleged calls involving ATDSs and those involving artificial or prerecorded voice systems. However, the Court finds that a stay pending the resolution of *Marks* is not appropriate in the instant case.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Rash Curtis' motion to reconsider the parties' motions for summary judgment or, in the alternative, to stay the case.

---

[7] Additionally, Rash Curtis has not demonstrated hardship in moving forward, however the plaintiffs have not shown that a stay would create the potential for prejudice. *See Glick*, 2017 WL 786293 at *2.

7

This Order terminates Docket Number 189.

**IT IS SO ORDERED.**

Dated: June 18, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**