Mark E. Ellis - 127159
Anthony P. J. Valenti - 284542
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA  95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
avalenti@ellislawgrp.com

Attorneys for Defendant RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA McMILLION, JESSICA ADEKOYA, AND IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>Defendant. | Case No.:  4:16-cv-03396-YGR JSC<br><br>**DEFENDANT RASH CURTIS & ASSOCIATES' MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>**[F.R.C.P. 72(a)]**<br><br>DATE:     TBD<br>TIME:     TBD<br>CRTRM:  TBD |

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 72(a) and Civil Local Rule 72-2, Defendant Rash Curtis & Associates hereby seeks relief from Magistrate Judge Jacqueline Scott Corley's non-dispositive Order Compelling Production of Calling Records, issued September 27, 2018 (ECF No. 228) ("Order").

Good cause exists to grant the requested relief for two reasons:

<u>First</u>, the Order improperly compels Rash Curtis to produce additional electronically-stored information ("ESI") nearly a year after fact discovery closed. As noted in the parties' joint discovery dispute statement (ECF No. 223) and Rash Curtis' original opposition to Plaintiffs' adminstrative motion to extend pre-trial deadlines (ECF No. 222), fact discovery closed in October <u>2017</u>. *See* ECF No. 23, Case Management and Pretrial Order, p. 1:19 (original discovery cutoff set for October 25, 2017); ECF No. 107, Amended Scheduling Order, p. 2:9-11 (continuing discovery cutoff to October 30, 2017).

<u>Second</u>, the Order is ambiguous as to exactly what ESI Rash Curtis must produce. The Order notes the Court granted Plaintiffs' request for "production of phone fields 1 through 4 for all account records that Defendant already produced." ECF No. 228, Order, p. 1:14-15. What the Order does *not* state is whether Rash Curtis must produce the ESI (phone fields 1 through 4) *currently* stored in its system (the "present data") or the ESI that *was* stored in its system when the debtor account records were originally produced in November 2017 (the "historical data").

For the foregoing reasons, Rash Curtis requests relief in the form of an order which either vacates Judge Corley's Order entirely or, in the alternative, remands the matter back to Judge Corley for further clarification as to the scope of its breadth.

## II. FACTUAL BACKGROUND

On October 17, 2018, the parties appeared before Judge Corley. ECF No. 222-1, Declaration of Anthony P. J. Valenti ("Valenti Decl."), ¶ 4; **Exhibit A**, Transcript of Proceedings, October 17, 2017 Discovery Hearing, *passim*. At that discovery hearing, Plaintiffs' counsel requested the production of Rash Curtis' debtor account records, including each debtor's first and last name, account number, and the telephone numbers stored in <u>telephone fields 5 through 10 only</u>:

> **The Court:** Okay […] So the call log data will be produced, and the costs will be split […] Then related to that is the skip tracing, and that's **you want the fields 5 through 10.**
>
> **Mr. Krivoshey:** Correct.
>
> [ ]
>
> **Mr. Krivoshey:** So when they say it's going to be produced before -- I want to anticipate some, you know, future discovery fights, so **I want to lay out at least some of the, you know, the fields that we're asking for.**
>
> **The Court:** You asked for **fields 5 through 10.**
>
> **Mr. Krivoshey: 5 through 10**, but also we need the associated account number and debtor name so that we know who those telephone numbers belong to, and we can then cross check it with the actual call logs that are being produced.

**Exh. A**, pp. 12:15-20, 14:23-15:6 (emphasis added).

Following the hearing, Rash Curtis was ordered to produce "documents or electronic data that show debtor name, account number, and for those debtors that have data in phone fields five to ten." ECF No. 109; Valenti Decl., ¶ 5. One week later, the parties appeared before Judge Corley for another discovery hearing.  Valenti Decl., ¶ 6; **Exhibit B**, Transcript of Proceedings, October 24, 2017 Discovery Hearing.  At that hearing, Plaintiffs clarified their request for production of the debtor account records also included debtors' home addresses:

> **Mr. Krivoshey:** […]  I believe Defendants are saying they are going to produce documents showing the **account number, the phone number, and the phone numbers in lines 5 through 10, along with the names.** I would also request that the court order that the demographic information be produced as well. So that's the **home addresses** […].

