**BURSOR & FISHER, P.A.**
L. Timothy Fisher (SBN 191626)
Yeremey O. Krivoshey (SBN 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
        ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA MCMILLION, JESSICA ADEKOYA, and IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>                    Plaintiffs,<br>    v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>                    Defendant. | Case No. 4:16-cv-03396-YGR<br><br>**PLAINTIFF'S PROPOSED NOTICE OF PENDENCY OF CLASS ACTION**<br><br>Judge:  Hon. Yvonne Gonzalez Rogers |

Plaintiff Ignacio Perez ("Plaintiff" or "Class Representative") respectfully submits this proposed notice plan pursuant to the Court's November 6, 2018 Case Management and Pretrial Scheduling Order No. 2. ECF Doc. No. 246.

### I. BACKGROUND REGARDING CLASS MEMBERSHIP

On September 6, 2017, the Court granted Plaintiff's motion for class certification and appointed Plaintiff Perez as Class Representative. The classes consist of persons who are 1) non debtors, and 2) received calls on their cellular telephone, 3) within four years of the filing of the complaint, 4) from one of Defendant's autodialers *or* through the use of a prerecorded message or artificial voice, 5) whose cellphone Defendant obtained through skip tracing. *See* ECF Doc. No. 81, at 15-16.

As has been briefed extensively in Plaintiff's motion for sanctions, Plaintiff has identified class membership in part based on Defendant's account records and account classification procedures. *See* ECF Doc. Nos 212, 225, 247. Telephone numbers that Defendant obtains from creditors are placed into phone fields 1-4, while phone numbers that Defendant obtains through skip tracing are placed into phone fields 5-10. *See* ECF Doc. No. 212, at 3-6. Defendant produced account records for all phone numbers contained in phone fields 1-4 and fields 5-10 within the class period. *See* Plaintiffs' Motion for Leave to Submit Newly Discovered Evidence in Support of Motion for Sanctions, ECF Doc. No. 247 (discussing Defendant's production history).

Plaintiff's expert, Colin B. Weir, eliminated all instances of accounts where a number in phone fields 5-10 also appeared in phone fields 1-4. *See id.*, Ex. 1 (11/6/2018 Weir Declaration). This process eliminated all numbers within the dataset that Defendant may have obtained from a creditor. Of these numbers, Mr. Weir narrowed the data set to numbers that received at least one call from one of Defendant's autodialers and/or numbers to which Defendant made calls using a prerecorded message or artificial voice. Plaintiff provided the resulting dataset to Anya Verkhovskaya of Class Experts Group, LLC. The dataset contains the relevant phone numbers, call dispositions, dates of calls, and the names and addresses of the debtors on the relevant accounts. A summary of Ms. Verkhovskaya's data processing and tabulations is filed herewith. *See* Class Member Data Tabulation Report of Anya Verkhovskaya.

1   To identify class members, Ms. Verkhovskaya first removed all landline telephone numbers from the dataset, leaving only cellphone numbers. *Id*. ¶¶ 16-19. Using this list, Ms. Verkhovskaya loaded the list of numbers and the dates of Defendant's calls into a LexisNexis reverse lookup portal. *See id*., ¶¶ 20-22. The LexisNexis reverse lookup process identified (1) the customary users of the phone numbers at the times of the calls, and (2) the customary users' postal addresses at the time of the calls. *See id*. In some instances, LexisNexis did not return any name(s)/address(es) for a telephone number. *See id*., ¶ 22. For all such numbers, Ms. Verkhovskaya ran a secondary search through TransUnion, which, like LexisNexis, was able to provide reliable historical name and address data. *See id*., ¶ 23-24.

Ms. Verkhovskaya then compared the historical users of the telephone numbers (using the LexisNexis/TransUnion data) with the debtor names listed on the relevant accounts. *See id*. ¶¶ 26-34. She then excluded all numbers where the historical users of the telephone numbers matched the debtor names listed on Defendant's accounts. *See id*. The remaining numbers are identified as belonging to class members. Ms. Verkhovskaya tabulated a total of 40,420 such numbers. *Id*. ¶ 26. In sum, these numbers (1) belong to persons who are not debtors (all "matches" between the historical users and debtors have been eliminated, as well as all numbers from phone fields 1-4), are (2) cellphones, and (3) were actually dialed by one of Defendant's autodialers or were called using a prerecorded message or artificial voice.

Through the LexisNexis/TransUnion lookup process, Ms. Verkhovskaya was able to obtain postal address information for 35,126 of the 40,420 numbers belonging to class members (about 87 percent). *See id*. ¶ 37. Further, for all class member numbers, Ms. Verkhovskaya then ran a subsequent search for email addresses through TransUnion. Ms. Verkhovskaya was able to identify email addresses for 27,185 class members. *Id*. ¶ 36. Of the 13,235 telephone number without identified email addresses, 8,966 have full or partial mailing addresses. *Id*. ¶ 37. Accordingly, Ms. Verkhovskaya was able to locate email address or postal addresses for 36,151 of the 40,420 class member telephone numbers, representing over 89 percent of class member telephone numbers. *See Edwards v. National Milk Producers Fed'n*, 2017 WL 3623734, at *4

(N.D. Cal. June 26, 2017) ("notice plans estimated to reach a minimum of 70 percent are constitutional and comply with Rule 23").

This Court has previously approved an almost identical methodology used by Ms. Verkhovskaya for identifying class members in *West v. California Service Bureau, Inc*., Case No. 3:16-cv-03124-YGR (N.D. Cal. Jan. 3, 2018).  *See West*, Order re Plaintiffs' Notice of Pendency of Class Action, ECF Doc. No. 73; *id*., ECF Doc. No. 66 (Declaration of Yitzchak Kopel re Identification of Class Members and Dissemination of Class Notice) (discussing Ms. Verkhovskaya's methodology for identifying class members).

## II.     PROPOSED NOTICE PLAN

"For any class certified under Rule 23(b)(3), the court must direct the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).  For due process purposes, class notice must be reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to opt-out.  *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950).  The purpose of the mandatory notice requirement in Rule 23(b)(3) actions is to present a fair recital of the subject matter of the suit and to inform all class members of their opportunity to be heard.  *Hunt v. Check Recovery Sys., Inc*., 2007 WL 2220972, at *3 (N.D. Cal. Aug. 1, 2007) (citing *In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1125 (9th Cir. 1977).

The gold standard for notification of class certification under Rule 23(c)(2) is direct notice coupled with publication notice to ensure the action binds absent class members.  *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173–77 (1974).  Plaintiff's multifaceted notice plan is designed to maximize the efficacy of notice and complies with the Federal Rules and due process.

Plaintiff has retained Kurtzman Carson Consultants ("KCC") to serve as the class notice administrator.  Immediately upon approval of this notice plan, Plaintiff will provide KCC with the list of names, phone numbers, email addresses, and postal addresses as tabulated by Ms. Verkhovskaya.

Plaintiff's proposed notice plan is threefold.  First, KCC will cause a copy of the Long Form notice to be sent by email to all class members for whom email addresses are identified.  A copy of the Long Form notice is attached hereto as Exhibit A.

Second, for all class members for whom email addresses are not identified or whose emails came back undeliverable, but postal addresses are identified, KCC will cause a copy of the Post Card notice to be mailed to such postal addresses.  KCC shall update the addresses using the National Change of Address database before dissemination.  A copy of the proposed Post Card notice is attached hereto as Exhibit B.

Third, KCC shall cause a copy of the class notice to be posted on a dedicated website together with links to important case documents, such as the Court's class certification and summary judgment orders, Plaintiff's complaint, and Defendant's answer.  The address for the dedicated website will be www.rashcurtislawsuit.com.

### III.   CONTENT OF NOTICE PLAN

The requirements for the content of class notices for (b)(3) classes are specified in Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii).  The Long Form and Post-Card notices meet all of these requirements, as detailed in the following table:

| Requirement | Long Form | Post-Card |
| --- | --- | --- |
| "The nature of the action."  Fed. R. Civ. P. 23(c)(2)(B)(i). | First introductory bullet; Q&A nos. 2 and 6. | ¶¶ 1, 3. |
| "The definition of the class certified."  Fed. R. Civ. P. 23(c)(2)(B)(ii). | Second introductory bullet; Q&A no. 4. | ¶ 2. |
| "The class claims, issues, or defenses." Fed. R. Civ. P. 23(c)(2)(B)(iii). | First introductory bullet; Q&A nos. 2, 6 and 7. | ¶¶ 1, 3. |
| "That a class member may enter an appearance through an attorney if the member so desires."  Fed. R. Civ. P. 23(c)(2)(B)(iv). | Q&A no. 14. | ¶ 4. |

| Requirement | Long Form | Post-Card |
|---|---|---|
| "That the court will exclude from the class any member who requests exclusion."  Fed. R. Civ. P. 23(c)(2)(B)(v). | Table of "Your Legal Rights and Options;" Q&A nos. 11 & 12. | ¶ 4. |
| "The time and manner for requesting exclusion."  Fed. R. Civ. P. 23(c)(2)(B)(vi). | Fourth introductory bullet; Q&A no. 12. | ¶ 4. |
| "The binding effect of a class judgment on members under Rule 23(c)(3)."  Fed. R. Civ. P. 23(c)(2)(B)(vii). | Table of "Your Legal Rights and Options"; Fourth introductory bullet; Q&A nos. 10 and 11. | ¶ 4. |

In addition to meeting the specific legal requirements of Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii), the Long Form and Post-Card Form notices are based on the Federal Judicial Center's model forms for notice of pendency of a class action.  FJC prepared these models at the request of the Subcommittee on Class Actions of the U.S. judicial branch's Advisory Committee on the Federal Rules of Civil Procedure.  *See* www.fjc.gov.  The FJC models are designed to illustrate how attorneys and judges might comply with Fed. R. Civ. P. 23(c)(2)(B)'s requirement that class action notices "must concisely and clearly state in plain, easily understood language" specific information about the nature and terms of a class action and how it might affect potential class members' rights.  *See* www.fjc.gov.  FJC explained its methodology for preparing these models as follows:

> We began this project by studying empirical research and commentary on the plain language drafting of legal documents.  We then tested several notices from recently closed class actions by presenting them to nonlawyers, asking them to point out any unclear terms, and testing their comprehension of various subjects. Through this process, we identified areas where reader comprehension was low.  We found, for example, that nonlawyers were often confused at the outset by use of the terms "class" and "class action."  Combining information from the pilot test with principles gleaned from psycholinguistic research, we drafted preliminary illustrative class action notices and forms. We then asked a lawyer-linguist to evaluate them for readability and redrafted the notices in light of his suggestions.

*Id.* FJC then tested the redrafted model notices "before focus groups composed of ordinary citizens from diverse backgrounds" and also through surveys "[u]sing objective comprehension measures." *Id.*

Based on FJC's testing, Plaintiff believes that the Long Form and Post-Card notice, which are very closely based on FJC models, with the format and content adopted almost verbatim in most instances, are accurate, balanced, and comprehensible.

### IV. SCHEDULING

Plaintiff proposes that the deadline for class members to request exclusion from the class shall be 60 days after the dissemination of notice. Plaintiff and KCC will be able to effectuate notice within 14 days of an order from this Court approving the proposed notice plan.

### V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order as soon as practicable directing notice to the class in accordance with the notice plan described herein.

Dated: November 12, 2018            **BURSOR & FISHER, P.A.**

By:   */s/ Yeremey Krivoshey*
        Yeremey Krivoshey

L. Timothy Fisher (State Bar No. 191626)
Yeremey Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email:  ltfisher@bursor.com
            ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiffs*

**EXHIBIT A**

<u>United States District Court for the Northern District of California</u>

# If You Received Wrong-Number Calls From Rash Curtis & Associates, A Class Action Lawsuit May Affect Your Rights

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- A lawsuit has been filed against Rash Curtis & Associates ("Defendant" or "Rash Curtis"), claiming that they placed wrong-number calls using an autodialer and/or an artificial or prerecorded voice to individuals without prior consent in violation of the Telephone Consumer Protection Act ("TCPA").

- The Court has allowed the lawsuit to be a class action on behalf of all persons who received a call on their cellular telephones from June 17, 2012 through the date this notice is disseminated (the "Class Period") from Rash Curtis' autodialers or who received a prerecorded message or robocall whose telephone number was obtained by Rash Curtis through skip tracing.

- Excluded from the class are all persons who provided their cellular telephone in an application for credit to a creditor that has opened an account with Defendant in such debtor's name prior to Defendant first placing a call using an automatic telephone dialing system and/or prerecorded voice, in addition to entities related to Defendant, Defendant's agents and employees, and any judge or magistrate judge to whom this action is assigned.

- The Court has not decided whether Defendant did anything wrong.  There are no benefits available now, and no guarantee there will be.  However, your legal rights are affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **WHAT IS THIS?** | The Court has certified this lawsuit as a class action.  The lawsuit alleges that Defendant called consumers using an autodialer and/or an artificial or prerecorded voice without prior consent in violation of the TCPA. |
| **DO NOTHING** | **Stay in the lawsuit.  Await the outcome.  Give up certain rights.**<br>By doing nothing, you keep the possibility of getting money or benefits that may come from a trial or a settlement.  But, you give up any rights to sue Defendant separately about the same legal claims in this lawsuit. |

| | |
|---|---|
| **EXCLUDE YOURSELF** | **Get out of this lawsuit. Get no benefits from this lawsuit. Keep rights.** |
| | If you ask to be excluded and money or benefits are later awarded, you won't share in those. But, you keep any rights to sue Defendant separately about the same legal claims in this lawsuit. |

- Your options – and the deadlines to exercise them – are explained in this notice. To ask to be excluded, you must act before **[DATE]**.
- Lawyers must prove the claims against Defendant at a trial. If money or benefits are obtained from Defendant, you will be notified about how to ask for a share.

## BASIC INFORMATION

### 1.   Why did I get this notice?

This notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you. You have legal rights and options that you may exercise before the Court holds a trial. The trial is to decide whether the claims being made against Defendant, on your behalf, are correct. Judge Yvonne Gonzalez Rogers of the United States District Court for the Northern District of California, is overseeing this class action. The lawsuit is known as *McMillion, et al. v. Rash Curtis & Associates*, Case No. 16-cv-03396-YGR.

### 2.   What is this lawsuit about?

The lawsuit alleges Defendant called consumers using an autodialer and/or an artificial or prerecorded voice without prior consent in violation of the TCPA.

### 3.   What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" (in this case, Ignacio Perez) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The named plaintiff who sued – and all the Class Members like them — are called the Plaintiffs. The company they sued (in this case, Rash Curtis & Associates) is called the Defendant. One court resolves the issues for everyone in the Class – except for those people who choose to exclude themselves from the Class.

### 4.   Am I part of this Class?

The Court has allowed the lawsuit to be a class action on behalf of the following classes:

Skip-Trace Class 1: All persons who received a call on their cellular telephones within four years of the filing of the complaint until the date that class notice is disseminated from Rash

Curtis' DAKCS VIC dialer and/or Global Connect dialer whose cellular telephone was obtained by Rash Curtis through skip tracing.

Skip-Trace Class 2: All persons who received a prerecorded message or robocall on their cellular telephones [or] landline phones within four years of the filing of the complaint until the date that class notice is disseminated from Rash Curtis whose telephone number was obtained by Rash Curtis through skip tracing.

Non-Debtor Class 1: All persons who received a call on their cellular telephones within four years of the filing of the complaint until the date that class notice is disseminated from Rash Curtis' DAKCS VIC dialer and/or Global Connect dialer whose telephone number was obtained by Rash Curtis through skip tracing and for whom Rash Curtis never had a debt-collection account in their name.

Non-Debtor Class 2: All persons who received a prerecorded message or robocall on their cellular telephones [or] landline phones within four years of the filing of the complaint until the date that class notice is disseminated from Rash Curtis whose telephone number was obtained by Rash Curtis through skip tracing and for whom Rash Curtis has never had a debt-collection account in their name.

Excluded from the class are all persons who provided their cellular telephone in an application for credit to a creditor that has opened an account with Defendant in such debtor's name prior to Defendant first placing a call using an automatic telephone dialing system and/or prerecorded voice, in addition to entities related to Defendant, Defendant's agents and employees, and any judge or magistrate judge to whom this action is assigned.

### 5.     Why is this lawsuit a class action?

The Court decided that this lawsuit can be a class action and move towards a trial because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts.

More information about why the Court is allowing this lawsuit to be a class action is in the Court's Order Certifying the Class <link>, which is available at www.rashcurtislawsuit.com.

## THE CLAIMS IN THE LAWSUIT

### 6.     What does the lawsuit complain about?

Plaintiffs allege that between June 17, 2012 through the date of this notice, Defendant made hundreds of thousands of wrong-number phone calls using an autodialer and/or artificial or prerecorded voice without prior consent. You can read Plaintiffs' Class Action Complaint <link> at www.rashcurtislawsuit.com.

### 7.     How does Defendant answer?

Defendant denies any wrongdoing and denies the Plaintiffs' allegations.  You can read Defendant's answer to the complaint <link> at www.rashcurtislawsuit.com.

### 8.     Has the Court decided who is right?

The Court hasn't decided whether the Defendant or the Plaintiffs are correct.  By establishing the Class and issuing this Notice, the Court is not suggesting that the Plaintiffs will win or lose this case.  The Plaintiffs must prove their claims in the litigation, including at a trial, if necessary.

### 9.     What are the Plaintiffs asking for?

The Plaintiffs are generally asking Defendant for at least $500 per wrong-number call placed to parties without prior consent.  Plaintiffs also seek to obtain injunctive relief preventing Defendant from calling these parties using an autodialer or artificial or prerecorded voice in the future.

No money or benefits are available now because the Court has not yet made a final decision whether Defendant did anything wrong, and the two sides have not settled the case.  There is no guarantee that money or benefits ever will be obtained.  If they are, you will be notified about how to ask for a share.

## YOUR RIGHTS AND OPTIONS

You have to decide now whether to stay in the Class or ask to be excluded before the trial, and you have to decide this now.

### 10.    What happens if I do nothing at all?

You don't have to do anything now if you want to keep the possibility of getting money or benefits from this lawsuit.  By doing nothing, you are staying in the Class.  If you stay in and the Class is awarded money or benefits, either as a result of the trial or a settlement, you will be notified about how to apply for a share (or how to ask to be excluded from any settlement).

Keep in mind that if you do nothing now, regardless of whether the class representatives win or lose the trial, you will not be able to separately sue, or continue to sue, Defendant – as part of any other lawsuit – for the same legal claims that are the subject of this lawsuit.  You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action.

### 11.    Why would I ask to be excluded?

If you exclude yourself from the Class – which is sometimes called "opting-out" of the Class – you won't get any money or benefits from this lawsuit even if the Plaintiffs obtain them as a result of the trial or from any settlement (that may or may not be reached) between Defendant and Plaintiffs.  However, you may then be able to separately sue or continue to sue Defendant

for the legal claims that are the subject of this lawsuit. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action.

If you bring your own lawsuit against Defendant after you exclude yourself, you will have to hire and pay your own lawyer for that lawsuit, and you will have to prove your claims. If you do exclude yourself so you can start or continue your own lawsuit against Defendant, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations.

### 12. How do I exclude myself from the Class?

To exclude yourself from the Class, you must send a request for exclusion *postmarked no later than [DATE]*, to:

> Rash Curtis TCPA Litigation
> c/o _____
> P. O. Box _____
> **[City], [State], [Zip Code]**

Your request for exclusion *must* contain: (1) the name of this lawsuit, *"McMillion, et al. v. Rash Curtis & Associates.*, Case No. 16-cv-03396-YGR" (2) your full name and current address; (3) a clear statement of intention to exclude yourself such as "I wish to be excluded from the Class"; and (4) your signature. You may also get an Exclusion Request form <link> at www.rashcurtislawsuit.com.

## THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in this case?

The Court appointed the law firm of Bursor & Fisher, P.A. to represent the Plaintiffs and all Class Members as "Class Counsel." More information about this law firm, their practices, and their lawyers' experience is available at www.bursor.com.

### 14. Should I get my own lawyer?

If you choose to remain in the Class, you do not need to hire your own lawyer because Class Counsel are working on your behalf. But, if you want your own lawyer, you will be responsible for paying that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

### 15. How will the lawyers be paid?

If Class Counsel get money or benefits for the Class, they may ask the Court for fees and expenses. You will not have to pay these fees and expenses. If the Court grants Class Counsel's request, the fees and expenses would be either deducted from any money obtained for the Class or paid separately by Defendant.

## THE TRIAL

### 16. How and when will the Court decide who is right?

As long as the case isn't resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiffs' claims in this litigation, including at a trial if necessary. There is no guarantee that the Plaintiffs will win, or that they will get any money for the Class. The trial will take place on May 6, 2018 at 8:30 a.m.

### 17. Do I have to come to the trial?

You do not need to attend the trial. Class Counsel will present the case for the Class members, and Defendant will present the defenses. You are welcome to come at your own expense. If you wish to participate in the trial, you should contact Class Counsel.

### 18. Will I get money after the trial?

If the Class obtains money or benefits as a result of the trial or a settlement, you will be notified about how to participate. We do not know how long this will take.

## GETTING MORE INFORMATION

### 19. Are more details available?

Visit the website, at www.rashcurtislawsuit.com, where you will find the Court's Order Certifying the Class <link>, the Court's Summary Judgment Order <link>, the Plaintiffs Class Action Complaint <link>, Defendant's Answer <link>, and an Exclusion Request Form <link>.

You may also contact the class notice administrator by email at _____, or by writing to: Rash Curtis TCPA Litigation, c/o _____, P. O. Box _____, **[City], [State], [Zip Code]**.

**PLEASE DO NOT CALL OR WRITE TO THE COURT FOR INFORMATION OR ADVICE.**

DATED: November 12, 2018              **BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**EXHIBIT B**

**Rash Curtis & Associates TCPA Litigation, c/o KCC**
P.O. Box _____,
[City], [State]  [Zip Code]

>
> Control#:  [Account ID]-[NoticeID]
> [FirstName] [LastName]
> [Attention]
> [Address 1]
> [Address 2]
> [City], [State]  [Zip Code]
> [Country Code]

# If You Received Wrong-Number Calls From Rash Curtis & Associates, A Class Action Lawsuit May Affect Your Rights

You may be affected by a class action lawsuit alleging violations of the Telephone Consumer Protection Act ("TCPA") against Rash Curtis & Associates. ("Defendant") alleging that Defendant placed wrong-number calls to individuals using an autodialer and/or an artificial or prerecorded voice with prior consent. The lawsuit is called *McMillion, et al. v. Rash Curtis & Associates, Case No. 16-cv-03396-YGR*, and is in the United States District Court for the Northern District of California.

**WHO'S INCLUDED?** The Court has allowed the lawsuit to be a class action on behalf of all persons who received a call on their cellular telephones from June 17, 2012 through the date this notice is disseminated (the "Class Period") from Rash Curtis' autodialers or who received a prerecorded message or robocall whose telephone number was obtained by Rash Curtis through skip tracing. Excluded from the class are all persons who provided their cellular telephone in an application for credit to a creditor that has opened an account with Defendant in such debtor's name prior to Defendant first placing a call using an autodialer and/or prerecorded voice, in addition to entities related to Defendant, Defendant's agents and employees, and any judge or magistrate judge to whom this action is assigned.

**WHAT IS THE CASE ABOUT?** Plaintiffs allege that between June 17, 2012 through the date of this notice, Defendant made thousands of wrong-number phone calls using an autodialer and/or artificial or prerecorded voice without prior consent. The lawsuit seeks to recover at least $500 per wrong-number call placed without prior consent. Plaintiffs also seek injunctive relief preventing Defendant from calling these parties using an autodialer or artificial or prerecorded voice in the future. Defendant denies these allegations. The Court has not decided whether the Plaintiffs' claims have any merit. Over the course of the suit, the lawyers for the Plaintiffs will have to prove their case.

**WHAT ARE YOUR OPTIONS?** You have a choice of whether to stay in the Class or not, and you must decide this now. If you stay in the Class, you will be legally bound by all orders and judgments of the Court, and you won't be able to sue, or continue to sue, Defendant as part of any other lawsuit involving the same claims that are in this lawsuit. If money or benefits are obtained, you will be notified about how to get a share. To stay in the Class, you do not have to do anything now. While class counsel has already been appointed to represent class members, you may also hire separate counsel to appear on your behalf at your own expense, if you prefer. If you ask to be excluded from the Class, you cannot get any money or benefits from this lawsuit if any are awarded, but you will keep any rights to sue Defendant for these claims, now or in the future, and will not be bound by any orders or judgments of the Court. To ask to be excluded, send a letter to the address below that indicates you want to be excluded from this lawsuit. This letter must actually be received by the addressee on or before **[DATE]**. Include your name, address, and telephone number.

For more information, visit www.rashcurtislawsuit.com.