**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Yeremey O. Krivoshey (State Bar No. 295032)
Blair E. Reed (State Bar No. 316791)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
         ykrivoshey@bursor.com
         breed@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail:  scott@bursor.com

*Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA MCMILLION, JESSICA ADEKOYA, and IGNACIO PEREZ on Behalf of Themselves and all Others Similarly Situated,<br><br>      Plaintiffs,<br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>      Defendant. | Case No.  4:16-cv-03396-YGR<br><br>**[PROPOSED] ORDER DENYING DEFENDANT'S MOTION TO STRIKE OR EXCLUDE THE OPINIONS OF PLAINTIFF'S EXPERT COLIN B. WEIR**<br><br>Date:  March 19, 2019<br>Time: 2:00 p.m.<br>Courtroom: 1<br><br>Judge: Yvonne Gonzalez Rodgers |

[PROPOSED] ORDER DENYING DEFENDANT'S MOTION TO STRIKE OR EXCLUDE
THE OPINIONS OF PLAINTIFF'S EXPERT COLIN B. WEIR
CASE NO. 4:16-cv-03396-YGR

1    UPON CONSIDERATION of Defendant Rash Curtis & Associates' Motion to Strike or Exclude the Opinions of Plaintiff's Expert Colin B. Weir, IT IS SO ORDERED that the motion be, and it is hereby, DENIED.

"[S]cientific, technical, or other specialized knowledge' by a qualified expert is admissible if it will 'help the trier of fact to understand the evidence or to determine a fact in issue.'" *AngioScore, Inc. v. TriReme Med., Inc.*, 2015 WL 5258786, at *6 (N.D. Cal. Sept. 8, 2015). "An expert should be permitted to testify if the proponent demonstrates that: (i) the expert is qualified; (ii) the evidence is relevant to the suit; and (iii) the evidence is reliable." *Abante Rooter & Plumbing, Inc. v. Alarm.com Inc.*, 2018 WL 3707283, at *3 (N.D. Cal. Aug. 3, 2018).

"The Ninth Circuit has determined that a 'trial court not only has broad latitude in determining whether an expert's testimony is reliable, but also in deciding how to determine the testimony's reliability.'" *AngioScore, Inc.*, 2015 WL 5258786, at *6 (quoting *Elsayed Mukhtar v. Cal State. Univ.*, 299 F.3d 1053, 1064 (9th Cir. 2002)). "Unlike an ordinary witness, an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation." *Daubert v. Merrell Dow Pharm., Inc.* 509 U.S. 579, 592 (1993) (citation omitted). "The focus [of a district court] must be solely on principles and methodology, not on the conclusions that they generate." *Id.*, 509 U.S. at 595.

However, "[d]isputes as to the strength of [an expert's] credentials, faults in his use of a [a particular] methodology, or lack of textual authority of his opinion, go to the weight, not admissibility, of his testimony." *Romero v. S. Schwab Co., Inc.*, 2017 WL 5885543, at *2 (S.D. Cal. Nov. 29, 2017) (quotations omitted). "The relative weakness or strength of the factual underpinnings of the expert's opinion goes to the weight and credibility, rather than admissibility." *Bergen v. F/V St. Patrick*, 816 F.2d 1345, 1352 n. 5 (9th Cir. 1987). Likewise, "[a]rguments that an expert relied on unfounded assumptions in forming his opinion go to the weight, not the admissibility of expert testimony." *Haiping Su v. Nat'l Aeronautics & Space Admin.*, 2011 WL 7293396, at *2 (N.D. Cal. Apr. 7, 2011). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

[PROPOSED] ORDER DENYING DEFENDANT'S MOTION TO STRIKE OR EXCLUDE THE OPINIONS OF PLAINTIFF'S EXPERT COLIN B. WEIR
CASE NO. 4:16-cv-03396-YGR

1

Further, in consideration of the burden of proof and the "liberal thrust" of Fed. R. Evid. 702, experts are not required to establish causation to a scientific or statistical certainty. *See, e.g., McClellan v. I-Flow Corp.*, 710 F. Supp. 2d 1092, 1106 (D. Or. 2010) ("In keeping with the court's proper role and the 'liberal thrust' of Rule 702, I will not exclude plaintiffs' expert testimony simply because the evidence supporting it does not establish causation to a scientific or medical certainty.") (citing *Daubert*, 509 U.S. at 588). Experts are also not required to eliminate all alternative explanations or potential causes, so long as the cause identified is a substantial causative factor. *See Wendell v. GlaxoSmithKline LLC*, 858 F. 3d 1227, 1237 (9th Cir. 2017) ("We do not require experts to eliminate all other possible causes of a condition for the expert's testimony to be reliable. It is enough that the proposed cause be a substantial causative factor.") (quotations and citation omitted). "Lack of certainty is not, for a qualified expert, the same thing as guesswork." *Primiano v. Cook*, 598 F. 3d 558, 565 (9th Cir. 2010).

Defendant argues that Mr. Weir does not execute a reliable method for identifying class member cellphone numbers. However, Plaintiff is able to identify class member numbers through a combination of three experts, Randall A. Snyder, Colin B. Weir, and Anya Verkhovskaya. Mr. Snyder offers an opinion of how calls to class members can be ascertained, while Ms. Verkhovskaya and Mr. Weir execute Mr. Snyder's proposed methodology. Mr. Weir, as a damages expert, then summarizes the multi-step methodology in an easy-to-understand format to assist the jury with determining how many calls were made to class members and the range of potential statutory damages.

The Court declines to exclude Mr. Weir's opinions on the basis that they are not helpful to the trier of fact. Mr. Weir's methodology involved a multi-step process of analyzing millions of calls made using Defendant's dialers, analyzing millions of account records, merging large databases of data, analyzing call disposition codes, and working with Plaintiff's other expert, Anya Verkhovskaya. Mr. Weir's complicated methodology could not have been conducted by any "layman," and is thus helpful to the trier of fact.

The Court also finds that Mr. Weir's methodology reliably ascertains the number of calls made to the class members. The telephone numbers identified in Mr. Weir's report for which

Plaintiff seeks damages includes solely the numbers that (1) were numbers that Defendant's Rule 30(b)(6) witness admitted Defendant had no consent to call, (2) were gathered from fields used to store skip-traced telephone numbers, (3) were cross-checked against the list of phone numbers that Defendant obtained from its creditors, (4) were cellphones at the time the calls were made, (5) were actually called by one of Defendant's autodialers, and (6) were cross-checked against a list of the historical users of the telephone numbers to eliminate all numbers that belonged to the actual debtors on the accounts.  Not one of these numbers was provided to Defendant or a creditor on the specific account by the person receiving the call, as all debtors were eliminated.  Not one of these numbers was contained in phone fields 1-4 – phone fields Defendant reserves for phone numbers obtained from creditors or the debtors.  Defendant has not presented any evidence that it obtained even one such number from a creditor (not through skip tracing).  Plaintiff will be allowed to prove at trial that it is "more likely than not" that every single number on the final list was obtained through skip tracing.

Based on the foregoing, Defendant's Motion to Strike or Exclude the Opinions of Plaintiff's Expert Colin B. Weir is DENIED.

IT IS SO ORDERED.

Dated:_____          _____
                                                Yvonne Gonzalez Rogers
                                                United States District Court Judge