Mark E. Ellis - 127159
Anthony P. J. Valenti – 284542
Lawrence K. Iglesias – 303700
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA 95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
avalenti@ellislawgrp.com
liglesias@ellislawgrp.com

Attorneys for
DEFENDANT RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA McMILLION, JESSICA ADEKOYA, AND IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>　　　　Defendant. | Case No.:  4:16-cv-03396-YGR JSC<br><br>**DEFENDANT RASH CURTIS & ASSOCIATES' MOTION *IN LIMINE* NO. 1**<br><br>DATE: April 12, 2019<br>TIME: 9:00 a.m.<br>DEPT: Courtroom 1, 1301 Clay Street, Oakland, California.<br><br>Trial Date:  May 6, 2019 |

## I.     INTRODUCTION

Rash Curtis respectfully submits this motion *in limine* whereby Rash seeks to use relevant evidence[1] pertaining to its storage of the 5193 phone number in Phone Field No. 1, associated with third-party debtor Daniel Reynoso. It was this cell number that Rash unknowingly called after it had been ported from Reynoso to class representative Ignacio Perez.

The evidence is made up of two documents: (1) a screenshot from Rash Curtis' Beyond software which shows that Rash Curtis' May 8, 2015 ECA Advance Trace search of Mr. Reynoso did **not** result in Rash Curtis' acquisition of the 5193 phone number by skip tracing, and (2) a screenshot of Rash Curtis' Beyond software "Edit Tracking" which shows that the 5193 phone number was **not** stored in Rash Curtis' phone fields 5-10. (RCA 000279-280.) Only these fields, 5 through 10, contain numbers obtained through skip tracing. This evidence was previously precluded by this Court in its order on summary judgment. (ECF Doc. No. 167, p. 12.)

Rash Curtis requests this Court vacate its prior order striking use of these documents, and instead permit use of this evidence because it is direct, relevant evidence that Rash Curtis did not acquire Perez' 5193 number through skip tracing. Barring Rash Curtis from presenting this relevant evidence at trial is unwarranted, and unfairly prejudicial.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Rash Curtis brings this motion following the Court's decision to strike both of these screenshots. (ECF Doc. No. 167, p. 12.)

On September 21, 2016, Plaintiffs served their First Set of Requests for Production of Documents on Rash Curtis. Request for Production No. 1 requested that Rash Curtis produce: "ALL DOCUMENTS and COMMUNICATIONS CONCERNING *PLAINTIFFS*." (Italics added.)

On October 3, 2016, discovery cutoff was set *for October 25, 2017*. (ECF Doc. No. 21.)

On October 21, 2016, Rash Curtis served Responses to Plaintiffs' First Set of Requests for Production of Documents. In its Responses, Rash Curtis expressly noted discovery was continuing and

---

[1] Motions *in limine* "may be used to obtain an advance ruling on the admission of certain evidence." Jones & Wegner, *Federal Civil Trials and Evidence* ¶ 4:319, p. 4-56 (Rutter Group 2016) (citing *In re Japanese Electronic Products Antitrust Litig.*, 723 F.2d 238, 260 (3rd Cir. 1983) *rev'd on other grounds in Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S.Ct. 1348 (1986)).

reserved the right to supplement its responses as the litigation progressed. (Declaration of Mark E. Ellis, ("Ellis Decl.") ¶ 2; **Exhibit A**, Excerpts from Defendant's Responses to Plaintiffs' First Set of Requests for Production of Documents.)

On October 24, 2016, Rash Curtis served documents on Plaintiffs, which included, among other things, the Collection Notes and Account History for Daniel Reynoso, showing phone calls placed to his 5193 number. (RCA 000001-000003.) Unbeknownst to Rash, this number had been ported to Mr. Perez. The Collection Notes and Account History for this account shows that on May 7, 2015, Rash Curtis *requested* a so-called "ECA Advanced Trace" for Mr. Reynoso; but no phone numbers were actually obtained by Rash Curtis from this process. (Ellis Decl., ¶ 3; **Exhibit B**.)

On April 13, 2017, class counsel took the deposition of a former manager at Rash Curtis, Steven Kizer; the notice of deposition was not properly served on Rash's attorneys, who did not attend. Kizer testified that each phone field, 1 through 10, in Rash Curtis' collection software was reserved for specific types of phone numbers obtained in specific ways. (Ellis Decl., ¶ 4; **Exhibit C**, Excerpts from the Deposition of Steven Kizer ("Kizer Depo").)

According to Mr. Kizer, "Phone Field 1 is home". (**Exh. C**, p. 68:7-8.) Upon inspection of Mr. Reynoso's Collection Notes and Account History, Mr. Kizer testified that the 5193 phone number was stored in phone field 1. (**Exh. C**, p. 121:14-18; **Exh. B**, RCA0000003.) According to Mr. Kizer, phone numbers placed in phone fields 1 through 4 are reserved for phone numbers which are <u>not</u> skip traced; rather, skip traced numbers generally go into fields 5 through 10. (**Exh. C**, pp. 63:4-8, 70:6-15.)

In May of 2017, the parties exchanged letters regarding various discovery issues. Among the issues in dispute at that time was Plaintiffs' Request for Production No. 1. On May 1, 2017, class counsel summarized the parties' meet and confer efforts as to Request for Production No. 1, in relevant part, as follows:

> Defendant agreed to review whether any ECA or Accurint files exist concerning any named Plaintiff. ... Defendant will also discuss with its client whether a production from the Beyond software can be made with regards to any of the named Plaintiffs.

(*See* ECF Doc. No. 151-7, p. 2, 5/1/2017 Letter.)

As of May 1, 2017, class counsel understood that information in Rash Curtis' system pertaining to the 5193 number related to the account of Daniel Reynoso. Following Kizer's deposition, class counsel made no attempt to request ECA documents concerning Mr. Reynoso.

On May 8, 2017, counsel for Rash Curtis informed class counsel that the Reynoso collection notes <u>from DAKCS</u> had been produced. At this point in time, it was unknown to counsel that "edit tracking" information (contained in the screenshots Rash Curtis now seeks to introduce) existed, much less could be produced. (ECF Doc. No. 151-7, pp. 7-8, 5/8/17 Letter.) At this point, Rash's counsel did not have a copy of Kizer's deposition transcript. The issue was not further discussed, and indeed class counsel later maintained the position that Mr. Reynoso and his records had "nothing to do with this case." (Ellis Decl., ¶ 6; **Exhibit D**, Email from class counsel dated August 13, 2017.)

On October 13, 2017, however, counsel for Rash Curtis learned "screenshots" could be produced of electronic records demonstrating that the Reynoso/Perez phone was <u>not</u> skip-traced. These documents were promptly produced on October 23, 2017, <u>before</u> the close of discovery. (Ellis Decl., ¶¶ 6-8, **Exhibit E**, Excerpts from Defendant's Fourth Supplemental Production; **Exhibit F**, ECA Advance Trace Report for Reynoso; **Exhibit G**, Edit Tracking Report for Reynoso.)

### III.   <u>LEGAL AUTHORITY</u>

Relevant evidence is admissible unless prohibited by the United States Constitution, a federal statute, the federal rules of evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 401. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action. Fed. R. Evid. 402.

A party need only initially disclose information reasonably available and known to it. Fed. R. Civ. P. 26(a)(1)(E). While a party has a duty to supplement its production when it learns that its response is incomplete, the duty to supplement only adheres "**if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing**". Fed. R. Civ. P. 26(e)(1)(A) (emphasis added).

Before relevant evidence may be struck as a discovery sanction, the District Court must "determine …whether the [party's] failure to [supplement its response] was a knowing concealment." *Bunch v. U.S.*, 680 F.2d 1271, 1280 (9th Cir. 1982). "Sanctions can be imposed for a failure to

supplement a discovery request under Rule 26, but only through the court's inherent power. [Citations.] The Ninth Circuit 'has insisted upon a finding of bad faith before [evidentiary] sanctions may be imposed under the court's inherent power." *Stone v. River*, 960 F.2d 152 (9th Cir. 1992); *Campbell Indus. v. M/W Gemini,* 619 F.2d 24, 27 (9th Cir. 1980); *Zambrano v. City of Tustin*, 885 F.2d 1473, 1478 (9th Cir. 1989)). Such sanctions also require notice and an opportunity to be heard in opposition.

These two screenshots should be permitted to be used by Rash. They are relevant and tend to prove that Rash Curtis did not obtain the 5193 number from skip tracing, a key issue in dispute and a key issue as to the determination of the classes. *See* Fed. R. Evid. 401 and 402.

These screenshots were not responsive to Plaintiffs' Request for Production No. One, "ALL DOCUMENTS and COMMUNICATIONS CONCERNING PLAINTIFFS"; rather, they concern third-party Daniel Reynoso, whose records class counsel himself conceded he did not believe to be relevant. (**Exh. D.**) In any event, these documents were not discovered and printed out until October of 2017, a fact which can be ascertained from an inspection of the screenshot of the ECA Advance Trace Report, where in the bottom right corner, shows in the Microsoft Windows Start bar the date and time the screenshot was taken: 12:24 PM on October 12, 2017. (**Exh. E**, RCA 279; **Exh. F**.)

Within two weeks of the discovery of these two documents, Rash Curtis provided them to Plaintiffs - *before the close of discovery*. Fed. R. Civ. P. 26(e)(1)(A). (**Exh. E**.)

Furthermore, the information contained within these screenshots, particularly that the 5193 phone number was stored in "home" phone field 1 (and thus was not obtained through skip tracing), has indeed been corroborated by various witnesses, including Plaintiffs' key witness, Steve Kizer. (**Exh. C**, p. 121:17-18.)

Thus, the information contained in the screenshots relevant to this motion was made known to Plaintiffs by no later than April 2017 at Kizer's deposition, relieving Rash Curtis of any duty to supplement. Fed. R. Civ. P. 26(e)(1)(A). However, Rash Curtis was never asked by Plaintiffs, much less ordered by the Court, to produce these screenshots or the evidence contained therein. Rash Curtis should not be prevented as some type of punishment or sanction from introducing them on the basis that Rash Curtis somehow disobeyed a Court order. Fed. R. Civ. P. 26(e)(1)(B); Fed. R. Civ. P. 37. It did not.

Lastly, there are no facts indicating concealment or bad faith on behalf of Rash Curtis. *Bunch, supra,* 680 F.2d at 1280; *Stone, supra,* 960 F.2d at 152; *Campbell, supra,* 619 F.2d at 27; *Zambrano, supra,* 885 F.2d at 1478. There is no disputing that Rash Curtis has ***always*** taken the position throughout this litigation that it obtained the 5193 number from its creditor-client, and ***not*** by skip tracing. All things being equal, this is a virtually undisputed fact.

Dated: February 15, 2019

ELLIS LAW GROUP LLP

By  /s/ Mark E. Ellis
    Mark E. Ellis
    Attorney for
    DEFENDANT RASH CURTIS & ASSOCIATES