**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Yeremey O. Krivoshey (State Bar No. 295032)
Blair E. Reed (State Bar No. 316791)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
            ykrivoshey@bursor.com
            breed@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail:  scott@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA MCMILLION, JESSICA ADEKOYA, and IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>Defendant. | Case No. 4:16-cv-03396-YGR<br><br>**PLAINTIFF'S MOTIONS *IN LIMINE***<br><br>Date: April 12, 2019<br>Time: 9:00 a.m.<br>Courtroom: 1, 4th Floor<br><br>Judge:  Hon. Yvonne Gonzalez Rogers |

# TABLE OF CONTENTS

**PAGE(S)**

I.      MOTION *IN LIMINE* #1: TO PRECLUDE ANY EVIDENCE OR
        TESTIMONY REGARDING PREVIOUSLY STRICKEN EVIDENCE ............................ 1

II.     MOTION *IN LIMINE* #2:  HEARSAY AND MISLEADING TESTIMONY
        REGARDING TRIAL EXHIBITS 504 AND 505 ................................................. 5

III.    MOTION *IN LIMINE* #3:  PRECLUDE CUMULATIVE EVIDENCE ............................. 9

IV.     MOTION *IN LIMINE* #4:  PRECLUDE EVIDENCE REGARDING NON-
        CLASS REPRESENTATIVE PLAINTIFFS ..................................................... 10

V.      MOTION *IN LIMINE* #5: PRECLUDE DEPOSITION TRANSCRIPT,
        HEARSAY DECLARATION, COURT ORDERS, CASE FILINGS ................................ 11

VI.     MOTION *IN LIMINE* #6: PRECLUDE EVIDENCE REGARDING THE
        "GOOD FAITH DEFENSE" AND CONSENT TO CALL PLAINTIFF ........................... 13

VII.    MOTION *IN LIMINE* #7: PRECLUDE DEFENDANT FROM
        PRESENTING DEPOSITION EXCERPTS IT DID NOT TIMELY
        DISCLOSE ...................................................................................... 17

VIII.   MOTION IN LIMINE #8: PRECLUDE DEFENDANT AND ITS
        COUNSEL FROM MAKING STATEMENTS REGARDING
        DEFENDANT'S FINANCIAL CONDITION OR ABILITY TO PAY A
        JUDGMENT IN THIS CASE ...................................................................... 19

IX.     MOTION *IN LIMINE* #9: EXCLUDE DEFENDANT'S WITNESSES'
        TESTIMONY THAT DEFENDANT PURPORTEDLY NEVER MADE
        CALLS TO PHONE NUMBERS FROM PHONE FIELDS 5 THROUGH 10 ................... 21

1    Pursuant to Rule 4 of the Court's Standing Order Re: Pretrial Instructions in Civil Cases,

2 Plaintiff Ignacio Perez ("Plaintiff") makes the following motions *in limine*.

## I.    MOTION *IN LIMINE* #1: TO PRECLUDE ANY EVIDENCE OR TESTIMONY REGARDING PREVIOUSLY STRICKEN EVIDENCE

Plaintiff Ignacio Perez ("Plaintiff") moves *in limine* to preclude Defendant from introducing any evidence that has already been stricken by this Court and from introducing any testimony based on such stricken evidence.

In the Court's Order Granting Plaintiffs' Motion for Class Certification, the Court warned Defendant against sandbagging and delay tactics.  *See* ECF Doc. No. 81, at 9 n. 9 ("While the Court does not condone defendant's blatant delaying and sandbagging tactics, for the purposes of judicial efficiency, the Court will consider the additional evidence at this time.  Defendant is warned, however, that the use of such tactics in the future may result in evidentiary or monetary sanctions.").  Defendant did not heed the Court's warning.

In the Court's Order Re: Cross Motions for Summary Judgment; Denying Motion to Stay, the Court struck several of Defendant's proffered exhibits pursuant to Fed. R. Civ. P. 37(c)(1). ECF Doc. No. 167, at 12 n. 9.  Defendant now wishes to introduce precisely the same stricken exhibits, and testimony relying on these exhibits, at trial.

Specifically, Defendant wishes to introduce Trial Exhibit 506 (bates stamped RCA 279), Trial Exhibit 507 (bates stamped RCA 280), and Trial Exhibit 508 (bates stamped RCA 266-267) at trial.  The Court has already stricken each of these exhibits at the summary judgment stage. Trial Exhibit 506 (RCA 279) was attached as ("Summary Judgment" or "SJ") Exhibit 18 to the 1/8/18 Declaration of Bob Keith in Support of Defendant's Opposition to Plaintiffs' Motion for Summary Judgment, ECF Doc. No. 152-3, ¶ 12, ECF Doc. No. 152-10.  Trial Exhibit 507 (bates stamped RCA 280) was attached as SJ Exhibit 19 to the 1/8/18 Declaration of Bob Keith in Support of Defendant's Opposition to Plaintiffs' Motion for Summary Judgment, ECF Doc. No. 152-3, ¶ 13, ECF Doc. No. 152-10.  Trial Exhibit 508 (bates stamped RCA 266-267) was attached as SJ Exhibit 14 to the 1/8/18 Declaration of Bob Keith in Support of Defendant's Opposition to Plaintiffs' Motion for Summary Judgment, ECF Doc. No. 152-3, ¶ 9, ECF Doc. No. 152-9.

1    Plaintiff moved to strike these exhibits in Plaintiffs' Opposition to Defendant's Motion for

2    Summary Judgment or Partial Summary Judgment, ECF Doc. No. 151, at 10-12 and Plaintiffs'

3    Reply In Support of Plaintiffs' Motion for Partial Summary Judgment, ECF Doc. No. 158, at 14-

4    15.  Plaintiff moved to strike these exhibits because Defendant claimed in multiple meet and confer

5    discussions that they did not exist at all and then sandbagged Plaintiff with these exhibits two days

6    before the October 25, 2017 discovery cut-off, and three days after Plaintiff deposed Defendant's

7    Rule 30(b)(6) witness.  *See id.*  Further, even though Defendant now claims these exhibits "prove"

8    that Defendant did not obtain Plaintiff Perez's phone number through skip tracing, Defendant did

9    not submit or disclose these exhibits in support of its 7/3/2017 Opposition to Plaintiff's motion for

10   class certification, ECF Dkt. 50, Defendant's 8/23/2017 *ex parte* motion for leave to file a surreply

11   in support of its opposition to Plaintiff's motion for class certification, ECF Dkt. 68, or its

12   8/24/2017 surreply, ECF Dkt. 71.  At each juncture, Defendant argued that Defendant purportedly

13   did not obtain Plaintiff's number through skip-tracing, and each time Defendant failed to produce

14   or disclose these documents.  *See id*.  *See also* Order Granting Plaintiffs' Motion for Class

15   Certification, ECF Dkt. 81, at 11 ("If defendant truly had definitive evidence as of May 7, 2015

16   that it did not use skip tracing to obtain Perez's phone number, it defies all logics that defendant

17   would only raise this evidence now, almost two months after filing its opposition.").  The Court

18   granted class certification on September 6, 2017, *and still Defendant did not produce or disclose*

19   *the documents* – that is, not until after the Rule 30(b)(6) deposition and two days before fact

20   discovery closed on October 25, 2017.

21   At summary judgment, the Court agreed with Plaintiff that Defendant's sandbagging tactics

22   were not justified and prejudicial and struck the exhibits due to Defendant's blatant discovery

23   abuse:

24          Plaintiffs move to strike Exhibits 18 and 19 to the declaration of Bob Keith
            which was filed on January 8, 2018. (Dkt. No 140, Declaration of Bob Keith
25          ("Bob Keith Decl."), Exs. 18 and 19.)  According to Keith, Exhibit 18 "is a
            screenshot of an 'ECA Advanced Trace Report'" and "does not show a phone
26          number ending in 5193" which is the number associated with plaintiff Perez
            (*Id*. ¶ 12.)  Exhibit 19 is a screenshot of a defendant's "'Edit Tracking Report'
27          for Daniel Reynoso's account." (*Id*. ¶ 13.)  Defendant argues that these reports
            show that Perez's number was not skip-traced and therefore Perez cannot
28          meet the class definition.

1

2

3

4

> Plaintiffs aver that these exhibits should be stricken pursuant to Fed. R. Civ. Pro. 37(c)(1) because defendant failed to "provide [this] information as required by Rule 26(a)." Specifically, plaintiffs proffer evidence that defendant represented on May 8, 2017, that no "ECA reports were generated for . . . Perez." (Dkt. No. 151, Ex. 38.) Counsel further represented on May 8, 2017, that plaintiffs "already have everything which my client can produce in this regard." (*Id*.)

5

6

7

8

9

> Defendant counters that these reports were generated for Reynoso, not for Perez. Rash Curtis does not persuade. The Court finds defendant's representation that plaintiffs "already [had] everything that [Rash Curtis] can produce" in regard to ECA Advanced Trace and Edit Tracking Reports relevant to Perez's claims inconsistent with defendant's current position that Exhibits 18 and 19 "conclusively establish that Mr. Perez's 5194 number was not skip-traced." Accordingly, the Court **STRIKES** Exhibits 18 and 19 to the declaration of Bob Keith.

10

11

12

13

> Plaintiffs also move to strike Exhibit 14 which [is] an ECA Advanced Tra[c]e Report for plaintiff Adekoya pursuant to (i) Federal Rule of Evidence 1002, (ii) the best evidence rule, and (iii) defendant's production of these exhibits three days after plaintiffs deposed defendant's 30(b)(6) witness. The Court previously warned defendant that "delaying and sandbagging tactics" would not be tolerated and would result in monetary and/or evidentiary sanctions. (Order Granting Plaintiffs' Motion for Class Certification at 9 n.9.) Accordingly, Exhibit 14 is hereby **STRICKEN**.

14 ECF Doc. No. 167, at 12 n. 9.

15      Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as

16 required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply

17 evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is

18 harmless." The Court has already held that Defendant violated Rule 37(c)(1) and that Defendant's

19 conduct was not "substantially justified or [was] harmless." *See id*. Accordingly, Defendant is not

20 allowed to use this information "at trial." Rule 37(c)(1).

21      Further, it has been nearly a year since the Court's summary judgment order, fact and

22 expert discovery have long closed, and Plaintiff has prepared for trial relying on the Court's

23 summary judgment order with the expectation that these documents would not be allowed at trial.

24 It would be highly prejudicial to strike these documents at the summary judgment stage due to

25 Defendant's discovery violations only to allow the exhibits to come in at trial. Notably, Defendant

26 never filed a motion to reconsideration with respect to the Court's order striking the exhibits.

27

28

Likely anticipating not being able to use Trial Exhibits 506, 507, and 508 at trial, Defendant now seeks to circumvent the Court's order striking these exhibits through its corporate fact witnesses.  On November 12, 2018, Defendant served Defendant Rash Curtis & Associates' (Non-Retained) Expert Witness Disclosure Pursuant to Fed. R. Civ. P. 26(a)(2)(C) and Defendant's Written Summary of the Opinions of Non-Retained, Percipient Witness[es].  Krivoshey Decl., Ex 1.  Two of Defendant's four witnesses, Bob Keith and Chris Paff, parrot essentially identical anticipated testimony regarding the substance of Exhibits 506, 507, and 508.  For instance, Bob Keith and Chris Paff arrive at the conclusion that Plaintiff Perez's phone number was purportedly not skip traced from a review and summary of two stricken documents, Exhibit 506 (screenshot of "ECA Advanced Trace Report") and Exhibit 507 ("Edit Tracking Report").  *See id*., Ex. A, at ¶¶ 12-13, Ex. B, at ¶¶ 12-13.  *See also id*., Ex. A, at ¶ 9, Ex. B, at ¶ 9 (discussing the contents the "ECA Advanced Trade Report" – Trial Exhibit 508 regarding Plaintiff Adekoya's account).

As discussed at length in the motion for summary judgment briefing, Defendant claimed that these exhibits did not exist and then sandbagged Plaintiff with these exhibits two days before the close of discovery – after the deposition of Defendant's Rule 30(b)(6) witness.  The Court has struck each of these exhibits.  It would be highly prejudicial for Defendant to testify regarding the *contents* of exhibits that have been excluded from trial for the same reasons that it would be prejudicial to allow the exhibits in the first place.  Further, Defendant's witnesses should not be permitted to offer opinions regarding whether Plaintiff's phone number was obtained through skip tracing based on these exhibits because such opinions would lack foundation, as the exhibits themselves are inadmissible.

Accordingly, Plaintiff asks that the Court disallow the use of Trial Exhibits 506, 507, and 508, or any testimony or opinion based on such exhibits, including any anticipated testimony set out in the Written Summary of the Opinions of Non-Retained, Percipient Witness Robert Keith Pursuant to Fed. R. Civ. P. 26(a)(2)(C), at ¶¶ 9, 12, and 13, and the Written Summary of the Opinions of Non-Retained, Percipient Witness Chris Paff Pursuant to Fed. R. Civ. P. 26(a)(2)(C), at ¶¶ 9, 12, and 13.  *See* Krivoshey Decl., Ex. 1.

## II.   MOTION *IN LIMINE* #2:  HEARSAY AND MISLEADING TESTIMONY REGARDING TRIAL EXHIBITS 504 AND 505

Plaintiff Ignacio Perez ("Plaintiff") moves *in limine* to preclude Defendant from introducing Trial Exhibits 504 and 505 because they contain hearsay and because Defendant apparently intends to introduce misleading evidence, and to otherwise exclude parts of Trial Exhibit 504 for being belatedly produced.  Plaintiff further moves to preclude Defendant from presenting trial testimony from its fact witnesses regarding the content of Trial Exhibits 504 and 505 for the same reasons.

Trial Exhibit 504 (bates stamped RCA 272-278) was produced on October 23, 2017, two days before the October 25, 2017 fact discovery deadline, and three days after the deposition of Defendant's Rule 30(b)(6) witness.  *See* Krivoshey Decl. ¶ 3.  Accordingly, Trial Exhibit 504 should be excluded for the same reason that the Court has already excluded Trial Exhibit 508, at issue in Plaintiff's Motion in Limine #1.  *See* Order Re: Cross Motions for Summary Judgment; Denying Motion for Stay, ECF Doc. No. 167, at 12 n. 9 ("Plaintiffs also move to strike [Trial Exhibit 508] [due to] defendant's production of these exhibits three days after plaintiffs deposed defendant's 30(b)(6) witness.  The Court previously warned defendant that 'delaying and sandbagging tactics' would not be tolerated and would result in monetary and/or evidentiary sanctions.  Accordingly, [Trial Exhibit 508] is hereby **STRICKEN**") (citations omitted).  Notably, Trial Exhibit 504 was contained in the same late production as the stricken Trial Exhibit 508.  *See id*; *see also* Krivoshey Decl. ¶ 3.  Plaintiff would suffer the same prejudice from allowing Trial Exhibit 504 to come in at this stage as Trial Exhibit 508, as Plaintiff did not have the chance to depose Defendant's Rule 30(b)(6) witness as to the contents thereof.  *Id*.

For clarity, only bates numbers RCA-272 and RCA 274-278 of Trial Exhibit 504 were produced formally for the first time on October 23, 2017 (after the 30(b)(6) deposition).  *Id*. at ¶ 3.  RCA-273, although not bates stamped at the time, was attached as Exhibit 6 to the 8/24/17 Declaration of Robert Keith in Support of Defendant Rash Curtis & Associates' Supplemental Opposition to Plaintiff's Motion for Class Certification.  ECF Doc. No. 71-2; *id*.  However, RCA-273 should also be excluded for the reasons set forth below.

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). "In the absence of a procedural rule or statute, hearsay is inadmissible unless it is defined as non-hearsay under Federal Rule of Evidence 801(d) or falls within a hearsay exception under Rules 803, 804 or 807. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 778 (9th Cir. 2002).

Exhibits 504 and 505 contain hearsay, are not subject to any hearsay exception, and are offered to prove the truth of the contents therein. Exhibits 504 and 505 are both documents created by Sutter General Hospital, the creditor on the account for which Plaintiff Perez received calls. They are not records Rash Curtis created in the regular course of business. For instance, Defendant's Rule 26(a)(2)(C) disclosures state that both Robert Keith and Chris Paff (Defendant's disclosed trial witnesses) are expected to testify at trial as follows:

> [Mr. Keith/Mr. Paff] is expected to testify that he personally reviewed copies of Daniel Reynoso's medical records from Sutter General Hospital. These records were provided to Rash Curtis by Sutter General Hospital when it assigned Mr. Reynoso's account to Rash Curtis for collection, and have been kept in the ordinary course of business by Rash Curtis. The records show that Mr. Reynoso provided his phone number ending in 5193, with no restrictions, to Sutter General Hospital in connection with his treatment. Sutter General Hospital, in turn, provided that phone number to Rash Curtis in connection with its referral to Rash Curtis of Daniel Reynoso's debt for collection. Mr. [Keith's/Paff's] review of the records confirm Rash Curtis did not skip-trace Reynoso's phone number to obtain the number ending in 5193.

Krivoshey Decl., Ex. 1 (Defendant Rash Curtis & Associates' (Non-Retained) Expert Witness Disclosure Pursuant to Fed. R. Civ. P. 26(a)(2)(C) and Defendant's Written Summary of the Opinions of Non-Retained, Percipient Witness[es]), Ex. A, at ¶ 11, Ex. B, at ¶ 11.

As an initial matter, it is patently false that Sutter General Hospital provided Defendant with these records "when it assigned Mr. Reynoso's account to Rash Curtis for collection" and that the records "have been kept in the ordinary course of business by Rash Curtis." At summary judgment, Defendant admitted that it did not receive Exhibit 504 from Sutter *until after this case started*, *years* after Sutter purportedly assigned Mr. Reynoso's debt to Rash Curtis *in 2015*. *See* ECF Doc. No. 152-7, at 8 ("Fact 22: Defendant obtained Daniel Reynoso's facesheet, attached as Exhibit 6 to the 2017.08.24 Declaration of Robert Keith, ECF Doc. No. 71-2 **after the filing of the McMillion case** [citation]. **Undisputed**, but not material.") (bolding added). Further, RCA 272

1    (of Trial Exhibit 504) has a date of November 10, 2016 in the upper-right corner, signifying that

2    Sutter did not provide Defendant with that document at least until late 2016, after the case was

3    started (and not when the account was assigned).  RCA-12724 (of Trial Exhibit 505) appears to

4    have been obtained in May of 2017, as can be surmised from the date of the internal email at RCA-

5    12718 – not when the account was assigned in 2015.  These were not records kept in Rash Curtis'

6    regular course of business; they were acquired after the beginning of the lawsuit for the purposes of

7    litigation.

8         Further, there can be no question that Defendant intends to use the documents "to prove the

9    truth of the matter asserted."  Defendant's experts rely on these two exhibits to testify that "Mr.

10   Reynoso provided his phone number ending in 5193, with no restrictions, to Sutter General

11   Hospital in connection with his treatment."  As an initial matter, the only document bearing what

12   appears to be Mr. Reynoso's signature (RCA274-278) does not have a phone number anywhere on

13   it.  Accordingly, it appears that Defendant's witnesses' sole basis for saying that Mr. Reynoso

14   provided the 5193 number to Sutter is because the number appears in some of Sutter's

15   computerized records (RCA-272-273, RCA12718, RCA-12724).  Further, Defendant's witnesses

16   have no personal knowledge to make such a conclusion, as there is no evidence concerning how

17   these records were made, who made them, when they were made, how the phone number appeared

18   there, whether Sutter itself skip-traced the phone number, whether the phone number is the result

19   of a typographical error, *etc.  See, e.g., N.L.R.B. v. First Termite Control Co., Inc*., 646 F.2d 424,

20   427 (9th Cir. 1981) ("If the witness is not knowledgeable as to the manner in which the records are

21   made and kept, he or she cannot be subjected to meaningful cross-examination.  Without cross-

22   examination on the keeping of the records, the trier of fact would have no rational basis on which

23   to evaluate the accuracy of the record, and therefore the trustworthiness of the evidence."); *Phillips

24   v. U.S*., 356 F.2d 297, 307 (9th Cir. 1965) (exhibit not considered a business record where it was

25   "not made in the regular course of the business of the company in whose files they were found");

26   *Aspen Ins. UK Ltd. v. Brown & Brown, Inc*., 2011 WL 13217776, at *3 n. 54 (C.D. Cal. May 2,

27

28

2011) ("Under Rule 602 of the Federal Rules of Evidence, a witness may not testify to a fact unless that witness has personal knowledge of the fact.").

The Court should also prohibit Defendant's witnesses from testifying, based on these documents, that Rash Curtis obtained Plaintiff Perez's phone number on May 7, 2015, when Sutter purportedly referred the account.  Fed. R. Evid. 403 permits the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury."  Defendant's Rule 26(a)(2)(C) disclosures state that both Robert Keith and Chris Paff are expected to testify at trial as follows:

> [Mr. Keith/Mr. Paff] is expected to testify that Rash Curtis did not skip-trace Plaintiff Ignacio Perez's cell phone.  On May 7, 2015, Sutter General Hospital referred a debt, known as Account 2432181, to Rash Curtis for collection. When Sutter General Hospital referred Account 2432181, it also sent Mr. Perez's cell phone number ending in 5193, which was contained on the patient information facesheet Sutter General Hospital provided.

Krivoshey Decl., Ex. 1 (Defendant Fed. R. Civ. P. 26(a)(2)(C) disclosure]), Ex. A, at ¶ 42, Ex. B, at ¶ 42.  However, as discussed above, Defendant admitted at summary judgment that the "facesheet" was not in Defendant's possession until after this case started, well after May 7, 2015. *See* Defendant Rash Curtis & Associates' Response to Plaintiffs' Supporting Separate Statement, ECF Doc. No. 152-7, at 8 ("Fact 22: Defendant obtained Daniel Reynoso's facesheet, attached as Exhibit 6 to the 2017.08.24 Declaration of Robert Keith, ECF Doc. No. 71-2 **after the filing of the McMillion case** [citation].  **Undisputed**, but not material.") (bolding added).  It is *undisputed* that Defendant did not obtain the "facesheet" until after the case started, and not on May 7, 2015. Defendant is bound by the admissions it made and should not be allowed to switch its story at trial.

Plaintiff also asks the Court to exclude Trial Exhibit 505 because it contains heavy redactions, and the document was never listed on any of Defendant's privilege logs.   Krivoshey Decl. ¶ 4, Ex. 2.  Defendant never produced Trial Exhibit 505 in its redacted form until January 22, 2019, after the January 11, 2019 deadline to exchange exhibits had passed. *Id*.  To the extent that some of the exhibit is redacted due to attorney-client privilege, Defendant should not be able to cherry-pick which parts of the exhibit to hide from or present to the jury.

### III.     MOTION *IN LIMINE* #3:  PRECLUDE CUMULATIVE EVIDENCE

Plaintiff Ignacio Perez ("Plaintiff") moves *in limine* to preclude Defendant from introducing needlessly cumulative trial testimony and wasting the jury's time.  Federal Rule of Evidence 403 states that the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

On November 12, 2018, Rash Curtis served Defendant Rash Curtis & Associates' (Non-Retained) Expert Witness Disclosure Pursuant to Fed. R. Civ. P. 26(a)(2)(C) and Defendant's Written Summary of the Opinions of Non-Retained, Percipient Witness[es].  Krivoshey Decl., Ex. 1.  Defendant's Rule 26(a)(2)(C) disclosure contemplates Defendant presenting four separate witnesses to testify regarding largely identical information.

For instance, the written summaries of anticipated testimony for Robert Keith and Chris Paff contain the same number of paragraphs, and, except for the introductory paragraph, are word-for-word identical.  *See id*., Exs. A, B.  There is no reason to have two corporate witnesses testify to literally the exact same information.

Further, all four witnesses have virtually identical anticipated testimony regarding whether Defendant used its dialers to call phone numbers from phone fields 5-10.  *See id*., Ex. A, at ¶¶ 39-41, Ex. B, at ¶¶ 39-41, Ex. C, at ¶¶ 3-5, Ex. D, at ¶¶ 4-5.
There is no reason to waste the jury's time and present what is apparently identical testimony from four separate corporate witnesses.  Accordingly, Plaintiff asks that Defendant be permitted no more than one or two witnesses to cover their anticipated areas of testimony.  *See U.S. v. Elksnis*, 528 F.2d 236, 239 (9th Cir. 1975) ("The district court has considerable discretion even with admittedly relevant evidence in rejecting that which is cumulative.").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.   MOTION *IN LIMINE* #4:  PRECLUDE EVIDENCE REGARDING NON-CLASS REPRESENTATIVE PLAINTIFFS

Plaintiff Ignacio Perez ("Plaintiff") moves *in limine* to preclude Defendant from introducing evidence regarding the claims of Plaintiffs McMillion and Jessica Adekoya.  Plaintiffs McMillion and Jessica Adekoya are not class representatives.  More importantly, on January 10, 2019, Plaintiff McMillion, Plaintiff Adekoya, and Defendant settled all the claims at issue in this case with respect to McMillion and Adekoya.  Krivoshey Decl. ¶ 5.  The parties will shortly file a formal stipulation of dismissal for the Court's approval.[1]  Accordingly, Plaintiff asks that the Court exclude all evidence related to Plaintiffs McMillion and Adekoya pursuant to Fed. R. Evid. 401 for lack of relevance, including, but not limited to, Trial Exhibits 508, 509, 510, and any testimony regarding the claims of McMillion and Adekoya.

---

[1] A stipulation has not been filed to date because Plaintiffs are waiting for Defendant to perform according to the terms of the settlement.

## V.      MOTION *IN LIMINE* #5: PRECLUDE DEPOSITION TRANSCRIPT, HEARSAY DECLARATION, COURT ORDERS, CASE FILINGS

Plaintiff Ignacio Perez ("Plaintiff") moves *in limine* to preclude Defendant from introducing hearsay evidence with respect to Trial Exhibits 501, 502, 514, 515, 580, and 581.

Trial Exhibit 580 is a copy of excerpts from the June 20, 2017 Deposition of Steven Kizer in *Rash Curtis & Associates, Inc. v. Kizer*, Case No. FCS048565, pending in the Superior Court of the State of California, County of Solano.  This deposition was taken two months after the April 13, 2017 deposition of Steven Kizer in the present case, *which Defendant failed to attend*.  Plaintiff was not provided any notice of the state court deposition.  Krivoshey Decl. ¶ 6.  Defendant cannot use the deposition testimony because it is hearsay, because Defendant has not shown that Mr. Kizer is unavailable to appear at trial, and because Plaintiff did not have an opportunity to attend the deposition.  *See Lynn v. Gateway Unified Sch. Dist.*, 2011 WL 6260362, at *7 (E.D. Cal. Dec. 15, 2011) ("This exhibit is the deposition of James Fruuen taken in the Thulin case.  As a state court deposition, it is hearsay.  Pursuant to Federal Rules of Evidence, Rule 804(b)(1), prior testimony, even under oath, can only be offered as evidence if the witness is unavailable and the party against whom the testimony is offered had an opportunity to develop the testimony. [citation omitted].  As there has been no effort by Lynn to show these elements have been met, the objection to the James Fruuen deposition is sustained.").

Plaintiff also asks that the Court exclude Trial Exhibit 581, which is the December 11, 2017 Declaration of Bob Keith.  The declaration is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement," and is, accordingly, hearsay.  *See* Fed. R. Evid. 801.  Further, the December 11, 2017 Declaration of Bob Keith references and relies on three exhibits that the Court struck in its summary judgment order.  ECF Dkt. 167, at 12 n. 9.  Plaintiff's motion *in limine* No. 1 separately seeks the preclusion of all references to these exhibits and to any other testimony or evidence that relies on the exhibits.  To the extent that the Court otherwise permits Defendant to use the December 11, 2017 Declaration of Bob Keith, it should preclude any

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

reference to Exhibits 14, 18, and 19 of the declaration as they have been stricken pursuant to Rule 37(c)(1) due to Defendant's discovery abuse.  *See id.*.

Trial Exhibits 514 and 515 are the Court's September 6, 2017 Order Granting Plaintiffs' Motion for Class Certification and the February 2, 2018 Order Re: Cross Motions for Summary Judgment; Denying Motion to Stay.  The Court's orders are hearsay, and are not evidence.

Trial Exhibits 501 and 502 are Plaintiffs' Class Action Complaint, ECF Doc. No. 1, and Defendant Rash Curtis & Associates' Answer to Plaintiffs' Class Action Complaint, ECF Doc. No. 10, respectively.  Both are hearsay, and are not evidence.

Accordingly, Plaintiff asks that the Court exclude Trial Exhibits 501, 502, 514, 515, 580, and 581.

## VI.     MOTION *IN LIMINE* #6: PRECLUDE EVIDENCE REGARDING THE "GOOD FAITH DEFENSE" AND CONSENT TO CALL PLAINTIFF

Plaintiff Ignacio Perez ("Plaintiff") moves *in limine* to preclude Defendant from introducing evidence regarding a purported "good faith defense" to make autodialed calls to Plaintiff and class members.

At multiple stages in this case, Defendant has argued that it had consent to call Plaintiff because it a was acting in good faith on the belief that it had consent to call his cellphone number. *See, e.g.,* Defendant Rash Curtis & Associates' Opposition to Plaintiffs' Motion for Partial Summary Judgment, ECF Doc. No. 152, at 15 ("even if the Court finds that Rash Curtis did not possess prior express consent to call Mr. Perez's cell phone number, it should still deny Plaintiffs' Motion on the grounds that Rash Curtis was acting in good faith and with a reasonable belief that the number it was calling belonged to the debtor it was attempting to contact."); Defendant Rash Curtis & Associates' Motion for Reconsideration of Motion for Summary Judgment in Light of *ACA International v. Federal Communications Commission*, ECF Doc. No. 189, at 23 ("Rash Curtis submits it cannot be held liable for mistakenly calling Mr. Perez while trying in good faith to reach Mr. Reynoso"); Defendant Rash Curtis & Associates' Notice of Motion and Motion to Amend the Court's June 18, 2018 Order Denying Motion for Reconsideration, ECF Doc. No. 206, at 9 (section titled "A Good-Faith Belief That 'Prior Express Consent' Exists Precludes TCPA Liability"). The Court has rejected this argument every single time, and held as a matter of law that Defendant did not have consent to call Plaintiff. *See, e.g.,* Order Re: Cross Motions for Summary Judgment; Denying Motion for Stay, ECF Doc. No. 167, at 11-12 (holding that Defendant lacked consent as a matter of law to call Plaintiff Perez).

Despite losing this argument repeatedly, Defendant apparently intends to introduce evidence at trial that it had a good faith basis to call Plaintiff Perez's cellphone number. For instance, Defendant's disclosures state that two of Defendant's witnesses will testify regarding Defendant's good faith basis to believe that it had consent to call Plaintiff. *See* Krivoshey Decl., Ex. 1 (Defendant Rash Curtis & Associates' (Non-Retained) Expert Witness Disclosure Pursuant to Fed. R. Civ. P. 26(a)(2)(C) and Defendant's Written Summary of the Opinions of Non-Retained,

Percipient Witness[es]), Ex. A, at ¶ 36 ("From May 7, 2015, until June 7, 2016, Rash Curtis was acting with a good faith belief that it possessed valid prior express consent to call the 5193 number in order to reach Mr. Reynoso."), Ex. B, at ¶ 36 (same).  Because the Court has already found as a matter of law that Defendant did not have prior express consent to call Plaintiff Perez, introduction of any evidence regarding consent to call Perez or the "good faith defense" would needlessly confuse the jury pursuant to Fed. R. Evid. 403 and is not relevant pursuant to Fed. R. Evid. 401.

Further, because the TCPA is a strict liability statute and because there is no such thing as a good faith defense, Plaintiff asks that the Court preclude Defendant from presenting evidence that it had a good faith basis to call other class members. *See Alea London, Ltd. v. American Home Servs., Inc.*, 638 F.3d 768, 766 (11th Cir. 2011) ("The TCPA is essentially a strict liability statute"); *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*, 401 F.3d 876, 882 n. 3 (8th Cir. 2005) ("The [TCPA] ... makes no exception for senders who mistakenly believe that recipients' permission or invitation existed.").  In *Abrantes v. Northland Grp., Inc.*, 2015 WL 1738255, at *1, *3 (N.D. Cal. Apr. 13, 2015) (Gonzalez Rogers, J.), this Court expressly declined to recognize "a good faith exception from TCPA for autodialed … calls to telephone numbers that have been reassigned," where "consent was given by the 'intended recipient' of the call" because:

> While the Ninth Circuit has not directly addressed the definition of "called party" under section 227(b)(1)(A), district courts in this circuit have generally rejected the "intended recipient" definition. *See Olney v. Progressive Cas. Ins. Co.*, No. 13–cv–02058, 2014 WL 294498, at *3 (S.D. Cal. Jan. 24, 2014); *Jordan v. Nationstar Mortgage LLC*, No. 14–CV–00787–WHO, 2014 WL 5359000, at *12 (N.D. Cal. Oct. 20, 2014) (describing a brief history of how the federal courts have interpreted the term "called party" to conclude that continuing a stay would unnecessarily delay the case).  Likewise, the Courts of Appeal in the Seventh and Eleventh Circuits have held that "called party" means current subscriber, not "intended recipient."  *See Soppet v. Enhanced Recovery Company., LLC,* 679 F.3d 637, 643 (7th Cir. 2012); *Osorio v. State Farm Bank, F.S.B.,* No. 13–cv–10951, 2014 WL 1258023, at *7 (11th Cir. 2014).

In reaching this conclusion, the Court relied not on the FCC's interpretation of the term called party, but rather on case law and the text of the TCPA.  *See Abrantes*, 2015 WL 1738255, at *3 ("Nothing about the interpretation of this statutory term appears to require any special expertise.

The fact that numerous courts have interpreted the term 'called party' weighs against a stay."); *see also King v. Time Warner Cable*, 113 F. Supp. 3d 718, 724 (S.D.N.Y. 2015) ("The text is clear and unambiguous on its face: called party means the party that was called.  If Congress intended to refer to the party that the caller wanted to reach when it dialed the number, it would have used different language.").

In the past, Defendant has repeatedly cited *Chyba v. First Fin. Asset. Mgmt.*, 2014 WL 1744136 (S.D. Cal. Apr. 30, 2014) for the purported presence of a "good faith defense."  This case is not persuasive, however.  In *Chyba*, the defendant submitted evidence that the plaintiff provided her cellular telephone number to the creditor, and that the debt collector was calling regarding that same account.  *Chyba*, 2014 WL 1744136, at *10.  The court noted that "[w]hen a consumer provides a cellular telephone number to a creditor as part of the underlying transaction, the provision of the number constitutes express consent for the creditor to contact the consumer about the debt."  *Id*.  In dicta, the court went on to apply the language of the Fair Debt Collection Practices Act (FDCPA) to the TCPA.  *Id*. at *11-12.  This interpretation is not supported by other Ninth Circuit district courts.  *See Olney v. Job.com, Inc.*, 2014 WL 1747674, at *8 (E.D. Cal. May 1, 2014) ("*Chyba* is the only decision of which the Court is aware to find that a party otherwise liable under TCPA for making a call to an individual without consent may not be if it had a good faith basis to believe the call's recipient consented to the call").  Indeed, the court's interpretation in *Chyba* is illogical.  *See Olney v. Job.com, Inc.*, 2014 WL 1747674, at *8 (E.D. Cal. May 1, 2014) (engaging in the statutory analysis of the TCPA and concluding the "logical interpretation of 'called party' as used in this section is the 'actual recipient.'").

The "good faith defense" is also wholly irrelevant to absent class members.  The class is composed of persons whose telephone numbers Defendant obtained through skip tracing – numbers for which Defendant could not possibly have had a good faith belief that it had consent to call.

Finally, Defendant never asserted a "good faith defense" in its Answer.  *See gen*., Defendant Rash Curtis & Associates' Answer to Plaintiff's Complaint; And Demand for Jury Trial,

1     ECF Doc. No. 10, at 7-9 (listing defenses).  Accordingly, the "defense" has been waived.

1   **VII.    MOTION *IN LIMINE* #7: PRECLUDE DEFENDANT FROM PRESENTING DEPOSITION EXCERPTS IT DID NOT TIMELY DISCLOSE**

2        Pursuant to the Court's Standing Order Re: Pretrial Instructions in Civil Cases, Plaintiff

3   requests that the Court preclude Defendant from presenting any deposition excerpts at trial due to

4   its failure to make timely designations.

5        In the November 6, 2018 Case Management and Pretrial Scheduling Order No. 2 (Dkt. No.

6   246), this Court set January 11, 2019 as the deadline for the parties to exchange exhibits and their

7   exhibit lists.  Pursuant to the Court's standing order, the exhibit list "must identify the specific

8   portions of the [deposition] recording the party intends to offer in its case in chief by reference to

9   transcript pages."  Standing Order Re: Pretrial Instructions in Civil Cases at 9.  In its exhibit list,

10  Defendant designated excerpts from the depositions of Nick Keith (Trial Ex. 516), Daniel Correa

11  (Trial Ex. 517), Chris Paff (Trial Ex. 518), Robert Keith (Trial Ex. 519), Ignacio Perez (Trial Ex.

12  520), Steven Kizer (Trial Exs. 521 and 580), Anya Verkhovskaya (Trial Ex. 554), Colin Weir

13  (Trial Ex. 561), and Randall Snyder (Trial Ex. 568).  Defendant, however, has failed to identify the

14  "specific portions" of the deposition transcripts they intend to present to the jury.  Plaintiff sent an

15  email to Defendant's counsel on January 17 requesting that Defendant provide its "deposition

16  transcript designations as soon as possible."  Krivoshey Decl., Ex. 3.  Plaintiff stated that "[w]e

17  need those to be able to exchange motions in limine and believe they should have been exchanged

18  with the exhibits list."  *Id*.  Defendant failed to respond until February 8 when it implied (but did

19  not explicitly state) that it did not intend to offer any deposition excerpts in its "case in chief."

20       Obviously, Defendant's failure to provide its designations prejudices Plaintiff and his

21  counsel because they are unable to evaluate the designations and make any objections and/or

22  counter-designations, and to otherwise file motions *in limine* based on any specific designations.

23  The Court has repeatedly emphasized the importance of compliance with its orders.  *See* Dkt. No.

24  13-1 (the Court's Standing Order in Civil Cases stating "[a]ny failure to comply with any of the

25  rules and the Court's Standing Order may be deemed sufficient grounds for monetary sanctions,

26  dismissal, entry of default judgment, or other appropriate sanctions").  Further, the Court has

27  repeatedly warned Defendant about delay and sandbagging tactics.  *See* Order Granting Plaintiffs'

28

1  Motion for Class Certification, ECF Doc. No. 81, at 9 n. 9 ("While the Court does not condone

2  defendant's blatant delaying and sandbagging tactics, for the purposes of judicial efficiency, the

3  Court will consider the additional evidence at this time.  Defendant is warned, however, that the

4  use of such tactics in the future may result in evidentiary or monetary sanctions."); Order Re: Cross

5  Motions for Summary Judgment; Denying Motion for Stay, ECF Doc. No. 167 ("The Court

6  previously warned defendant that 'delaying and sandbagging tactics' would not be tolerated and

7  would result in monetary and/or evidentiary sanctions.  Accordingly, Exhibit 14 is hereby

8  **STRICKEN**.") (citation omitted).  The Court should preclude Defendant from presenting any of

9  its deposition excerpts during its case in chief at trial.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VIII.   MOTION IN LIMINE #8: PRECLUDE DEFENDANT AND ITS COUNSEL FROM MAKING STATEMENTS REGARDING DEFENDANT'S FINANCIAL CONDITION OR ABILITY TO PAY A JUDGMENT IN THIS CASE

Pursuant to Fed. R. Evid. 401 and 403, Plaintiff requests that the Court preclude Defendant and its counsel from making any statements or arguments to the jury regarding Defendant's ability to pay any judgment in this case or the impact a significant verdict could have on Defendant's business.  Fed. R. Evid. 401 permits the Court to exclude irrelevant evidence and testimony. Likewise, Fed. R. Evid. 403 permits the Court to exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."  Plaintiff believes that Defendant may seek to appeal to the sympathies of the jurors by arguing or presenting testimony to the jury suggesting that a verdict in this case would put Rash Curtis out of business.  Any such statements are irrelevant, lack probative value and would be unfairly prejudicial to Plaintiff.  Tellingly, in opposition to Plaintiff's motion for class certification, Defendant argued that a judgment in this case would "far exceed Defendant's ability to pay and will put Defendant out of business."  Dkt. No. 50 at 23 ("Assuming Plaintiffs are correct that there exists a class of thousands, perhaps millions, of people entitled to recover statutory damages from Defendant, the resultant liability will far exceed Defendant's ability to pay and will put Defendant out of business.").  Defendant also asserted that Plaintiff sought to impose "ruinous liability" on it.  *Id.* at 25.  Defendant and its attorneys should not be permitted to make any such appeals to the jury as they are irrelevant and solely designed to appeal to the jurors' emotions.

Other courts have precluded such evidence.  *See Metaswitch Networks Ltd. v. Genband US LLC*, 2016 WL 3618831, at *2 (E.D. Tex. Mar. 1, 2016) (granting motion to exclude "any argument, testimony, evidence, or suggestion that a damage award in this case (or damage awards generally) may drive up the price of products, put manufacturers out of business, or cause jobs to be lost"); *Southland Metals, Inc. v. American Castings, LLC*, 2014 WL 12461376, at *1 (W.D. Ark. July 20, 2014) (precluding evidence that "a negative jury verdict could put [the defendant] out of business or force it to file for bankruptcy"); *Lancaster v. Pace*, 2015 WL 11120566, at *1 (W.D. Ark. July 1, 2015) (granting motion in limine precluding "[a]ny mention that an adverse verdict might result in … the doctor [being] essentially put out of business or forced to quit practice, leave

town, or other similar arguments, as these appeal to passion and prejudice"); *Hassaine v. Home Depot, U.S.A., Inc.*, 2012 WL 13035474, at *3 (S.D. Cal. Feb. 23, 2012) (granting motion to "exclude evidence that a verdict against Home Depot could cause loss of jobs"); *Dugle v. Norfolk S. Ry. Co.*, 2010 WL 2710489, at *1 (E.D. Ky. July 7, 2010) (granting motion to exclude "all evidence and arguments regarding the effect of a claim, suit, or judgment upon insurance rates, premiums or charges generally; and that damages awards may drive up the price of products, put manufacturers out of business or cause jobs to be lost"); *Kinetic Concepts, Inc. v. Bluesky Medical Corp.*, 2006 WL 6505348, at *5 (W.D. Tex. May 31, 2006) (precluding "[a]ny statement or inference that BlueSky would go out of business if the Versatile 1 is found to infringe"); *Motorola, Inc. v. Pick*, 2005 WL 5913975 (C.D. Cal. Oct. 3, 2005) (granting motion to "exclude evidence of Defendants' speculation regarding Motorola's motivation in bringing the instant lawsuit, particularly any speculation that the lawsuit is a pretense by Plaintiff to put a competitor out of business").  The Court should preclude Defendant and its counsel from presenting any argument or evidence regarding the impact a verdict in this case could have on the company.

## IX.   MOTION *IN LIMINE* #9: EXCLUDE DEFENDANT'S WITNESSES' TESTIMONY THAT DEFENDANT PURPORTEDLY NEVER MADE CALLS TO PHONE NUMBERS FROM PHONE FIELDS 5 THROUGH 10

Pursuant to Fed. R. Evid. 401, 403, and 1002 and Fed. R. Civ. P. 37(c)(1), Plaintiff requests that the Court preclude Defendant from introducing evidence that it never called skip-traced telephone numbers in phone fields 5-10 that were not separately contained in phone fields 1-4.  The Court is quite familiar with the significance of the evidence, and Plaintiff will not belabor background herein.  *See* Order Denying Motion for Sanctions, ECF Doc. No. 250 (discussing issues related to phone field 5-10 evidence).

On January 23, 2019, the Court denied Plaintiff's motion for sanctions based on allegations of perjury by Defendant's witnesses largely because (1) Defendant's witnesses' testimony was "equivocated," (2) Defendant did not use the testimony at the summary judgment stage, and because (3) Defendant's witnesses' testimony concerned "only [their] recollection."  *See id.*, at 11-14.  However, the Court agreed with Plaintiff "that the issue of whether defendant called numbers in phone fields 5 through 10 … is certainly central to determining whether Rash Curtis violated the TCPA as to a member of the class by autodialing a cellular phone number which it obtained via skip tracing."  *See id.*  The Court noted that while the record may not support a charge of willfulness, bad, faith, or fault, "it may surmised."  *See id.*, at 12 n. 11.

At the time Plaintiff filed the motion for sanctions, it is true that evidence regarding phone fields 5-10 did not constitute a central issue at summary judgment.  Accordingly, the Court did not have a sufficiently developed record of what kind of evidence Defendant would present at trial on this issue.  However, on November 12, 2018, *after* the motion for sanctions was fully briefed, Defendant served Defendant's Rash Curtis & Associates' (Non-Retained) Expert Witness Disclosure Pursuant to Fed. R. Civ. P. 26(a)(2)(c) and the associated Written Summar[ies] of the Opinions of Robert Keith, Chris Paff, Dan Correa, and Nick Keith.  *See* Krivoshey Decl., Ex. 1.  It is now apparent that Defendant intends to submit, at best, highly misleading testimony regarding the phone field 5-10 issue at trial.  At worst, Defendant's witnesses will testify to knowingly false information.

1    Each of Defendant's witnesses is expected to testify that it was Defendant's "policy,

2    procedure, and *practice*" to never dial phone numbers from phone fields 5-10 that were not

3    separately stored in phone fields 1-4.  *See id*., Ex. A, ¶¶ 40-41, Ex. B, ¶¶ 40-41, Ex. C, ¶¶ 3-5, Ex.

4    D, ¶¶ 4-5 (emphasis added).  Mr. Correa is expected to testify that "[i]f a phone number which

5    appears in phone fields 5 through 10 was loaded into Rash Curtis' dialers, *it was because the phone*

6    *number was separately stored in phone fields 1 through 4*, and not because it was loaded from a

7    field reserved for skip-traced phone numbers."  *See id*., Ex. C, ¶ 4.  *See also id*., Ex. C, ¶ 5 ("if that

8    phone number is loaded into one of Rash Curtis' dialers, *it is because it was separately stored in*

9    *phone fields 1 through 4*, and not because it was stored in or loaded from phone fields 5 through

10   10") (emphasis added); *id*., Ex. D, ¶ 5 ("If the same phone number which appeared in phone fields

11   5 through 10 was loaded into Global Connect, *it was because the phone number was concurrently*

12   *being stored in phone fields 1 through 4*") (emphasis added).  Nick Keith is also expected to testify

13   that Global Connect "was incapable of loading phone numbers which were only stored in phone

14   fields 5 through 10."  *Id*., Ex. D, ¶ 5.

15   It is unequivocally false that Global Connect "was incapable of loading phone numbers

16   which were only stored in phone fields 5 through 10."  It is also false that Defendant never dialed

17   phone numbers with its dialers from phone fields 5 through 10 that were not separately stored in

18   phone fields 1-4.  Plaintiff served Colin B. Weir's expert report on November 12, 2018.  *See*

19   Krivoshey Decl., Ex. 4.  Defendant's call logs and account records show that Defendant made

20   roughly 14 million calls using its dialers to phone numbers in phone fields 5 through 10 *that were*

21   *not separately contained in phone fields 1 through 4.  See id*., Ex. 4, at ¶¶ 6-11.

22   The Court's November 6, 2018 Case Management and Pretrial Scheduling Order No. 2,

23   ECF Doc. No. 246, set Defendant's deadline to serve rebuttal expert reports for November 26,

24   2018.  *Defendant never made rebuttal expert reports and never disclosed any rebuttal experts*.

25   Accordingly, Plaintiff's experts' analysis and summaries of Defendant's actual call logs and

26   account records, including the summation of calls made to phone numbers in phone fields 5-10

27   where such phone numbers were not also contained in phone fields 1-4, *is unrebutted*.  In other

28

words, Defendant did not, and could not, rebut Plaintiff's experts' findings concerning the substance of Defendant's call logs and account records, and yet intends to offer witnesses at trial to offer testimony that *directly contradicts* the *unrebutted* expert opinions and summaries of Plaintiff's experts.  Pursuant to Fed. R. Civ. P. 37(c)(1), Defendant should not be permitted to offer contradictory rebuttal evidence at trial in light of its failure to disclose any rebuttal witnesses.  In the alternative, Plaintiff asks that the Court instruct the jury of Defendant's failure to rebut Plaintiff's expert testimony pursuant to Fed. R. Civ. P. 37(c)(1)(B).

Defendant's proposed testimony also flies in the face of Fed. R. Evid. 403 and 1002. Defendant's call logs can, and have, answered definitively the question of whether Defendant made phone calls to phone numbers from phone fields 5-10 using its dialers to phone numbers that were not separately stored in phone fields 1-4.  It would violate the "best evidence rule" (Rule 1002) to have Defendant's witnesses base their testimony on their own recollection (or lack thereof) of Defendant's call logs and account data records, and not the *actual content* of the call logs and account data records.  *See, e.g., Sylvania Elec. Prods, Inc. v. Flanagan*, 352 F. 2d 1005 (1st Cir. 1965) ("It is well settled that the best evidence that is obtainable in the circumstances of the case must be adduced to prove any disputed fact."); *In re Sheehan*, 308 F. Supp. 917, 921 (W.D. Mo. Jan. 17, 1970) (In proceedings for discharge of bankrupt, bankrupt's books and records constitute best evidence of his transactions).  *See also, e.g., Rodriguez v. Miami-Dade Cnty*., 2018 WL 4358324, at *3 (M.D. Fla. July 18, 2018) (call log falls within Fed. R. Evid. 1002).  Defendant's proposed testimony would amount to the equivalent of having a witness testifying regarding the content of a photograph without putting an existing, easily accessible photograph into evidence.  It is highly prejudicial to base such testimony on Defendant's witnesses' "memory" when the issue of whether Defendant made calls to phone numbers in phone fields 5 through 10 can be, and has been, easily ascertained from the account records and call logs themselves.  Again, Defendant did not serve any rebuttal expert reports and has not designated any rebuttal witnesses.

Defendant's witnesses' proposed testimony would also violate Fed. R. Evid. 403, which permits the Court to exclude evidence "if its probative value is substantially outweighed by the

danger of unfair prejudice, of confusion of the issues, or of misleading the jury."  As discussed above, Defendant's proposed testimony is unequivocally false.  Defendant never rebutted Plaintiff's experts' opinions and analysis concerning the data.  It would be highly prejudicial to allow testimony that would mislead the jury concerning the substance of the call log and account data based on Defendant's witnesses' "memory," when Plaintiff's experts' opinions and analysis of the substance of the call log and account data is unrebutted.

This trial cannot devolve into a "memory" or a "lack of knowledge" charade.  The facts are unrebutted.  Accordingly, Plaintiff asks that the Court exclude testimony from Defendant's witnesses that Defendant never loaded its dialers with numbers from phone fields 5-10 that were not also contained in phone fields 1-4, and that Defendant purportedly never dialed such numbers.

Dated:  February 15, 2019               Respectfully submitted,

                                        **BURSOR & FISHER, P.A.**

                                        By:    */s/ Yeremey Krivoshey*
                                               Yeremey Krivoshey

                                        L. Timothy Fisher (State Bar No. 191626)
                                        Yeremey Krivoshey (State Bar No.295032)
                                        Blair E. Reed (State Bar No. 316791)
                                        1990 North California Blvd., Suite 940
                                        Walnut Creek, CA  94596
                                        Telephone: (925) 300-4455
                                        Facsimile: (925) 407-2700
                                        Email:  ltfisher@bursor.com
                                                ykrivoshey@bursor.com
                                                breed@bursor.com

                                        **BURSOR & FISHER, P.A.**
                                        Scott A. Bursor (State Bar No. 276006)
                                        888 Seventh Avenue
                                        New York, NY  10019
                                        Telephone: (212) 989-9113
                                        Facsimile:  (212) 989-9163
                                        Email:  scott@bursor.com

                                        *Attorneys for Plaintiff*