**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Yeremey O. Krivoshey (State Bar No. 295032)
Blair E. Reed (State Bar No. 316791)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
         ykrivoshey@bursor.com
         breed@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail:  scott@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA MCMILLION, JESSICA ADEKOYA, and IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>Defendant. | Case No. 4:16-cv-03396-YGR<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTIONS *IN LIMINE***<br><br>Date: April 12, 2019<br>Time: 9:00 a.m.<br>Courtroom: 1<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

[PROPOSED] ORDER
CASE NO. 4:16-cv-03396-YGR

1   On April 12, 2019, the Court conducted a pretrial conference and heard argument on
2   Plaintiff's motions *in limine*. Having considered the parties' submissions and arguments, the Court
3   ORDERS as follows:
4   Plaintiff's Motion *in Limine* No. 1 to preclude Defendant from introducing any evidence
5   that has already been stricken by this Court and from introducing any testimony based on such
6   stricken evidence is GRANTED. In the Court's Order Re: Cross Motions for Summary Judgment;
7   Denying Motion to Stay, the Court struck several of Defendant's proffered exhibits pursuant to
8   Fed. R. Civ. P. 37(c)(1). ECF Doc. No. 167, at 12 n. 9. Defendant may not use precisely the same
9   stricken exhibits, and testimony relying on these exhibits, at trial.
10  Plaintiff's Motion *in Limine* No. 2 to preclude Defendant from introducing Trial Exhibits
11  504 and 505 because they contain hearsay and because Defendant apparently intends to introduce
12  misleading evidence, and to otherwise exclude parts of Trial Exhibit 504 for being belatedly
13  produced and to preclude Defendant from presenting trial testimony from its fact witnesses
14  regarding the content of Trial Exhibits 504 and 505 for the same reasons is GRANTED. Plaintiff
15  would suffer the same prejudice from allowing Trial Exhibit 504 to come in at this stage as Trial
16  Exhibit 508, as Plaintiff did not have the chance to depose Defendant's Rule 30(b)(6) witness as to
17  the contents thereof.
18  Plaintiff's Motion *in Limine* No. 3 to preclude Defendant from introducing needlessly
19  cumulative trial testimony and wasting the jury's time is GRANTED. There is no reason to have
20  multiple witnesses testify to literally the exact same information. Accordingly, Defendant is
21  permitted no more than one or two witnesses to cover their anticipated areas of testimony. *See U.S.*
22  *v. Elksnis*, 528 F.2d 236, 239 (9th Cir. 1975) ("The district court has considerable discretion even
23  with admittedly relevant evidence in rejecting that which is cumulative.").
24  Plaintiff's Motion *in Limine* No. 4 to preclude Defendant from introducing evidence
25  regarding the claims of Plaintiffs McMillion and Jessica Adekoya is GRANTED. On January 10,
26  2019, Plaintiff McMillion, Plaintiff Adekoya, and Defendant settled all the claims at issue in this
27
28

case with respect to McMillion and Adekoya.  Therefore, all evidence related to Plaintiffs McMillion and Adekoya is excluded pursuant to Fed. R. Evid. 401 for lack of relevance.

Plaintiff's Motion *in Limine* No. 5 to preclude Defendant from introducing hearsay evidence with respect to Trial Exhibits 501, 502, 514, 515, 580, and 581 is GRANTED.  Defendant cannot introduce deposition evidence where Plaintiff did not have an opportunity to attend the deposition, and Defendant has not shown that the witness is unavailable.  Further, Defendant cannot introduce the December 11, 2017 Declaration of Bob Keith because the declaration is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement," and is, accordingly, hearsay.  *See* Fed. R. Evid. 801.  Trial Exhibits 501, 502, 514, and 515 are also hearsay and not admissible for any other reason.

Plaintiff's Motion *in Limine* No. 6 to preclude Defendant from introducing evidence regarding a purported "good faith defense" to make autodialed calls to Plaintiff and class members is GRANTED.  The Court has already rejected Defendant's "good faith defense" theory, and held as a matter of law that Defendant did not have consent to call Plaintiff.  *See, e.g.,* Order Re: Cross Motions for Summary Judgment; Denying Motion for Stay, ECF Doc. No. 167, at 11-12 (holding that Defendant lacked consent as a matter of law to call Plaintiff Perez).  The Court does not find any reason to depart from those rulings now.

Plaintiff's Motion *in Limine* No. 7 to preclude Defendant from presenting any deposition excerpts at trial due to its failure to make timely designations is GRANTED.  Pursuant to the Court's standing order, the exhibit list "must identify the specific portions of the [deposition] recording the party intends to offer in its case in chief by reference to transcript pages."  Standing Order Re: Pretrial Instructions in Civil Cases at 9.  In its exhibit list, Defendant designated excerpts from the depositions of Nick Keith (Trial Ex. 516), Daniel Correa (Trial Ex. 517), Chris Paff (Trial Ex. 518), Robert Keith (Trial Ex. 519), Ignacio Perez (Trial Ex. 520), Steven Kizer (Trial Exs. 521 and 580), Anya Verkhovskaya (Trial Ex. 554), Colin Weir (Trial Ex. 561), and Randall Snyder (Trial Ex. 568).  Defendant, however, has failed to identify the "specific portions" of the deposition

transcripts they intend to present to the jury and has thus prejudiced Plaintiff and violated this Court's order.

Plaintiff's Motion *in Limine* No. 8 to preclude Defendant and its counsel from making any statements or arguments to the jury regarding Defendant's ability to pay any judgment in this case or the impact a significant verdict could have on Defendant's business is GRANTED. Any such statements are irrelevant, lack probative value and would be unfairly prejudicial to Plaintiff.

Plaintiff's Motion *in Limine* No. 9 to preclude Defendant from introducing evidence that it never called skip-traced telephone numbers in phone fields 5-10 that were not separately contained in phone fields 1-4 is GRANTED. It would be highly prejudicial to allow testimony that would mislead the jury concerning the substance of the call log and account data based on Defendant's witnesses' "memory," when Plaintiff's experts' opinions and analysis of the substance of the call log and account data is unrebutted. Defendant is not allowed at trial to argue that there is a "loss of memory" or a "lack of knowledge" when there is unrebutted evidence to the contrary.

For the foregoing reasons. Each of Plaintiff's Motions *in Limine* are GRANTED.

IT IS SO ORDERED.


Dated: _____

                                    YVONNE GONZALEZ ROGERS
                                    UNITED STATES DISTRICT COURT JUDGE