**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Yeremey O. Krivoshey (State Bar No. 295032)
Blair E. Reed (State Bar No. 316791)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
ykrivoshey@bursor.com
breed@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA MCMILLION, JESSICA ADEKOYA, and IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>Defendant. | Case No. 4:16-cv-03396-YGR<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Courtroom: 1, 4th Floor<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Northern District of California Civil Rule Local Rules 7-11 and 79-5, and the protective order issued in the case (Dkt. No. 29), Plaintiff Ignacio Perez ("Plaintiff") hereby moves the Court for an order allowing him to file under seal the following information (collectively, the "Confidential Information"):

- Defendant's Trial Exhibit 504 (RCA 272-278) to the Supplemental Declaration of Yeremey Krivoshey In Support of Plaintiff's Motions *in Limine*.

This administrative motion is based on the following Memorandum of Points and Authorities, the Declaration of Yeremey Krivoshey in Support of Plaintiff's Administrative Motion to File Under Seal, the Protective Order entered in this action, and all pleadings and papers on file in this action.

Dated: February 19, 2019      **BURSOR & FISHER, P.A**.

By:  */s/ Yeremey Krivoshey*
         Yeremey Krivoshey

L. Timothy Fisher (State Bar No. 191626)
Yeremey Krivoshey (State Bar No. 295032)
Blair E. Reed (State Bar No. 316791)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
E-Mail:  ltfisher@bursor.com
             ykrivoshey@bursor.com
             breed@bursor.com

*Attorneys for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

The Confidential Information is covered by the parties' 2/24/17 Protective Order (Dkt. No. 29). Northern District Civil Local Rule 79-5(d) provides that counsel seeking to file portions of documents under seal may file a motion under Local Rule 7-11 and may lodge with the Court documents for which redacting is requested. Civil Local Rule 79-5(b) provides that the Court may order documents sealed if they are "privileged, protectable as trade secret or otherwise entitled to protection under the law . . . ." Plaintiff has lodged the Confidential Information in the manner provided for in Local Rule 79-5(c). There is good cause to permit the Confidential Information to be redacted from the public versions of the documents.

This Court has the power to seal records to protect confidential and proprietary business and personal information. Both federal and California law recognize that courts should employ reasonable means to protect trade secrets or other confidential and medical information, and that allowing the redaction of such information from publicly filed documents is one of those means. *See* Civil Local Rule 79-5; Fed. R. Civ. P. 26(c)(1)(G) (a court may enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed"); Cal. Civ. Code § 3426.5 ("[A] court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include granting protective orders in connection with discovery proceedings, holding in-camera hearings, sealing the records of an action, and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval.").

Though courts recognize a general right to inspect and copy public records and documents, including judicial records, the Supreme Court has stated that this right is limited:

> It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.

*Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).

In discussing examples of improper purposes, the Court observed that courts are not to serve as "sources of business information that might harm a litigant's competitive standing." *Id.* As the Ninth Circuit has put it:

> The law . . . gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information. Rule 26(c) authorizes the district court to issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden." The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."

*Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (internal citations omitted). As shown below, good cause exists to seal the parties' Confidential Information.

The Confidential Information is subject to the 2/24/17 Protective Order (Dkt. No. 29). The Confidential Information is a medical record of a third party. The Confidential Information contains personal identifying information, such as name, address, medical and financial information, social security numbers, status of debt, etc., regarding a person who is not a party to this litigation. On October 17, 2017, Magistrate Judge Corley ordered the parties to produce medical records of third parties subject to the Protective Order and that those records be maintained as confidential. *See* Krivoshey Decl., ¶¶ 2, 3, Ex. 1.

Public disclosure of the Confidential Information could harm the undisclosed person's protected privacy interests and could be used by third parties for purposes of identity theft and fraud. Any interest in the public disclosure of the Confidential Information is outweighed by such person's and Defendant's confidentiality interests. Krivoshey Decl., ¶ 4.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court grant this Administrative Motion.

Dated: February 19, 2019               Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Yeremey Krivoshey*
         Yeremey Krivoshey

L. Timothy Fisher (State Bar No. 191626)
Yeremey Krivoshey (State Bar No.295032)

| | |
|---|---|
| 1 | Blair E. Reed (State Bar No. 316791) |
| 2 | 1990 North California Blvd., Suite 940 |
|   | Walnut Creek, CA  94596 |
| 3 | Telephone: (925) 300-4455 |
|   | Email:  ltfisher@bursor.com |
| 4 | ykrivoshey@bursor.com |
|   | breed@bursor.com |
| 5 | |
|   | *Attorneys for Plaintiff* |