**BURSOR & FISHER, P.A.**
L. Timothy Fisher (SBN 191626)
Yeremey O. Krivoshey (SBN 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (SBN 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA MCMILLION, JESSICA ADEKOYA, and IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>Defendant. | Case No. 4:16-cv-03396-YGR<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT RASH CURTIS & ASSOCIATES' MOTION *IN LIMINE* NO. 1**<br><br>Date: April 12, 2019<br>Time: 9:00 a.m.<br>Courtroom: 1<br><br>Judge: Yvonne Gonzalez Rogers |

# THE COURT SHOULD NOT VACATE ITS RULE 37 SANCTIONS ORDER STRIKING THE EXHIBITS AT ISSUE

On February 2, 2018, the Court struck two exhibits pursuant to Fed. R. Civ. P. 37(c)(1) that Defendant now wishes to use at trial. Order Re: Motions for Summary Judgment, Dkt. No. 168, at 12 n. 9 (striking Exhibits 18 and 19). Although Defendant moved for reconsideration of the summary judgment order that struck these documents, Defendant never moved for reconsideration of the Court's Rule 37 sanctions order striking these same documents. *See* Order Denying Motion for Reconsideration, Dkt. No. 199. No new arguments, facts, or evidence have been presented to the Court for why these documents should not have been stricken in the first place. Defendant also offers no explanation why it waited nearly a year to try to "vacate" the Court's summary judgment ruling, and does not attempt to meet the diligence requirement for motions for reconsideration pursuant to Local Rule 7-9(b). Indeed, Defendant did not even seek leave of Court as required by Local Rule 7-9(a) prior to shoehorning its motion for reconsideration into a motion *in limine*. Instead, Defendant has repeatedly cited to the stricken documents in its *Daubert* briefing in violation of the Court's Rule 37 order, and wishes to use the stricken documents at trial.

In the Court's Order Granting Plaintiffs' Motion for Class Certification, the Court warned Defendant against sandbagging and delay tactics. *See* ECF Doc. No. 81, at 9 n. 9 ("While the Court does not condone defendant's blatant delaying and sandbagging tactics, for the purposes of judicial efficiency, the Court will consider the additional evidence at this time. Defendant is warned, however, that the use of such tactics in the future may result in evidentiary or monetary sanctions."). Defendant did not heed the Court's warning.

Defendant purports that the two documents at issue are an "ECA Advance Trace" report from the account for which Plaintiff Perez received calls and an "Edit Tracking" report from the same account. *See* Def's Br. at 1. Plaintiff repeatedly asked for Defendant to produce these documents since the very beginning of discovery, and even filed motions to compel regarding these documents, only for Defendant to falsely state that they did not exist until discovery was over. For instance, in ruling on Plaintiff's first motion to compel, on April 21, 2017, Judge Corley noted that Plaintiff sought "records related to skip traces Defendant performed to locate Plaintiffs" and

"records from other software systems" other than DAKCS (referring to Defendant's Beyond software). *See* Order Re Discovery Dispute, Dkt. No. 43, at 1-2.

On May 1, 2017, Plaintiff emailed a letter memorializing the parties' in-person meet and confer that occurred on that same date. 1/8/18 Fisher Declaration, Dkt. No. 151-1, Ex. 37. During the meet and confer, Defendant "agreed to review whether any ECA or Accurint files exist concerning any named Plaintiff." *Id*., at 1. Defendant also agreed to "discuss with its client whether a production from the Beyond software can be made with regards to any of the named Plaintiffs." *Id*. "Should Defendant discover any of the above documents, it will produce them on or by May 8, 2017." In a May 8, 2017 letter, Defendant responded that "No ECA reports were generated for Ms. McMillion or Mr. Perez." *Id*., Ex. 38, at 1. Defendant also stated that "there is simply no way to generate any additional, responsive documents using the 'Beyond' software besides the collection notes which have already been produced." *Id*., at 2. "If my client was to generate the collection notes from the 'Beyond' software platform, it would include all of the same information but may not include some of the older collection notes that are otherwise included when generated using the DOS-based platform." *Id*. "Consequently, you already have everything which my client can produce in this regard." *Id*. Notably, the documents that Defendant now wishes to use at trial are the very ECA Trace Report and information from Beyond that Defendant claimed did not exist.

Plaintiff moved to strike these exhibits in Plaintiffs' Opposition to Defendant's Motion for Summary Judgment or Partial Summary Judgment, ECF Doc. No. 151, at 10-12 and Plaintiffs' Reply In Support of Plaintiffs' Motion for Partial Summary Judgment, ECF Doc. No. 158, at 14-15. Plaintiff moved to strike these exhibits because Defendant claimed in multiple meet and confer discussions that they did not exist at all and then sandbagged Plaintiff with these exhibits two days before the October 25, 2017 discovery cut-off, and *three days after* Plaintiff deposed Defendant's Rule 30(b)(6) witness. *See id*. Further, even though Defendant now claims these exhibits "prove" that Defendant did not obtain Plaintiff Perez's phone number through skip tracing, Defendant did not submit or disclose these exhibits in support of its 7/3/2017 Opposition to Plaintiff's motion for

class certification, ECF Dkt. 50, Defendant's 8/23/2017 *ex parte* motion for leave to file a surreply in support of its opposition to Plaintiff's motion for class certification, ECF Dkt. 68, or its 8/24/2017 surreply, ECF Dkt. 71. At each juncture, Defendant argued that Defendant purportedly did not obtain Plaintiff's number through skip-tracing, and each time Defendant failed to produce or disclose these documents. *See id*. *See also* Order Granting Plaintiffs' Motion for Class Certification, ECF Dkt. 81, at 11 ("If defendant truly had definitive evidence as of May 7, 2015 that it did not use skip tracing to obtain Perez's phone number, it defies all logics that defendant would only raise this evidence now, almost two months after filing its opposition."). The Court granted class certification on September 6, 2017, *and still Defendant did not produce or disclose the documents* – that is, not until after the Rule 30(b)(6) deposition and two days before fact discovery closed on October 25, 2017.

At summary judgment, the Court agreed with Plaintiff that Defendant's sandbagging tactics were not justified and prejudicial and struck the exhibits due to Defendant's blatant discovery abuse:

> Plaintiffs move to strike Exhibits 18 and 19 to the declaration of Bob Keith which was filed on January 8, 2018. (Dkt. No 140, Declaration of Bob Keith ("Bob Keith Decl."), Exs. 18 and 19.) According to Keith, Exhibit 18 "is a screenshot of an 'ECA Advanced Trace Report'" and "does not show a phone number ending in 5193" which is the number associated with plaintiff Perez (*Id*. ¶ 12.) Exhibit 19 is a screenshot of a defendant's "'Edit Tracking Report' for Daniel Reynoso's account." (*Id*. ¶ 13.) Defendant argues that these reports show that Perez's number was not skip-traced and therefore Perez cannot meet the class definition.
>
> Plaintiffs aver that these exhibits should be stricken pursuant to Fed. R. Civ. Pro. 37(c)(1) because defendant failed to "provide [this] information as required by Rule 26(a)." Specifically, plaintiffs proffer evidence that defendant represented on May 8, 2017, that no "ECA reports were generated for . . . Perez." (Dkt. No. 151, Ex. 38.) Counsel further represented on May 8, 2017, that plaintiffs "already have everything which my client can produce in this regard." (*Id*.)
>
> Defendant counters that these reports were generated for Reynoso, not for Perez. Rash Curtis does not persuade. The Court finds defendant's representation that plaintiffs "already [had] everything that [Rash Curtis] can produce" in regard to ECA Advanced Trace and Edit Tracking Reports relevant to Perez's claims inconsistent with defendant's current position that Exhibits 18 and 19 "conclusively establish that Mr. Perez's 5194 number was not skip-traced." Accordingly, the Court **STRIKES** Exhibits 18 and 19 to the declaration of Bob Keith.

> Plaintiffs also move to strike Exhibit 14 which [is] an ECA Advanced Tra[c]e Report for plaintiff Adekoya pursuant to (i) Federal Rule of Evidence 1002, (ii) the best evidence rule, and (iii) defendant's production of these exhibits three days after plaintiffs deposed defendant's 30(b)(6) witness. The Court previously warned defendant that "delaying and sandbagging tactics" would not be tolerated and would result in monetary and/or evidentiary sanctions. (Order Granting Plaintiffs' Motion for Class Certification at 9 n.9.) Accordingly, Exhibit 14 is hereby **STRICKEN**.

Dkt. No. 167, at 12 n. 9.

Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." The Court has already held that Defendant violated Rule 37(c)(1) and that Defendant's conduct was not "substantially justified or [was] harmless." *See id*. Accordingly, Defendant is not allowed to use this information "at trial." Rule 37(c)(1).

Further, "Local Rule 7-9(b) requires that a party seeking leave to file a motion for reconsideration show reasonable diligence in making the motion and one of the following: (1) [t]hat at the time of the motion for leave, a material difference in fact or law exists from that which was present to the Court before entry of the interlocutory order … (2) [t]he emergence of new material facts or a change in law …; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." *Dydzak v. Schwab*, 2017 WL 6001748, at *1 (N.D. Cal. Jan 11. 2017). "Pursuant to Local Rule 7-9(c), no motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." *Id*. (quotations omitted). "Reconsideration of a prior ruling is an extraordinary remedy, to be used sparingly." *Id*. (quotations omitted).

After waiting nearly a year after these exhibits were stricken, Defendant has not even attempted to show diligence in seeking that the Court's prior order be vacated. Defendant has not presented any new facts or a change in law. Instead, Defendant rehashes all of its old arguments that the Court found unpersuasive in the first instance. Defendant's motion should be denied.

| | | |
|---|---|---|
| 1 | Dated: March 4, 2019 | Respectfully submitted, |
| 2 | | |
| 3 | | **BURSOR & FISHER, P.A.** |
| 4 | | By: ___/s/ Yeremey Krivoshey___<br>Yeremey Krivoshey |
| 5 | | |
| 6 | | L. Timothy Fisher (State Bar No. 191626)<br>Yeremey Krivoshey (State Bar No.295032) |
| 7 | | 1990 North California Blvd., Suite 940<br>Walnut Creek, CA 94596 |
| 8 | | Telephone: (925) 300-4455<br>Email: ltfisher@bursor.com |
| 9 | | ykrivoshey@bursor.com |
|10 | | **BURSOR & FISHER, P.A.**<br>Scott A. Bursor (State Bar No. 276006) |
|11 | | 888 Seventh Avenue<br>New York, NY 10019 |
|12 | | Telephone: (212) 989-9113<br>Facsimile: (212) 989-9163 |
|13 | | E-Mail: scott@bursor.com |
|14 | | *Attorneys for Plaintiff* |