Mark E. Ellis - 127159
Anthony P. J. Valenti – 284542
Lawrence K. Iglesias – 303700
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA 95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
avalenti@ellislawgrp.com
liglesias@ellislawgrp.com

Attorneys for Defendant RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA McMILLION, JESSICA ADEKOYA, AND IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>Defendant. | Case No.: 4:16-cv-03396-YGR JSC<br><br>**DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 1**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Trial Date: May 6, 2019 |

## OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 1

### I. INTRODUCTION

The only grounds upon which Plaintiff brings his Motion *in Limine* No. 1 is that the screenshots of Rash Curtis' "ECA Advance Trace" reports for Mr. Reynoso (Declaration of Mark E. Ellis ("Ellis Decl."), ¶ 2; **Exhibit 1**; RCA 279) and Ms. Adekoya (Ellis Decl., ¶ 3; **Exhibit 2**, RCA 266), and Rash Curtis' "Edit Tracking" report for Mr. Reynoso (Ellis Decl., ¶ 4; **Exhibit 3**, RCA 280), were stricken ***at the summary judgment*** stage. According to Plaintiff's motion *in limine*, these three exhibits were stricken pursuant to Fed. R. Civ. P. 37(c)(1). The Court struck these exhibits, but the legal basis for doing this was never explained. For these reasons given below, these exhibits should be permitted at trial: due process, and fundamental fairness, require it. To hold otherwise will permit Plaintiff to argue that the 5193 number was obtained by Rash Curtis through skip tracing, which is flat untrue; exclusion of these exhibits will have the effect of permitting Plaintiff to mislead the jury as to the true state of the facts.

Rash Curtis opposes Plaintiff's motion on the grounds that this evidence is extremely probative and highly relevant to rebut Plaintiff's erroneous assertions that the 5193 phone number was: (1) obtained by Rash Curtis through skip tracing; and (2) was stored in phone fields 5-10.

The information in these screenshots (which were taken directly from Rash Curtis' collection software, Beyond ARM) was known to Plaintiff by April of 2017, when Plaintiff took the deposition of Steve Kizer, a former supervisor at Rash Curtis. (Ellis Decl., ¶ 5; **Exhibit 4**, transcripts from the 4/13/17 deposition of Steve Kizer.) Mr. Kizer testified, among other things, that: (1) the 5193 phone number was stored in the "home" field in Rash Curtis' system (**Exh 4.**, at p. 121:8-18); (2) the "home" field is phone field 1 (*Id.*, at p. 68:7-8); (3) phone fields 1 through 4 are reserved for phone numbers which are <u>not</u> obtained through skip-tracing (*Id.*, at pp. 63:4-8, 70:6-15); (4) whether a phone number was obtained through skip tracing cannot be determined merely by whether the DAKCS collection notes show that an "ECA Advance Trace" report was requested (*Id.*, at pp. 120:17-121:6); and (5) the information stored in "Beyond" (i.e., the collection notes) for a specific account would need to be reviewed in order to determine if the number was obtained through skip-tracing. (*Id.*)

Plaintiff's counsel knew Mr. Perez's number was stored in phone field 1 (and, consequently, that it was not obtained through skip-tracing) by April of 2017. Given this knowledge, there is no basis to preclude Rash Curtis from using these exhibits <u>at trial</u>. Furthermore, when the Court struck these screenshots on summary judgment, the Court did <u>not</u> strike the related testimony from Rash Curtis[1] as to which phone field the 5193 phone number was stored in connection with Mr. Reynoso's account. Plaintiff's utter failure to *ever* ask that question during discovery (even though he knew it was stored in phone field 1 since April of 2017) should not be rewarded with what amounts to an evidentiary sanction against Rash Curtis, which amounts to an unjustified windfall.

## II.  LEGAL STANDARD

Relevant evidence is admissible unless prohibited by the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 401. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action. Fed. R. Evid. 402.

Rule 37(c)(1) states in part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless.*" Fed. R. Civ. P. 37(c)(1) (emphasis added).

A party need only initially disclose information reasonably available and known to it. Fed. R. Civ. P. 26(a)(1)(E). Rule 26(e), governing the duty to supplement its production when it learns that a response is incomplete, only requires supplementation "*if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing*." Fed. R. Civ. P. 26(e)(1)(A).

Before relevant evidence may be struck as a discovery sanction, the District Court must "determine …whether the [party's] failure to [supplement its response] was a knowing concealment." *Bunch v. U.S.*, 680 F.2d 1271, 1280 (9th Cir. 1982). "Sanctions can be imposed for a failure to supplement a discovery request under Rule 26, but only through the court's inherent power.

---

[1] *See, e.g.*, Ellis Decl., ¶ 6; **Exhibit 5**; 12/11/17 Declaration of Bob Keith in Support of Defendant's Motion for Summary Judgment, ECF Doc. No. 140-1, ¶¶ 9-13, 23-26, and *passim*.

[Citations.] The Ninth Circuit 'has insisted upon a finding of bad faith before [evidentiary] sanctions may be imposed under the court's inherent power." *Stone v. River*, 960 F.2d 152 (9th Cir. 1992); *Campbell Indus. v. M/W Gemini*, 619 F.2d 24, 27 (9th Cir. 1980); *Zambrano v. City of Tustin*, 885 F.2d 1473, 1478 (9th Cir. 1989)). Such sanctions also require notice and an opportunity to be heard in opposition.

A motion in limine is not "a substitute for motions to compel discovery or for discovery sanctions…". *Mixed Chicks LLC v. Sally Beauty Supply LLC*, 879 F.Supp.2d 1093, 1095 (C.D. Cal. 2012). Other courts have denied motions *in limine* for the same reasons. *See, e.g., Forbes v. County of Orange*, 2013 WL 12165672, at *4 (C.D. Cal. Aug. 4, 2013) ("Since Plaintiff had an opportunity to pursue additional discovery and he offers no evidence to support his argument that Defendant improperly 'hid' documents, the Court will not 'punish' Defendant by [excluding] otherwise [admissible] evidence.")

## III. DISCUSSION

Rash Curtis must be permitted to use these screenshots at trial. The screenshots related to Mr. Reynoso's account are highly relevant, as they prove that Rash Curtis did <u>not</u> obtain his 5193 number from skip tracing - a key issue in dispute, and a key issue as to Mr. Perez's status as an adequate class representative. *See* Fed. R. Evid. 401 and 402. (**Exhs. 1 and 3.**) Moreover, the screenshot related to Ms. Adekoya's account is relevant to show a comparison of what an ECA Advance Trace report which *does* contain phone numbers looks like (since the ECA report for Mr. Reynoso does not contain any phone numbers whatsoever). *Id.* (**Exh. 2**; *cf.* **Exh. 1.**)

Plaintiff's trial plan for establishing class liability depends upon, in part, the claim that class members' phone numbers were stored in Rash Curtis' phone fields 5 through 10. Plaintiff has known that Rash uses 10 phone fields to store various phone numbers related to debtor accounts since April of 2017 when Mr. Kizer's deposition was taken. Throughout discovery Plaintiff made <u>*no attempt*</u> to discover from Rash Curtis which phone field the 5193 phone number was stored in connection with third-party Mr. Reynoso's account (likely because Mr. Kizer testified it was <u>not</u> stored in phone fields 5-10). (**Exh 4.**, at pp. 68:7-8, 121:8-18.)

Nonetheless, Plaintiff had gained access to this knowledge in April of 2017, when he took the deposition of Mr. Kizer. As explained above, Kizer corroborated the critical information contained in these exhibits, including the fact that the 5193 phone number was stored in phone field 1 in Rash Curtis' collection software, Beyond ARM. (**Exh. 4.**, at pp. 68:7-8, 121:8-18.)

Because Plaintiff gained this information by no later than April 2017, during Mr. Kizer's deposition, Rash Curtis owed no duty to supplement. Fed. R. Civ. P. 26(e)(1)(A). However, Rash Curtis *did* supplement its document production to include these screenshots on October 22, 2017, *before* the original close of fact discovery and a mere 10 days after the evidence was discovered by Rash Curtis (Ellis Decl., ¶¶ 2-4). Rash Curtis should not be prevented, in the form of an evidentiary sanction, from introducing them on the basis that Rash Curtis somehow disobeyed an order of this Court when it manifesting did not. Fed. R. Civ. P. 26(e)(1)(B); Fed. R. Civ. P. 37. It did not. Furthermore, Plaintiff has not produced even a scintilla of evidence that his phone number was obtained by Rash Curtis through skip-tracing.

Contrary to Plaintiffs' arguments, these screenshots were not responsive to Plaintiffs' Request for Production No. 1, regarding "ALL DOCUMENTS and COMMUNICATIONS CONCERNING PLAINTIFFS"; rather, they concern a third-party – namely, Daniel Reynoso, whose records class counsel himself conceded he did not believe to be relevant. (*See* ECF Doc. No. 261-1, 8/31/17 email, in which class counsel states that Mr. Reynoso and his records "have nothing to do with this case.") Once these documents were discovered, they were printed out, and disclosed in October of 2017, a fact which can be ascertained from an inspection of the screenshot of the ECA Advance Trace Report itself, which shows the date and time the screenshot was taken in the Microsoft Windows Start bar in the bottom right hand corner: 12:24 PM on October 12, 2017. Less than two weeks later, Rash Curtis provided these documents to Plaintiff - *before the close of discovery*. Fed. R. Civ. P. 26(e)(1)(A).

Lastly, there are no facts indicating concealment or bad faith on behalf of Rash Curtis. *Bunch, supra,* 680 F.2d at 1280; *Stone, supra,* 960 F.2d at 152; *Campbell, supra,* 619 F.2d at 27; *Zambrano, supra,* 885 F.2d at 1478. Rash Curtis has *always* taken the position that it obtained the 5193 number from its creditor-client, and *not* by skip tracing.

Dated: March 4, 2019

ELLIS LAW GROUP LLP

By _____
Mark E. Ellis
Attorneys for Defendant
RASH CURTIS & ASSOCIATES