Mark E. Ellis - 127159
Anthony P. J. Valenti – 284542
Lawrence K. Iglesias – 303700
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA 95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
avalenti@ellislawgrp.com
liglesias@ellislawgrp.com

Attorneys for Defendant RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA McMILLION, JESSICA ADEKOYA, AND IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>Defendant. | Case No.: 4:16-cv-03396-YGR JSC<br><br>**DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 2**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Trial Date: May 6, 2019 |

## OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 2

These exhibits (Rash Curtis' trial exhibits 504 and 505) are Sutter General Hospital's admission/registration records showing that third-party Daniel Reynoso gave the 5193 cell phone number to Sutter with prior express consent to call him. Mr. Reynoso is the debtor with whom the 5193 phone number was associated within Rash Curtis' collection software and which was listed as such in Rash Curtis' "Beyond" collection software (Exh. 504). An internal email thread from Rash Curtis shows that Sutter itself had attempted to call the 5193 number to reach Mr. Reynoso before the debt was assigned to Rash Curtis for collection (Exh. 505). (Declaration of Mark E. Ellis, ¶¶ 7-8; **Exhibit 6**, Sutter General Hospital's admission/registration records for Daniel Reynoso; **Exhibit 7**, an internal email thread from Rash Curtis attaching Sutter General's client notes and the attached notes showing Sutter's attempts to reach Mr. Reynoso at the 5193 number.)

These exhibits are <u>not</u> being offered for hearsay purposes, *i.e.* for the truth of the matter, the 5193 number actually belonged to Daniel Reynoso, or even that Sutter attempted to call Mr. Reynoso at that number before referring the debt to Rash Curtis.

Instead, these exhibits are being offered to establish that the 5193 number was <u>not</u> obtained by Rash Curtis through skip-tracing. In other words, Sutter's admission/registration records evidence that Sutter itself had the 5193 number, independent of whether it actually belonged to Mr. Reynoso and it passed the number onto Rash Curtis. Likewise, the notes indicating Sutter had tried to call Mr. Reynoso at the 5193 number sufficiently evidences the fact that Sutter had the number and believed it was associated with Mr. Reynoso, independent of whether Sutter ever actually called or not.

"Verbal acts" are not hearsay. *See* Fed. R. Evid. 801, advisory committee notes, Note to Subdivision (c) (1972) ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay"). Simply put, these exhibits are being offered to prove the 5193 number was in Sutter's possession (and, thus, passed on to Rash Curtis as Sutter's agent), and that the number was <u>not</u> obtained by Rash Curtis through skip tracing. *Id.*; *see also Drew v. Equifax Information Services, LLC*, 690 F.3d 1100, 1108 (9th Cir. 2012) (the rule against hearsay does not apply to reports offered "only to show that the

'statement…was made' rather than for its truth"); *United States v. Dorsey* 418 F.3d 1038, 1044 (9th Cir. 2005). Accordingly, these exhibits are relevant to show that the 5193 number was not skip-traced, a prima-facie element of class membership. Fed. R. Evid. 401; ECF Doc. No. 81, 9/6/17 Order granting class certification.

This is not a situation where the documents are being offered to prove that the 5193 *actually* belonged to Mr. Reynoso at the time of Rash Curtis' calls. Statements that grant or withhold consent "carry legal significance independent of the assertive content of the words used" and therefore are non-hearsay verbal acts. *See, e.g., United States v. Moreno,* 233 F.3d 937, 940 (7th Cir. 2000); *Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1130 n. 4 (10th Cir. 2003) (an out of court statement is not hearsay when it is offered to show the existence of a fact rather than its truth). The documents are also relevant to consent, good faith, lack of notice, and whether treble damages are available for a willful violation. *See Chyba v. First Financial Asset Management, Inc.,* 2014 WL 1744136, at *11-12 (S.D. Cal. Apr. 30, 2014) *aff'd* 671 Fed.Appx 989 (9th Cir. 2016) (TCPA liability precluded where a debt collector had a good-faith belief that Plaintiff had consented to receive calls based on the information provided to it by its creditor-client); *Clark v. Capital Credit & Collection Services,* 460 F.3d 1162, 1174 (9th Cir. 2005) (debt collectors may reasonable rely on the information provided by their creditor-clients); *ACA International v. FCC*, 885 F.3d 687, 705-707 (D.C. Cir. 2018) (the FCC has considered "the caller's reasonableness in relying on consent").

Finally, with respect to the privilege issue as to Exhibit 505, Rash Curtis has redacted the irrelevant and privileged communications between itself and its attorneys. The Protective Order and Clawback agreement states, among other things, that:

> The inadvertent production of any document in this action shall be without prejudice to any claim that such material is protected by any legally cognizable evidentiary privilege or other protection including, but not limited to the attorney-client privilege … No party shall be held to have waived any rights by such inadvertent production.

(ECF Doc. No. 91, 9/15/17 Stipulated "Clawback" Agreement and Presumptively-Privileged Protocol Order, ¶ 1.)

2
DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO
PLAINTIFF'S MOTION *IN LIMINE* NO. 2

<u>The receiving party is prohibited and estopped from arguing that the production of the documents in this matter acts as a waiver of an applicable privilege or evidentiary protection</u>, that the disclosure of the documents was not inadvertent, that the producing party did not take reasonable steps to prevent the disclosure of the privileged documents <u>or that the producing party failed to take reasonable steps to rectify the error as set forth in Federal Rules of Civil Procedure 26(b)(5)(B)</u>.

(ECF Doc. No. 91, 9/15/17 Stipulated "Clawback" Agreement and Presumptively-Privileged Protocol Order, ¶ 6, emphasis added.)

Rash Curtis has not waived the attorney-client privilege, and the redactions to this exhibit are entirely proper.

Dated: March 4, 2019

ELLIS LAW GROUP LLP

By /s/ Mark E. Ellis
Mark E. Ellis
Attorneys for Defendant
RASH CURTIS & ASSOCIATES