Mark E. Ellis - 127159
Anthony P. J. Valenti – 284542
Lawrence K. Iglesias – 303700
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA 95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
avalenti@ellislawgrp.com
liglesias@ellislawgrp.com

Attorneys for Defendant RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA McMILLION, JESSICA ADEKOYA, AND IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>Defendant. | Case No.: 4:16-cv-03396-YGR JSC<br><br>**DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 3**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Trial Date: May 6, 2019 |

## OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 3

### I. INTRODUCTION

Plaintiff's Motion *in Limine* No. 3 argues that allowing Rash Curtis' witnesses to each give testimony in defense of Rash Curtis at trial would violate Federal Rule of Evidence 403. Plaintiff argues that because Rash Curtis' non-retained, hybrid percipient-expert witness disclosures under Rule 26(a)(2)(C) contain "largely identical" topics, all four of these witnesses will give identical, cumulative testimony. This is not timely and the Motion *in Limine* should be denied.

### II. ANALYSIS

Motions *in limine* should "rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial." *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010); *Sperberg v. The Goodyear Time and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

As a threshold matter, each of Rash Curtis' witnesses have different roles, duties, and job titles. Each has distinct, relevant testimony as to Rash Curtis' collection practices, telephone number storage, and dialing technology. Likewise, even where they may give percipient-expert testimony on *topics* which are "largely identical," each of Rash Curtis' witnesses perform different roles in the company. For the jury to have the best understanding of Rash Curtis' operations, it should hear testimony from Rash Curtis' Vice President of Legal Affairs (Bob Keith), Vice President of Operations (Chris Paff), IT Manager (Nick Keith), *and* Collection Manager (Dan Correa).

During their depositions, each of Rash Curtis' witnesses consistently provided testimony as to their own roles within the company and Rash Curtis' collection processes (ranging from receiving debtor demographic information in data file format from its creditor-clients, uploading the data into its systems, designing collection campaigns, various contact enrichment or "skip-tracing" procedures performed, manual dialing procedures, operation of its dialers, Rash Curtis' usage of DAKCS Beyond software, various collection activities (particularly calling debtors), and the management thereof, etc.).

1
DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO
PLAINTIFF'S MOTION *IN LIMINE* NO. 3

Rule 403 requires that the probative value of evidence must be *substantially* outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence before the Court may exclude it. Fed. R. Evid. 403.

While there may be some minor overlaps as to the testimony of each of these witnesses, that does not constitute "unreasonably cumulative" evidence within the meaning of Rule 26. "Evidence may be relevant even if it is redundant or cumulative". *Boyd v. City and County of San Francisco*, 576 F.3d 938, 943 (9th Cir. 2009). Furthermore, Plaintiff has not shown that the probative value of the testimony of Rash Curtis' four percipient-experts would be *substantially* outweighed (let alone outweighed at all) by any of the dangers cautioned by Rule 403.

Dated: March 4, 2019

ELLIS LAW GROUP LLP

By _____
Mark E. Ellis
Attorneys for Defendant
RASH CURTIS & ASSOCIATES