Mark E. Ellis - 127159
Anthony P. J. Valenti – 284542
Lawrence K. Iglesias – 303700
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA 95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
avalenti@ellislawgrp.com
liglesias@ellislawgrp.com

Attorneys for Defendant RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA McMILLION, JESSICA ADEKOYA, AND IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>Defendant. | Case No.: 4:16-cv-03396-YGR JSC<br><br>**DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 4**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Trial Date: May 6, 2019 |

OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 4

Plaintiff Perez moves to exclude evidence regarding the claims asserted by Plaintiffs McMillion and Adekoya on the basis that Ms. McMillion and Ms. Adekoya are not class representatives, and because the claims against Rash Curtis by Ms. Million and Ms. Adekoya have settled. But motions *in limine* should "rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial". *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010); *Sperberg v. The Goodyear Time and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

At trial, Rash Curtis seeks to introduce relevant evidence as to how its software systems are used. Demonstrative evidence is contained within, among other things, Rash Curtis' collection notes and ECA Advance Trace report for Jessica Adekoya, and its collection notes for Geraldine Caldwell (Rash Curtis' Exhibits 508, 509, and 510, respectively). (Declaration of Mark E. Ellis, ¶¶ 3, 9-10; **Exhibit 2**, "ECA Advance Trace" report for Jessica Adekoya; **Exhibit 8**, Rash Curtis' collection notes for Geraldine Caldwell; **Exhibit 9**, Rash Curtis' collection notes for Jessica Adekoya.).

These exhibits relating to Jessica Adekoya and Geraldine Caldwell have nothing per se to do with the claims of Ms. Adekoya or Ms. McMillion. Rather, these exhibits are relevant to assist the jury in interpreting Rash Curtis' collection notes, records, and especially, to explain how its policies and procedures work with respect to obtaining telephone numbers with consent. Fed. R. Evid. 401.

Exhibit 508, for example, shows what an ECA Advance Trace report looks like when it contains skip-traced information:

```
SSN                :[redacted]
Last Name:         :Adekoya
First Name:        :Jessica J
Address:           :[redacted]
City:              :Richmond
State and Zip      :CA 94804
```

Best Name and Address Information

```
Best Surname       :Adekoya
Best First Name    :Jessica
Best Address       :[redacted]
Best City          :Richmond
Best State         :CA
Best Zip Code      :94804-2955
```

1
DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO
PLAINTIFF'S MOTION *IN LIMINE* NO. 4

```
Date Addr 1st Rpt'd       :08/28/2012
Date Addr Last Updated    :11/25/2014

        File One Phone Information

File One Phone            :(510) [redacted]-4661
Phone Source              :Update Tapes
Phone Type                :Residence
Phone to File Date        :12/09/2011
Phone Date Last Updated   :12/09/2011

File One Phone            :(702) [redacted]-5270
Phone Source              :Update Tapes
Phone Type                :Residence
Phone to File Date        :07/10/2009
Phone Date Last Updated   :01/12/2010
```

(**Exh. 2**; Defendant's Trial Exhibit 508, excerpts from ECA Advance Trace report for J. Adekoya, bold-face added.)

The bold-faced information above was obtained by skip-tracing. This is highly relevant information when compared to the ECA Advance Trace report for Mr. Reynoso's account which shows that <u>no phone number</u> was obtained through ECA, and thus it's absence in the report:

```
SSN              :[redacted]
Last Name:       :Reynoso
First Name:      :Daniel
Address:         :Undomiciled *** RET MAIL ***
City:            :Sacramento
State and Zip    :CA 95812
```

[No phone information at all]

(Declaration of Mark E. Ellis, ¶ 2; **Exhibit 1,** Defendant's Trial Exhibit 506, excerpts from ECA Advance Trace report for Daniel Reynoso.)

Exhibits 509 and 510 both show no phone number listed in the header; these are relevant to rebut Mr. Snyder's foundationless opinion that the lack of a phone number in the header tends to indicate that the debtor's phone number was skip-traced. Instead, Mr. Kizer testified that when a debtor revokes consent to be dialed at his or the primary phone number, the number is removed by the collectors from the header:

> Q: So can you decipher what this line means?
>
> A: Collector 7 on March 16th, 2016, 9:14 in the morning, dialed 5496, outbound, no answer. They then dialed (510) 351-9400. They talked to

> the debtor, says we were – <u>she says we cannot call this phone number anymore. I removed the phone number from the header</u>.
>
> …

(Declaration of Mark E. Ellis, ¶ 5; **Exhibit 4**, Steve Kizer's April 13, 2017 Deposition, p. 140:2-8, emphasis added; *see* ECF Doc. No. 254-7, p. 43.)

*This is compared with* Randall Snyder's testimony, which he stated:

> Q: Let's go back to Mr. Perez's [Reynoso's] account notes that you have attached to your report. You've indicated to me that the fact that there is no number in those account notes would indicate to you that it was a skip?
>
> …
>
> A: Just the fact that there's no phone number in the very first action taken by Rash Curtis was no request a skip trace on that person. Again, that's corroborating evidence but I didn't use this methodology to determine putative class members.

(Ellis Decl., ¶ 12; **Exhibit 11,** Snyder's December 17, 2018 Deposition, p. 128:7-18; *see* ECF Doc. No. 254-5, p. 39.)

Likewise, Exhibit 509 shows that sometimes the prior express consent is given by a debtor for a third-party whose last name is different than the debtor. In this case, Ms. Adekoya gave her consent to be called regarding her mother, Geraldine Caldwell's debts, and Ms. Caldwell gave Rash Curtis authority to discuss her debts with her daughter, Ms. Adekoya. (*See* 2/2/18 Order re Cross Motions for Summary Judgment, ECF Doc. No. 167.) These facts undermine Ms. Verkhovskaya's "fuzzy match" process, which is demonstrably overinclusive and would have failed to eliminate Ms. Caldwell and/or Ms. Adekoya from Plaintiff's supposedly skip-traced "class list" under these circumstances:

> Of the 91,322 telephone numbers with names appended, 40,420 telephone numbers were identified as having a customary user, at the time of the calls, whose name(s) do(es) not "match" to the Source Data name (either as an exact match, a fuzzy match, or apparent marriage-name-change match) (the "No Match Numbers").

(Anya Verkhovskaya's November 12, 2018 Declaration, ¶ 26; *see* ECF Doc. No. 252-2, p. 8.)

Additionally, Exhibit 509 corroborates Mr. Kizer's testimony that information obtained through skip tracing should be reflected in the collection history notes:

> Q: How – is it recorded in any way when skip tracing is used by Rash Curtis?

3
**DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO
PLAINTIFF'S MOTION *IN LIMINE* NO. 4**

A: Yes

Q: How is that recorded?

A: It is – should be recorded in two ways: 1, the software itself should retain the data that John Does was ran, John Does's Social Security number was ran or the address or the address was run. <u>No. 2, the collector's required to transfer the information located from the skip tracing into the history notes on the account.</u>

(**Exh. 4**, Kizer's April 13, 2017 Deposition, pp. 84:21-85:5; *see* ECF Doc. No. 254-6, pp. 85-86.)

This relevant evidence tends to prove that Mr. Perez's (Mr. Reynoso's) cell number was not skip-traced during the collection process, a fact which will be used for the purposes of rebutting and impeaching Plaintiff's expert witnesses. Fed. R. Evid. 401.

In addition, Ms. McMillion and Ms. Adekoya both alleged that Rash Curtis did not possess prior express consent to call them – facts which have been proven to be false. (*See* Plaintiffs' Complaint, ECF Doc. No. 1, ¶¶ 23, 26, 27, 32; *cf.* Order re: Cross Motions for Summary Judgment, ECF Doc. No. 167, finding that Ms. McMillion and Ms. Adekoya had indeed provided prior express consent but which was later revoked.) Mr. Snyder testified that one of his starting points when evaluating a case is to accept as true the plaintiffs' allegations. (*See, e.g.*, 12/17/18 Deposition of Randall Snyder, p. 12:11-15, "Q: You said, though, that you take as kind of like I guess your starting points that the assumption that the complaint that's been filed in the case is accurate; correct? A: It's truthful and accurate, yes.")

Accordingly, evidence of Ms. McMillion and Ms. Adekoya's claims is also relevant to impeach Mr. Snyder's testimony and opinions on this separate basis.

Dated: March 4, 2019

ELLIS LAW GROUP LLP

By _____
Mark E. Ellis
Attorneys for Defendant
RASH CURTIS & ASSOCIATES