Mark E. Ellis - 127159
Anthony P. J. Valenti – 284542
Lawrence K. Iglesias – 303700
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA  95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
avalenti@ellislawgrp.com
liglesias@ellislawgrp.com

Attorneys for Defendant RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA McMILLION, JESSICA ADEKOYA, AND IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>　　　　Defendant. | Case No.: 4:16-cv-03396-YGR JSC<br><br>**DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 5**<br><br>Judge:  Hon. Yvonne Gonzalez Rogers<br><br>Trial Date: May 6, 2019 |

OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 5

Plaintiff seeks exclusion of Rash Curtis' Exhibit 580 and 586, excerpts from a June 20, 2017 deposition of Mr. Kizer where Mr. Kizer admitted under oath that he does not know what a TCPA violation consists of, among other things. (Declaration of Mark E. Ellis, ¶ 11; **Exhibit 10**, excerpts from the Deposition of Steve Kizer taken June 20, 2017.) But Rash Curtis intends to use this evidence for impeachment and rebuttal, not for Rash Curtis' case-in-chief.

Plaintiff also seeks exclusion of Rash Curtis' Exhibit 581, the December 11, 2017 declaration of Bob Keith. (Declaration of Mark E. Ellis, ¶ 6; **Exhibit 5**, Bob Keith's 12/11/17 Declaration.) Again, the exhibit is not being offered for Rash Curtis' case in chief. This declaration was an exhibit to Plaintiff's expert Randall Snyder's deposition, where Rash Curtis proposed hypothetical questions based off of statements made in Mr. Keith's December 11, 2017 declaration. Rash Curtis intends to use Exhibit 581 to impeach and rebut Mr. Snyder, based on Mr. Snyder's reactions to Mr. Keith's declaration.

These exhibits are offered for non-hearsay purposes (i.e., impeachment, rebuttal, and legal effect). Plaintiff's experts knew or should have known that skip tracing would need to be part of their analyses based upon the Court's orders. Mr. Snyder specifically denied that Bob Keith's declaration that the 5193 number was not skip-traced, *even if true*, would change his opinions (including his opinion that the number was in fact skip-traced). Mr. Keith's declaration is to be used to impeach Mr. Snyder, not to prove that any of the statements in the declaration are indeed true. Mr. Keith's declaration states in pertinent part:

> The absence of the phone number ending in 5193 on this [ECA Advance Trace] report means Rash Curtis did not obtain the phone number it called ending in 5193, by skip tracing.

(**Exh. 5**, Bob Keith's December 11, 2017 Declaration, ¶ 12, ECF Doc. No. 140-1; Exhibit 15 to the Deposition of Randall Snyder.)

When questioned about this statement during his deposition, Randall Snyder denied that it would change his opinion that the 5193 number was skip traced, *even if the statement was taken as true*:

> Q: It says, "The absence of a phone number ending in 5193 in this report means that Rash Curtis did not obtain the phone number it called 5193, by skip tracing." Do you see that?
>
> A: Yes.
>
> Q: If that's true, does that change any of your opinions here?
>
> …
>
> A: No.

(Declaration of Mark E. Ellis, ¶ 12; **Exhibit 11,** Randall Snyder's December 17, 2018 Deposition, pp. 139:7-140:5; *see* ECF Doc. No. 254-5, pp. 50-51.)

Defendant submits, as this Court is aware, striking the ECA Trace Reports from introduction at trial is not justified. But permitting Plaintiff to continue to argue that the Perez/Reynoso phone number (5193) was actually skip-traced, when it undisputedly was not, is allowing Plaintiff to knowingly mislead the jury.

Next, the deposition transcript of Mr. Kizer's June 20, 2017 deposition may also be used to rebut any claim that Rash Curtis indiscriminately violates the TCPA based upon Mr. Kizer's April 13, 2017 testimony; the later deposition shows that Mr. Kizer simply does not understand the law and did not have an accurate understanding of how prior express consent flows from a creditor-assignor to a debt collector-assignee:

> Q: In terms of following the law, did you understand that at all times while you worked [for Rash Curtis] that the provision of a cell phone number to a hospital or medical facility which then turned the account over to you for collection meant that you stood in the shoes of having consent to call that phone number?
>
> A: I would **not** agree with that personally from my point of view.
>
> Q: Okay.
>
> A: I am not an attorney.

(**Exh. 10,** Steve Kizer's June 20, 2017 Deposition, p. 97:12-23, Exhibit 14 to the Deposition of Randall Snyder.)

Plaintiff has previously used Mr. Kizer's April 13, 2017 deposition testimony to support his claim that Rash Curtis knowingly violated the TCPA and that Rash does not first obtain prior express consent (even though its creditor-clients assign the account with a phone number, which *is valid intermediary* consent under the FCC's TCPA Orders) because Rash Curtis does not always obtain "proof of debt" from its creditor clients. (*See* Plaintiff's September 13, 2017 motion for class certification, ECF Doc. No. 87, *passim*.)

Mr. Kizer's testimony will be used to impeach him if and when Plaintiff offers Mr. Kizer's testimony to prove that Rash Curtis knowingly or willingly violated the TCPA.

Mr. Kizer even admitted that that he does not know what the requirements for a violation of the TCPA are:

> Q: Do you know what the requirements are for a violation of the statute? [TCPA]
>
> A: I do not.

(Exh. 10, Kizer's June 20, 2017 Deposition, p. 89:1-3.)

Rash Curtis intends to rebut these claims by Mr. Snyder and Mr. Kizer by introducing Mr. Kizer's later sworn statements to show that he lacks understanding of the law, and that Mr. Kizer's testimony is inconsistent with Mr. Snyder's opinions.

Dated: March 4, 2019

ELLIS LAW GROUP LLP

By /s/ Mark E. Ellis
Mark E. Ellis
Attorneys for Defendant
RASH CURTIS & ASSOCIATES