Mark E. Ellis - 127159
Anthony P. J. Valenti – 284542
Lawrence K. Iglesias – 303700
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA  95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
avalenti@ellislawgrp.com
liglesias@ellislawgrp.com

Attorneys for Defendant RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA McMILLION, JESSICA ADEKOYA, AND IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>　　　Plaintiffs,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>　　　Defendant. | Case No.:  4:16-cv-03396-YGR JSC<br><br>**DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 6**<br><br>Judge:  Hon. Yvonne Gonzalez Rogers<br><br>Trial Date:  May 6, 2019 |

1

OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 6

2

Plaintiff seeks to exclude any testimony related to Rash Curtis' good faith belief that it had

3

prior express consent to dial the 5193 phone number up until the time that it was first notified that the

4

5193 number had been reassigned from debtor Daniel Reynoso to Plaintiff Ignacio Perez, in June of

5

2016 (when Rash Curtis immediately stopped placing calls to that phone number).

6

Motions *in limine* should "rarely seek to exclude broad categories of evidence, as the court is

7

almost always better situated to rule on evidentiary issues in their factual context during trial". *Colton*

8

*Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, 2010 WL 2035800, at *1 (C.D. Cal. May 19,

9

2010); *Sperberg v. The Goodyear Time and Rubber Co.,* 519 F.2d 708, 712 (6th Cir. 1975).

10

Rash Curtis submits that a good faith belief that prior express consent existed at the time of the

11

calls is an affirmative defense to a TCPA claim. *See, e.g., Chyba v. First Financial Asset Management,*

12

*Inc.,* 2014 WL 1744136, at *11 (S.D. Cal. Apr. 30, 2014) *aff'd* 671 Fed.App'x 989 (9th Cir. 2016)

13

(provision of a cell phone number from a creditor to a debt collector "gave Defendant a good-faith

14

basis to believe that it had prior express consent to contact Plaintiff at that number.") It is also relevant

15

to damages.

16

In *Chyba, supra,* the court found that the creditor had provided the plaintiff's cell phone

17

number to its debt collector-agent.  Under such circumstances, the court found, there was little else the

18

debt collector court do to ascertain whether it had consent to call the debtor - except to call the  debtor.

19

*Chyba, supra,* 2014 WL 1744136, at *11-12.  Here, Rash obtained a cell phone number (5193) from

20

its creditor-client, Sutter General Hospital, ostensibly affiliated with a debt owed to Sutter by Daniel

21

Reynoso. Rash Curtis reasonably relied upon this information from Sutter; it did not know that the cell

22

phone number in question belonged to Plaintiff Perez until June 7, 2016, the first time that Plaintiff

23

Perez answered his phone. On that date, Rash Curtis learned the number no longer belonged to

24

Reynoso and, upon receiving such notice, Rash Curtis immediately removed the cell number from Mr.

25

Reynoso's account, and never called Plaintiff Perez again. (*See, e.g.,* ECF Doc. No. 140-7, p. 93,

26

collection notes for Mr. Reynoso's account; Declaration of Mark E. Ellis, ¶ 5; **Exhitib 4,** 4/13/17

27

Deposition of Steve Kizer, p. 127:4-10, "5193 was dialed by Global Connect, and it was transferred to

28

Collector 23 on June 7th at 3:28. It was a residential number. ... They said, hey there's no such person here. They then removed, RMV, removed the number.")

The evidence, including the testimony from Rash Curtis' employees, as well as its business records, show that Rash Curtis reasonably and in good faith believed that it possessed prior express consent to call the phone number in question up until June 7, 2016. Testimony to support this defense is relevant both to liability and the measure of damages.

Plaintiff cites to *Olney v. Job.com, Inc.,* 2014 WL 1747674, at *8 (E.D. Cal. May 1, 2014) to support his position that good faith is not a defense until the TCPA. But *Olney* is inapposite; in that case, the question was whether by voluntarily providing a cell phone number to one entity to be contacted about "employment opportunities", prior express consent extended to an affiliated entity to contact the plaintiff about "educational opportunities". Even there, the court denied summary judgment to plaintiff, finding that a "genuine issues of material fact exist[ed] as to whether the scope of Plaintiff's prior express consent extended to [the affiliate's] calls regarding educational opportunities." *Olney v. Job.com,* 2014 WL 1747674, at *7 (E.D. Cal. May 1, 2014).

Furthermore, *Olney* was decided _before_ *Chyba* (which found that a debt collector as not liable under the TCPA for dialing a "wrong number" without notice) was affirmed by the Ninth Circuit in 2016, so *Olney's* criticism of the *Chyba* district court decision is now irrelevant. *Olney, supra,* 2014 WL 1747674, at *8; *cf. Chyba v. First Fin. Asset Mgmt.,* 671 Fed.Appx 989 (9th Cir. 2016).

Even the *Olney* court noted "*Chyba* is distinguishable to this case." *Olney, supra,* 2014 WL 1747674, at *8. *Olney* dealt with telemarketers passing phone numbers to affiliates; *Chyba* dealt with a creditor passing a phone number to a debt collector. *Chyba's* subsequent affirmation by the Ninth Circuit indicates that good faith is a defense a debt collector may offer at trial.

Even if, *arguendo,* Rash Curtis' good faith belief does not bear on the issue of liability, Rash Curtis' good faith belief that it had prior express consent to dial the 5193 number is ***clearly*** relevant to, for example, whether it acted "knowingly" or "willingly" within the meaning of the TCPA's provision for treble damages. 47 U.S.C. § 227(b)(3). Irrespective of whether Rash's testimony regarding its good faith is relevant to the question of *liability*, it is admissible as it relates to *damages. See, e.g., Harris v. World Fin. Network Nat. Bank,* 867 F.Supp.2d 888, 895 (E.D. Mich. 2012) ("[P]rior to Plaintiff

notifying Defendants [that Defendants were calling the wrong number]…Defendants could not have known that Plaintiff's [cell] number was not [the intended recipient's] phone number. Without knowing that the number associated with [intended recipient's] account was actually Plaintiff's number, Defendant's violations cannot be deemed willful or knowing.").

Dated: March 4, 2019

                                                    ELLIS LAW GROUP LLP

                                                    By _____
                                                       Mark E. Ellis
                                                       Attorneys for Defendant
                                                       RASH CURTIS & ASSOCIATES

DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO
PLAINTIFFS' MOTION *IN LIMINE* NO. 6