Mark E. Ellis - 127159
Anthony P. J. Valenti – 284542
Lawrence K. Iglesias – 303700
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA  95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
avalenti@ellislawgrp.com
liglesias@ellislawgrp.com

Attorneys for Defendant RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA McMILLION, JESSICA ADEKOYA, AND IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>Defendant. | Case No.: 4:16-cv-03396-YGR JSC<br><br>**DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 7**<br><br>Judge:  Hon. Yvonne Gonzalez Rogers<br><br>Trial Date: May 6, 2019 |

## OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 7

Plaintiff seeks to exclude any use of deposition excerpts by Rash Curtis, based upon Plaintiff's claim that designations were allegedly not made timely.

Importantly however, the portion of the Court's Standing Order re Pretrial Instructions requiring deposition designations is entitled "Audio/Video Evidence" and clearly only pertains to the use of audio or video recordings of depositions, and not simply written transcripts:

> **Audio/Video Evidence.** A written transcript of all audio or video recordings to be used at trial must be delivered to opposing counsel 28 days in advance and discussed during the meet and confer process. The exhibit list must identify the specific portions of the recordings the party intends to offer in its *case in chief* by reference to transcript pages. The parties shall meet and confer and attempt or resolve any disagreements regarding designations or counter-designations. ...

(*See* Standing Order, pp. 8-9, italics added.)

Furthermore, the Court's Standing Order re Pretrial Instructions only pertains to what a party intends to offer in its "case in chief", which is defined as:

> The portion of a trial whereby the party with the Burden of Proof in the case presents evidence. The term differs from a rebuttal, whereby a party seeks to contradict the other party's evidence. Case in chief differs from 'case' in that the latter term encompasses the evidence presented by both the party with the burden of proof and the party with the burden of rebutting that evidence.

*See* http://legal-dictionary.thefreedictionary.com/Case+in+Chief.

In other words, Rash Curtis was **not** required to make *any* designations as to its use of written deposition transcripts, especially if, whereas here, use of such transcripts are intended for rebuttal or impeachment.

Furthermore, motions *in limine* should "rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial". *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010); *Sperberg v. The Goodyear Time and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

Out of an abundance of caution, and in a show of good faith and transparency, Rash Curtis subsequently provided the requested designations for all deposition testimony that it currently intends

to use at trial to Plaintiff on February 22, 2019, far more than 28 days ahead of the final pretrial conference. *See* Standing Order re: Pretrial Instructions, p. 8.

Dated: March 4, 2019

ELLIS LAW GROUP LLP

By _____
Mark E. Ellis
Attorneys for Defendant
RASH CURTIS & ASSOCIATES