1  Mark E. Ellis - 127159
   Anthony P. J. Valenti – 284542
2  Lawrence K. Iglesias – 303700
   ELLIS LAW GROUP LLP
3  1425 River Park Drive, Suite 400
   Sacramento, CA  95815
4  Tel: (916) 283-8820
   Fax: (916) 283-8821
5  mellis@ellislawgrp.com
   avalenti@ellislawgrp.com
6  liglesias@ellislawgrp.com

7  Attorneys for Defendant RASH CURTIS & ASSOCIATES

8

9                    UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11

12  SANDRA McMILLION, JESSICA ADEKOYA,      Case No.:  4:16-cv-03396-YGR JSC
    AND IGNACIO PEREZ, on Behalf of
13  Themselves and all Others Similarly Situated,    **DEFENDANT RASH CURTIS &
                                                     ASSOCIATES' OPPOSITION TO
14          Plaintiffs,                              PLAINTIFF'S MOTION *IN LIMINE* NO. 8**

15  v.

16  RASH CURTIS & ASSOCIATES,               Judge:  Hon. Yvonne Gonzalez Rogers

17          Defendant.                       Trial Date:  May 6, 2019

18

19

20

21

22

23

24

25

26

27

28

## OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 8

Plaintiff seeks to exclude, on the basis of irrelevance and unfair prejudice, any testimony or statements having to do with Rash Curtis' inability to pay the nine-figure damages award sought in this case.

Plaintiff's experts intend to testify that the class members are entitled to an award of more than **$802 million** in statutory damages. But the issue here has less to do with any "unfairly prejudicial" testimony from Rash Curtis within the meaning of Rules 401 and 403 and more to do with whether Plaintiff's experts' nine figure damage calculation "is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." *Kenro Inc. v. Fax Daily, Inc.*, 962 F.Supp. 1162, 1165 (S.D. Ind. 1997) (quoting *United States v. Citrin*, 972 F.2d 1044, 1051 (9th Cir. 1992)); *see also Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 405 (E.D. Pa. 1995) (noting that the statutory damages allowed under the TCPA were designed by Congress to be sufficient to incentivize individual actions and that class actions posed the risk of "horrendous, possibly annihilating punishment, unrelated to any damage to the purported class").

**Due process** is implicated where statutory, "adding-machine" damages are sought under these circumstances. *See, e.g., State Farm Mutual Auto Ins. Co. v. Campbell,* 538 U.S. 408, 419, 425 (2003) ("The Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor"); *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 580 (1996) (the "most commonly cited indicium of an unreasonable or excessive punitive damages award is its ratio to the actual harm inflicted on the plaintiff"); *Hale v. Morgan*, 22 Cal.3d 388, 404-405 (1978) (where the damages are "mandatory, mechanical, potentially limitless in its effect, regardless of the circumstance… We are of the view… the amount of the penalties is constitutionally excessive.").

TCPA damages, while not facially unconstitutional, "may become unconstitutional as applied in an individual case." *Maryland v. Universal Electronics, Inc.*, 862 F.Supp.2d 457, 465 (D. Md. 2012) ("In such situations, a damages award may violate due process or constitute an 'excessive fine' under the Eighth Amendment.") In *Maryland*, the statutory damages under the TCPA would have been $34,000,000, but the court only awarded $1,000,000. *Id.* at 464-466. *See also Golan v. Veritas Entm't, LLC*, 2017 WL 3923162, at *4 (E.D. Mo. Sept. 7, 2017) (3,242,493 calls placed in violation of the

TCPA, "At $500 per violation, the TCPA would require a damages award of $1,621,246,500.00. This is obviously unreasonable and wholly disproportionate to the offense. The Court will award [$10] per call. This reflects the severity of the offense."); *See also Texas v. American Blastfax, Inc.*, 164 F.Supp.2d 892, 900-901 (W.D. Tex. 2001) ("Although the TCPA provides for liquidated damages of $500 for each violation, the Court finds it would be inequitable and unreasonable to award $500 for each of these violations." The court awarded 7 cents per violation.)

In determining the propriety of statutory damages under the TCPA, this Court has looked past the language of the TCPA and considered whether an award would be sufficient to deter future violations (e.g., whether the award is not a trivial amount in light of defendant's financial position). *See Heidorn v. BDD Mktg. & Mgmt. Co., LLC,* 2013 WL 6571168, at *2 (N.D. Cal. Oct. 9, 2013) (J. Gonzalez Rogers). Rash Curtis submits that it should not be prevented from offering testimony or argument that the nine-figure award sought by Plaintiff is "obviously unreasonable and wholly disproportionate to the offense" in light of defendant's financial position. *American Blastfax, supra,* 164 F.Supp.2d at 900-901; *Heidorn, supra,* 2013 WL 6571168, at *2.

Dated: March 4, 2019

ELLIS LAW GROUP LLP

By _____
Mark E. Ellis
Attorneys for Defendant
RASH CURTIS & ASSOCIATES

**DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO
PLAINTIFFS' MOTION *IN LIMINE* NO. 8**