Mark E. Ellis - 127159
Anthony P. J. Valenti – 284542
Lawrence K. Iglesias – 303700
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA  95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
avalenti@ellislawgrp.com
liglesias@ellislawgrp.com

Attorneys for Defendant RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA McMILLION, JESSICA ADEKOYA, AND IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>Defendant. | Case No.: 4:16-cv-03396-YGR JSC<br><br>**DEFENDANT RASH CURTIS & ASSOCIATES' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 9**<br><br>Judge:  Hon. Yvonne Gonzalez Rogers<br><br>Trial Date:  May 6, 2019 |

OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 9

Plaintiff seeks to exclude Rash Curtis from offering testimony about calls placed to phone numbers stored in its phone fields five through ten.

Plaintiff refuses to acknowledge that not all phone numbers stored in phone fields five through ten were obtained through skip-tracing. The evidence demonstrates that Rash Curtis obtained the numbers stored in its phone fields five through ten through various efforts distinct from skip-tracing. It was Plaintiff's choice to limit class membership to persons whose phone numbers were obtained by Rash Curtis "through skip-tracing"; the classes are <u>not</u> defined as "persons whose phone numbers were stored in phone fields 5-10" and preventing Rash from testifying or examining about calls in those fields would be tantamount to allowing Plaintiff's experts' flawed methodology to go unrebutted, and unchallenged.

"[I]t is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts and draw reasonable inferences from proven facts." *Bruce v. Terhune*, 376 F.3d 950, 957 (9th Cir. 2004) (internal quotations and citations omitted); *Reeves v. Sanderson Plumbing Products,* 530 U.S. 133, 150, 129 S.Ct. 2097, 2110 (2000).

"Motions in limine should not be used to resolve factual disputes or to weigh evidence, and evidence should not be excluded prior to trial unless 'the evidence [is] inadmissible on all potential grounds.'" *U.S. v. Whittemore,* 2013 WL 1955897, at *1 (D. Nev. May 10, 2013) (citing *Ind. Ins. Co. v. Gen. Elec. Co.,* 326 F.Supp.2d 844, 846 (N.D. Ohio 2004)); *see also Luce v. United States,* 469 U.S. 38, 41, n. 4, 105 S.Ct. 460 (1984); *Forbes v. County of Orange*, 2013 WL 12165672, at *4 (C.D. Cal. Aug. 4, 2013); *McCarty v. Liberty Mutual Insurance Company,* 2017 WL 676459, at *2 (D. Wyo. Feb. 3, 2017); *C & E Servs., Inc. v. Ashland, Inc.,* 539 F.Supp.2d 316, 323 (D.D.C. 2008).

Motions *in limine* are intended to narrow *evidentiary* issues at trial, not deprive litigants of the "procedural protections of notice which the federal rules require before judgment on the merits may be granted." *Badger v. Wal-Mart Stores, Inc.*, 2013 WL 3297084, at *4 (D. Nev. 2013) (quoting *Bradley v. Pittsburgh Bd. Of Educ.*, 913 F.2d 1064, 1070 (3rd Cir. 1990) (where "the motion in limine is no more than a rephrased summary-judgment motion, the motion should not be considered.") *See also Louzon v. Ford Motor Co.,* 718 F.3d 556, 561 (6th Cir. 2013) ("a mechanism already exists in civil

1

1  actions to resolve non-evidentiary matters prior to trial – the summary-judgment motion."). *See also*
2  *Meyer Intellectual Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1378 (Fed. Cir. 2012) (procedure
3  converting a motion *in limine* effectively into a summary judgment motion does not afford the
4  procedural protections which the federal rules require before judgment on the merits may be granted);
5  *Hinkle v. Ford Motor Co.*, 2012 WL 5868899, at *8 (E.D. Ky. 2012) ("[T]he Court will not rule on
6  this substantive issue in a motion *in limine*.").

7      Courts have rejected similar attempts to bring summary judgment motions wrapped "in the
8  clothing of a motion *in limine*." *Schultze v. 2K Clevelander LLC*, 2018 WL 4859072, at *2 (S.D. Fla.
9  Oct. 4, 2018); *Gold Cross Ems, Inc. v. Children's Hosp. of Alabama*, 309 F.R.D. 699, 702 (S.D. Ga.
10 2015).

11     Mr. Weir did not use any methodology to separate skip-traced phone numbers from numbers
12 which were not skip-traced in his estimation of the 14 million calls, showed in phone fields 1-10. The
13 data reviewed by Mr. Weir is inadequate to determine whether any of the phone numbers alleged to
14 belong to members of the putative class were actually obtained by Rash Curtis through skip-tracing.

15 Dated: March 4, 2019

ELLIS LAW GROUP LLP

By /s/ Mark E. Ellis
Mark E. Ellis
Attorneys for Defendant
RASH CURTIS & ASSOCIATES