| | |
|---|---|
| **BURSOR & FISHER, P.A.**<br>L. Timothy Fisher (State Bar No. 191626)<br>Yeremey O. Krivoshey (State Bar No. 295032)<br>Blair E. Reed (State Bar No. 316791)<br>1990 North California Blvd., Suite 940<br>Walnut Creek, CA 94596<br>Telephone: (925) 300-4455<br>Facsimile: (925) 407-2700<br>E-Mail: ltfisher@bursor.com<br>        ykrivoshey@bursor.com<br>        breed@bursor.com<br><br>**BURSOR & FISHER, P.A.**<br>Scott A. Bursor (State Bar No. 276006)<br>888 Seventh Avenue<br>New York, NY 10019<br>Telephone: (212) 989-9113<br>Facsimile: (212) 989-9163<br>E-Mail: scott@bursor.com<br><br>*Attorneys for Plaintiff* | **ELLIS LAW GROUP LLP**<br>Mark E. Ellis - 127159<br>Anthony P. J. Valenti - 284542<br>Lawrence K. Iglesias - 303700<br>1425 River Park Drive, Suite 400<br>Sacramento, CA 95815<br>Tel: (916) 283-8820<br>Fax: (916) 283-8821<br>mellis@ellislawgrp.com<br>avalenti@ellislawgrp.com<br>liglesias@ellislawgrp.com<br><br>*Attorneys for Defendant*<br>RASH CURTIS & ASSOCIATES |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA MCMILLION, JESSICA ADEKOYA, and IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>        Plaintiffs,<br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>        Defendant. | Case No. 4:16-cv-03396-YGR<br><br>**THE PARTIES' PROPOSED VERDICT FORMS**<br><br>Date: April 12, 2019<br>Time: 9:00 a.m.<br>Courtroom 1, 4th Floor<br><br>Hon. Yvonne Gonzalez Rogers |

**Plaintiff's Proposed Verdict Form**

We, the jury in the above-entitled action, find as follows:

**On Class Members' claims under the <u>Telephone Consumer Protection Act</u>:**

1. Did Rash Curtis make calls with its Global Connect dialer to Class Members' cellular telephone numbers during the class period without their prior express consent?

    _____    _____
        Yes               No

    **If you answered "no" to Question No. 1, skip to Question No. 4. If you answered "yes" to Question No. 1, answer Question Nos. 2 and 3.**

2. State the number of calls Rash Curtis made with its Global Connect dialer to Class Members' cellular telephone numbers during the class period without their prior express consent:

    _____

3. How many of the calls in your answer to Question No. 2 were made using an artificial or prerecorded voice?

    _____

4. Did Rash Curtis make calls with its VIC dialer to Class Members' cellular telephone numbers during the class period without their prior express consent?

    _____    _____
        Yes               No

    **If you answered "no" to Question No. 4, skip to Question No. 7. If you answered "yes" to Question No. 4, answer Question Nos. 5 and 6.**

5. State the number of calls Rash Curtis made with its VIC dialer to Class Members' cellular telephone numbers during the class period without their prior express consent:

_____

6. How many of the calls in your answer to Question No. 5 were made using an artificial or prerecorded voice?

   _____

7. Did Rash Curtis make calls with its TCN dialer to Class Members' cellular telephone numbers during the class period without their prior express consent?

   _____       _____
     Yes           No

   **If you answered "no" to Question No. 7, skip to Question No. 9. If you answered "yes" to Question No. 7, answer Question No. 8.**

8. State the number of calls Rash Curtis made with its TCN dialer to Class Members' cellular telephone numbers during the class period without their prior express consent:

   _____

9. Did Rash Curtis call Plaintiff Ignacio Perez on his cellular telephone during the class period with the Global Connect dialer?

   _____       _____
     Yes           No

   **If you answered "no" to Question No. 9, skip Question Nos. 10 and 11. If you answered "yes" to Question No. 9, answer Question Nos. 10 and 11.**

**On Plaintiff Perez's individual claims under the <u>Telephone Consumer Protection Act</u>:**

10. How many times did Rash Curtis call Plaintiff Ignacio Perez on his cellular telephone during the class period with the Global Connect dialer?

    _____

11. How many of the calls in your answer to Question No. 10 were made using an artificial or prerecorded voice?

_____

Date: _____          _____
                                              Presiding Juror

# Defendant's Proposed Verdict Form

Pursuant to the Court's Local Rules and Standing Orders, Defendant Rash Curtis & Associates hereby submits the following verdict form:

We, the jury in the above-entitled action, find as follows:

**As to the Plaintiff's Individual TCPA Claim:**

1. Did Defendant place calls to Plaintiff using an "automatic telephone dialing system?"

_____   _____
    Yes                  No

**If you answered "yes" to Question No. 1, answer Question No. 2. If you answered "no" to Question No. 2, skip to Question No. 3.**

2. How many calls did Defendant place to Plaintiff's cellular telephone using an "automatic telephone dialing system?"

_____

3. Did Defendant place calls to Plaintiff using a prerecorded or artificial voice?

_____   _____
    Yes                  No

**If you answered "yes" to Question No. 3, answer Question No. 4. If you answered "no" to Question No. 3, skip to Question No. 5.**

4. How many calls did Defendant place to Plaintiff's cellular telephone using a prerecorded or artificial voice?

THE PARTIES' PROPOSED VERDICT FORMS
CASE NO. 4:16-cv-03396-YGR

4

_____

5. Did Defendant possess Plaintiff's prior express consent to call Plaintiff's cellular telephone?

_____    _____
  Yes           No

**If you answered "no" to Question No. 5, answer Question No. 6. If you answered "yes" to Question No. 5, skip to Question No. 10.**

6. Did Defendant have a good faith belief that Plaintiff provided his prior express consent to be called on his cellular telephone?

_____    _____
  Yes           No

7. Did Defendant reasonably rely on the telephone number provided by its creditor-client, Sutter General Hospital, such that its calls fell within the "safe harbor" defense?

_____    _____
  Yes           No

8. Did Plaintiff suffer any actual monetary loss as a result of Defendant's conduct?

_____    _____
  Yes           No

**If you answered "yes" to Question No. 8, answer Question No. 9. If you answered "no" to Question No. 8, skip to Question No. 10.**

9. What was Plaintiff's actual monetary loss as a result of Defendant's conduct?

$_____

**As to the Class Members' TCPA Claims:**

10. Did Plaintiff establish that Defendant used an "automatic telephone dialing system" to place telephone calls to cellular telephone numbers obtained through skip-tracing?

_____         _____
     Yes                       No

**If you answered "yes" to Question No. 10, answer Question No. 11. If you answered "no" to Question No. 10, skip to Question No. 12.**

11. How many calls did Defendant place to the Class Members' skip-traced cellular telephones using an "automatic telephone dialing system?"

_____

12. Did Plaintiff establish that Defendant used a prerecorded or artificial voice during telephone calls placed to Class Members' cellular telephone numbers obtained through skip-tracing?

_____         _____
     Yes                       No

**If you answered "yes" to Question No. 12, answer Question No. 13. If you answered "no" to Question No. 12, skip to Question No. 14.**

14. How many calls did Defendant place to the Class Members' skip-traced cellular telephones using a prerecorded or artificial voice?

_____

15. Did the Class Members suffer any actual monetary loss as a result of Defendant's conduct?

_____        _____
     Yes                    No

**If you answered "yes" to Question No. 15, answer Question No. 16. If you answered "no" to Question No. 15, have the presiding juror sign this Verdict Form and return it to the clerk.**

16. What was the Class Members' actual monetary loss as a result of Defendant's conduct?

$_____

**Once you have completed this Verdict Form, have the presiding juror sign it and return it to the clerk.**

Dated: _____

_____
Presiding Juror

| | | |
|---|---|---|
| 1 | Dated: March 4, 2019 | Respectfully submitted, |
| 2 | | **BURSOR & FISHER, P.A.** |
| 3 | | By: */s/ Yeremey Krivoshey* |
| 4 | | Yeremey Krivoshey |
| 5 | | L. Timothy Fisher (State Bar No. 191626) |
| | | Yeremey Krivoshey (State Bar No.295032) |
| 6 | | 1990 North California Blvd., Suite 940 |
| | | Walnut Creek, CA 94596 |
| 7 | | Telephone: (925) 300-4455 |
| | | Email: ltfisher@bursor.com |
| 8 | | ykrivoshey@bursor.com |
| 9 | | **BURSOR & FISHER, P.A.** |
| | | Scott A. Bursor (State Bar No. 276006) |
| 10 | | 888 Seventh Avenue |
| | | New York, NY 10019 |
| 11 | | Telephone: (212) 989-9113 |
| | | Facsimile: (212) 989-9163 |
| 12 | | E-Mail: scott@bursor.com |
| 13 | | *Attorneys for Plaintiff* |
| 14 | Dated: March 4, 2019 | **ELLIS LAW GROUP LLP** |
| 15 | | By: */s/ Mark E. Ellis* |
| 16 | | Mark E. Ellis |
| 17 | | Mark E. Ellis (State Bar No. 127159) |
| | | Anthony P.J. Valenti (State Bar No. 288164) |
| 18 | | Lawrence K. Iglesias (State Bar No. 303700) |
| | | 1425 River Park Drive, Suite 400 |
| 19 | | Sacramento, CA 95815 |
| | | Tel: (916) 283-8820 |
| 20 | | Fax: (916) 283-8821 |
| | | mellis@ellislawgrp.com |
| 21 | | avalenti@ellislawgrp.com |
| | | liglesias@ellislawgrp.com |
| 22 | | |
| 23 | | *Attorneys for Defendant* |