**BURSOR & FISHER, P.A.**
L. Timothy Fisher (SBN 191626)
Yeremey O. Krivoshey (SBN 295032)
Blair E. Reed (State Bar No. 316791)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
            ykrivoshey@bursor.com
            breed@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

**ELLIS LAW GROUP LLP**
Mark E. Ellis - 127159
Anthony P. J. Valenti - 284542
Lawrence K. Iglesias - 303700
1425 River Park Drive, Suite 400
Sacramento, CA  95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
avalenti@ellislawgrp.com
liglesias@ellislawgrp.com

Attorneys for Defendant
RASH CURTIS & ASSOCIATES

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA MCMILLION, JESSICA ADEKOYA, and IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>Defendant. | Case No. 4:16-cv-03396-YGR<br><br>**JOINT PROPOSED JURY INSTRUCTIONS**<br><br>Date: April 12, 2019<br>Time: 9:00 a.m.<br>Courtroom 1, 4th Floor<br><br>Hon. Yvonne Gonzalez Rogers |

**TABLE OF CONTENTS**

PAGE

INDEX OF PROPOSED JURY INSTRUCTIONS .................................................. 1

JOINT PROPOSED JURY INSTRUCTION NO. 1: CIVIL COVER SHEET .................... 3

JOINT PROPOSED JURY INSTRUCTION NO. 2: DUTY OF JURY .............................. 4

JOINT PROPOSED JURY INSTRUCTION NO. 3: BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE .................................................................. 5

JOINT PROPOSED JURY INSTRUCTION NO. 4: WHAT IS EVIDENCE .................... 6

JOINT PROPOSED JURY INSTRUCTION NO. 5: WHAT IS NOT EVIDENCE .................................................................................................................. 7

JOINT PROPOSED JURY INSTRUCTION NO. 6: EVIDENCE FOR LIMITED PURPOSE .................................................................................................. 8

JOINT PROPOSED JURY INSTRUCTION NO. 7: DIRECT AND CIRCUMSTANTIAL EVIDENCE .................................................................................. 9

JOINT PROPOSED JURY INSTRUCTION NO. 8: RULING ON OBJECTIONS ............................................................................................................... 10

JOINT PROPOSED JURY INSTRUCTION NO. 9: CREDIBILITY OF WITNESSES ................................................................................................................ 11

JOINT PROPOSED JURY INSTRUCTION NO. 10: CONDUCT OF THE JURY ......................................................................................................................... 12

JOINT PROPOSED JURY INSTRUCTION NO. 11: NO TRANSCRIPT AVAILABLE TO JURY .................................................................................................. 14

JOINT PROPOSED JURY INSTRUCTION NO. 12: TAKING NOTES .......................... 15

JOINT PROPOSED JURY INSTRUCTION NO. 13: BENCH CONFERENCES AND RECESSES ........................................................................... 16

JOINT PROPOSED JURY INSTRUCTION NO. 14: OUTLINE OF TRIAL ................... 17

JOINT PROPOSED JURY INSTRUCTION NO. 15: STIPULATIONS OF FACT ........................................................................................................................... 18

JOINT PROPOSED JURY INSTRUCTION NO. 16: DEPOSITION IN LIEU OF LIVE TESTIMONY ....................................................................................... 19

JOINT PROPOSED JURY INSTRUCTION NO. 17: IMPEACHMENT EVIDENCE – WITNESS ....................................................................................... 20

JOINT PROPOSED JURY INSTRUCTION NO. 18: EXPERT OPINION ...................... 21

JOINT PROPOSED JURY INSTRUCTION NO. 19: CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE ................................................. 22

JOINT PROPOSED JURY INSTRUCTION NO. 20: CHARTS AND SUMMARIES IN EVIDENCE .......................................................................... 23

JOINT PROPOSED JURY INSTRUCTION NO. 21: EVIDENCE IN ELECTRONIC FORMAT ..................................................................................... 24

JOINT PROPOSED JURY INSTRUCTION NO. 22: DUTY OF JURY ......................... 25

JOINT PROPOSED JURY INSTRUCTION NO. 23: CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY ................................................. 26

JOINT PROPOSED JURY INSTRUCTION NO. 24: DUTY TO DELIBERATE ............................................................................28

JOINT PROPOSED JURY INSTRUCTION NO. 25: COMMUNICATION WITH THE COURT ...............................................................29

JOINT PROPOSED JURY INSTRUCTION NO. 26: RETURN OF VERDICT ............................................................................30

JOINT PROPOSED JURY INSTRUCTION NO. 27: ADDITIONAL INSTRUCTIONS OF LAW ...............................................................31

JOINT PROPOSED JURY INSTRUCTION NO. 28: PRERECORDED OR ARTIFICIAL VOICE DEFINED...............................................32

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 29: CLAIMS AND DEFENSES ............................................................................33

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 29: CLAIMS AND DEFENSES...............................................................34

PARTIES' STATEMENTS REGARDING DISPUTED JURY INSTRUCTION NO. 29...............................................................35

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 30: THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227 ..............37

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 30: THE TELEPHONE CONSUMER PROTECTION ACT OR TCPA .........................38

PARTIES' STATEMENTS REGARDING DISPUTED JURY INSTRUCTION NO. 30...............................................................39

JOINT PROPOSED JURY INSTRUCTION NO. 31: DEFINITION OF "EXPRESS CONSENT" PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227 ..................42

JOINT PROPOSED JURY INSTRUCTION NO. 32: INTRODUCTION TO A CLASS ACTION (CACI NO. 115 – MODIFIED) ........................43

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 33: QUESTIONS TO WITNESSES BY JURORS ....................................45

PARTIES' STATEMENTS REGARDING DISPUTED JURY INSTRUCTION NO. 33...............................................................47

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 34: ATDS DEFINED ............................................................................48

PARTIES' STATEMENTS REGARDING DISPUTED JURY INSTRUCTION NO. 34...............................................................49

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 35: GOOD FAITH DEFENSE...............................................................51

PARTIES' STATEMENTS REGARDING DISPUTED JURY INSTRUCTION NO. 35...............................................................52

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 36: SAFE HARBOR DEFENSE...............................................................56

PARTIES' STATEMENTS REGARDING DISPUTED JURY INSTRUCTION NO. 36...............................................................57

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 37: STATUTORY DAMAGES...............................................................61

PARTIES' STATEMENTS REGARDING DISPUTED JURY INSTRUCTION NO. 37..................................................................62

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 38: CLASS LIABILITY ..........................................................................64

PARTIES' STATEMENTS REGARDING DISPUTED JURY INSTRUCTION NO. 38..................................................................65

## INDEX OF PROPOSED JURY INSTRUCTIONS

The following chart lists the parties' proposed jury instructions and their status as either (A)greed or (D)isagreed:

| Instruction | Agreed? | Competing Instruction Preferred |
|---|---|---|
| No. 1 | A | |
| No. 2 | A | |
| No. 3 | A | |
| No. 4 | A | |
| No. 5 | A | |
| No. 6 | A | |
| No. 7 | A | |
| No. 8 | A | |
| No. 9 | A | |
| No. 10 | A | |
| No. 11 | A | |
| No. 12 | A | |
| No. 13 | A | |
| No. 14 | A | |
| No. 15 | A | |
| No. 16 | A | |
| No. 17 | A | |
| No. 18 | A | |
| No. 19 | A | |
| No. 20 | A | |

| | | |
|---|---|---|
| No. 21 | A | |
| No. 22 | A | |
| No. 23 | A | |
| No. 24 | A | |
| No. 25 | A | |
| No. 26 | A | |
| No. 27 | A | |
| No. 28 | A | |
| No. 29 | D | Plaintiffs' Proposed Jury Instruction No. 29<br>Defendant's Proposed Jury Instruction No. 29 |
| No. 30 | D | Plaintiffs' Proposed Jury Instruction No. 30<br>Defendant's Proposed Jury Instruction No. 30 |
| No. 31 | A | |
| No. 32 | A | |
| No. 33 | D | Plaintiff objects to Defendant's Proposed Jury Instruction No. 33 |
| No. 34 | D | Plaintiff objects to Defendant's Proposed Jury Instruction No. 34 |
| No. 35 | D | Plaintiff objects to Defendant's Proposed Jury Instruction No. 35 |
| No. 36 | D | Plaintiff objects to Defendant's Proposed Jury Instruction No. 36 |
| No. 37 | D | Plaintiff objects to Defendant's Proposed Jury Instruction No. 37 |
| No. 38 | D | Plaintiff objects to Defendant's Proposed Jury Instruction No. 38 |

**JOINT PROPOSED JURY INSTRUCTION NO. 1: CIVIL COVER SHEET**

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 1.1**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA McMILLION, JESSICA ADEKOYA, AND IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>     Plaintiffs,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>     Defendant. | Case No.: 4:16-cv-03396-YGR JSC<br><br>Date: May 6, 2019<br>Time: 8:30 a.m.<br>Courtroom 1, 4th Floor<br><br>  Hon. Yvonne Gonzalez Rogers |

JURY INSTRUCTIONS

DATED: _____

_____
UNITED STATES DISTRICT JUDGE

**Date Submitted: March 4, 2019**

**JOINT PROPOSED JURY INSTRUCTION NO. 2: DUTY OF JURY**

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 1.2**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

**Comment**

This instruction may be used as a preliminary instruction if the court decides to provide a written set of preliminary instructions at the beginning of the trial that the jurors are permitted to keep with them. In the final set of instructions, the court should substitute Instruction 1.3.

**Date Submitted: March 4, 2019**

**JOINT PROPOSED JURY INSTRUCTION NO. 3: BURDEN OF PROOF –
PREPONDERANCE OF THE EVIDENCE**

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 1.6**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Date Submitted: March 4, 2019**

**JOINT PROPOSED JURY INSTRUCTION NO. 4: WHAT IS EVIDENCE**

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 1.9**

The evidence you are to consider in deciding what the facts are consists of:

1.    The sworn testimony of any witness;

2.    The exhibits that are admitted into evidence;

3.    Any facts to which the lawyers have agreed; and

4.    Any facts that I may instruct you to accept as proved.

## JOINT PROPOSED JURY INSTRUCTION NO. 5: WHAT IS NOT EVIDENCE

## NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 1.10

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Date Submitted: March 4, 2019**

**JOINT PROPOSED JURY INSTRUCTION NO. 6: EVIDENCE FOR LIMITED PURPOSE**

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 1.11**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**Comment**

As a rule, limiting instructions need only be given when requested and need not be given sua sponte by the court. *United States v. McLennan*, 563 F.2d 943, 947-48 (9th Cir. 1977). *See United States v. Marsh*, 144 F.3d 1229, 1238 (9th Cir. 1998) (when trial court fails to instruct jury in its final instructions regarding receipt of evidence for limited purpose, Ninth Circuit examines trial court's preliminary instructions to determine if court instructed jury on this issue).

See also Instructions 1.10 (What is Not Evidence) and 2.9 (Impeachment Evidence— Witness).

**Date Submitted: March 4, 2019**

**JOINT PROPOSED JURY INSTRUCTION NO. 7: DIRECT AND CIRCUMSTANTIAL EVIDENCE**

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 1.12**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Date Submitted: March 4, 2019**

## JOINT PROPOSED JURY INSTRUCTION NO. 8: RULING ON OBJECTIONS

## NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 1.13

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Date Submitted: March 4, 2019**

**JOINT PROPOSED JURY INSTRUCTION NO. 9: CREDIBILITY OF WITNESSES**

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 1.14**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Date Submitted: March 4, 2019**

**JOINT PROPOSED JURY INSTRUCTION NO. 10: CONDUCT OF THE JURY**

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 1.15**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the

parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Date Submitted: March 4, 2019**

**JOINT PROPOSED JURY INSTRUCTION NO. 11: NO TRANSCRIPT AVAILABLE TO JURY**

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 1.17**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**Date Submitted: March 4, 2019**

**JOINT PROPOSED JURY INSTRUCTION NO. 12: TAKING NOTES**

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 1.18**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**Date Submitted: March 4, 2019**

**JOINT PROPOSED JURY INSTRUCTION NO. 13: BENCH CONFERENCES AND RECESSES**

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 1.20**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Date Submitted: March 4, 2019**

**JOINT PROPOSED JURY INSTRUCTION NO. 14: OUTLINE OF TRIAL**

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 1.21**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross examine. Then the defendant may present evidence, and counsel for the plaintiff may cross examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Date Submitted: March 4, 2019**

## JOINT PROPOSED JURY INSTRUCTION NO. 15: STIPULATIONS OF FACT

## NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 2.2

The parties have agreed to certain facts that will be read to you.  [*Read Stipulated Facts*].
You should therefore treat these facts as having been proved.

**Date Submitted: March 4, 2019**

**JOINT PROPOSED JURY INSTRUCTION NO. 16: DEPOSITION TESTIMONY**

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 2.4 (MODIFIED)**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The depositions of the following witnesses were taken on the following dates:

[*To be completed after deposition testimony is presented during the trial*].

Insofar as possible, you should consider deposition testimony presented to you in the same way as if the witness so testified in court.

**Date Submitted: March 4, 2019**

## JOINT PROPOSED JURY INSTRUCTION NO. 17: IMPEACHMENT EVIDENCE – WITNESS

## NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 2.9

The evidence that a witness has lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give the testimony of the witness and for no other purpose.

**Date Submitted: March 4, 2019**

**JOINT PROPOSED JURY INSTRUCTION NO. 18: EXPERT OPINION**

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 2.13**

You have heard testimony from several expert witnesses who testified to their opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Date Submitted: March 4, 2019**

**JOINT PROPOSED JURY INSTRUCTION NO. 19: CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 2.14**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Date Submitted: March 4, 2019**

**JOINT PROPOSED JURY INSTRUCTION NO. 20: CHARTS AND SUMMARIES IN EVIDENCE**

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 2.15**

Certain charts and summaries may have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Date Submitted: March 4, 2019**

**JOINT PROPOSED JURY INSTRUCTION NO. 21: EVIDENCE IN ELECTRONIC FORMAT**

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 2.16**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk

If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view. If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data disk from the jury room, and do not copy any such data.

**Date Submitted: March 4, 2019**

**JOINT PROPOSED JURY INSTRUCTION NO. 22: DUTY OF JURY**

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 1.4**

Members of the jury:  Now that you have heard all of the evidence, it is my duty to instruct you on the law of the case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**Date Submitted: March 4, 2019**

**JOINT PROPOSED JURY INSTRUCTION NO. 23: CONSIDERATION OF EVIDENCE –
CONDUCT OF THE JURY**

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 3.2**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be

influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Date Submitted: March 4, 2019**

**JOINT PROPOSED JURY INSTRUCTION NO. 24: DUTY TO DELIBERATE**

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 3.1**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Date Submitted: March 4, 2019**

**JOINT PROPOSED JURY INSTRUCTION NO. 25: COMMUNICATION WITH THE COURT**

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 3.3**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Date Submitted: March 4, 2019**

## JOINT PROPOSED JURY INSTRUCTION NO. 26: RETURN OF VERDICT

## NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 3.5

A verdict form has been prepared for you. [Explain verdict form as needed.] After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**Date Submitted: March 4, 2019**

## JOINT PROPOSED JURY INSTRUCTION NO. 27: ADDITIONAL INSTRUCTIONS OF LAW

## NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 3.6

At this point I will give you an additional instruction. By giving an additional instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this instruction was read separately to you. You must consider this instruction together with all of the other instructions that were given to you.

[Read Case-Specific Instructions.]

You will now retire to the jury room and continue your deliberations.

**Date Submitted: March 4, 2019**

## JOINT PROPOSED JURY INSTRUCTION NO. 28: PRERECORDED OR ARTIFICIAL VOICE DEFINED

The TCPA does not specify a definition for the phrase "prerecorded or artificial voice." You must therefore use the ordinary meaning of the phrase as you understand it.

**Authority**

47 U.S.C. § 227.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 29: CLAIMS AND DEFENSES**

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 1.5 (MODIFIED)**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This civil case involves a class action lawsuit.

The Plaintiff claims that Defendant Rash Curtis & Associates violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, which I will call the "TCPA" for convenience. The Plaintiff has the burden of proving these claims.

Defendant denies the Plaintiff's claims and contends the Plaintiff cannot prove that Defendant's behavior violates the TCPA, 47 U.S.C. § 227.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 29: CLAIMS AND DEFENSES**

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 1.5**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that the defendant violated the Telephone Consumer Protection Act or "TCPA" by calling the plaintiff's cellular telephone number using an "automatic telephone dialing system" and a prerecorded or artificial voice. The plaintiff has the burden of proving this claim.

The defendant denies this claim and also contends that its calls to the plaintiff's cellular telephone number were made in good faith, with the plaintiff's prior express consent, and in reasonable reliance on the information provided by the defendant's creditor-client. The defendant also contends its telephone dialing equipment is not an "automatic telephone dialing system" because it does not have the capacity to store or produce telephone numbers, using a random or sequential number generator, and to dial them. The defendant also contends the plaintiff is not a proper class representative because the defendant did not obtain his cellular telephone number through skip-tracing. The defendant has the burden of proof on these affirmative defenses.

The plaintiff denies defendant's affirmative defenses.

**Date Submitted: March 4, 2019**

**PARTIES' STATEMENTS REGARDING DISPUTED JURY INSTRUCTION NO. 29**

**Plaintiff:**

Plaintiff objects to instructing the jury on "affirmative defenses" that are wholly irrelevant, do not exist, or that would needlessly confuse the jury. Specifically, Defendant wishes to instruct the jury about its "affirmative defense" of calling Plaintiff's cellular telephone number in good faith, with his prior express consent, and in reasonable reliance on the information provided by the defendant's creditor client. Each of these defenses has been rejected by the Court as a matter of law in the Court's summary judgment rulings. *See* Order Re: Cross Motions for Summary Judgment, Dkt. No. 167, at 11-12; Order Denying Motion for Reconsideration, Dkt. No. 199, at 3-4, 5-6 (addressing reasonable reliance, good faith, and prior express consent arguments). Accordingly, the prior express consent defenses concerning the named Plaintiff are wholly irrelevant to any issue left to be decided by the jury at trial.

Similarly, the Court has already held that each of Defendant's dialers constitutes an automatic telephone dialing system within the meaning of the TCPA. *See id.* It would be confusing to tell the jury that Defendant contests whether its dialers constitute ATDS when the issue of whether the dialers are ATDS is not an issue to be decided at trial.

Finally, Defendant's proposed language regarding whether Plaintiff Perez is a "proper class representative" is not an issue for the jury to decide. Whether Plaintiff can adequately represent the absent class members is to be decided by the Court in its oversight functions pursuant to Fed. R. Civ. P. 23. This Court has already found that Plaintiff is an adequate class representative and that Defendant obtained his cellphone number through skip tracing. *See* Order Granting Plaintiffs' Motion for Class Certification, Dkt. No. 81, at 81 ("Plaintiffs have demonstrated that Perez's claims are typical of the claims of the classes, which he seeks to represent, namely that defendants called Perez after obtaining his phone number through skip tracing"). Accordingly, instructions regarding the adequacy of Plaintiff Perez as a class representative would only confuse the jury.

**Defendant:**

Defendant contends that the affirmative defenses of good faith, reasonable reliance, and safe harbor are not barred by the Court's summary judgment rulings. Plaintiff moved for partial

summary judgment on the issue of whether Rash Curtis possessed Plaintiff's prior express consent, but he did not seek partial summary judgment as to the defenses which are supported by controlling Ninth Circuit precedents. *See Chyba v. First Financial Asset Management, Inc.,* 2014 WL 1744136, at *11-12 (S.D. Cal. Apr. 30, 2014), *affirmed by* 671 Fed.Appx. 989 (9th Cir. 2016); *Clark v. Capital Credit & Collection Services,* 460 F.3d 1162, 1174 (9th Cir. 2005); *ACA International v. Federal Communications Commission*, 885 F.3d 687, 706-708 (D.C. Cir. 2018); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 8000-8010 ¶¶ 73-92 (July 10, 2015).

With respect to the ATDS issue, Defendant maintains that it is proper for the jury to decide the factual question of whether or not any of Defendant's dialing equipment has the "capacity to store or produce telephone numbers to be dialed, using a random or sequential number generator…" *See* 47 U.S.C. § 227(a)(1). Although this Court has determined the Defendant's dialing equipment constitute ATDSs within the meaning of the TCPA and the current Ninth Circuit precedent, Defendant contends this simply factual determination could help inform the outcome of any appeal if the United States Supreme Court eventually resolves the current split among the Circuit Courts of Appeal in favor of Defendant.

Finally, Defendant contends it is proper for the jury to decide how Plaintiff's cell phone number was obtained, *i.e.,* by Defendant through skip-tracing or some other way. If it was not obtained through skip-tracing, then Plaintiff does not meet any of the class definitions and is not an adequate class representative. *See Bailey v. Patterson,* 369 U.S. 31, 32-33 (1962); *Aleknagic Natives Ltd. v. Andrus*, 648 F.2d 496, 504-505 (9th Cir. 1980).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 30: THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227

Plaintiff and the Class Members allege that Defendant violated provisions of the TCPA. The TCPA prohibits a party from using any automatic telephone dialing system or prerecorded voice to call a telephone number associated with a cellular service. The only exceptions to the TCPA's prohibition relate to calls made for an emergency purpose or calls made with the prior express consent of the called party.

To establish a claim under the TCPA, the Plaintiff must prove the following:

1. Defendant's calls to Class Members were made using an automatic telephone dialing system *or* using an artificial or prerecorded voice.

2. Class Members' telephone numbers were assigned to cellular telephone service.

Plaintiff does not have to prove that Defendant lacked prior express consent to call Plaintiff and/or the Class Members to establish a TCPA claim. However, if a claim is established under the TCPA, Defendant can avoid liability if it can prove that it had prior express consent to call the Class Members.

The Court has already determined that Defendant's calls to Plaintiff were made using an automatic telephone dialing system (Global Connect), that the Global Connect, VIC, and TCN dialers Defendant uses to make calls are automatic telephone dialing systems within the meaning of the TCPA, and that Defendant did not have consent to call Plaintiff Perez.

The Court has not decided if Defendant had consent to call the other Class Members, whether Defendant called Class Members using its Global Connect, VIC, or TCN dialers, and whether Defendant called Class Members using an artificial or prerecorded voice.

**Date Submitted: March 4, 2019**

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 30: THE TELEPHONE CONSUMER PROTECTION ACT OR TCPA**

The plaintiff alleges the defendant violated the Telephone Consumer Protection Act or "TCPA" as to Ignacio Perez. The TCPA regulates one's ability to make calls to a cellular telephone using an automatic telephone dialing system or a prerecorded or artificial voice.

In order to prove a violation of the TCPA, the plaintiff must prove by a preponderance of the evidence all of the following:

1.      The defendant placed a telephone call to plaintiff's cellular telephone;

2.      Using an "automatic telephone dialing system" or a prerecorded or artificial voice; and

3.      Without "prior express consent."

**Authority**

47 U.S.C. § 227(b)(1)(A).

**Date Submitted: March 4, 2019**

**PARTIES' STATEMENTS REGARDING DISPUTED JURY INSTRUCTION NO. 30**

**Plaintiff:**

The Court should give Plaintiff's Proposed Jury Instruction to the jury and not give Defendant's Proposed Jury Instruction. First, Plaintiff's proposed instruction accurately states the elements of proof for a claim under the TCPA. *See* Dkt. No. 81 at 2, n. 3 (class certification order stating elements of a TCPA claim under 47 U.S.C. §§ 227(b)(1)(A)(iii) and 227(b)(1)(B)). Defendant's proposed instruction incorrectly states that Plaintiff "must prove by a preponderance of the evidence … [that the defendant placed a telephone call to plaintiff's cellular telephone] **without the plaintiff's prior express consent**." (emphasis added). "Express consent is not an element of a plaintiff's prima facie case but is an affirmative defense for which the defendant bears the burden of proof." *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017) (citing *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 565 (Jan. 4, 2008)). Defendant's proposed instruction improperly attempts to shift the burden to Plaintiff to prove that Defendant did not have express consent. Plaintiff's instruction makes the burden of proof clear: "Plaintiff does not have to prove that Defendant lacked prior express consent to call Plaintiff and/or the Class Members to establish a TCPA claim. However, if a claim is established under the TCPA, Defendant can avoid liability if it can prove that it had prior express consent to call the Class Members."

Likewise, Plaintiff's proposed instruction accurately informs the jury regarding the findings this Court has already made in its summary judgment order. It instructs the jury that the Court has already decided that "Defendant's calls to Plaintiff were made using an automatic telephone dialing system (Global Connect), that the Global Connect, VIC, and TCN dialers Defendant uses to make calls are automatic telephone dialing systems within the meaning of the TCPA, and that Defendant did not have consent to call Plaintiff Perez." *See* Dkt. No. 167 at 2, 6-8 and 11-12. Defendant's instruction is entirely silent on these findings.

Plaintiff's proposed instruction also explains what issues remain undecided. Specifically, it states that "The Court has not decided if Defendant had consent to call the other Class Members, whether Defendant called Class Members using its Global Connect, VIC, or TCN dialers, and

whether Defendant called Class Members using an artificial or prerecorded voice." Defendant's instruction makes no effort to explain to the jury what issues are left to be decided in this case. The Court should give Plaintiff's Proposed Jury Instruction and reject Defendant's Proposed Jury Instruction.

**Defendant:**

Defendant contends its proposed jury instruction is the most clear and impartial, as it simply recites the plain language of the TCPA. *See* 47 U.S.C. § 227(b)(1)(A). Moreover, the subsequent instructions clarify that the "prior express consent" element is actually an affirmative defense for which Defendant has the burden of proof. Finally, the verdict forms will also clarify whether the Plaintiff established the *prima facie* elements for which he has the burden of proof (for example, whether Defendant placed a call to a cell phone number), and whether the Defendant established the *prima facie* elements for which it has the burden of proof (including, for example, prior express consent).

In addition, Rash Curtis raises, so as not to waive, the issue of whether Plaintiff has stated a claim as to Rash Curtis' use of "automatic telephone dialing systems" within the meaning of 47 U.S.C. § 227(a)(1). Rash Curtis submits that the TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity (A) to store or produce telephone numbers to be called, ***using a random or sequential number generator***; and (B) to dial such numbers." Although the Ninth Circuit recently embraced a more expansive definition which includes all dialing equipment that has the capacity to store phone numbers and dial them, there is a split among Circuits, and the defendant in *Marks v. Crunch San Diego, LLC*, filed a petition for a writ of certiorari to the Supreme Court of the United States on January 28, 2019, requesting the Supreme Court resolve the circuit-split. The interpretation of the TCPA's definition of an "automatic telephone dialing system" given by other circuits would obviate some or all of Plaintiff's class claims because Rash Curtis' dialing equipment has never possessed the capacity to "generate" telephone numbers "using a random or sequential number generator". *See, e.g., Dominguez v. Yahoo, Inc.,* 894 F.3d 116, 120 (3rd Cir. 2018); *ACA Int'l v. Federal Commc'ns Comm'n*, 885 F.3d 687, 696-697 (D.C. Cir. 2018). Rash's dialers, like smartphones, are only used to dial phone

numbers off a list of specific phone numbers loaded and stored in Rash's dialers, and not numbers which it "generated" randomly or sequentially. Thus, with respect to the ATDS issue, Defendant maintains that it is proper for the jury to decide the factual question of whether or not any of Defendant's dialing equipment has the "capacity to store or produce telephone numbers to be dialed, using a random or sequential number generator…" *See* 47 U.S.C. § 227(a)(1). Although this Court has determined the Defendant's dialing equipment constitute ATDSs within the meaning of the TCPA and the current Ninth Circuit precedent, Defendant contends this simply factual determination could help inform the outcome of any appeal if the United States Supreme Court eventually resolves the current split among the Circuit Courts of Appeal in favor of Defendant.

## JOINT PROPOSED JURY INSTRUCTION NO. 31: DEFINITION OF "EXPRESS CONSENT" PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227

The TCPA defines "express consent" as consent that is clearly and unmistakably stated. If a creditor possesses prior express consent, then a third-party debt collector has express consent to make calls on behalf of that creditor.

In the debt collection context, "express consent" is consent to call a particular telephone number in connection with a particular debt that is given before the call in question is placed. Under the TCPA, the caller must have the express consent of the person being called.

**Date Submitted: March 4, 2019**

## JOINT PROPOSED JURY INSTRUCTION NO. 32: INTRODUCTION TO A CLASS ACTION (CACI NO. 115 – MODIFIED)

A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who have similar legal claims. All of these people together are called a "class." The Court has appointed Plaintiff Ignacio Perez as the class representative and Bursor & Fisher, P.A. as Class Counsel to represent the class.

In a class action, the claims of many individuals can be resolved at the same time instead of requiring each member to sue separately. Because of the large number of claims that are at issue in this case, not everyone in the class will testify. You may assume that the evidence at this trial applies to all class members, except as I specifically tell you otherwise. All members of the class will be bound by the result of this trial.

In this case, there are four classes that have been approved or "certified" by the Court:

**(a) Skip-Trace Class 1:** All persons who received a call on their cellular telephones within four years of the filing of the complaint until the date that class notice is disseminated from Rash Curtis' DAKCS VIC dialer and/or Global Connect dialer whose cellular telephone was obtained by Rash Curtis through skip tracing.

**(b) Skip-Trace Class 2:** All persons who received a prerecorded message or robocall on their cellular telephones [or] landline phones within four years of the filing of the complaint until the date that class notice is disseminated from Rash Curtis whose telephone number was obtained by Rash Curtis through skip tracing.

**(c) Non-Debtor Class 1:** All persons who received a call on their cellular telephones within four years of the filing of the complaint until the date that class notice is disseminated from Rash Curtis' DAKCS VIC dialer and/or Global Connect dialer whose telephone number was obtained by Rash Curtis through skip tracing and for whom Rash Curtis never had a debt-collection account in their name.

**(d) Non-Debtor Class 2:** All persons who received a prerecorded message or robocall on their cellular telephones [or] landline phones within four years of the filing of the complaint until the date that class notice is disseminated from Rash Curtis whose telephone number was obtained by Rash Curtis through skip tracing and for whom Rash Curtis has never had a debt-collection account in their name.

The people in the classes who received calls from Rash Curtis are referred to as the "Class Members." Rash Curtis must have obtained a person's telephone number through skip tracing and called that number to be a "Class Member." This case concerns calls made by Rash Curtis from June 17, 2012 until [date notice is disseminated]. This is referred to as the "Class Period." "Class

Members" do not include any persons who provided their cellular telephone in an application for credit to a creditor that has opened an account with Rash Curtis in such person's name prior to Rash Curtis first placing a call using an automatic telephone dialing system and/or prerecorded voice.

**Date Submitted: March 4, 2019**

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 33: QUESTIONS TO
WITNESSES BY JURORS**

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION NO. 1.19**

**Comment**

Whether to allow jurors to ask questions is a subject debated among judges. There are risks involved in allowing jurors to ask questions of witnesses. *See DeBenedetto v. Goodyear Tire & Rubber Co.*, 754 F.2d 512, 517 (4th Cir. 1985) (discussing risks of juror questioning). If a judge decides to allow questions, the following instruction and procedures may be helpful.

**INSTRUCTION**

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

## PROCEDURES

In the event the judge allows jurors to submit questions for witnesses, the judge may consider may consider taking the following precautions and using the following procedures:

1. The preliminary instructions should describe the court's policy on juror submitted questions, including an explanation of why some questions may not be asked. All juror-submitted questions should be retained by the clerk as part of the court record whether or not the questions are asked.

2. At the conclusion of each witness's testimony, if a juror has a written question it is brought to the judge.

3. Outside the presence of the jury, counsel are given the opportunity to make objections to the question or to suggest modifications to the question, by passing the written question between counsel and the court during a side-bar conference or by excusing jurors to the jury room.

4. Counsel or the judge asks the question of the witness.

5. Counsel are permitted to ask appropriate follow-up questions.

6. The written questions are made part of the record.

## PARTIES' STATEMENTS REGARDING DISPUTED JURY INSTRUCTION NO. 33

**Plaintiff:**

Plaintiff opposes Defendant's request to allow the jury to ask questions of the witnesses during trial. Plaintiff believes that allowing jurors to ask questions runs the risk of creating unnecessary chaos and confusion. Jurors are not trained in the law and should be focused on hearing the evidence and testimony presented. They should not be thinking about what questions they want to ask a witness. As the Court in *DeBenedetto v. Goodyear Tire & Rubber Co.*, 754 F.2d 512 (4th Cir. 1985) noted:

> [W]e believe the practice of juror questioning is ***fraught with dangers that can undermine the orderly progress of the trial to verdict***. Our judicial system is founded upon the presence of a body constituted as a neutral factfinder to discern the truth from the positions presented by the adverse parties. The law of evidence has as its purpose the provision of a set of rules by which only relevant and admissible evidence is put before that neutral factfinder. Individuals not trained in the law cannot be expected to know and understand what is legally relevant, and perhaps more importantly, what is legally admissible.
>
> Since jurors generally are not trained in the law, ***the potential risk that a juror question will be improper or prejudicial is simply greater than a trial court should take, absent such compelling circumstances*** as will justify the exercise of that judicial discretion set out above.

*Id.* at 516 (emphasis added). Plaintiff opposes Defendant's request to allow jurors to ask questions during the trial.

**Defendant:**

Defendant subscribes to the theory that jurors are both intelligent and logical. Allowing the jury to ask questions ensures that they are not confused by the evidence or do not understand something. Allowing jurors to ask questions is critical in ensuring that the verdict reached is not done so out of error or misunderstanding. As the Ninth Circuit has recognized, allowing jurors to ask questions is permitted. *See* Comment to Ninth Circuit Model Jury Instruction No. 1.19 (citing *DeBenedetto v. Goodyear Tire & Rubber Co.*, 754 F.2d 512, 517 (4th Cir. 1985)).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 34: ATDS DEFINED

For the purposes of the TCPA, an "automatic telephone dialing system" or "ATDS" is defined as equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers.

**Authority**

47 U.S.C. § 227(a)(1).

**Date Submitted: March 4, 2019**

**PARTIES' STATEMENTS REGARDING DISPUTED JURY INSTRUCTION NO. 34**

**Plaintiff:**

The Court should refuse to give Defendant's Proposed Jury Instruction. Defendant requests that the Court instruct the jury on the definition of ATDS. That is unnecessary and will only serve to confuse the jury. The Court has already determined that Defendant's dialers are automatic telephone dialing systems under the TCPA. *See* Dkt. No. 167 at 6-8 ("Plaintiffs' motion for summary judgment as to defendant's Dialers is **GRANTED** and the Court holds that Rash Curtis' Dialers constitute ATDSs within the meaning of the TCPA."). As this issue has already been resolved by the Court at summary judgment, the jury is not being asked to make any findings about whether Defendant's dialers are ATDS. Instructing the jury on this would only serve to confuse the jury and make it appear that they need to make findings about an issue already decided by the Court. The Court should not give Defendant's Proposed Jury Instruction.

**Defendant:**

Rash Curtis raises, so as not to waive, the issue of whether Plaintiff has stated a claim as to Rash Curtis' use of "automatic telephone dialing systems" within the meaning of 47 U.S.C. § 227(a)(1). Rash Curtis submits that the TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity (A) to store or produce telephone numbers to be called, ***using a random or sequential number generator***; and (B) to dial such numbers." Although the Ninth Circuit recently embraced a more expansive definition which includes all dialing equipment that has the capacity to store phone numbers and dial them, there is a split among Circuits, and the defendant in *Marks v. Crunch San Diego, LLC*, filed a petition for a writ of certiorari to the Supreme Court of the United States on January 28, 2019, requesting the Supreme Court resolve the circuit-split. The interpretation of the TCPA's definition of an "automatic telephone dialing system" given by other circuits would obviate some or all of Plaintiff's class claims because Rash Curtis' dialing equipment has never possessed the capacity to "generate" telephone numbers "using a random or sequential number generator". *See, e.g., Dominguez v. Yahoo, Inc.,* 894 F.3d 116, 120 (3rd Cir. 2018); *ACA Int'l v. Federal Commc'ns Comm'n*, 885 F.3d 687, 696-697 (D.C. Cir. 2018). Rash's dialers, like smartphones, are only used to dial phone numbers off a list of specific phone

numbers loaded and stored in Rash's dialers, and not numbers which it "generated" randomly or sequentially. Thus, with respect to the ATDS issue, Defendant maintains that it is proper for the jury to decide the factual question of whether or not any of Defendant's dialing equipment has the "capacity to store or produce telephone numbers to be dialed, using a random or sequential number generator…" *See* 47 U.S.C. § 227(a)(1). Although this Court has determined the Defendant's dialing equipment constitute ATDSs within the meaning of the TCPA and the current Ninth Circuit precedent, Defendant contends this simply factual determination could help inform the outcome of any appeal if the United States Supreme Court eventually resolves the current split among the Circuit Courts of Appeal in favor of Defendant.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 35: GOOD FAITH DEFENSE**

When the creditor-client provides the debtor's telephone number to the debt collector, the debt collector has a good-faith basis to believe the debtor provided his or her prior express consent to the creditor-client on whose behalf the debt collector sought to collect a debt because the debt collector is entitled to rely on the statements and information provided by its creditor-client. The debt collector may not be held liable under the TCPA for calling the debtor's telephone number if the debt collector was acting in good faith upon the information provided to it by the creditor, even if the debtor did not in fact provide his or her prior express consent to the creditor-client.

**Authority**

*Chyba v. First Financial Asset Management, Inc.,* 2014 WL 1744136, at *11-12 (S.D. Cal. Apr. 30, 2014), *affirmed by* 671 Fed.Appx. 989 (9th Cir. 2016); *accord Clark v. Capital Credit & Collection Services,* 460 F.3d 1162, 1174 (9th Cir. 2005).

## PARTIES' STATEMENTS REGARDING DISPUTED JURY INSTRUCTION NO. 35

**Plaintiff:**

Defendant asks the Court to instruct the jury as to a purported "good faith" defense. Plaintiff's Motion in Limine Number 6 discusses in detail the absence of any such good faith defense. Defendant has made this argument repeatedly in this case. *See, e.g.,* Defendant Rash Curtis & Associates' Opposition to Plaintiffs' Motion for Partial Summary Judgment, ECF Doc. No. 152, at 15 ("even if the Court finds that Rash Curtis did not possess prior express consent to call Mr. Perez's cell phone number, it should still deny Plaintiffs' Motion on the grounds that Rash Curtis was acting in good faith and with a reasonable belief that the number it was calling belonged to the debtor it was attempting to contact."); Defendant Rash Curtis & Associates' Motion for Reconsideration of Motion for Summary Judgment in Light of *ACA International v. Federal Communications Commission*, ECF Doc. No. 189, at 23 ("Rash Curtis submits it cannot be held liable for mistakenly calling Mr. Perez while trying in good faith to reach Mr. Reynoso"); Defendant Rash Curtis & Associates' Notice of Motion and Motion to Amend the Court's June 18, 2018 Order Denying Motion for Reconsideration, ECF Doc. No. 206, at 9 (section titled "A Good-Faith Belief That 'Prior Express Consent' Exists Precludes TCPA Liability"). The Court has rejected this argument every single time, and held as a matter of law that Defendant did not have consent to call Plaintiff. *See, e.g.,* Order Re: Cross Motions for Summary Judgment; Denying Motion for Stay, ECF Doc. No. 167, at 11-12 (holding that Defendant lacked consent as a matter of law to call Plaintiff Perez); Order Denying Motion for Reconsideration, Dkt. No. 199, at 3-4, 5-6 (addressing reasonable reliance, good faith, and prior express consent arguments).

Because the TCPA is a strict liability statute, there is no such thing as a good faith defense. *See Alea London, Ltd. v. American Home Servs., Inc.*, 638 F.3d 768, 766 (11th Cir. 2011) ("The TCPA is essentially a strict liability statute"); *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*, 401 F.3d 876, 882 n. 3 (8th Cir. 2005) ("The [TCPA] ... makes no exception for senders who mistakenly believe that recipients' permission or invitation existed."). In *Abrantes v. Northland Grp., Inc.*, 2015 WL 1738255, at *1, *3 (N.D. Cal. Apr. 13, 2015) (Gonzalez Rogers, J.), this Court expressly declined to recognize "a good faith exception from TCPA for autodialed

… calls to telephone numbers that have been reassigned," where "consent was given by the

'intended recipient' of the call" because:

> While the Ninth Circuit has not directly addressed the definition of
> "called party" under section 227(b)(1)(A), district courts in this
> circuit have generally rejected the "intended recipient" definition.
> *See Olney v. Progressive Cas. Ins. Co.,* No. 13–cv–02058, 2014 WL
> 294498, at *3 (S.D. Cal. Jan. 24, 2014); *Jordan v. Nationstar
> Mortgage LLC,* No. 14–CV–00787–WHO, 2014 WL 5359000, at
> *12 (N.D. Cal. Oct. 20, 2014) (describing a brief history of how the
> federal courts have interpreted the term "called party" to conclude
> that continuing a stay would unnecessarily delay the case).  Likewise,
> the Courts of Appeal in the Seventh and Eleventh Circuits have held
> that "called party" means current subscriber, not "intended
> recipient." *See Soppet v. Enhanced Recovery Company., LLC,* 679
> F.3d 637, 643 (7th Cir. 2012); *Osorio v. State Farm Bank, F.S.B.,*
> No. 13–cv–10951, 2014 WL 1258023, at *7 (11th Cir. 2014).

In reaching this conclusion, the Court relied not on the FCC's interpretation of the term

called party, but rather on case law and the text of the TCPA.  *See Abrantes*, 2015 WL 1738255, at

*3 ("Nothing about the interpretation of this statutory term appears to require any special expertise.

The fact that numerous courts have interpreted the term 'called party' weighs against a stay."); *see

also King v. Time Warner Cable*, 113 F. Supp. 3d 718, 724 (S.D.N.Y. 2015) ("The text is clear and

unambiguous on its face: called party means the party that was called.  If Congress intended to

refer to the party that the caller wanted to reach when it dialed the number, it would have used

different language.").

Defendant cites *Chyba v. First Fin. Asset. Mgmt.*, 2014 WL 1744136 (S.D. Cal. Apr. 30,

2014) for the purported presence of a "good faith defense."  That case is not persuasive, however.

In *Chyba*, the defendant submitted evidence that the plaintiff provided her cellular telephone

number to the creditor, and that the debt collector was calling regarding that same account.  *Chyba*,

2014 WL 1744136, at *10.  The court noted that "[w]hen a consumer provides a cellular telephone

number to a creditor as part of the underlying transaction, the provision of the number constitutes

express consent for the creditor to contact the consumer about the debt."  *Id.*  In dicta, the court

went on to apply the language of the Fair Debt Collection Practices Act (FDCPA) to the TCPA.  *Id.*

at *11-12.  That interpretation is not supported by other Ninth Circuit district courts.  *See Olney v.*

*Job.com, Inc.*, 2014 WL 1747674, at *8 (E.D. Cal. May 1, 2014) ("*Chyba* is the only decision of which the Court is aware to find that a party otherwise liable under TCPA for making a call to an individual without consent may not be if it had a good faith basis to believe the call's recipient consented to the call"). Indeed, the court's interpretation in *Chyba* is illogical. *See Olney v. Job.com, Inc.*, 2014 WL 1747674, at *8 (E.D. Cal. May 1, 2014) (engaging in the statutory analysis of the TCPA and concluding the "logical interpretation of 'called party' as used in this section is the 'actual recipient.'"). *See also Pieterson v. Wells Fargo Bank, N.A.*, 2018 WL 3241069, at *3 (N.D. Cal. July 2, 2018) ("In the Ninth Circuit, district courts have generally rejected the 'intended recipient' definition, which counsels against a conclusion that Defendant can rely on a good faith exemption to the consent requirement.").

The "good faith defense" is also wholly irrelevant to absent class members. The class is composed of persons whose telephone numbers Defendant obtained through skip tracing – numbers for which Defendant could not possibly have had a good faith belief that it had consent to call. Thus, a good faith defense would only add confusion.

Finally, Defendant never asserted a "good faith defense" in its Answer. *See gen.*, Defendant Rash Curtis & Associates' Answer to Plaintiff's Complaint; And Demand for Jury Trial, ECF Doc. No. 10, at 7-9 (listing defenses). Accordingly, the "defense" has been waived.

**Defendant:**

The TCPA is <u>not</u> a strict liability statute; there are damages for negligent violations and there are damages for willful or knowing violations. *Cf.* 47 U.S.C. § 227(b)(3)(B) (permitting the recovery of statutory damage of $500 for each violation) *with* 47 U.S.C. § 227(b)(3) ("If the court finds the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."). *See also ACA Int.'l v. FCC*, 885 F.3d 687, 7075(D.C. Cir. 2018) ("The Commission observed that it nonetheless 'could have interpreted the TCPA to impose a traditional strict liability standard on the caller, *i.e.*, a 'zero call' approach under which no allowance would have been

given for the robocaller to learn of the reassignment." [Citation.] But the Commission declined to interpret the statute 'to require a result that severe.'").

TCPA liability does not extend to debt collectors where the phone number provided to the debt collector by its creditor-client "gave Defendant a good-faith basis to believe that it had prior express consent to contact Plaintiff at that number." *See, e.g., Chyba v. First Financial Asset Management, Inc.*, 2014 WL 1744136, at *11 (S.D. Cal. 2014) *aff'd* 671 Fed.App'x 989 (9th Cir. 2016). The Ninth Circuit has confirmed that liability under the TCPA is not appropriate where "[t]here appears to have been little that the Defendant could have done to further ascertain whether there was consent except to call Plaintiff". *Id.* *See also ACA Int'l, supra,* 885 F.3d at 705 ("Rather, the Commission read the statute to 'anticipate[ ] the caller's ability to rely on prior express consent,' which the Commission interpreted "to mean reasonable reliance.").

Here, Rash Curtis obtained a cell phone number from its creditor client, Sutter General Hospital ostensibly affiliated with a debt owed to Sutter by Daniel Reynoso. Rash Curtis reasonably relied upon this information from Sutter; it did not know that the cell phone number in question had been ported from Daniel Reynoso to Plaintiff Perez, until June 7, 2016, the first time that Plaintiff Perez answered. On that date, upon notice, Rash Curtis deleted the cell number from Mr. Reynoso's account, and never called Plaintiff Perez again. The evidence, including testimony from Rash Curtis' employees, as well as its business records, show that Rash Curtis reasonably and in good faith believed that it possessed prior express consent to call the phone number in question up until June 7, 2016. This defense is relevant to liability and the measure of damages.

Finally, the Final Pretrial Conference Order supersedes the parties' pleadings, including issues not previously pleaded. *Patterson v. Hughes Aircraft Co.,* 11 F.3d 948, 950 (9th Cir. 1993); *In re Hunt,* 238 F.3d 1098, 1101-1102 (9th Cir. 2000); O'Connell & Stevenson, *Rutter Practice Guide: Federal Civil Procedure Before Trial,* § 15:65 (Rutter Group 2018). Thus, the fact that the Good Faith defense was not pleaded in Defendant's Answer is inapposite.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 36: SAFE HARBOR DEFENSE**

When a debt collector has no knowledge that a cell phone number has been reassigned from one who has provided his or her prior express consent to another individual who has not provided his or her prior express consent, the debt collector's reliance upon the prior subscriber's consent is reasonable unless and until the debt collector actually learns that the cell phone number has been reassigned. Thus, the defendant may not be held liable for calling the plaintiff's cell phone number until it learned that it had been reassigned from the prior subscriber to the plaintiff.

**Authority**

*ACA International v. Federal Communications Commission*, 885 F.3d 687, 706-708 (D.C. Cir. 2018); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 8000-8010 ¶¶ 73-92 (July 10, 2015).

**PARTIES' STATEMENTS REGARDING DISPUTED JURY INSTRUCTION NO. 36**

**Plaintiff:**

Defendant asks the Court to instruct the jury regarding a "Safe Harbor" defense. Defendant wishes to instruct the jury that "the defendant may not be held liable for calling the plaintiff's cell phone number until it learned that it had been reassigned from the prior subscriber to the plaintiff." But because this Court has already rejected all of Defendant's prior express consent arguments at summary judgment, whether Defendant had prior express to consent to call Plaintiff's cellphone number is not an issue that will be decided at trial. *See, e.g.,* Order Re: Cross Motions for Summary Judgment; Denying Motion for Stay, ECF Doc. No. 167, at 11-12 (holding that Defendant lacked consent as a matter of law to call Plaintiff Perez); Order Denying Motion for Reconsideration, Dkt. No. 199, at 3-4, 5-6 (addressing reasonable reliance, good faith, and prior express consent arguments).

Further, because the TCPA is a strict liability statute, there is no such thing as a safe harbor defense. *See Alea London, Ltd. v. American Home Servs., Inc.*, 638 F.3d 768, 766 (11th Cir. 2011) ("The TCPA is essentially a strict liability statute"); *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*, 401 F.3d 876, 882 n. 3 (8th Cir. 2005) ("The [TCPA] ... makes no exception for senders who mistakenly believe that recipients' permission or invitation existed."). Similarly, in *Abrantes v. Northland Grp., Inc.*, 2015 WL 1738255, at *1, *3 (N.D. Cal. Apr. 13, 2015) (Gonzalez Rogers, J.), this Court expressly found that a defendant in a TCPA case needs to have the prior express consent of the called party, not the intended recipient. In reaching this conclusion, the Court relied not on the FCC's interpretation of the term called party, but rather on case law and the text of the TCPA. *See Abrantes*, 2015 WL 1738255, at *3 ("Nothing about the interpretation of this statutory term appears to require any special expertise. The fact that numerous courts have interpreted the term 'called party' weighs against a stay."); *see also King v. Time Warner Cable*, 113 F. Supp. 3d 718, 724 (S.D.N.Y. 2015) ("The text is clear and unambiguous on its face: called party means the party that was called. If Congress intended to refer to the party that the caller wanted to reach when it dialed the number, it would have used different language.").

Further, while a 2015 FCC Declaratory Ruling previously provided for a *one call* safe harbor for calls to reassigned telephone numbers, the D.C. Circuit set aside the FCC's declaratory ruling concerning the safe harbor provision in its entirety. *Pieterson v. Wells Fargo Bank, N.A.*, 2018 WL 3241069, at *2 (N.D. Cal. July 2, 2018) (citing *ACA Int'l v. Fed. Commc'ns Comm'n*, 885 F. 3d 687 (D.C. Cir. 2018). Accordingly, following the D.C. Circuit's decision to set aside the 2015 FCC Declaratory Ruling, as discussed in *Pieterson*, there is no such thing as a safe harbor for reassigned phone numbers. *See id.* (citing *McMillion v. rash Curtis & Assoc.*, 2018 WL 692105, at *5 (N.D. Cal. Feb. 2, 2018)).

On December 13, 2018, the FCC issued a new order creating a safe harbor for callers that check whether a number has been reassigned against a new database that has yet to be implemented. *See* Federal Communications Commission Second Report and Order, *In the Matter of Advanced Methods to Target and Eliminate Unlawful Robocalls*, 2018 WL 6590244, at *13 (Dec. 13, 2018); *Knapper v. Cox. Commc'ns, Inc.* 2019 WL 250430, at *2-3 (D. Ariz. Jan. 17, 2019) ("the FCC's analysis necessarily indicates that there would likely be no good faith defense available to callers unless they used the new database"). Here, Defendant obviously has not used any database (which had not yet been created), and, accordingly, any purported safe harbor defense is irrelevant. *See Knapper*, 2019 WL 250430, at *3 (indicating that the safe harbor defense would not apply retroactively).

The "safe harbor" defense is also wholly irrelevant to absent class members. The class is composed of persons whose telephone numbers Defendant obtained through skip tracing – numbers for which Defendant could not possibly have had a "safe harbor" to call in the first place. When a number is obtained through skip tracing, it is wholly irrelevant whether the phone number may have later been reassigned for purposes of the "safe harbor" defense, as Defendant could not have "reasonably relied" on any purported consent in the first place. Thus, an instruction about a safe harbor defense would only add confuse the jury.

Defendant also never asserted a "safe harbor defense" in its Answer. *See gen*., Defendant Rash Curtis & Associates' Answer to Plaintiff's Complaint; And Demand for Jury Trial, ECF Doc. No. 10, at 7-9 (listing defenses). Accordingly, the "defense" has been waived.

**Defendant:**

Last year, the D.C. Circuit Court's decision in *ACA v. FCC, supra,* set aside the FCC's "one-call safe harbor;" previously, the FCC had permitted "one liability-free call, rather than impose a traditional strict liability standard, because it interpreted a caller's ability under the statute to rely on a recipient's 'prior express consent' to mean reasonable reliance. And when a caller has no knowledge of a reassignment, the [FCC] understandably viewed the caller's continued reliance on the prior subscriber's consent to be reasonable." *ACA International, supra,* 894 F.3d at 706-707 (some internal quotation marks omitted). The D.C. Circuit discussed the purpose of the FCC's reasonable reliance approach:

> Elsewhere in the Declaratory Ruling, the Commission echoed the same "reasonable reliance" understanding of the statute's approval of calls based on "prior express consent." The ruling accepts that a caller can rely on consent given by a wireless number's "customary user" ("such as a close relative on a subscriber's family calling plan"), rather than by the subscriber herself. [] That is because the "caller in this situation cannot reasonably be expected to divine that the consenting person is not the subscriber." [] The [FCC] reiterated in that regard that, in "construing the term 'prior express consent' in section 227(b)(1)(A), we consider the caller's reasonableness in relying on consent. [][¶] The [FCC] thus consistently adopted a "reasonable reliance" approach when interpreting the TCPA's approval of calls based on "prior express consent," including as the justification for allowing a one-call safe harbor when a consenting party's number is reassigned. The [FCC], though, gave no explanation of why reasonable-reliance considerations would support limiting the safe harbor to just one call or message. That is, why does a caller's reasonable reliance on a previous subscriber's consent necessarily cease to be reasonable once there has been a single, post-reassignment call? The first call or text message, after all, might give the caller no indication whatsoever of a possible reassignment (if, for instance, there is no response to a text message, as would often be the case with or without a reassignment).

*ACA International, supra,* 885 F.3d at 707 (internal citations omitted).

In setting aside the one-call safe harbor, the D.C. Circuit <u>*did not*</u> set aside the FCC's "reasonable reliance understanding of calls based on prior express consent." *Id.* (Internal quotation marks omitted.) Unlike some TCPA cases (e.g., junk fax cases) where there is no prior express consent from a previous subscriber upon which the defendant reasonably relied, the FCC has

"consistently adopted a 'reasonable reliance' approach" in these circumstances. *Id. ACA* noted, "the [FCC] said that 'it could have interpreted the TCPA to impose a traditional strict liability standard,' i.e., 'a zero call' approach.' [] But the agency declined to 'require a result that severe'". *Id.* at 708. The *ACA* court went on to set aside the one-call safe harbor <u>only</u> because it was under the impression that the FCC does not treat reassigned number cases as strict-liability cases:

> When we invalidate a specific aspect of an agency's action, we leave related components of the agency's action standing only if "we can say without any 'substantial doubt' that the agency would have adopted the severed portion on its own." [][¶] Here, we have no such assurance. If we were to excise the Commission's one-call safe harbor alone, that would leave in place the Commission's interpretation that "called party" refers to the new subscriber. And that in turn would mean that a caller is strictly liable for *all* calls made to the reassigned number, even if she has no knowledge of the reassignment. [¶] We cannot be certain that the agency would have adopted that rule in the first instance. … We cannot say without substantial doubt that the agency would have embraced the "severe" implications of a pure, strict-liability regime in the absence of any safe harbor.

*ACA Int'l, supra,* 885 F.3d at 708 (internal citations omitted).

Thus, when the *ACA* court set aside the FCC's treatment of reassigned numbers, it did not contemplate leaving in place a strict-liability regime in reassigned number cases; rather, it left in place a "reasonable reliance" standard. *Id.* The TCPA imposes liability based upon negligence and willfulness standards. *See, e.g.,* 47 U.S.C. § 227(b)(3). Here, Rash Curtis' conduct in calling Plaintiff Perez does not rise to the level of "negligent" conduct, let alone "willful" or "knowing" within the plain language of the TCPA. *See* 47 U.S.C. § 227(b)(3).

Finally, the Final Pretrial Conference Order supersedes the parties' pleadings, including issues not previously pleaded. *Patterson v. Hughes Aircraft Co.,* 11 F.3d 948, 950 (9th Cir. 1993); *In re Hunt,* 238 F.3d 1098, 1101-1102 (9th Cir. 2000); O'Connell & Stevenson, *Rutter Practice Guide: Federal Civil Procedure Before Trial,* § 15:65 (Rutter Group 2018). Thus, the fact that the Good Faith defense was not pleaded in Defendant's Answer is inapposite.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 37: STATUTORY DAMAGES

If you find that the defendant violated the TCPA as to plaintiff, you may award the plaintiff any amount of actual monetary loss he has proven or $500 per violation, whichever is greater.

### Authority

47 U.S.C. § 227(b)(3)(B).

**Date Submitted: March 4, 2019**

# PARTIES' STATEMENTS REGARDING DISPUTED JURY INSTRUCTION NO. 37

**Plaintiff:**

Plaintiff opposes Defendant's Proposed Jury Instruction on statutory damages. The TCPA provides in relevant part that a person may "recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. §§ 227(b)(3)(B). Plaintiff is not seeking to prove that actual monetary losses are greater than $500 per call. *See* Order Granting Plaintiffs' Motion for Class Certification, Dkt. No. 81, at 7 ("defendant's argument that issues relating to whether class members were charged for any calls contradicts established case law finding that receiving charges for the unlawful calls is not an element of a TCPA claim"). Therefore, damages are set at $500 per unlawful call by statute. The jury does not have discretion to award any amount other than the statutory amount of $500. Thus, the jury's role is to ascertain the number of calls Defendant made in violation of the statute, not the amount of money that should be awarded due to such violations. The Court should exclude Defendant's Proposed Jury Instruction because it instructs the jury on an issue that the jury does not need to decide and it will only serve to confuse the jury should it be presented to them.

**Defendant:**

Defendant contends its jury instruction is a clear and impartial reading of the strict language of the statute. Furthermore, court's have frequently discounted the statutory damages where appropriate, based in part on the actual harm suffered (or not suffered) as a result of the alleged TCPA violation. Due process is also relevant to the issue of damages, where the TCPA's "adding-machine" damages were created to incentivize individual actions (for a nominal harm not otherwise likely to be pursued by individual plaintiffs) but can quickly create ruinous liability on a class-wide basis. While the TCPA's statutory damages are not facially unconstitutional, they "may become unconstitutional as applied in an individual case." *Maryland v. Universal Electronics, Inc.*, 862 F.Supp.2d 457, 465 (D. Md. 2012) ("In such situations, a damages award may violate due process or constitute an 'excessive file' under the Eighth Amendment"); *see also Forman v. Data Transfer, Inc.,* 164 F.R.D. 400, 405 (E.D. Pa. 1995) (noting that the statutory damages allowed

under the TCPA were designed by Congress to be sufficient to incentivize individual actions and that class actions posed the risk of "horrendous, possibly annihilating punishment, unrelated to any damage to the purported class"); *see also Texas v. American Blastfax, Inc.,* 164 F.Supp.2d 892, 900-901 (W.D. Tex. 2001) (awarding 7 cents per TCPA violation, instead of $500 or more, for equitable, reasonableness, and due process concerns); *see also Heidorn v. BDD Marketing & Management Co.,* 2031 WL 6571168, at *2 (N.D. Cal. Oct. 9, 2013) (Gonzalez Rogers, Y.) (adopting magistrate judge's recommendations to deny treble damages despite finding that plaintiff's allegations established defendant had acted willfully).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 38: CLASS LIABILITY

In order to find that the defendant is liable to the putative class members, you must find that the plaintiff is an adequate class representative. This means you must find that he is a member of each of the certified classes and that his cellular telephone number was obtained by the defendant through skip-tracing.

## Authority

*Bailey v. Patterson,* 369 U.S. 31, 32-33 (1962); *Aleknagic Natives Ltd. v. Andrus*, 648 F.2d 496, 504-505 (9th Cir. 1980).

**Date Submitted: March 4, 2019**

**PARTIES' STATEMENTS REGARDING DISPUTED JURY INSTRUCTION NO. 38**

**Plaintiff:**

The Court should reject Defendant's Proposed Jury Instruction, which seeks to require the jury to find that "plaintiff is an adequate class representative" and "is a member of each of the certified classes." The Court has already ruled that Plaintiff Perez is an adequate class representative. *See* Dkt. No. 81 at 11-12 ("Plaintiffs have made a sufficient showing for purposes of Rule 23(a) that Perez and his counsel are adequate representatives."). The jury cannot and should not make any findings regarding Plaintiff Perez's adequacy as a class representative. There is no basis for the jury to re-visit the Court's earlier findings regarding Plaintiff's Perez's adequacy.

Defendants cite *Bailey v. Patterson,* 369 U.S. 31, 32-33 (1962) and *Aleknagik Natives Ltd. v. Andrus*, 648 F.2d 496, 504-505 (9th Cir. 1980). Neither of those cases hold that a jury must determine at trial that a plaintiff is an adequate class representative. Instead, those cases merely stand for the banal proposition that a plaintiff cannot represent a class that he/she is not a member of. *See Bailey*, 369 U.S. at 32-33 ("They cannot represent a class of whom they are not a part."). Defendant has not offered any evidence that Plaintiff Perez is not a member of the certified classes or that he is no longer an adequate class representative. Even if they could, the question of Plaintiff's adequacy is for the Court, not the jury. Tellingly, Defendant's proposed instruction does not even endeavor to explain the standard for determining whether Plaintiff is an "adequate" class representative. This proposed instruction is simply designed to confuse the jury and increase Plaintiff's burden at trial. The Court should not give Defendant's Proposed Jury Instruction.

**Defendant:**

Contrary to Plaintiff's assertions, Defendant has presented a plethora of evidence supporting the fact that Plaintiff is not a member of the certified classes because his cell phone number was not obtained through skip tracing. Specifically, the evidence which supports this fact includes: (1) Steven Kizer's deposition testimony; (2) Rash Curtis' business records, including its collection notes, ECA Advanced Trace report, and Edit Tracking report; (3) Sutter General Hospital's records, including its patient demographics facesheet for the debtor, Daniel Reynoso;

and (4) Plaintiff's expert's (Anya Verkhovskaya)'s "class list," which does not include Plaintiff as a class member (because his phone number was neither skip traced nor stored in fields 5-10).

In short, Defendant maintains it is proper for the jury to decide how Plaintiff's cell phone number was obtained, *i.e.,* by Defendant through skip-tracing or by some other means. If it was not obtained through skip-tracing, then Plaintiff does not meet any of the class definitions and is not an adequate class representative. *See Bailey v. Patterson,* 369 U.S. 31, 32-33 (1962); *Aleknagic Natives Ltd. v. Andrus*, 648 F.2d 496, 504-505 (9th Cir. 1980).

Dated: March 4, 2019                    Respectfully submitted,

                                        **BURSOR & FISHER, P.A.**

                                        By:    */s/ Yeremey Krivoshey*
                                                 Yeremey Krivoshey

                                        L. Timothy Fisher (State Bar No. 191626)
                                        Yeremey Krivoshey (State Bar No.295032)
                                        Blair E. Reed (State Bar No. 316791)
                                        1990 North California Blvd., Suite 940
                                        Walnut Creek, CA  94596
                                        Telephone: (925) 300-4455
                                        Email:  ltfisher@bursor.com
                                                 ykrivoshey@bursor.com
                                                 breed@bursor.com

                                        **BURSOR & FISHER, P.A.**
                                        Scott A. Bursor (State Bar No. 276006)
                                        888 Seventh Avenue
                                        New York, NY  10019
                                        Telephone: (212) 989-9113
                                        Facsimile:  (212) 989-9163
                                        E-Mail: scott@bursor.com

                                        *Attorneys for Plaintiff*

Dated:  March 4, 2019                   **ELLIS LAW GROUP LLP**

                                        By: */s/ Mark E. Ellis*
                                                 Mark E. Ellis

                                        Mark E. Ellis (State Bar No. 127159)
                                        Anthony P.J. Valenti (State Bar No. 288164)
                                        Lawrence K. Iglesias (State Bar No. 303700)
                                        1425 River Park Drive, Suite 400
                                        Sacramento, CA  95815
                                        Tel: (916) 283-8820
                                        Fax: (916) 283-8821
                                        mellis@ellislawgrp.com
                                        avalenti@ellislawgrp.com
                                        liglesias@ellislawgrp.com

                                        *Attorneys for Defendant*