**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Yeremey O. Krivoshey (State Bar No. 295032)
Blair E. Reed (State Bar No. 316791)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
　　　　ykrivoshey@bursor.com
　　　　breed@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

**ELLIS LAW GROUP LLP**
Mark E. Ellis - 127159
Anthony P. J. Valenti - 284542
Lawrence K. Iglesias - 303700
1425 River Park Drive, Suite 400
Sacramento, CA 95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
avalenti@ellislawgrp.com
liglesias@ellislawgrp.com

*Attorneys for Defendant*
RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA MCMILLION, JESSICA ADEKOYA, and IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>　　　　　　　　Defendant. | Case No. 4:16-cv-03396-YGR<br><br>**JOINT WITNESS LIST**<br><br>Date: April 12, 2019<br>Time: 9:00 a.m.<br>Courtroom 1, 4th Floor<br><br>Hon. Yvonne Gonzalez Rogers |

**Plaintiff's Proposed Witness List**

| Party Designating | Witness Name | Substance of Testimony | Time Estimate (Direct) | Time Estimate (Cross) |
|---|---|---|---|---|
| Plaintiff | Ignacio Perez | Mr. Perez is a Plaintiff and Court appointed class representative. He will testify regarding his experience receiving calls from the Defendant, and his representation of the class. | 30 minutes | 1 hour |
| Plaintiff | Randall A. Snyder | Mr. Snyder will provide his opinion about the methodology for identifying calls made to class members. He will also testify to the accuracy and reliability of the methodology used by Ms. Verkhovskaya and Mr. Weir. He will provide background information concerning the dialers used by Defendant and their methods of operation. He will also testify regarding Defendant's dialers use of prerecorded messages or artificial voice. He will also testify regarding the account for which Plaintiff received calls, including that Defendant obtained Plaintiff's phone number through skip tracing and called Plaintiff using an autodialer and prerecorded voice. His testimony has been set out in greater detail in his November 12, 2018 expert report. | 2 hours | 2.5 hours |
| Plaintiff | Colin B. Weir | Mr. Weir will testify as Plaintiff's expert witness. Mr. Weir will provide testimony regarding his calculations and methodology for ascertaining damages resulting from Rash Curtis' use of ATDSs and prerecorded or artificial voice. His testimony has been set out in greater detail in his November 12, 2018 expert report. | 2 hours | 2.5 hours |
| Plaintiff | Anya Verkhovskaya | Anya Verkhovskaya will testify as Plaintiff's expert witness. She will testify regarding her methodology (and the results of her methodology) for ascertaining persons whose cellphones Defendant called with its autodialers and using a prerecorded voice who were not debtors on the account. Her testimony has been set out in greater detail in her November 12, 2018 expert report. | 2 hours | 2.5 hours |

JOINT TRIAL WITNESS LIST
CASE NO. 4:16-cv-03396-YGR

1

| | | | | | |
|---|---|---|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | Plaintiff | Dan Correa | Dan Correa is Senior Director of Operations at Rash Curtis & Associates. Mr. Correa will testify to the collection policies and procedures used by Rash Curtis, the account for which Plaintiff received calls from Defendant, Defendant's skip tracing practices, Defendant's use of its dialers and the use of prerecorded and artificial voice, and Defendant's knowledge and willfulness in violating the TCPA. | 1 hour | 2 hours |
| 7<br>8<br>9<br>10<br>11 | Plaintiff | Chris Paff | Chris Paff is Vice President of Collections at Rash Curtis & Associates and will testify to the collection policies and procedures used by Rash Curtis, Defendant's skip tracing practices, Defendant's use of its dialers and the use of prerecorded and artificial voice, and Defendant's knowledge and willfulness in violating the TCPA. | 1 hour | 1.5 hours |
| 12<br>13<br>14<br>15<br>16<br>17 | Plaintiff | Bob Keith | Bob Keith is the Executive Vice President at Rash Curtis & Associates and will testify to the collection policies and procedures used by Rash Curtis, the account for which Plaintiff received calls from Defendant, Defendant's skip tracing practices, Defendant's use of its dialers and the use of prerecorded and artificial voice, and Defendant's knowledge and willfulness in violating the TCPA. | 1 hour | 1 hour |
| 18<br>19<br>20<br>21<br>22<br>23 | Plaintiff | Nick Keith | Nick Keith is the IT Manager at Rash Curtis & Associates and will testify to the collection policies and procedures used by Rash Curtis, the account for which Plaintiff received calls from Defendant, Defendant's data retention practices, Defendant's skip tracing practices, Defendant's use of its dialers and the use of prerecorded and artificial voice, and Defendant's knowledge and willfulness in violating the TCPA. | 1 hour | 1 hour |
| 24<br>25<br>26 | Plaintiff | Steve Kizer | Steve Kizer will testify regarding Defendant's practice of loading third party and skip traced phone numbers, including cellphones, into Defendant's dialers and knowing that doing so was illegal under the TCPA. | 1 hour | 2.5 hours |

**Defendant's Proposed Witness List**

| Party Designating | Witness Name | Substance of Testimony | Time Estimate (Direct) | Time Estimate (Cross) |
|---|---|---|---|---|
| Defendant | Ignacio Perez | Mr. Perez is expected to testify that he is the cellular subscriber and customary user of the telephone number ending in 5193.  He is also expected to testify that he received telephone calls from Rash Curtis, which included the use of an artificial or prerecorded voice, in connection with Rash Curtis' attempt to collect a medical debt owed by someone named Daniel Reynoso.  He is expected to testify that he does not know Mr. Reynoso.  He is expected to testify that he provided his telephone number ending in 5193 to Sutter General Hospital in connection with his own personal medical care, his father's medical care, and in connection with his occupation as a care giver. He is expected to testify that he spoke to Rash Curtis on one occasion, on June 7, 2016, at which time he informed Rash Curtis' representative that he was not Mr. Reynoso and that Rash Curtis had the wrong number.  He is expected to testify that he did not receive any further calls from Rash Curtis after June 7, 2016. | 1 hour | 30 minutes |
| Defendant | Jessica Adekoya | Jessica Adekoya is expected to testify that she provided her telephone number ending in 5496 to Doctors Medical Center of San Pablo in connection with her own personal of medical treatment and her mother's medical treatment.  She is expected to testify that Doctors Medical Center had her prior express consent to call her regarding her medical treatment, including with respect to billing issues for such treatment.  She is also expected to testify that her mother, Geraldine Caldwell, consented to having Ms. Adekoya speak to Rash Curtis regarding her mother's medical debt, which had also been referred for collection. | 1 hour | 30 minutes |

| | | | | | |
|---|---|---|---|---|---|
| | Defendant | Geraldine Caldwell | Ms. Caldwell is expected to testify that she provided her daughter's telephone number ending in 5496 to Doctors Medical Center in connection with her medical treatment.  She is expected to testify that she gave Doctors Medical Center her prior express consent to call her daughter and speak to her regarding her medical treatment, including with respect to billing issues for such treatment. | 1 hour | 30 minutes |
| | Defendant | Robert Keith | Mr. Keith is expected to testify regarding his position as Vice President of Rash Curtis and his experience in the debt collection industry.  He is also expected to testify regarding Rash Curtis' policies and procedures regarding the use of its telephone dialing equipment, the placement and receipt of manually-dialed telephone calls, and the various methods of skip-tracing available to Rash Curtis' collectors.  He is also expected to testify regarding Rash Curtis' collection software, the maintenance of debtor account information, the process by which accounts are referred to Rash Curtis for collection, the type of information which is typically transmitted to Rash Curtis by its creditor-clients, the type of information contained in Rash Curtis' collection notes, and how to identify whether a particular telephone number was obtained via skip-tracing.  He is expected to testify regarding the policies and procedures adopted to comply with the TCPA, including the maintenance of different telephone fields within Rash Curtis' collection software and the training of Rash Curtis' collectors regarding the placement of telephone numbers within those telephone fields according to whether or not Rash Curtis has consent to "auto-dial" the telephone number in question.  Finally, Mr. Keith is expected to testify regarding the prior employment of Mr. Steven Kizer and the wage/hour and discrimination | 2 hours | 1 hour |

| | | | | |
|---|---|---|---|---|
| | | claims which Mr. Kizer filed in retaliation after he quit. | | |
| Defendant | Chris Paff | Mr. Paff is expected to testify regarding his position as Vice President of Rash Curtis and his experience in the debt collection industry.  He is also expected to testify regarding Rash Curtis' policies and procedures regarding the use of its telephone dialing equipment, the placement and receipt of manually-dialed telephone calls, and the various methods of skip-tracing available to Rash Curtis' collectors.  He is also expected to testify regarding Rash Curtis' collection software, the maintenance of debtor account information, the process by which accounts are referred to Rash Curtis for collection, the type of information which is typically transmitted to Rash Curtis by its creditor-clients, the type of information contained in Rash Curtis' collection notes, and how to identify whether a particular telephone number was obtained via skip-tracing.  He is expected to testify regarding the policies and procedures adopted to comply with the TCPA, including the maintenance of different telephone fields within Rash Curtis' collection software and the training of Rash Curtis' collectors regarding the placement of telephone numbers within those telephone fields according to whether or not Rash Curtis has consent to "auto-dial" the telephone number in question. Finally, Mr. Paff is expected to testify regarding the prior employment of Mr. Steven Kizer and the wage/hour and discrimination claims which Mr. Kizer filed in retaliation after he quit. | 1 hour | 1 hour |
| Defendant | Daniel Correa | Mr. Correa is expected to testify regarding his position as Collection Manager of Rash Curtis and his experience in the debt collection industry.  He is also expected to testify regarding Rash Curtis' policies and procedures regarding the use of its telephone dialing | 1.5 hours | 1 hour |

| | | | | | |
|---|---|---|---|---|---|
| | | | equipment, the placement and receipt of manually-dialed telephone calls, and the various methods of skip-tracing available to Rash Curtis' collectors. He is also expected to testify regarding Rash Curtis' collection software, the maintenance of debtor account information, the process by which accounts are referred to Rash Curtis for collection, the type of information which is typically transmitted to Rash Curtis by its creditor-clients, the type of information contained in Rash Curtis' collection notes, and how to identify whether a particular telephone number was obtained via skip-tracing. He is expected to testify regarding the policies and procedures adopted to comply with the TCPA, including the maintenance of different telephone fields within Rash Curtis' collection software and the training of Rash Curtis' collectors regarding the placement of telephone numbers within those telephone fields according to whether or not Rash Curtis has consent to "auto-dial" the telephone number in question. | | |
| | Defendant | Nick Keith | Mr. Keith is expected to testify regarding his position as Internet Technology Manager of Rash Curtis and his experience in the debt collection industry. He is also expected to testify regarding Rash Curtis' policies and procedures regarding the use of its telephone dialing equipment, the placement and receipt of manually-dialed telephone calls, and the various methods of skip-tracing available to Rash Curtis' collectors. He is also expected to testify regarding Rash Curtis' collection software, the maintenance of debtor account information, the process by which accounts are referred to Rash Curtis for collection, the type of information which is typically transmitted to Rash Curtis by its creditor-clients, the type of information contained in Rash Curtis' collection notes, and how to identify whether a particular telephone number was obtained via | 1 hour | 1 hour |

| | | | | |
|---|---|---|---|---|
| | | skip-tracing.  He is expected to testify regarding the policies and procedures adopted to comply with the TCPA, including the maintenance of different telephone fields within Rash Curtis' collection software and the training of Rash Curtis' collectors regarding the placement of telephone numbers within those telephone fields according to whether or not Rash Curtis has consent to "auto-dial" the telephone number in question. | | |
| Defendant | Terrence Paff | Mr. Paff is expected to testify regarding his position as President and owner of Rash Curtis and his experience in the debt collection industry.  He is also expected to testify regarding the policies and procedures adopted to comply with the TCPA, including the maintenance of different telephone fields within Rash Curtis' collection software and the training of Rash Curtis' collectors regarding the placement of telephone numbers within those telephone fields according to whether or not Rash Curtis has consent to "auto-dial" the telephone number in question.  He is also expected to testify regarding the company's net worth. | 1.5 hours | 1 hour |
| Defendant | Steven Kizer | Mr. Kizer is expected to testify regarding his former employment with Rash Curtis, including as a Training Manager.  He is also expected to testify regarding the use of its telephone dialing equipment, the placement and receipt of manually-dialed telephone calls, and the various methods of skip-tracing available to Rash Curtis' collectors.  He is also expected to testify regarding Rash Curtis' collection software, the maintenance of debtor account information, the process by which accounts are referred to Rash Curtis for collection, the type of information which is typically transmitted to Rash Curtis by its creditor-clients, the type of information contained in Rash Curtis' collection notes, and how to identify whether a particular | 2 hours | 2 hours |

| | | | | |
|---|---|---|---|---|
| | | telephone number was obtained via skip-tracing.. | | |
| Defendant | Daniel Reynoso | Mr. Reynoso is expected to testify that he provided his telephone number ending in 5193 to Sutter General Hospital in connection with his receipt of medical treatment. He is also expected to testify that Sutter General Hospital had his prior express consent to contact him regarding his treatment, including with respect to billing issues for such treatment. Finally, Mr. Reynoso is expected to testify regarding when he first obtained the 5193 telephone number and when he stopped using it. | 1 hour | 30 minutes |
| Defendant | Blake North | Mr. North is expected to testify regarding his position as a Customer Support Specialist for Global Connect and TCN, and the technical capabilities of Rash Curtis' telephone dialing equipment, including the Global Connect and TCN dialers. He is also expected to testify that neither the Global Connect nor TCN dialer has the present capacity to generate a 10-digit telephone number using either a random or sequential number generator. Finally, he is expected to testify how Rash Curtis uploaded dialing campaigns for the Global Connect and TCN dialers, the type of information transmitted by Rash Curtis, and the resulting call logs generated by Global Connect and TCN. | 1 hour | 1 hours |
| Defendant | Darrin Bird | Mr. Bird is expected to testify regarding his position as President and owner of Global Connect and TCN and the contractual agreements which governed Rash Curtis' use of the Global Connect and TCN dialers. | 1 hour | 1 hour |
| Defendant | Shane Sonognini | Mr. Sonognini is expected to testify regarding his position as a Software Designer for DAKCS, and the technical capabilities of Rash Curtis' DAKCS-based collection software, including Beyond ARM and the VIC dialer. He is also expected to testify that the VIC dialer does not have the present capacity to generate a 10-digit telephone number using either a random or sequential number | 1 hour | 1 hour |

| | | | | |
|---|---|---|---|---|
| | | generator. He is also expected to testify regarding the various custom programs written to specially-modify the way Rash Curtis' collection software operates and functions. He is expected to testify how Rash Curtis used the VIC dialer to place both manually-dialed and automatically-dialed telephone calls, the resulting information stored in Rash Curtis' collection software database, and how the VIC call logs were generated using a custom program designed to parse the native data stored in Rash Curtis' collection software archives. Finally, he is expected to testify regarding how the debtor account records were generated and the reliability of the information contained therein, including whether a particular telephone number was stored in a particular telephone field, when it was added, and whether it was ever moved, changed, deleted, etc. | | |
| Defendant | Lex Patterson | Mr. Patterson is expected to testify regarding his position as President of DACKS, the vendor who provides and services Rash Curtis' collection software. He is also expected to testify regarding the various contracts entered into between Rash Curtis and DACKS in connection with the various custom programs written to specially-modify the way Rash Curtis' collection software operates and functions. | 1 hour | 1 hour |

JOINT TRIAL WITNESS LIST
CASE NO. 4:16-cv-03396-YGR

9

| | |
|---|---|
| Dated: March 4, 2019 | Respectfully submitted, |

**BURSOR & FISHER, P.A.**

By:   */s/ Yeremey Krivoshey*
      Yeremey Krivoshey

L. Timothy Fisher (State Bar No. 191626)
Yeremey Krivoshey (State Bar No.295032)
Blair E. Reed (State Bar No. 316791)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email:  ltfisher@bursor.com
       ykrivoshey@bursor.com
       breed@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

Dated:  March 4, 2019        **ELLIS LAW GROUP LLP**

By: */s/ Mark E. Ellis*
      Mark E. Ellis

Mark E. Ellis (State Bar No. 127159)
Anthony P.J. Valenti (State Bar No. 288164)
Lawrence K. Iglesias (State Bar No. 303700)
1425 River Park Drive, Suite 400
Sacramento, CA  95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
avalenti@ellislawgrp.com
liglesias@ellislawgrp.com

*Attorneys for Defendant*

JOINT TRIAL WITNESS LIST                                                                                                                                                             10
CASE NO. 4:16-cv-03396-YGR