1 | Mark E. Ellis - 127159
Anthony P. J. Valenti – 284542
2 | Lawrence K. Iglesias – 303700
ELLIS LAW GROUP LLP
3 | 1425 River Park Drive, Suite 400
Sacramento, CA 95815
4 | Tel: (916) 283-8820
Fax: (916) 283-8821
5 | mellis@ellislawgrp.com
avalenti@ellislawgrp.com
6 | liglesias@ellislawgrp.com

7 | Attorneys for Defendant RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| SANDRA McMILLION, JESSICA ADEKOYA, AND IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>Defendant. | Case No.: 4:16-cv-03396-YGR JSC<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT RASH CURTIS & ASSOCIATES' MOTION *IN LIMINE* NO. 1**<br><br>DATE: April 12, 2019<br>TIME: 9:00 a.m.<br>DEPT: Courtroom 1, 1301 Clay Street, Oakland, California.<br><br>Trial Date: May 6, 2019 |
|---|---|

1

[PROPOSED] ORDER GRANTING DEFENDANT RASH CURTIS & ASSOCIATES' MOTION *IN LIMINE* NO. 1

On March 19, 2019, the Court heard argument on Defendant Rash Curtis & Associates' motion *in limine* No. 1. Having considered the parties' submissions and arguments, the Court hereby GRANTS Defendant's motion *in limine* No. 1.

At trial, Defendant may use its screenshot evidence pertaining to its storage of the 5193 cell phone number, associated in Defendant's system with third-party debtor Daniel Reynoso. Specifically, Defendant may introduce at trial a screenshot from its "Beyond" software which shows the results of its May 8, 2015 ECA Advance Trace search for Mr. Reynoso, and a screenshot of its "Edit Tracking" which shows which phone field the 5193 number was stored.

These documents were timely produced before the close of discovery on October 25, 2017, and the timestamp showing that they were not captured until October 12, 2017 supports Defendant's argument that their existence was unknown until at least that time. They are relevant with respect to Plaintiff's claim that Defendant obtained the 5193 number through skip tracing, a key issue in dispute. Fed. R. Evid. 402.

Barring Defendant from using these documents at trial would be an unwarranted evidentiary sanction; there is no evidence that Defendant's failure to produce them sooner was due to bad faith or active concealment. *Bunch v. U.S.*, 680 F.2d 1271, 1280 (9th Cir. 1982); *Stone v. River*, 960 F.2d 152 (9th Cir. 1992); *Campbell Indus. v. M/W Gemini*, 619 F.2d 24, 27 (9th Cir. 1980); *Zambrano v. City of Tustin*, 885 F.2d 1473, 1478 (9th Cir. 1989).

Rule 26 only requires a party to supplement its disclosures "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing". Fed. R. Civ. P. 26(e)(1)(A). Here, the relevant information[1] contained within these documents was first made known to Plaintiff when Plaintiff took the deposition of one of Defendant's former supervisors, Steve Kizer, in April of 2017. Under these circumstances, where these documents corroborate what was already known to Plaintiff, exclusion of these documents at trial would be improper.

---

[1] *E.g.*, that the 5193 cell number was not obtained by Defendant from the ECA Advance Trace skip-tracing search and that the 5193 cell number had been stored in phone field 1 in connection with Daniel Reynoso's debt account.

For the foregoing reasons, Defendant's motion *in limine* No. 1 is hereby GRANTED.

Dated: _____    _____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

[PROPOSED] ORDER GRANTING DEFENDANT RASH CURTIS & ASSOCIATES' MOTION *IN LIMINE* NO. 1