# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **IGNACIO PEREZ,**<br><br>          Plaintiff**,**<br><br>     vs.<br><br>**RASH CURTIS & ASSOCIATES,**<br><br>          Defendant**.** | CASE NO.  16-cv-03396-YGR<br><br>**PRETRIAL ORDER NO. 1 RE: PRETRIAL CONFERENCE** |

Having considered the filings to date and the arguments and other submissions at the Pretrial Conference, held on March 19, 2019 and March 29, 2019, and for good cause shown, the Court enters the following orders:

1. **Trial Date and Schedule:**   The trial of this matter is confirmed to proceed in Courtroom 1. Jury Selection shall begin at 9:00 a.m. on Monday, May 6, 2019.  Evidence shall commence on Tuesday, May 7, 2019.  Parties shall be prepared to give opening statements on Monday, May 6th if the Court finds that sufficient time exists to proceed.  All remaining trial days shall begin at 8:30 a.m. with the jury.  Counsel shall arrive in court early enough to proceed promptly at 8:00 a.m. each day the Court is in session so that the Court may address matters outside the presence of the jury. The trial schedule will be from 8:30 a.m. to 1:30 p.m. with two fifteen-minute breaks.  Court shall be in session on Friday.

2. Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court.  Sidebars are not permitted.  Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours.  In this regard, Counsel should also be prepared to reconvene with the Court after the Court's standing calendars which normally begin at 2:00 p.m.

3.  The parties shall each be afforded eleven (11) hours each to present their case, including opening statements and closing arguments.  The parties shall receive daily timesheets advising them of the time remaining.  Any concerns must be raised immediately or will be waived.

4.  The Court sets the next pre-trial conference **Monday, April 29, 2019 at 10:00 a.m.**  By 10:00 a.m. on **April 26, 2019**, the parties shall file a joint statement outlining the issues which they would like the Court to address.

5.  **Standard Motions *in Limine*:**  The Court hereby orders that: (a) witnesses shall be excluded until testimony is completed; (b) there shall be no reference to or evidence presented of settlement discussions, mediation, or insurance; and (c) there shall be no reference to or evidence presented of wealth or lack thereof of any party except in the punitive damage phase of the case, to the extent it exists.

    A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."  *Luce v. United States*, 469 U.S. 38, 40, n.2 (1984).  The Court's rulings on the motions *in limine* will be issued by separate orders.

6.  Parties are ordered to admonish witnesses of the Court's rulings.  Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

7.  **Witnesses:**  The parties are limited to calling the witnesses submitted on the lists filed for the Pretrial Conference.  Upon a showing of good cause, including for rebuttal or impeachment purposes, additional witnesses will only be allowed by Court order.

8.  Parties have delivered to the court via email a single joint list of all witnesses, attorneys, and others involved in the trial as part of parties proposed juror questionnaire.

9.  **Exhibits and Exhibit Lists:**  In general, the parties are limited to using the exhibits submitted on the Amended Joint Trial Exhibit List (Dkt. No. 304) and which have been submitted to the Court.  At the next trial conference, the Court will discuss whether any exhibits are so voluminous that electronic copies should be submitted to the jury to the extent they are admitted.

10. No witness may be shown any document or other object until it has been marked for identification using an exhibit number.  The parties shall file updated Exhibit Lists identifying those for which a stipulation of admissibility exists with an "S" in the appropriate box.

11. The jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility without the express permission of the Court.

12. **Equipment:** Projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used.  Arrangements may be made with the Courtroom Deputy, Frances Stone, at (510) 637-3540, as to the appropriate time for doing so.  The parties may submit a proposed form of order with a list of all trial equipment and materials to be brought into the courthouse for trial

13. Parties may use <u>encrypted</u> digital wireless system that includes a receiver and transmitter with XLR connector.

14. The parties shall review the Court's policy regarding the jury's use of a computer during deliberations at http://cand.uscourts.gov/jurypc.

15. **Jurors and Peremptory Challenges:**  The Court will seat a total of eight (8) jurors and no alternates.  The Court sets the number of peremptory challenges at four (4).  *Batson* motions must be made in a timely fashion.  Argument on the same shall be made outside the presence of the jury panel.

16. **Opening Statements:**  Parties must meet and confer to exchange any visuals, graphics or exhibits to be used in opening statements.  Unless otherwise agreed, the exchange must occur no later than the close of business on the Wednesday before trial.  Any objections not resolved must be filed in writing by the Thursday before trial.  The parties are reminded that the purpose of an Opening Statement is not to argue the facts but to provide the jurors with an outline of what each side expects the evidence will show.

17. **Expert Disclosures/Fed. R. Civ. P. 68 Offers:**  The Court confirms that the parties have provided the Court with a copy of all expert disclosures, including any supplements.  All offers of judgment made under Fed. R. Civ. P. 68 shall be lodged before jury selection commences on May 6, 2019.

18. **Doe Defendants**:  All Doe Defendants will be deemed dismissed once the jury, or first witness, is sworn, whichever occurs first.

19. **Depositions to be Used at Trial:**  Any party intending to use a deposition transcript at trial for any purpose shall lodge the signed original (or a certified/stipulated copy if, for any reason, the original is not available) for use by the Court *and* shall have extra copies available for use by him/herself *and* the witness.  All other parties are expected to have their own copies available.  The parties shall each prepare and provide an index of the lodged transcripts and shall review the same with the Courtroom Deputy upon lodging the transcripts.  The index shall provide a space for the party and the Courtroom Deputy to confirm delivery of and receipt of each transcript.  Delivery of the transcripts shall occur no later than **Friday, April 26, 2019.**

20. Before each trial day, Counsel shall confer with the Courtroom Deputy and identify which of the transcripts may be used that day.

21. **Video Depositions at Trial:**  A video deposition may only be shown after the designations, counter-designations, and objections are resolved.  A transcript shall be provided of the portions played to the jury.  The court reporter shall be relieved of her duties to transcribe that portion of the trial.  In lieu of the court reporter's transcription, the parties shall provide to the court reporter in pdf format the testimony as played on the same day as the video is played.  The court reporter will insert a parenthetical in the transcript and index and append the pdf of the testimony to the end of that day's transcript.

22. **Witnesses at Trial:**  The party presenting evidence shall give the other party 24 hours *written* notice of the witnesses to be called unless otherwise agreed upon by the parties themselves.  For witnesses on a Monday (or Tuesday after a Monday holiday), written notice shall be provided by the prior Saturday at noon.  The parties are encouraged to meet and confer on the timing for exchanging witness binders.  If an agreement is reached, the Court should be advised in advance so that it can be enforced if necessary.

23. The parties are admonished that use of trial time is critical given the limited resources of the Court.  All parties must have witnesses ready and available to testify.  If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party

may be deemed to have rested its case.  Further, and as explained at the Pretrial Conference, time does not stop while waiting for witnesses to arrive in Court.  Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

24. **Objections:**  There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief – e.g., "hearsay," and if a rebuttal requested, "not offered for the truth."  If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

25. **Jury Questions:**  The Court allows written jury questions which it will share with counsel at the break(s) and then place in the record.

26. **Requests for Transcripts:**  The Court understands that daily transcripts will be requested.  Arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) by **April 19, 2019** as additional resources will need to be procured to accommodate the request.

27. **Settlement:** Counsel shall promptly notify the Court by phone and email (for after hours, use: [ygrchambers@cand.uscourts.gov](mailto:ygrchambers@cand.uscourts.gov)) of any settlement.  The notification shall indicate what further steps need to be taken to finalize the settlement.  Unless the Court receives notice of settlement by 4:00 p.m. on the Friday prior to the Monday trial, jury costs will be assessed where the parties do not proceed to trial as scheduled.  Civ. L.R. 40-1.

28. **Trial Decorum and Procedure:**  Counsel, parties, and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial.  Do NOT approach the other parties' witnesses without permission.  You may approach your own non-hostile witnesses without permission.

   During voir dire, you will be allowed to use the bathrooms in the jury room so that you do not share the facilities with the jurors.  You may not linger in the jury room or use any exit door other than the one leading to the courtroom.

29. **Failure to Comply:**  Failure to comply with the obligations set forth in this Order will result

in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

**IT IS SO ORDERED.**

Dated: April 3, 2019

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California