**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Yeremey O. Krivoshey (State Bar No. 295032)
Blair E. Reed (State Bar No. 316791)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
 ykrivoshey@bursor.com
 breed@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff and the Classes*

**ELLIS LAW GROUP LLP**
Mark E. Ellis - 127159
Anthony P. J. Valenti - 284542
Lawrence K. Iglesias - 303700
1425 River Park Drive, Suite 400
Sacramento, CA 95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
avalenti@ellislawgrp.com
liglesias@ellislawgrp.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO PEREZ, on Behalf of Himself and all Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>Defendant. | Case No. 4:16-cv-03396-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**JOINT PRETRIAL CONFERENCE STATEMENT**<br><br>Date: April 29, 2019<br>Time: 10:00 a.m.<br>Courtroom 1, 4th Floor |

Pursuant to the Court's April 3, 2019 Pretrial Order No. 1 Re: Pretrial Conference, ECF No. 313, at ¶ 4, Plaintiff Ignacio Perez ("Plaintiff") and Defendant Rash Curtis & Associates ("Defendant") (collectively, the "Parties") hereby submit the following joint statement outlining issues that they would like to address at the April 29, 2019 pretrial conference.

## I. EVIDENCE AND INSTRUCTIONS REGARDING KNOWLEDGE AND WILLFULNESS

**Plaintiff's Statement:**

On April 4, 2019, the Court granted in part and denied in part Plaintiff's Motion *in Limine* No. 6, which sought to preclude Defendant from introducing evidence regarding a purported "good faith defense" to make autodialed calls to Plaintiff and class members. Pretrial Order No. 2, ECF No. 315, at 8. The Court held that Defendant may not assert that it acted in good faith in calling Perez and other class members for purposes of establishing liability under the TCPA. *Id*., at 8-9. However, the Court held that Defendant could assert a good faith defense for purposes of evading treble damages under the TCPA. *Id*. As the Court correctly stated, the good faith defense is related solely to the issue of whether Defendant "engaged in *knowing and/or willful* violations of the TCPA." *Id*., at 9 (emphasis in original).

Relatedly, the Court granted in part and denied in part Plaintiff's objection to Defendant's Proposed Jury Instruction No. 35, which sought to instruct the jury regarding the good faith defense. *Id*., at 10-11. Again, the Court held that arguments regarding the purported good faith defense relate solely to the issue of treble damages, *not liability*. *Id*. The Court then stated that it "will instruct the jury accordingly." *Id*., at 11.

At the pretrial conference, Plaintiff would like clarity as to the Court's intention of "instructing" the jury regarding the good faith defense and whether any evidence regarding the good faith defense will be presented to the jury. Critically, in a TCPA case, it is the Court's duty – not the jury's – to determine whether Defendant acted "willfully or knowingly." 47 U.S.C. § 227(b)(3)(C) ("If <u>the court</u> finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, <u>the court</u> may, in <u>its</u> discretion, increase the amount of the a ward to an amount equal to not more than 3 times the amount available under

subparagraph (B) of this paragraph.") (underlining added). Accordingly, no evidence regarding Defendant's "good faith," knowledge, or willfulness should be presented to *the jury*. After the jury makes a liability finding, the Defendant will be able to present evidence of good faith, knowledge, and willfulness to the Court.

In *Wakefield v. Visalus, Inc.*, Case No. 3:15-cv-0187-SI, ECF No. 269 (D. Or. Apr. 8, 2019), Judge Michael H Simon issued an opinion regarding precisely this issue in a TCPA case that went to trial earlier this month. Citing 47 U.S.C. § 227(b)(3)(C) (quoted above), Judge Simon held as follows:

> A threshold question is whether the statutory text "the court" refers to the judge presiding over a jury trial or the jury.
>
> In a case interpreting similar statutory text in the Copyright Act, which allows "the court in its discretion" to increase damages if it finds "willful" violations, the Supreme Court held that "[t]he word 'court' in this context appears to mean judge, not jury." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 346 (1998). In the context of the TCPA, numerous district courts similarly have concluded that the judge, rather than the jury, decides whether a TCPA violation was committed willfully or knowingly. *See, e.g., Krakauer v. Dish Network LLC*, 2017 WL 4417957, at *10 (M.D.N.C. Oct. 3, 2017) (concluding that the court, not the jury, determines whether to award up to treble damages for willful or knowing violations of the TCPA); *Asher & Simons, P.A. v. J2 Global Canada, Inc.*, 965 F. Supp. 2d 701, 707 (D. Md. 2013) (same); *Adamcik v. Credit Control Servs., Inc.*, 832 F. Supp. 2d 744, 755 (W.D. Tex. 2011) (same); *see generally Tull v. United States*, 481 U.S. 412, 425–27 (1987). The Court will follow this approach and, if there is a verdict in favor of Plaintiff, determine whether to award up to treble damages for any willful or knowing violation of the TCPA, as opposed to submitting that question, or any portion of it, to the jury.
>
> [This] decision will have an effect on what evidence the jury may hear. <u>Evidence that is only relevant to the issue of willful or knowing violation of the TCPA will be heard only by the Court outside of the presence of the jury because that evidence is not relevant to any issue properly before the jury.</u>

*Wakefield*, ECF No. 269, at 2-3 (underlining added).

The Court should not permit Defendant to introduce any exhibits or testimony regarding Defendant's "*belief* that it possessed prior express consent to a phone number belonging to a class member." Pretrial Order No. 2, ECF No. 315, at 9 (emphasis in original). Defendant can of course still present evidence that it *in fact* had prior express consent of class members prior to calling their cellular telephones (although no such evidence exists). *See id.* ("With respect to the class, defendant may present evidence that it had prior express consent to call class members.").

However, Defendant should not be allowed to present evidence that it had a *belief* that it had prior express consent and/or that it called class members' phone numbers without *knowledge* that it did not have prior express consent.

**Defendant's Statement:**

The Court's Pretrial Order No. 2 Re: *Daubert* Motions, Select Motions *in Limine*, and Proposed Jury Instructions and Questionnaire (ECF Dkt. No. 315), dated April 4, 2019, granted in part and denied in part Plaintiff's Motion *in Limine* No. 6. In so doing, the Court reasoned that: "With respect to plaintiff Perez, defendant may not assert that it acted in good faith in calling Perez and therefore is not liable under the TCPA to him for the calls. However, Rash Curtis may argue that because it had a good faith belief that it possessed prior express consent to call the phone number belonging to plaintiff Perez, defendant is not liable for treble damages under the statute. The Court has previously ruled that Rash Curtis did not have prior express consent to call plaintiff Perez. Therefore, defendant may not assert a good faith defense as to whether Rash Curtis violated the TCPA by calling plaintiff Perez. However, whether Rash Curtis had a good faith belief that it possessed prior express consent to call the phone number belonging to plaintiff Perez bears on plaintiff's claim for treble damages, which requires that a defendant engaged in *knowing and/or willful* violations of the TCPA." Pretrial Order No. 2 (ECF Dkt. No. 315), p. 8:20-9:2 (internal citations omitted).

The Court also ruled, however, that: "With respect to the class, defendant may present evidence that it had prior express consent to call class members." *Id.* at p. 9:3-4. "[C]ourts within the Ninth Circuit have allowed for TCPA defendants to raise prior express consent defenses, which is a form of good faith defense." *Id.* at p. 9:8-9 (citing *Scatterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009); *Reardon v. Uber Technologies, Inc.*, No. 14-CV-05678-JST, 2015 WL 4451209, at *6 (N.D. Cal. July 19, 2015); *Chyba v. First Financial Asset Management, Inc.*, No. 12-cv-1721-RTB (WVG), 2014 WL 1744136, at *10 (S.D. Cal. Apr. 30, 2014)).

Accordingly, Defendant seeks clarification as to which exhibits in particular may or may not be introduced because they either constitute evidence that Rash Curtis possessed prior express consent to call Perez or, alternatively, evidence that Rash Curtis possessed a good faith belief that it

possessed prior express consent to call Perez. Rash Curtis contends that the documents upon which it has relied thus far to establish that it had prior express consent to call Plaintiff Perez are the same documents which establish Rash Curtis had a good faith belief it had prior express consent to call Plaintiff Perez, which are also the same documents which show Rash Curtis obtained Plaintiff Perez's cell phone number from its creditor-client, and not from skip-tracing.

Defendant also seeks clarification as to the Court's ruling on Plaintiff's Motion *in Limine* No. 2, as set forth in Pretrial Order No. 3: Re Remaining Motion[s] *in Limine* (ECF Dkt. No. 320), dated April 22, 2019. The Court denied Plaintiff's Motion *in Limine* No. 2 with respect to Exhibit 504 on the grounds that it was produced two days before the close of discovery, finding that: "[U]nlike with Exhibits 506 and 507 addressed above, plaintiff does not contend that defendant previously represented that it did not have these records or that it had produced everything with respect to an applicable document request. Moreover, one can find in RCA 273, which plaintiff received in August of 2017 – well before the fact discovery deadline and the deposition of defendant's Rule 30(b)(6) witness, much of the information founds in elsewhere in Exhibit 504. Finally the Court has not previously struck Exhibit 504 pursuant to Rule 37(c)(1)." Pretrial Order No. 3 (ECF Dkt. No. 320), p. 14:10-16 (internal citations omitted).

The Court also denied Plaintiff's Motion *in Limine* No. 2 on the grounds that Exhibit 504 and the final page of Exhibit 505, RCA 12724, were not hearsay. In so doing, the Court reasoned that those documents fell within the exception to the hearsay rule for business records kept in the ordinary course of business by Sutter. *See* Pretrial Order No. 3, p. 15:2-16. However, the Court granted Plaintiff's Motion in Limine No. 2 with respect to the remainder of Exhibit 505, including the email chain between Bob Keith and Mike Paff dated May 5, 2017. *Id.*at pp. 15:17-17:3. The Court reasoned that: "The only reference thereto is the hearsay statement in the email 'They were calling this cell also and no one told them it was bad.' Therefore, defendant does appear to offer the email in Exhibit 505 for the truth of the matter asserted therein, **that Sutter had been calling, and therefore had in their records, the 5193 number as belonging to Reynoso.**" *Id.* at p. 15:17-16:3 (internal citations omitted; emphasis added). The truth of the matter asserted in the email is that Sutter was calling the 5193 number, not that it had the number in their records. Accordingly,

introducing the email to establish that Sutter possessed the number is not the same as introducing it to prove the truth of the matter asserted, *i.e.*, that it was actually calling Plaintiff Perez's cell phone number.

The Court also noted that: "Exhibit 505 does not contain reflect the 5193 number." In fact, the number is contained on the last page of Exhibit 505 which is the attachment to the email in question. Accordingly, Defendant seeks clarification on this issue as well.

## II. UPDATED EXHIBIT LIST

Pursuant to the Court's April 3, 2019 Order, ECF No. 313, at ¶ 10, the Parties are concurrently filing an updated Exhibit List identifying those exhibits for which a stipulation of admissibility exists.

## III. EQUIPMENT

Pursuant to the Court's April 3, 2019 Order, ECF No. 313, at ¶ 12, the Parties will bring their respective proposed orders regarding anticipated equipment to be used at trial to the April 29, 2019 pretrial conference.

## IV. COPIES OF EXHIBITS

The Court's Standing Order Re: Pretrial Instructions in Civil Cases, at ¶ 6(h), requires that the Parties deliver to the Court by May 3, 2019 (the Friday before trial) "[o]ne original set … for use in the trial and to be provided to the jurors." The Parties would like clarification on how the set is to be delivered, whether the exhibits shall be marked or tabbed, whether they should be loose or bound, and how and whether they should be indexed.

## V. UNRESOLVED ADMISSIBILITY OF TRIAL EXHIBITS

The Parties have a number of trial exhibits on their Amended Joint Trial Exhibit List for which the Parties have not stipulated to admissibility and the Court has not ruled thereon either. The Parties would like to discuss the outstanding trial exhibits for which admissibility has not yet been established.

| | | |
|---|---|---|
| 1 | Dated: April 26, 2019 | Respectfully submitted, |
| 2 | | **BURSOR & FISHER, P.A.** |
| 3 | | By: ___/s/ Yeremey Krivoshey___ |
| 4 | | Yeremey Krivoshey |
| 5 | | L. Timothy Fisher (State Bar No. 191626) |
| | | Yeremey Krivoshey (State Bar No.295032) |
| 6 | | Blair E. Reed (State Bar No. 316791) |
| | | 1990 North California Blvd., Suite 940 |
| 7 | | Walnut Creek, CA 94596 |
| | | Telephone: (925) 300-4455 |
| 8 | | Email: ltfisher@bursor.com |
| | | ykrivoshey@bursor.com |
| 9 | | breed@bursor.com |
| 10 | | **BURSOR & FISHER, P.A.** |
| | | Scott A. Bursor (State Bar No. 276006) |
| 11 | | 888 Seventh Avenue |
| | | New York, NY 10019 |
| 12 | | Telephone: (212) 989-9113 |
| | | Facsimile: (212) 989-9163 |
| 13 | | E-Mail: scott@bursor.com |
| 14 | | *Attorneys for Plaintiff and the Classes* |
| 15 | | |
| 16 | Dated: April 26, 2019 | **ELLIS LAW GROUP LLP** |
| 17 | | |
| | | By: ___/s/ Mark E. Ellis___ |
| 18 | | Mark E. Ellis |
| 19 | | Mark E. Ellis (State Bar No. 127159) |
| | | Anthony P.J. Valenti (State Bar No. 288164) |
| 20 | | Lawrence K. Iglesias (State Bar No. 303700) |
| | | 1425 River Park Drive, Suite 400 |
| 21 | | Sacramento, CA 95815 |
| | | Tel: (916) 283-8820 |
| 22 | | Fax: (916) 283-8821 |
| | | Email: mellis@ellislawgrp.com |
| 23 | | avalenti@ellislawgrp.com |
| | | liglesias@ellislawgrp.com |
| 24 | | |
| | | *Attorneys for Defendant* |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |