**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Yeremey O. Krivoshey (State Bar No. 295032)
Blair E. Reed (State Bar No. 316791)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
            ykrivoshey@bursor.com
            breed@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff and the Classes*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO PEREZ, on Behalf of Himself and all Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>Defendant. | Case No. 4:16-cv-03396-YGR<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S OPENING STATEMENT SLIDES 10, 14-15, AND 17-19**<br><br>Judge:  Hon. Yvonne Gonzalez Rogers |

Pursuant to the Court's Pretrial Order No. 1 Re: Pretrial Conference, ECF No. 313, at ¶ 16, Plaintiff Ignacio Perez hereby submits his objections to Defendant's proposed PowerPoint presentation slides 10, 14-15, and 17-19, which are submitted herewith as Exhibit 1 to the Declaration of Yeremey Krivoshey.[1]

### I. SLIDE 10 REFERENCES EVIDENCE BARRED BY MOTION *IN LIMINE* NO. 7

Slide 10 quotes testimony from Mr. Kizer's deposition that has not been designated by either party and which cannot be used at trial, other than for purposes of impeachment.

Plaintiff's Motion *in Limine* No. 7 sought to bar Defendant from presenting any deposition excerpts at trial due to its failure to make any timely deposition designations. ECF No. 262, at 17-18. Well after the parties' deadline to make deposition designations, Defendant designated deposition excerpts that it stated would be used solely for purposes of impeachment. At the March 19, 2019 hearing, Defendant conceded that it only intended to use deposition designations for impeachment, not its case in chief. Krivoshey Decl., Ex. 2, at 23:6-19. *See also* Pretrial Order No. 2, ECF No. 315, at 8 ("As a preliminary matter, the Court confirms in light of defendant's withdrawals, plaintiff withdrew Motions *in limine* No. 4 and 7) (citing Dkt. No 303, at 23:6-16).

Impeachment necessarily requires that a witness's prior statements or credibility be at issue. *See* Fed. R. Evid. 402, 403, 608, 613. Steven Kizer's prior statements and credibility, however, could not possibly be at "issue" during opening statements, before any testimony from Mr. Kizer has been presented. Accordingly, Defendant's Slide No. 10 should be stricken.

### II. SLIDES 14-15 & 17-19 REFRENCE EVIDENCE BARRED BY MOTION *IN LIMINE* NO. 6 OR LIMITED TO "PHASE 2" REGARDING WILLFULNESS

Slides 14-15 & 17-19 concern Defendants' contention that Rash Curtis had a good faith basis to call Mr. Perez because it had obtained his phone number from Sutter General Hospital.

---

[1] Plaintiff also objects to Defendant's PowerPoint presentation based on timeliness. The Court's Pretrial Order No. 1, ECF No. 313, at ¶ 16, requires that the parties exchange any visuals to be used in opening statements "no later than the close of business on the Wednesday before trial." Plaintiff emailed Defendant the visuals he intends to use at opening at 5:04 p.m. on May 1, 2019. Krivoshey Decl. ¶ 3. Defendant waited until 8:35 p.m. to email its PowerPoint presentation, three and a half hours after receiving Plaintiff's visuals. *Id.*

1   On April 4, 2019, the Court granted in part Plaintiff's Motion *in Limine* No. 6 and ordered that Defendant may not present any evidence that it purportedly acted in "good faith" in calling Plaintiff Perez and class members at the liability stage. *See* ECF No. 315, at 8-9. At the April 29, 2019 pretrial conference, the parties and the Court agreed that the Court will determine the issue of willfulness and intent under the TCPA outside the purview of the jury, in "Phase 2." *See, e.g.*, Krivoshey Decl., Ex. 3, 4/29/2019 Pretrial Conference Transcript, at 4:2-3 (Mr. Ellis: "I don't think that any of the evidence on willfulness is relevant to the jury's determination."). Accordingly, the Court explicitly barred Defendant from presenting any evidence to the jury that it purportedly acted in good faith in calling Plaintiff Perez or other class members.

Relatedly, the Court has repeatedly instructed Defendant that whether Plaintiff Perez is a proper representative of the certified classes is an issue for the Court, not the jury. Pretrial Order No. 2, ECF No. 315, at 12 ("The Court **GRANTS** plaintiff's objection to defendant's Proposed Instruction No. 38. Whether plaintiff Perez 'is an adequate class representative' and 'is a member of each of the certified classes' (Jury Instructions at 64) are legal issues for the Court."). The Court has already determined that Plaintiff Perez is an adequate class representative. Order Granting Plaintiffs' Motion for Class Certification, ECF No. 81, at 10-11. At the April 29, 2019 pretrial conference, the Court again agreed that Plaintiff is not required to prove to the jury that Perez's phone number was skip traced, because that issue relates solely to class certification and is not an element of Mr. Perez's individual claim.

> **The Court:** So it is, I think, a threshold question to know whether the jury buys your presentation of the evidence and agrees with you that the calls were made to cell phones obtained by – through skip-tracing.
>
> **Mr. Bursor:** Sure.
>
> **The Court:** You have to prove that.
>
> **Mr. Bursor:** I agree with that. But, your Honor – well, <u>I agree with that with respect to the Class claim, but not with respect to Mr. Perez's claim.</u>
>
> **The Court:** <u>No, of course not. That's what we are talking about. He's easy.</u> We are talking about Class claim.

Krivoshey Decl., Ex. 3, at at 13:11-21 (underlining added).

| | | |
|---|---|---|
| **Mr. Bursor:** | | -- Every time I hear Mr. Ellis describe the evidence he's going to present, he talks about whether Mr. Perez – he wants to prove that Mr. Perez is not the appropriate representative of this class.  They [the jury] don't get to decide that. |
| **The Court:** | | <u>No, they don't.</u> |
| **Mr. Bursor:** | | Right.  But every time he describes what he's going to do next week, that's what he says. |

*Id.*, at 33:3-10 (underlining added).

Indeed, both the Court and Defendant agree that Plaintiff Perez does not need to prove that his phone number was skip traced to prove his individual claim.  At the April 29, 2019 hearing, Defendant's counsel conceded that "skip-tracing has nothing to do with the prima facie case or the defenses." *Id.*, at 9:4-5.  The Court agreed:

| | | |
|---|---|---|
| **Mr. Bursor:** | | So, the only thing that I wanted to clarify, your Honor, is Question 1 because the <u>Plaintiff does not need to prove skip-tracing to prove his claim.</u> |
| | | Question 1 is perfectly fine as written, and the other option is not correct and will not be used.  The issue does not come up until Question 4. |
| **The Court:** | | <u>I think that's right.</u> |

*Id.*, at 38:8-14 (underlining added).  Thus, evidence concerning whether Plaintiff Perez's phone number was obtained through skip tracing <u>is not relevant to any issue to be decided by the jury</u> and should not be admitted pursuant to Federal Rules of Evidence 401 and 403.

However, Slides 14-15, and 17-19 all concern Rash Curtis's "good faith" defense and whether Perez is an appropriate class representative.  They state:

- Daniel R. Was a patient at Sutter Hospital in Sacramento, and he provided his cellphone number (ending in 5193) to Sutter during the course of his medical treatment.  Ex. 1, Slide No. 14.

- Sutter, a client of Rash Curtis, assigned Mr. R's outstanding debt to Rash Curtis for collection on May 7, 2015.  *Id.*

- The info about Mr. R. and his account was transmitted to Rash Curtis electronically.  *Id.*

- One piece of info provided by Sutter Hospital to Rash Curtis was the cellphone number ending in 5193.  *Id.*, Slide No. 15.

- Rash Curtis called the cellphone (ending in 5193) attempting to collect the debt purportedly owed by Daniel R.  *Id.*

- It did not know this when it made the calls – Rash Curtis believed it was calling Mr. R. *Id*., Slide No. 17.

- Perez had independently provided his cellphone number ending in 5193 to Sutter General Hospital in connection with medical services for himself – admittedly, Rash Curtis was not calling about those services. *Id*.

- On June 7, 2016, Perez told Rash Curtis he was not Mr. R, and asked it not to call his cellphone again. *Id*., Slide No. 18.

- After talking to Perez and being told the 5193 number was no longer affiliated with Mr. R, Rash Curtis took the 5193 number completely out of its database so it could not call it again. *Id*.

- **Key Issue No. 1:** Whether Mr. Perez's cellphone number ending in 5193 was obtained by skip tracing.

  Rash Curtis believes the evidence will show it was not. *Id*., Slide No. 19 (bolding in original).

None of these assertions are relevant to any issue to be decided by the jury, and will solely cause confusion.

### III.  CONCLUSION

Plaintiff asks that the Court bar Defendant from using Slides 10, 14-15, and 17-19 during opening statements.

Dated: May 2, 2019                    **BURSOR & FISHER, P.A.**

                                      By:   */s/ Yeremey Krivoshey*
                                            Yeremey Krivoshey

                                      L. Timothy Fisher (State Bar No. 191626)
                                      Yeremey Krivoshey (State Bar No.295032)
                                      Blair E. Reed (State Bar No. 316791)
                                      1990 North California Blvd., Suite 940
                                      Walnut Creek, CA  94596
                                      Telephone: (925) 300-4455
                                      Email:  ltfisher@bursor.com
                                              ykrivoshey@bursor.com
                                              breed@bursor.com

                                      **BURSOR & FISHER, P.A.**
                                      Scott A. Bursor (State Bar No. 276006)
                                      2665 S. Bayshore Dr., Suite 220
                                      Miami, FL 33133-5402
                                      Telephone: (305) 330-5512
                                      E-Mail: scott@bursor.com

                                      *Attorneys for Plaintiff and the Classes*