# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IGNACIO PEREZ,** <br> Plaintiff**,** <br> vs. <br> **RASH CURTIS & ASSOCIATES,** <br> Defendant**.** | CASE NO. 16-cv-03396-YGR <br><br> **PRETRIAL ORDER NO. 4 RE: OBJECTIONS TO (I) EXHIBITS ON ATTORNEY-CLIENT PRIVILEGE GROUNDS AND (II) OPENING STATEMENT SLIDE DECK AND (III) PROPOSED JURY INSTRUCTION NO. 32** |

This pretrial order addresses certain exhibits upon which the attorney-client privilege was asserted, the nature of the evidence to be allowed as reflected in defendant's slides for Opening Statements, and parties' submission regarding Proposed Jury Instruction No. 32. The Court also **INSTRUCTS** parties to file, by no later than 8 a.m. on Monday, May 6, 2019, the Court's procedural stipulation, attached here as Exhibit A.

## I. ATTORNEY-CLIENT PRIVILEGE ISSUES

### A. BACKGROUND

The background giving rise to this action is well-known, and the Court will not repeat it here. (*See, e.g.*, Dkt. No. 167 at 3-5.)

On April 26, 2019, parties filed their second amended joint exhibit list. (Dkt. No. 323.) Therein, defendant noted its objection to plaintiff's use of Trial Exhibits 80, 81, and 82 on the grounds that the documents are covered by the attorney-client privilege. (*Id.* at 6-7.) As ordered on April 29, 2019, and for the reasons set forth more fully below, the Court confirms that it **OVERRULES** defendant's objections to Trial Exhibits 80, 81, and 82.

### B. ANALYSIS

"When legal advice of any kind is sought from a professional legal advisor in his or her

capacity as such, the communications relating to that purpose, made in confidence by the client, are, at the client's insistence, permanently protected from disclosure by the client or by the legal advisor, unless the protection be waived." *United States v. Martin* 278 F.3d 988, 999-1000 (9th Cir. 2002). The attorney-client privilege is ordinarily triggered only by a client's request for *legal advice*. *In re County of Erie*, 473 F.3d 413, 419-421 (2d Cir. 2007). Moreover, the privilege extends only to *communications*—not to the *facts* communicated. *Upjohn Co. v. United States*, 449 U.S. 383, 395-396 (1981).

The exhibits at issue do not reflect attorney-client communications. The documents do include one reference to a statement made to counsel, but there is no indication that the statement was made in the context of or in reference to a prior request for legal advice. In fact, the statement seems to function only to support the author's contention that he believed a particular process was already ongoing. Thus, the Court finds that Trial Exhibits 80, 81, and 82 do not contain or otherwise reflect attorney-client privileged communications.

For the foregoing reasons, the Court **OVERRULES** defendant's objections to plaintiff's use of Trial Exhibits 80, 81, and 82.

## II. DEFENDANT'S OPENING STATEMENT SLIDES

The Court has received Objections to Defendant's Opening Statement Slides as well as defendant's Response thereto.[1] (Dkt. Nos. 333, 334.) Further, the Court held a telephone conference to expedite resolution. The Court herein confirms the following:

**Objection to Slide 10** including specific deposition testimony of Steven Kizer is sustained on the grounds offered. However, Mr. Kizer will be testifying live. Accordingly defendant may indicate that Mr. Kizer will testify, he is a former Rash Curtis employee, and that he will attest that the telephone numbers for fields 5 through 10 come from a variety of sources. The Court so rules because it is likely Mr. Kizer will provide such testimony either affirmatively or on cross-examination.

With respect to the remaining objections, and as a threshold matter, the Court confirms that

---

[1] The Court notes that the defendant emailed a complete power point presentation which does not reflect the same numbering as the plaintiff's attachment to its objections.

2

it will allow evidence regarding defendant's practices and business including the issue of skip-tracing. What will not be allowed is any documentary evidence previously excluded. Defendant shall also be held to the position that such evidence cannot be produced. Nor will the Court allow any testimonial evidence gleaned from those documents excluded, namely the specific conclusions made with respect to cell phone number ending 5193. That said, given that Mr. Perez's damages are specifically related to the number of telephone calls made to cell phone number ending 5193, the jury is entitled to have some information relative to that cell phone number. Also, given that plaintiffs have relied on that cell phone number as probative of its class claims, defendant may challenge those assertions at trial. Thus, the Court orders as follows:

**Slides 14-15: "Cellphone No. Ending in 5193":** the objections are sustained in part. However, defendant may include that Sutter is a client and that it transmits referrals electronically with telephone numbers. (*See* Class Certification Order, Dkt. No. 81, p.10:17-19.) All other information to which there is an objection on these slides is stricken. Whether any evidence of those records not previously excluded is admissible remains unknown as the foundation has not been laid nor is there a Sutter employee on the witness list.

**Slide 17: "Rash Curtis' Calls to Phone No. Ending in 5193":** the objections are sustained as the information only relates either to the issue of good faith or prior consent on an unrelated issue, both of which are irrelevant. (*Id.,* p.10:6-16.)

**Slide 18: "Rash Curtis' Calls to Phone No. Ending in 5193":** in light of the Court's oral rulings, the objections were withdrawn.

**Slide 19: KEY ISSUES:** the Court denies the objections. Since the time of class certification, the parties have disputed whether the evidence with respect to Mr. Perez demonstrated that the calls were skip traced. Thus:

> **[D]efendant argues that the referral from Sutter General Hospital, which included a document containing Perez's phone number, demonstrates that it did not obtain Perez's phone number through skip tracing**. Defendant's lawyer avers that this document was transmitted to it by Sutter General Hospital on May 7, 2015, when Sutter General Hospital opened that debtor account. Thus, Perez would not fall into the classes here, which are specifically defined as those individuals whose numbers defendant obtained through skip tracing. (Keith Decl., Exhibit 6.) **Plaintiffs argue that the evidence in the record suggests otherwise.** For instance, Kizer testified that defendant

3

> does not generally obtain documents from creditors providing proof of debt or the debtor's original phone number, and specifically testified that Sutter General Hospital is one such creditor that does not routinely do so. (Kizer Dep. Tr. 45:25–46:5; 47:7–17.) Additionally, plaintiffs' expert Snyder, who reviewed the account records produced by defendant, observed that Perez's consumer account record did not include any telephone contact information and included an "ECA Advanced Trace" notation, indicating that Perez's number was obtained via skip tracing. (Snyder Decl. ¶¶ 87–89.) If defendant truly had definitive evidence as of May 7, 2015 that it did not use skip tracing to obtain Perez's phone number, it defies all logic that defendant would only raise this evidence now, almost two months after filing its opposition.
> Thus, the Court finds that plaintiffs' showing at this stage is sufficient to demonstrate that Perez satisfies the typicality requirement of Rule 23(a).

(*Id.,* p.10:17-11:5 (emphasis supplied).) The Court did not resolve the dispute but held that sufficient evidence was presented at the time to demonstrate that Mr. Perez was an adequate class representative. Thus, the evidence regarding Mr. Perez's phone number itself is probative on the issue of skip tracing generally and will be allowed for that purpose, although not for the purpose of allowing the jury to question his suitability to serve as a class representative.

### III.   PROPOSED JURY INSTRUCTION NO. 32

The Court has received parties' proposals regarding proposed Jury Instruction No. 32. (Dkt. No. 332.) The Court adopts the following instruction introducing the case as a class action:

A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who have similar legal claims. All of these people together are called a "class." Plaintiff Ignacio Perez brings this action as the class representative and Bursor & Fisher, P.A. represent the class as class counsel.

In a class action, the claims of many individuals can be resolved at the same time instead of requiring each member to sue separately. Because of the large number of claims that are at issue in this case, not everyone in the class will testify. You may assume that the evidence at this trial applies to all class members, except as I specifically tell you otherwise. All members of the class will be bound by the result of this trial.

In this case, there are four classes of people whose telephone numbers were obtained by Rash Curtis through skip tracing, and who Rash Curtis called using one or more auto dialers or who Rash Curtis called using a prerecorded message. They will be referred to collectively as "The

4

United States District Court
Northern District of California

Class" or as "Class Members." The Class Members do not include any people for whom Rash Curtis has had a debt-collection account in their name.

This case concerns calls made by Rash Curtis from June 17, 2012 through April 2, 2019. This is referred to as the "Class Period."

**IT IS SO ORDERED.**

Dated: May 4, 2019

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

Exhibit A

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PLAINTIFF,**<br><br>vs.<br><br>,<br><br>**DEFENDANTS** | CASE NO.: YGR<br><br>**PROCEDURAL STIPULATIONS**<br>**(EXHIBIT A TO PRETRIAL ORDER)** |

PLEASE INITIAL AND SIGN as acceptable:

It is stipulated that the Defendant will be deemed present with counsel, and each of the jurors will be deemed present, upon reconvening after each adjournment or recess, unless the contrary is noted for the record.

    For the Plaintiff _____     For the Defendant _____

It is stipulated that the Jury Instructions and the Exhibits may go into the Jury Room during deliberations.

    For the Plaintiff _____     For the Defendant _____

It is stipulated that the parties need not be present when, during jury deliberations, the jurors are excused for lunch, return for lunch, and/or are discharged in the evening and resume in the morning.

    For the Plaintiff _____     For the Defendant _____

1 It is stipulated that, during jury deliberations, the jury may recess without further admonition and
2 without assembling in the jury box, and that they may resume their deliberations upon the Deputy
3 Clerk's determination that all jurors are present.

4     For the Plaintiff _____        For the Defendant _____

6 In the absence of the trial judge, any judge of this court may receive the verdict.

7     For the Plaintiff _____        For the Defendant _____

9 (Party Name) _____        (Party Name) _____

11 _____        _____
12    Signature (Plaintiff's Attorney)           Signature (Defense Attorney)