Mark E. Ellis - 127159
Anthony P. J. Valenti - 284542
Lawrence K. Iglesias - 303700
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA 95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com

Attorneys for
DEFENDANT RASH CURTIS & ASSOCIATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>Defendant. | Case No.: 4:16-cv-03396-YGR JSC<br><br>**TRIAL BRIEF ON STANDARDS RE: TREBLE DAMAGES**<br><br>TRIAL DATE: May 6, 2019<br>TIME: 8:00 a.m.<br>DEPT: 1, 4th Floor |

On Friday, May 10, 2019, the Court ordered Defendant Rash Curtis to provide briefing on the standards applicable to the willfulness phase of this trial, if necessary.

## ANALYSIS

The Telephone Communication Protection Act (TCPA) is found at 47 U.S.C. §§ 227(a), *et seq.* Section 227(b)(3)(A) provides:

> <u>*If the court finds that the defendant willfully or knowingly violated this subsection*</u>, or the regulations prescribed under this subsection, <u>*the court may, at its discretion,*</u> increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

A jury determines how many TCPA violations have occurred. *See, e.g., City*

- 1 -
___
**DEFENDANT'S BRIEF RE TIMELINESS OF DEPOSITION DESIGNATIONS**

*Select Auto Sales Inc. v. David Randall Associates, Inc.*, 885 F.3d 154, 157 (3rd Cir. 2018) (the jury determines whether the defendant is liable). For non-willful violations, the damages are based on the number of violations found by the jury. *See, e.g., Golan v. Veritas Entertainment, LLC*, 2017 WL 3923162, at *2 (E.D. Mo. Sept. 7, 2017).

The <u>court</u>, however, determines whether any violation is "willful or knowing" within the meaning of the TCPA. *See* 47 U.S.C. § 227(b)(3). It has the discretion to award additional damages, but it is not required to do so by the plain language of the statute.

The terms "willful" and "knowing" are not defined under the statute. In *Pieterson v. Wells Fargo Bank, N.A.*, 2018 WL 4039972 at *4 (N.D. Cal. August 8, 2018), the court discussed how there is a split of authority as to what constitutes a willful/knowing violation of the TCPA:

> Treble damages are allowed when a party "willfully or knowingly" violates the TCPA. See 47 U.S.C. § 227(b)(3), (c)(5). The courts are split on what constitutes willful or knowing conduct under the statute. See *Trindade v. Reach Media Grp., LLC*, 2014 WL 3572132, at *5 n. 59 (N.D. Cal. July 18, 2014) ("The court observes that a split in authority exists regarding what qualifies as 'knowing' conduct warranting trebling.") (citing *J2 Global Commc'ns, Inc. v. Blue Jay Inc*., 2009 WL 4572726, at *7 (N.D. Cal. Dec. 1, 2009) ). "Some courts have held that a defendant must know that the making of the call violates the TCPA, while others have held that a defendant need only know that the call is being made." *Id.* The case law may favor the latter interpretation, although the appropriate test is not well settled. See *Roylance v. ALG Real Estate Servs., Inc.*, 2015 WL 1522244, at *10 (N.D. Cal. Mar. 16, 2015) ("Although neither the TCPA nor the FCC regulations define the terms 'willfully or knowingly' ... courts have generally interpreted willfulness to imply only that an action was intentional.") (quoting

**DEFENDANT'S BRIEF RE TIMELINESS OF DEPOSITION DESIGNATIONS**

> *Sengenberger v. Credit Control Servs., Inc.*, 2010 WL 1791270, at *6 (N.D. Ill. May 5, 2010) ).
>
> As there is authority going both ways on the evidence that is necessary to establish willfulness and this Court has not ruled on the issue, it will not preclude discovery on the issue of willfulness under the stricter test which requires that Defendant had knowledge that its conduct violates the TCPA. *See Donnelly v. NCO Financial Sys., Inc.*, 263 F.R.D. 500, 505 (N.D. Ill. 2009); *O'Shea v. Am. Solar Sol., Inc.*, 2016 WL 701215, at *5, 7 (S.D. Cal. Feb. 18, 2016); *Mey v. Enter. Fin. Grp., Inc.*, 2016 WL 9110357, at *7-8 (N.D. Fla. July 27, 2016); *Meredith v. United Collection Bureau, Inc.*, 2016 WL 6649279, at *6-7 (N.D. Ohio Nov. 10, 2016); *Kane v. Nat'l Action Fin. Servs., Inc.*, 2012 WL 1658643, at *2-3, 8 (E.D. Mich. May 11, 2012). Accordingly, the discovery requested is relevant.

In *United States v. Liu*, 731 F.3d 982, 985 (9th Cir. 2013), in the context of copyright infringement, the discussion of willful/knowing is closely analogous.

> "Liu's guilt turns on whether he acted "willfully" and "knowingly." <u>We hold that the term "willfully" requires the government to prove that a defendant knew he was acting illegally rather than simply that he knew he was making copies</u>." *Id.*

A District Court further appears to have discretion to reduce a class action award to less than $500 per violation if it is "so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable." *Golan, supra,* 2017 WL 3923162, at *3 (quoting *Capital Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir. 2012); *see also St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67, 40 S.Ct. 71 (1919) (Congress possesses wide discretion to impose statutory damages, and only damages that are "so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable" are prohibited). In this regard, the *Golan* court awarded only $10 per violative call, finding that amount was sufficient to vindicate the policies

- 3 -

underlying the TCPA, but not obviously unreasonable and wholly disproportionate to the offense. *Golan, supra,* 2017 WL3923162, at *4.

In *Heindorn v. BDD Marketing & Management Co., LLC,* 2013 WL 6571168 at *3 (N.D. Cal. 2013), this Court wrote:

> The TCPA allows a court, *in its discretion* to "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph," which provides for recovery of "actual monetary loss from such a violation, or . . . $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(c)(5)(B). Here, Plaintiff seeks treble the $500 amount of statutory damages for 22 telephone calls is sufficient to accomplish the purposes of the TCPA.

*Id.,* at *3. This Court continued:

> To the extent that Plaintiff argues that trebling provisions serve the purposes of incentivizing private lawsuits and compensating plaintiffs for willful violations, Plaintiff provides no reason for why these purposes are not achieved with the base damages award of $500.
>
> For these reasons and based on the discretion afforded this Court under the TCPA, the Court elects not to treble damages under 47 U.S.C. § 227(c)(5)(B).

With respect to debt collectors dialing a wrong number, courts have found no "willful or knowing" violation unless the call is placed <u>*after*</u> the collector is told that it is dialing the wrong number. This is true <u>*even when the number was obtained through skip tracing*</u>. *See, e.g., Echevvaria v. Diversified Consultants, Inc.*, 2014 WL 929275, at *11 and *passim* (S.D.N.Y. Feb. 28, 2014) (a debt collector placed twenty-six calls to a skip-traced number belonging to someone other than the debtor, and was found to have violated the TCPA for each call <u>*but only after the first call, where it was informed it was dialing the wrong number, did it act "willfully or knowingly"*</u>); *see also Harris v. World Fin. Network Nat'l Bank,* 867 F.Supp.2d 888, 895 (E.D. Mich. 2012) ("prior to Plaintiff notifying Defendants [that they were dialing the wrong number], Defendants could not have known that the Plaintiff's [cell] number was not [the debtor's] phone number.

**DEFENDANT'S BRIEF RE TIMELINESS OF DEPOSITION DESIGNATIONS**

Without knowing that the number associated with [the debtor's] account was actually Plaintiff's number, Defendants' violations cannot be deemed willful or knowing.").

As noted, a District Court has discretion *not* to treble TCPA damages, even where the court finds knowing or willful violations. *See, e.g., Heidorn, supra,* at *2.

Many courts which have specifically looked at "wrong number" cases have followed *Harris v. World Fin. Network Nat. Bank*, 867 F. Supp. 2d 888 (E.D. Mich. 2012), where the court reasoned that a defendant could not have known their conduct would violate the TCPA if they did not know they were calling the wrong number. As such, no "knowing or willful" violation occurred until defendant was told it was calling the wrong number.

Outside of the specific context of "wrong number" cases, many courts have followed the Supreme Court of Ohio in *Charvat v. Ryan*, 879 N.E.2d 765 (2007), which found the appropriate standard is whether the defendant consciously and deliberately committed or omitted an act that violated the TCPA. *Id.* at 771. *Charvat* presents the test for treble damages as two-pronged: (1) whether the conduct was a "knowing or willful" violation of the TCPA, and (2) whether treble damages are "appropriate" in the particular case. *Accord Heidorn, supra,* at *3.

Other courts have interpreted "willfully or knowingly" under the TCPA to mean that the defendant must have had reason to know or should have known that the conduct would violate the TCPA. *See Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 WL 1154206 at *7 (N.D. Ill. Mar. 19, 2013).

In still other TCPA cases against debt collectors, courts have analyzed each element of the prima facie case independently to determine whether it was committed "knowingly or willfully." *See Echevvaria v. Diversified Consultants, Inc*., 2014 WL 929275 (S.D.N.Y. Feb. 28, 2014). There, the court required the plaintiff to show that the defendant had actual knowledge that the defendant lacked consent in order to find willful and knowing violations. *See also Manuel v. NRA Grp., LLC*, 200 F. Supp. 3d 495 (M.D. Pa. 2016). There, the court required the plaintiff to show that the defendant had actual

_____

**DEFENDANT'S BRIEF RE TIMELINESS OF DEPOSITION DESIGNATIONS**

knowledge that the defendant was calling a cellular phone and not a landline.

In *Charvat, supra,* unauthorized pre-recorded voice messages were being used to solicit business. The Ohio Supreme Court analyzed "knowing" and "willing" separately. The court determined that even when a violation is found to be "knowing or willful," the court has discretion not to award treble damages.

The court in *Charvat* concluded that the "knowing" and "willful" standards under the TCPA do not differ:

> "[T]o establish a willful violation of the TCPA for an award of treble damages, a plaintiff must prove that the defendant *consciously and deliberately committed or omitted an act that violated the statute, irrespective of any intent to violate the law. I*n principle then, the *two standards of 'knowingly' and 'willfully' within the TCPA do not differ*."

*Id.* After finding that "knowing" and "willful" are functionally the same under the TCPA, the court remanded so trial court could apply the correct two-part test:

> "*[A] two-part test is presented for the trial court* to employ when ascertaining *whether treble damages are appropriate* in a particular case. *First, the court must decide whether a violation was 'knowing' or 'willful.' Then the court may, but need not, award treble damages.*"

*Id.* (original italics, other emphasis added).

In *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892 (W.D. Tex. 2001), the State of Texas sued defendant mass fax advertiser for TCPA violations. Defendants built their database of phone numbers by taking fax numbers from phone books, computer programs, public sources, and buying lists of fax numbers from third parties. The Court held:

> "Although the TCPA provides for liquidated damages of $500 for each violation, the Court finds *it would be inequitable and unreasonable to award $500 for each of these violations*.[8] The

- 6 -
_____
**DEFENDANT'S BRIEF RE TIMELINESS OF DEPOSITION DESIGNATIONS**

> Court therefore will interpret the provision as providing for "up to" $500 per violation…*Because the defendants' conduct was willful and knowing for the final month, from February 9, 2001 to March 15, 2001, the Court exercises its discretion under the TCPA and trebles these damages*, to $196,875. The defendants' total TCPA damages, therefore, are $459,375."

*Id.* at 900-901 (emphasis added). In fn. 8, the court noted if it awarded damages strictly as prescribed by the TCPA, it would amount to an award of about $2.34 billion against two individuals and a fifteen-employee company.

Similarly, the Fourth Circuit affirmed the findings of the district court in *Maryland v. Universal Elections, Inc*., 729 F.3d 370 (4th Cir. 2013), a case where the State of Maryland sued a company that made over 112,000 anonymous prerecorded calls to Maryland voters on election day. In the underlying ruling by the district court in *Maryland v. Universal Elections*, *Inc*., 862 F. Supp. 2d 457 (D. Md. 2012), the court applied the *Texas v. Am. Blastfast* test of whether defendant had reason to know, or should have known, that his conduct would violate the TCPA. The court found "knowing and willful" violations, but in exercising its discretion under the TCPA, did not award full treble damages. The court found:

> "While the TCPA's damages provisions appear constitutional on their face, *damages may become unconstitutional as applied in an individual case. In such situations, a damages award may violate due process* or constitute an 'excessive fine' under the Eighth Amendment. *See Pasco,* 826 F.Supp.2d at 837–38 (citing *Browning–Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc.,* 492 U.S. 257, 264–65, 109 S.Ct. 2909, 106 L.Ed.2d 219 (1989)); *see also Korangy v. U.S. F.D.A.,* 498 F.3d 272, 277 (4th Cir.2007)…*For example, in Texas v. Am. Blastfax, Inc., the court found that an award of approximately $2.34 billion 'would be inequitable and unreasonable.*' 164 F.Supp.2d at 900."

*Maryland v. Universal Elections, Inc*, 862 F.Supp.2d at 465 (original italics and underline, other emphasis added).

In *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 WL 1154206 (N.D. Ill. Mar. 19, 2013), the court declined to follow the *Texas v. Am. Blastfast* standard for "knowing or willful," noting that:

> *"[I]t appears that no court has interpreted this provision as requiring a 'reason to know' and then found for the defendant. See id.; American Blastfax,* 164 F.Supp.2d at 899."

*Bridgeview, supra,* at *7 (original italics and underline, other emphasis added). The court in *Bridgeview* declined to award treble damages despite finding willful and knowing conduct:

> "A Court may treble the damage for a willful violation of the statute. 47 U.S.C. § 227(b)(3)(C). *However, in this case the Court determines that no enhanced damages are appropriate. Defendant is a small business with the normal desire to increase its business.*"

*Bridgeview, supra*, at *8 (original underline, other emphasis added).

In "wrong number" cases, courts have found that the defendant has not "knowingly or willfully" violated the TCPA until defendant had actual knowledge they were calling the wrong number. *See Harris v. World Fin. Network Nat. Bank*, 867 F. Supp. 2d 888 (E.D. Mich. 2012).

> "*In order for Plaintiff to prove that Defendants knew that they acted in a manner that violated the statute ... Plaintiff must also show that Defendants knew that Plaintiff did not consent to the phone calls*. In this case, prior to Plaintiff notifying Defendants [that Defendants were calling the wrong number]…Defendants could not have known that Plaintiff's 1233 number was not Morgan's phone number. *Without knowing that the number associated with Morgan's account was actually Plaintiff's number, Defendants' violations cannot be deemed willful or knowing.*"

**DEFENDANT'S BRIEF RE TIMELINESS OF DEPOSITION DESIGNATIONS**

*Id.* at 895 (emphasis added). The court in *Harris* reasoned that a broader application of "willful or knowing" *that* would impose treble damages on defendants who were unaware they were calling a wrong number would diminish the statute's distinction between violations that do not require an intent, and those that Congress intended to punish more severely.

Other courts have followed the reasoning in *Harris. See, e.g., Warnick v. Dish Network LLC*, 2014 WL 12537066 (D. Colo. Sept. 30, 2014).

In another wrong number/debt collection case, *Echevvaria v. Diversified Consultants, Inc.*, 2014 WL 929275 (S.D.N.Y. Feb. 28, 2014), the court applied *Harris*:

> <u>*"Prior to [plaintiff] notifying [defendant] that she was not [debtor], [defendant] could not have known that it was calling [plaintiff] without consent. Accordingly, the first phone call to [plaintiff] was not in willful or knowing violation of the TCPA*. See Harris v. World Fin. Network Nat'l Bank,</u> 867 F.Supp.2d 888, 895 (E.D.Mich.2012); *Whaley v. T–Mobile, USA, Inc.,* No. 13–31, 2013 WL 5155342 at *3 n. 4 (E.D.Ky. Sept.12, 2013). However, the remaining twenty-six calls were made after [plaintiff] informed [defendant] on February 1, 2013 that she was not [debtor]. <u>*The Court therefore finds that an award of treble damages for the twenty-six post-notification calls is appropriate."*</u>

*Echevvaria, supra,* at *11 (original italics and underline, other emphasis added). The court, finding no willful or knowing violation of the TCPA absent actual knowledge that the wrong number was being dialed when the collector was calling the number received from the original creditor, relied on an Eleventh Circuit decision.

In another TCPA case against a debt collector, on cross-motions for summary judgment the court in *Manuel v. NRA Grp., LLC*, 200 F. Supp. 3d 495 (M.D. Pa. 2016) found that, in order to award treble damages, each element of an alleged TCPA violation would require a factual showing of volitional conduct:

**DEFENDANT'S BRIEF RE TIMELINESS OF DEPOSITION DESIGNATIONS**

> *"Courts have generally [required] evidence of volitional conduct for each element of liability, irrespective of any intent to transgress the Act's prohibitions.* See *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir.2015); *Davis v.Diversified Consultants, Inc.*, 36 F.Supp.3d 2 17, 226–27 (D.Mass.2014) (collecting cases); cf. *Echevvaria v. Diversified Consultants, Inc.*, No. 13–CIV.4980–LAK–AJP, 2014 WL 929275, at *9 (S.D.N.Y. Feb. 28, 2014)."

*Manuel, supra,* at 502 (some emphasis added).

In *Davis v. Diversified Consultants, Inc.*, 36 F. Supp. 3d 217 (D. Mass. 2014), the court found that factual issues precluded a summary judgment on treble damages:

> "*Defendant did not acquire plaintiff's telephone number from its client, as a number associated with the debtor, but instead from a third-party service provider.* Even assuming that the subscriber of that number was the debtor, it was not the number she had provided to defendant's client; defendant therefore could not reasonably have believed that it had her consent to call that number…*On the other hand, defendant has asserted that it acted in good faith…and that it took steps to scrub cellular telephone numbers from its system so as not to violate the TCPA*…The evidence presented here is not so clear and one-sided as to the alleged willfulness of defendant's conduct that reasonable jurors could come to only one conclusion."

*Id.* at 227 (emphasis added).

Respectfully submitted.

Dated: May 12, 2019

ELLIS LAW GROUP LLP

By /s/ *Mark E. Ellis*
Mark E. Ellis
Attorney for
DEFENDANT RASH CURTIS & ASSOCIATES

**DEFENDANT'S BRIEF RE TIMELINESS OF DEPOSITION DESIGNATIONS**