**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Yeremey O. Krivoshey (State Bar No. 295032)
Blair E. Reed (State Bar No. 316791)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
　　　　ykrivoshey@bursor.com
　　　　breed@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff and the Classes*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO PEREZ, on Behalf of Himself and all Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>RASH CURTIS & ASSOCIATES,<br>　　　　　　　　Defendant. | Case No. 4:16-cv-03396-YGR<br><br>**PLAINTIFF'S BENCH MEMORANDUM REGARDING STATUTORY DAMAGES**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

## I. THE COURT SHALL AWARD A MINIMUM OF $500 PER CALL TO CLASS MEMBERS FOR DEFENDANT'S VIOLATIONS OF THE TCPA

The Parties have agreed "that the Court will determine damages after findings by the jury." Pretrial Order No. 2, ECF No. 315, at 12. The Court does not have discretion to award any amount less than $500 <u>per each call</u> that the jury finds violated the TCPA. The TCPA states:

> **(3) Private Right of Action** A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State –
>
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, <u>or to receive $500 in damages of each such violation, whichever is greater</u>, or
>
> (C) both such actions.

47 U.S.C. §§ 227(b)(3). *See also Drew v. Lexington Consumer Advocacy*, 2016 WL 9185292, at *11 (N.D. Cal. Aug. 11, 2016) ("The TCPA provides for a statutory minimum of $500 per violation"); *Heidorn v. BDD Mktg. Co., LLC*, 2013 WL 6571629, at *16 (N.D. Cal. Aug. 19, 2013) (holding that 47 U.S.C. § 227(b)(3) "sets a <u>floor</u> for statutory damages of $500 per violation") (underlining added).

Defendant may again argue that multiplying the number of unlawful calls times $500 per each call violates Defendant's due process rights because the award may be excessively large. The Court has already addressed and rejected this argument at class certification:

> [C]ourts routinely certify classes where certification of the classes creates large liability risks for defendants. In fact, the Ninth Circuit has held that such a consideration – *i.e.* whether "class treatment would render the magnitude of the defendant's liability enormous" – "is not an appropriate reason to deny class certification under Rule 23(b)(3)." *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 721 (9th Cir. 2010). It would certainly be perverse to deny certification on the basis that defendant harmed too many people and, thus, has too much exposure to liability … To the contrary, several courts have certified similar TCPA class actions, finding that the statutory damages provided by the TCPA are "not sufficient to compensate the average consumer for the time and effort that would be involved in bringing a small claims action against a national corporation."
>
> …

> Defendant also argues that such high and "excessive" damages would violate their rights to due process because the monetary amount is unrelated to the actual harm suffered by plaintiffs. However, two of the cases upon which plaintiffs rely relate to the imposition of excessive punitive damages, and are inapposite to the statutory damages at issue here. The final case upon which defendant relies involves the mandatory imposition of a $100 penalty on a landlord for each day that they failed to correct certain deficiencies. The circumstances of that case run far afield of the circumstances involved in this litigation, wherein defendant allegedly performed a wrongful and illegal act every time that it called a putative class members.

Order Granting Plaintiffs' Motion for Class Certification, ECF No. 81, at 13, 14 n. 13 (citations omitted). Courts across the country have agreed. *See Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1308 (D. Nev. 2014) ("The $500 statutory damages amount for each violation, even if increased to $1,500 for willful violations, is insufficient to incentivize individual actions. If a possible verdict reaches into the tens of millions of dollars, that is because Congress chose to set a statutory damage amount for each violation and because the class is very large. The damages amount grows in direct proportion to the class size. The Court does not perceive any unfairness based on high damages."); *Agne v. Pap John's Int'l, Inc.*, 286 F.R.D. 559, 572 (W.D. Wash. 2012) (citing *Bateman* in denying due process arguments in TCPA class action); *Accounting Outsourcing, LLC v. Verizon Wireless Personal Commc'ns, L.P.*, 329 F. Supp. 2d 789, 809-810 (M.D. La. 2004) ("damages provisions of the TCPA … need not be proportional to the harm inflicted … As a result, the civil damages provisions of the TCPA … satisfy due process."); *Kenro, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162, 1166-67 (S.D. Ind. Apr. 10, 1997) ("[I]n mathematical terms, a $500 penalty for violation of the TCPA is not so high in relation to actual damages as to violate the Due Process clause … For the reasons discussed above, we find that § 227(b)(3)(B), which provides for a minimum penalty of § 500 for each violation of the TCPA, does not violate the Due Process clause"); *Texas v. Am. Blastfax, Inc.*, 121 F. Supp. 2d 1085, 1091 (W.D. Tex. 2000) (rejecting due process challenge to the TCPA's $500 per call minimum).

**II. THE COURT MAY AWARD DAMAGES UP TO $1,500 PER CALL IF IT FINDS DEFENDANT'S TCPA VIOLATIONS WERE WILLFUL OR KNOWING**

Should a TCPA violation be established, the Court, in its discretion, may increase the damages award up to $1,500 per unlawful call if it determines that Defendant acted "willfully or

knowingly." The TCPA states:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. §§ 227(b)(3)(C).

"Congress chose to employ a low threshold to assess treble damages." *Roylance v. ALG Real Estate Servs., Inc.*, 2015 WL 1522244, at *11 (N.D. Cal. Mar. 16, 2015). While there is some split of opinion, the majority of courts to rule on the issue have held that a defendant need not have "intended" to violate the TCPA for the defendant's conduct to be "knowing" or "willful." *See id.* (discussing case law regarding "knowledge" and "willfulness" under the TCPA); *Davis v. Diversified Consultants, Inc.*, 36 F. Supp. 3d 217, 226 (D. Mass. 2014) ("While neither the TCPA nor FCC regulations provide a definition for willful and knowing, most courts have interpreted the willful or knowing standard to require only that a party's actions were intentional, not that it was aware that is was violating the statute."). Defendant need only have "intended" to make the calls or known that the calls occurred and done nothing to stop them. *Id*.

Here, the standard ultimately will not matter, as Plaintiff has easily met both standards. This case concerns calls Defendant made to non-debtors to numbers obtained through skip-tracing. Defendant has been sued for TCPA violations dozens of times. There can be no argument that Defendant had a "good faith" belief that it had consent to dial phone numbers it obtained through skip-tracing. But Defendant made *millions* of such calls, in every month during the class period for which call logs were available. Whatever definition of "knowledge" and "willfulness" the Court adopts, both are present here.

Accordingly, the Court shall award between $500 to $1,500 for each call that Defendant made to class members. The TCPA does not give the Court discretion to award any amount below $500 per call.

| | |
|---|---|
| Dated: May 13, 2019 | **BURSOR & FISHER, P.A.** |
| | By: _/s/ Yeremey Krivoshey_<br>Yeremey Krivoshey |
| | L. Timothy Fisher (State Bar No. 191626)<br>Yeremey Krivoshey (State Bar No.295032)<br>Blair E. Reed (State Bar No. 316791)<br>1990 North California Blvd., Suite 940<br>Walnut Creek, CA 94596<br>Telephone: (925) 300-4455<br>Email: ltfisher@bursor.com<br>       ykrivoshey@bursor.com<br>       breed@bursor.com |
| | **BURSOR & FISHER, P.A.**<br>Scott A. Bursor (State Bar No. 276006)<br>2665 S. Bayshore Dr., Suite 220<br>Miami, FL 33133-5402<br>Telephone: (305) 330-5512<br>Facsimile: (305) 676-9006<br>E-Mail: scott@bursor.com |
| | *Attorneys for Plaintiff and the Classes* |