UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

**IGNACIO PEREZ, ET AL,**

              Plaintiffs,

  v.

**RASH CURTIS & ASSOCIATES,**

              Defendant.

Case No. 4:16-cv-03396-YGR

**CLASS ACTION**

**JURY INSTRUCTIONS**

The Court attaches hereto the jury instructions, which were used to instruct the jury orally on May 10, 2019.

Dated: May 17, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

### DUTY OF JURY

Members of the jury, you have now heard all the evidence. The attorneys will have one last chance to talk to you in closing argument. But before they do, it is my duty to instruct you on the law that applies to this case. You must follow these instructions as well as those that I previously gave you. You will have a copy of my instructions with you when you go to the jury room to deliberate.

You must decide what the facts are. You must consider all the evidence and then decide what you think happened. You must decide the facts based on the evidence admitted in this trial.

Do not allow anything that happens outside this courtroom to affect your decision. Do not talk about this case or the people involved in it with anyone, including family and persons living in your household, friends and coworkers, spiritual leaders, advisors, or therapists. Do not do any research on your own or as a group. Do not use dictionaries or other reference materials.

These prohibitions on communications and research extend to all forms of electronic communications. Do not use any electronic devices or media, such as a cell phone or smart phone, PDA, computer, tablet device, the Internet, any Internet service, any text or instant-messaging service, any Internet chat room, blog, or website, including social networking websites or online diaries, to send or receive any information to or from anyone about this case or your experience as a juror until after you have been discharged from your jury duty.

Do not investigate the case or conduct any experiments. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. Do not visit or view the scene of any event involved in this case. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial. You must not let bias, sympathy, prejudice, or public opinion influence your decision.

I will now tell you the law that you must follow to reach your verdict. You must follow the law exactly as I give it to you, even if you disagree with it. If the attorneys say anything different about what the law means, you must follow what I say.

In reaching your verdict, do not guess what I think your verdict should be from something I may have said or done. You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

Pay careful attention to all the instructions that I give you. All the instructions are important because together they state the law that you will use in this case. You must consider all of the instructions together.

After you have decided what the facts are, you may find that some instructions do not apply. In that case, follow the instructions that do apply and use them together with the facts to reach your verdict.

If I repeat any ideas or rules of law during my instructions that does not mean that these ideas or rules are more important than the others. In addition, the order in which the instructions are given does not make any difference.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1. The sworn testimony of any witness;
2. The exhibits that are admitted into evidence;
3. Any facts to which the lawyers have agreed; and
4. Any facts that I may instruct you to accept as proved.

# WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**DISTRICT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

At the beginning of this trial, I gave you an example of circumstantial evidence related to seeing water on the sidewalk in the morning.  The water could be evidence that it rained overnight.  It could also be evidence that a garden hose that had been left on.  Before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overruled the objection, the question may be answered or the exhibit received. If I sustained the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**EXPERT OPINION**

You have heard testimony from several expert witnesses who testified to their opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**IMPEACHMENT EVIDENCE – WITNESS**

The evidence that a witness has lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give the testimony of the witness and for no other purpose.

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries may have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**CLAIMS AND DEFENSES**

I will now give you specific instructions on the claims to be decided and give you a brief summary of the positions of the parties:

This case involves a class action lawsuit. A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who have similar legal claims and who are generally referred to as a "class." Plaintiff Ignacio Perez brings this action as the class representative and Bursor & Fisher, P.A. represent the class as class counsel.

In a class action, the claims of many individuals can be resolved at the same time instead of requiring each member to sue separately. Because of the large number of claims that are at issue in this case, not everyone in the class will testify. You may assume that the evidence at this trial applies to all class members, except as I specifically tell you otherwise. All members of the class will be bound by the result of this trial.

In this case, there are four classes of people whose telephone numbers were obtained by Rash Curtis through skip tracing, and who Rash Curtis called using one or more auto dialers or who Rash Curtis called using a prerecorded message. They will be referred to collectively as "The Class" or as the "Class Members." The Class Members do not include any people for whom Rash Curtis has had a debt-collection account in their name. This case concerns calls made by Rash Curtis from June 17, 2012 through April 2, 2019. This is referred to as the "Class Period."

Plaintiff Ignacio Perez, on behalf of unnamed class members, claims that Defendant Rash Curtis & Associates violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, which I will call the "TCPA," by calling cellular telephone numbers using an "automatic telephone dialing system" or a prerecorded or artificial voice. The Plaintiff has the burden of proving this claim.

Defendant denies the Plaintiff's claim and denies that Plaintiff can show that any particular cellphone number owned by a member of the class called by Rash Curtis was obtained by skip-tracing, including that of Mr. Perez.

The defendant claims calls were made with prior express consent. The defendant has the burden of proof on its affirmative defenses. The plaintiff denies defendant's affirmative defenses.

**ELEMENTS OF A TCPA CLAIM**

To establish a claim under the TCPA, the Plaintiff must prove the following:

1. Defendant's calls were made using an automatic telephone dialing system *or* using an artificial or prerecorded voice; and
2. telephone numbers called were assigned to cellular telephone services.

With respect to the class claims, as opposed to the individual claim, Plaintiff must prove that the telephone numbers were obtained by skip-tracing.

The only exceptions to the TCPA's prohibition relate to calls made for an emergency purpose or calls made with the prior express consent of the called party.  Plaintiff does not have to prove that Defendant lacked prior express consent to call either Plaintiff or the class members to establish this claim.  However, if a claim is established under the TCPA, Defendant is not liable if it can prove that it had prior express consent to call.

You are instructed that the Global Connect, VIC, and TCN dialers used by Defendant are automatic telephone dialing systems, or ATDSs, within the meaning of the TCPA.

The TCPA does not specify a definition for the phrase "prerecorded or artificial voice."  You must therefore use the ordinary meaning of the phrase as you understand it.

If you find that Plaintiff has proved each element, you must next determine whether Defendant has established an affirmative defense.  If you find that Plaintiff has not proved each element, you must find for Defendant.

**AFFIRMATIVE DEFENSES**

The only exceptions to liability for a violation of the TCPA relate to calls made for an emergency purpose or with prior express consent. Defendant has the burden of proving prior express consent.

The TCPA defines "express consent" as consent that is clearly and unmistakably stated. If a creditor possesses prior express consent, then a third-party debt collector has express consent to make calls on behalf of that creditor.

In the debt collection context, "express consent" is consent to call a particular telephone number in connection with a particular debt that is given before the call in question is placed. Under the TCPA, the caller must have the express consent of the person being called.

You are instructed that Defendant did not have prior express consent with respect to Plaintiff Ignacio Perez himself.

If you find that Defendant has established an affirmative defense as to the class members, you must find for Defendant. If you find that Defendant did not prove an affirmative defense, and you previously found that Plaintiff proved the elements of the TCPA claim, you must find for Plaintiff.

1
2
3
4
5
6
7
8
9
10
11               **STOP**
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DUTY OF DELIBERATE**

When you go to the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are orderly and that everyone has a fair chance to be heard.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently.

Please do not state your opinions too strongly at the beginning of your deliberations or immediately announce how you plan to vote as it may interfere with an open discussion. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.

You should use your common sense, but do not use or consider any special training or unique personal experience that any of you have in matters involved in this case. Your training or experience is not a part of the evidence received in this case.

You may take breaks, but do not discuss this case with anyone, including each other, until you are all back in the jury room.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

### RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom.

### POLLING THE JURY

After your verdict is read in open court, you may be asked individually to indicate whether the verdict expresses your personal vote. This is referred to as "polling" the jury and is done to ensure that each juror has agreed to each decision.

The verdict forms that you will receive may ask you to answer several questions. You must vote separately on each question.

Each of you will be provided a draft copy of the verdict forms for your use in keeping track of your own votes.