**BURSOR & FISHER, P.A.**
L. Timothy Fisher (SBN 191626)
Yeremey O. Krivoshey (SBN 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff and the Classes*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA MCMILLION, JESSICA ADEKOYA, and IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiffs,<br>　　v.<br>RASH CURTIS & ASSOCIATES,<br>　　　　　　　　　　Defendant. | Case No. 4:16-cv-03396-YGR<br><br>~~[PROPOSED]~~ FINAL JUDGMENT<br><br>Judge: Yvonne Gonzalez Rogers |

1 **FINAL JUDGMENT**

2   Pursuant to Federal Rules of Civil Procedure 23, 54, and 58, the Court now enters Final

3 Judgment on behalf of the certified Classes, defined as follows:

4   **(a) Skip-Trace Class 1:** All persons who received a call on their cellular telephones from June 17, 2012 through April 2, 2019 from Rash Curtis'
5   DAKCS VIC dialer and/or Global Connect dialer whose cellular telephone was obtained by Rash Curtis through skip tracing.
6

7   **(b) Skip-Trace Class 2:** All persons who received a prerecorded message or robocall on their cellular telephones [or] landline phones from June 17, 2012 through April 2, 2019 from Rash Curtis whose telephone number was
8   obtained by Rash Curtis through skip tracing.

9   **(c) Non-Debtor Class 1:** All persons who received a call on their cellular telephones from June 17, 2012 through April 2, 2019 from Rash Curtis'
10  DAKCS VIC dialer and/or Global Connect dialer whose telephone number was obtained by Rash Curtis through skip tracing and for whom Rash Curtis
11  never had a debt-collection account in their name.

12  **(d) Non-Debtor Class 2:** All persons who received a prerecorded message or robocall on their cellular telephones [or] landline phones from June 17,
13  2012 through April 2, 2019 from Rash Curtis whose telephone number was obtained by Rash Curtis through skip tracing and for whom Rash Curtis has
14  never had a debt-collection account in their name.

15  Excluded from the Classes are persons who provided their cellular telephone in an application for credit to a creditor that has opened an
16  account with Rash Curtis in such debtor's name prior to Rash Curtis first placing a call using an automatic telephone dialing system and/or
17  prerecorded voice.

18  The dissemination of the Class Notice, ECF Nos. 249, 293: (a) constituted the best

19 practicable notice to Class Members under the circumstances, (b) constituted notice that was

20 reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the

21 Action, their right to exclude themselves, and the binding effect of the Final Judgment, (c) and met

22 all applicable requirements of law, including, but not limited to, the Federal Rules of Civil

23 Procedure, the United States Constitution (including the Due Process Clause), and the Rules of this

24 Court, as well as complied with the Federal Judicial Center's illustrative class action notices. No

25 Class Members requested exclusion.

26  Consistent with the jury's verdict on May 13, 2019, ECF No. 347, each member of the

27 Classes shall recover from the Defendant, Rash Curtis & Associates, the amount of $500 per call

28

made in violation of the Telephone Consumer Protection Act, for an aggregate award in favor of the Classes of $267,349,000.

With regard to Plaintiff Ignacio Perez's individual claim under the Telephone Consumer Protection Act, Plaintiff Perez shall recover from Defendant, Rash Curtis & Associates, the amount of $500 per call made in violation of the Telephone Consumer Protection Act, for an aggregate award in favor of Plaintiff Perez of $7,000.

The Classes and Plaintiff Perez are entitled to post-judgment interest on the jury's award at a rate of 2.36% per annum.

Pursuant to Federal Rules of Civil Procedure 23(h)(1) and 54(d), and Local Rule 54, any motion for attorneys' fees, expenses, costs, and incentive awards shall be filed no later than 14 days after entry of this Judgment. Notice of the motion shall be directed to Class Members pursuant to Fed. R. Civ. P. 23(h)(1). Class Members may object to the motion pursuant to Fed. R. Civ. P. 23(h)(2). Plaintiff shall file a motion for a proposed notice plan in accordance with Fed. R. Civ. P. 23(h)(2) within 28 days of the entry of Final Judgment.

**IT IS SO ORDERED.**

Dated:   September 9, 2019

YVONNE GONZALEZ ROGERS
United States District Judge