**Exh. B**, pp. 2:20-3:11 (emphasis added).

A few weeks later, on November 13, 2017, Rash Curtis produced the debtor account records. Valenti Decl., ¶ 7. The following day, Plaintiffs' counsel sent an email noting that the debtors' address information was missing from the account records.  **Exhibit C**, Email Correspondence from Mr. Krivoshey, p. 1. In response, Rash Curtis supplemented the debtor account records on November 16, 2017.  Valenti Decl., ¶ 8.

On November 20, 2017, Plaintiffs' counsel pointed out that the supplemental production of account records was missing the debtors' account numbers. **Exhibit D**, Email Correspondence from Mr. Krivoshey, p. 1. In response, Rash Curtis again supplemented the debtor account records on November 22, 2017. Valenti Decl., ¶ 9. This third production contained the debtors' names, addresses, account numbers, and phone fields 5-10. *Id.*

<u>Plaintiffs' counsel never requested the production of the debtor account data from phone fields 1-4, and Plaintiffs' counsel never complained that the records produced did not contain the data from phone fields 1-4</u>. *See* Valenti Decl., ¶¶ 7-9; **Exh. A**, pp. 12:15-20, 14:23-15:6; **Exh. B**, pp. 2:20-3:11.

On August 10, 2018, Plaintiffs filed a Motion for Terminating Sanctions pursuant to Rule 37 (ECF No. 212). Rash Curtis filed its opposition to Plaintiffs' motion on September 7, 2018 (ECF No. 220). Five days later, Plaintiffs filed an administrative motion seeking to continue various pretrial deadlines while they sought to compel the production of "supplemental" ESI never previously requested from Rash Curtis: the debtor account data from phone fields 1-4. *See* ECF No. 221, Plaintiffs' Administrative Motion, p. 4:19-21; ECF No. 222, Joint Discovery Dispute Statement, *passim*.

On September 27, 2018, the parties appeared before Judge Corley once again. **Exhibit 1**, Transcript of Proceedings, September 27, 2018 Discovery Hearing. During that hearing, Plaintiffs conceded that they had never requested the data from phone fields 1-4 when discovery was still open:

> **Mr. Fisher:** […] **We <u>didn't</u> insist on this document being produced earlier** because they never argued that numbers in form fields 1 through 4 were, on some occasions, the same as in 5 through 10. **We had no idea about that until we received their opposition to our sanctions motion, and <u>at that time</u>, we immediately asked them to produce the documents**.

**Exh. 1**, p. 4:15-21 (emphasis added). Notwithstanding Plaintiffs' admission, Judge Corley ordered Rash Curtis to produce "phone fields 1-4 for all account records that Defendant already produced" by October 5, 2018. ECF No. 228, p. 1:14-15, 25.

In the days that followed, Rash Curtis contacted DAKCS and paid them to begin compiling the historical data from phone fields 1-4 so that Plaintiffs' counsel could make an "apples to apples" comparison of the debtor account data previously produced in November 2017. *See* ECF No. 236,

Defendant's Letter to Judge Corley dated October 3, 2018.  DAKCS encountered issues which prevented Rash Curtis from producing the ESI by the October 5, 2018 deadline.  *Id.*  In response, Rash Curtis requested a brief extension to produce the historical data (*id.*), which was granted.  *See* ECF No. 237 (order granting extension to produce until October 10, 2018).

Immediately following the filing of Rash Curtis' October 3, 2018 letter, Plaintiffs' counsel contacted Rash Curtis' counsel regarding the production, claiming the Order required the production of the present data, not the historical data.  *See* ECF No. 238, Defendant's Letter to Judge Corley dated October 10, 2018.  After meeting and conferring regarding the scope of the Order, it became clear that Plaintiffs' counsel now wanted the production of both the historical data <u>and</u> the present data as well as updated present data for all fields previously produced (debtors' names, addresses, account numbers, and phone fields 5-10).  *Id.*  Rash Curtis' counsel objected to the scope of Plaintiffs' request, claiming it clearly exceeded the scope of the Order which was confined to phone fields 1-4 and was ambiguous as to which data set, *i.e.* the historical data or the present data, Rash Curtis was ordered to produce.

### III.     LEGAL STANDARDS

Normally, a magistrate judge's rulings are reviewed under the "clearly erroneous or contrary to law" standard expressed in Federal Rule of Civil Procedure 72(a).  O'Connell & Stevenson, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial*, § 16:277 (Rutter Group 2018) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991); *Castillo v. Frank*, 70 F.3d 382, 385-386 (5th Cir. 1995); *United States ex rel. Purcell v. MWI Corp.*, 238 F.R.D. 321, 325 (D.C. Cir. 2006)).

The "clearly erroneous" standard applies to the magistrate judge's findings of fact, while the magistrate judge's legal conclusions are subject to *de novo* review under the "contrary to law" standard.  O'Connell & Stevenson, *supra,* at § 16:278 (citing *Power-Share, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010); *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010)).[1]

---

[1] "Even under the clearly erroneous standard, a district court should not 'rubber stamp' a magistrate judge's factual findings."  O'Connell & Stevenson, *supra*, at § 16:278.

As the Ninth Circuit has explained: "A district court may refer pretrial issues to a magistrate under 28 U.S.C. § 636(b)(1) (1988). The statute provides that the magistrate's decision on a nondispositive issue will be reviewed by the district judge under the clearly erroneous standard." *Bhan, supra,* 929 F.3d at 1414 (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)).

## IV.   ANALYSIS

**A.   The Order Should Be Vacated Because Plaintiffs' Failed to Diligently Conduct Discovery.**

Here, Judge Corley ordered the production of phone fields 1-4 based on a factual finding that the documents were central to Rash Curtis defense and a legal conclusion that allowing Rash Curtis to withhold such documents "would be contrary to the purpose of the Federal Rules of Civil Procedure 'to secure the just … determination of every acti[o]n [sic] and proceeding.'" ECF No. 228, p. 1:22-24 (citing Fed. R. Civ. P. 1).  However, Plaintiffs have admitted they never previously requested the production of this information while discovery was open, and their lack of diligence is the primary focus in determining whether or not the court should compel the production of additional documents after discovery has closed. *See AngioScore, Inc. v. TriReme Medical, Inc.,* 2015 WL 13376679, at *1 (N. D. Cal. October 7, 2015) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

As previously explained, Plaintiffs knew or should have known that approximately 84% of Rash Curtis' debtor account records contained at least some data in phone fields 1-4. *See* ECF No. 222-1, Valenti Decl., ¶¶ 10-12 (on September 19, <u>2017</u>, Rash Curtis produced "sample" debtor account records attached to various emails which conclusively debunk Plaintiffs' assertions that they "didn't know" such data existed); ECF 222, Defendant's Opposition to Plaintiffs' Administrative Motion, pp. 3:24-4:13. Accordingly, Judge Corley's Order was clear error, contrary to law, and an abuse of discretion, and it should be vacated.

**B.   The Order Should Be Amended to Clarify What Data Must Be Produced.**

In the alternative, the matter should be remanded back to Judge Corley for further proceedings to clarify the scope of the Order, *i.e.,* whether Rash Curtis is required to produce the historical data from phone fields 1-4, the present data from phone fields 1-4, or both.  In addition, Rash Curtis requests clarification as to whether Plaintiffs are entitled to updated present data from the other fields produced.

DEFENDANT RASH CURTIS & ASSOCIATES' MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

Dated: October 11, 2018          ELLIS LAW GROUP LLP

                                 By  */s/ Anthony P. J. Valenti*
                                     Anthony P. J. Valenti
                                     Attorney for Defendant
                                     RASH CURTIS & ASSOCIATES

DEFENDANT RASH CURTIS & ASSOCIATES' MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE