**BURSOR & FISHER, P.A.**
L. Timothy Fisher (SBN 191626)
Yeremey O. Krivoshey (SBN 295032)
Blair E. Reed (SBN 316791)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
         breed@bursor.com
         ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (SBN 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
E-Mail:  scott@bursor.com

*Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO PEREZ, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>Defendant. | Case No. 4:16-cv-03396-YGR<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO APPROVE THE OCTOBER 11, 2019 ASSIGNMENT**<br><br>Date: January 14, 2020<br>Time: 2:00 p.m.<br>Courtroom: 1<br><br>Judge:  Hon. Yvonne Gonzalez Rogers |

1   **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2   **PLEASE TAKE NOTICE THAT** on January 14, 2020 at 2:00 p.m. or as soon thereafter
as counsel may be heard by the above-captioned Court, located at 1301 Clay Street, Oakland, CA
94612, Courtroom 1, 4th Floor in the Courtroom of Judge Yvonne Gonzalez Rogers, Plaintiff
Ignacio Perez ("Plaintiff" or "Class Representative"), by and through his undersigned counsel of
record, will move and hereby does move, pursuant to Fed. R. Civ. P. 23(d)(1)(C), for an order
approving the October 11, 2019 Assignment Of Cause Of Action In Exchange For Covenant Not
To Execute (the "Assignment").

This motion is made on the grounds that the parties have executed the Assignment so that
Plaintiff can seek to recover on the judgment (ECF No. 370) from Defendant's insurers for the
benefit of the certified Classes, and Fed. R. Civ. P. 23(d)(1)(C) permits the Court to issue orders
that "impose conditions on the representative parties." Plaintiff executed the Assignment as a
Class Representative and a fiduciary to the certified Classes and requests that the Court approve the
Assignment subject to two conditions: (1) That Plaintiff, through Class Counsel, shall promptly
notify this Court of the recovery, if any, obtained on behalf of Class Members as a result of the
Assignment; (2) That such recovery, if any, shall be held in trust until this Court approves a fair,
reasonable and adequate method for distributing the proceeds of the recovery to Class Members.

This motion is based on: (1) this Notice of Motion and Motion, (2) the Memorandum of
Points and Authorities in support thereof, (3) the Declaration of Scott A. Bursor, (4) the papers and
pleadings on file, and (5) the arguments of counsel at the hearing on the Motion.

**CIVIL RULE 7-4(a)(3) STATEMENT OF ISSUE TO BE DECIDED**

Whether the Court should approve the Assignment pursuant to Fed. R. Civ. P. 23(d)(1)(C),
subject to two conditions: (1) That Plaintiff, through Class Counsel, shall promptly notify this
Court of the recovery, if any, obtained on behalf of Class Members as a result of the Assignment;
and (2) That such recovery, if any, shall be held in trust until this Court approves a fair, reasonable
and adequate method for distributing the proceeds of the recovery to Class Members.

Dated: October 17, 2019

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Scott A. Bursor*
      Scott A. Bursor

Scott A. Bursor (SBN 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
E-Mail:  scott@bursor.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (SBN 191626)
Yeremey O. Krivoshey (SBN 295032)
Blair E. Reed (SBN 316791)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
       ykrivoshey@bursor.com
       breed@bursor.com

*Class Counsel*

**TABLE OF CONTENTS**

**PAGE(S)**

I.   INTRODUCTION ........................................................................................................1
II.  THE RATIONALE FOR THE ASSIGNMENT ......................................................2
III. RULE 23(E) DOES NOT APPLY ............................................................................4
IV.  THE COURT SHOULD APPROVE THE ASSIGNMENT WITH
     CONDITIONS PURSUANT TO FED. R. CIV. P. 23(D)(1)(C) ............................4
V.   CONCLUSION ..........................................................................................................5

## I. INTRODUCTION

On September 9, 2019, this Court entered a $267,349,000 class action judgment against Defendant. (ECF No. 370). Fed. R. Civ. P. 62(a) automatically stayed execution of that judgment for 30 days, through October 9, 2019. Class Counsel was prepared to file a writ of execution to enforce the judgment promptly, and Defendant was prepared to file a bankruptcy petition to stay enforcement of the judgment. On October 7, 2019 Defendant filed an *ex parte* request to stay enforcement of the judgment (ECF No. 380), which included a declaration from Defendant's bankruptcy lawyer, Michael W. Malter, stating "if the stay of enforcement is not continued past October 9, 2019 … my client will have no choice but to file for Chapter 11 bankruptcy protection." Malter Decl. ¶ 8, ECF No. 380-2.

At nearly the last minute, that bankruptcy filing was avoided when the parties reached agreement on the Assignment Of Cause Of Action In Exchange For Covenant Not To Execute (the "Assignment"). The parties signed the agreement late in the evening on October 8, 2019, just before Rule 62(a)'s automatic stay expired. The parties made some corrections to the agreement and re-executed it on October 11, 2019. A true and correct copy of the Assignment is attached as Exhibit 1 to the Declaration of Scott A. Bursor, submitted herewith. The purpose of the Assignment is to permit Plaintiff, as the Class Representative, to seek to recover on the judgment from Defendant's insurers, XL America, Inc., XL Catlin Inc., and Indian Harbor Insurance Company (hereafter, "XL").

Plaintiff requests that the Court approve the Assignment pursuant to Fed. R. Civ. P. 23(d)(1)(C) subject to two conditions: (1) That Plaintiff, through Class Counsel, shall promptly notify this Court of the recovery, if any, obtained on behalf of Class Members as a result of the Assignment; and (2) That such recovery, if any, shall be held in trust until this Court approves a fair, reasonable and adequate method for distributing the proceeds of the recovery to Class Members.

## II.  THE RATIONALE FOR THE ASSIGNMENT

After winning the trial, Plaintiff and Class Counsel carefully considered our next steps, with the understanding that we have a fiduciary obligation to maximize the Class Members' recovery. Class Counsel investigated the finances of the Defendant and its principals and determined that they would be unable to satisfy the judgment.  Class Counsel also carefully reviewed Defendant's insurance policy, and the prior settlement negotiations.  Class Counsel determined that Defendant has a strong claim against its insurer, XL, for XL's bad faith failure to settle this action.  We determined that the best way to maximize Class Members' recovery is to obtain assignment of Defendant's claim against XL and pursue full recovery of the judgment from XL.

California law requires insurance companies to act reasonably to settle claims.  "In each policy of liability insurance, California law implies a covenant of good faith and fair dealing.  This implied covenant obligates the insurance company, among other things, to make reasonable efforts to settle a third party's lawsuit against the insured.  If the insurer breaches the implied covenant by unreasonably refusing to settle the third party suit, the insured may sue the insurer in tort to recover damages proximately caused by the insurer's breach." *PPG Industries, Inc. v. Transamerica Ins. Co.*, 20 Cal.4th 310, 312 (1999).

The facts recited in the Assignment establish XL's bad faith refusal to settle this action.  XL controlled Defendant's counsel and explicitly retained full control of settlement negotiations.  *See* Assignment ¶¶ 3-6.  Prior to class certification, XL rejected at least four written offers to settle this action within the policy limits, and walked out of a mediation without even making a settlement offer.  *See* Assignment ¶¶ 7-18.  After class certification, XL refused to negotiate and rejected at least two invitations to resume mediation.  *See* Assignment ¶¶ 20-27.  Based on these facts, Class Counsel believe there is a high probability that a court would find that XL did <u>not</u> make reasonable efforts to settle this action, that XL's refusal to negotiate was unreasonable, and that XL thus breached the implied covenant of good faith and fair dealing.  The measure of damages for that breach is the full amount of the judgment.  *See, e.g.*, *Hamilton v. Maryland Cas. Co.*, 27 Cal. 4th 718, 725 (2002) ("Where the underlying action has proceeded to trial and a judgment in excess of the policy limits has been entered against the insured, the insurer is ordinarily liable to its insured

for the entire amount of that judgment ….");  *Purdy v. Pacific Automobile Ins. Co.*, 157 Cal. App.3d 59, 74 (1984) (affirming trial court verdict against insurer for bad faith failure to settle within policy limits, and holding the insurer liable for the entire judgment despite the insured's insolvency and bankruptcy).

The Assignment was necessary because "a judgment creditor cannot bring a direct action for breach of the duty to settle, but the insured can assign his cause of action for breach of the duty to settle to the judgment creditor." *Ham v. Continental Ins. Co.*, 2009 WL 513474, at *3 (N.D. Cal. Mar. 2, 2009).  Class Counsel thus determined that we should negotiate to obtain such an assignment from the Defendant.  The opportunity to pursue recovery against the Defendant through bankruptcy has relatively little value.  But Defendant's claim against XL is worth $267,349,000 plus interest.

The Assignment is based on California Practice Guide:  Insurance Litigation Form 12:C (The Rutter Group 2019) ("Assignment of Cause of Action in Exchange for Covenant Not to Execute").  The Assignment transfers Defendant's claim against XL to Plaintiff, and requires Defendant to assist Plaintiff and Class Counsel in prosecuting that claim.  For example, the Assignment requires Defendant to provide Class Counsel with copies of all documents and correspondence between Rash Curtis and XL relating to the claim, and to waive the attorney-client privilege with respect to communications with defense counsel concerning the claim.  *See* Assignment ¶ 35.  The Assignment includes detailed factual recitals concerning XL's conduct and settlement negotiations, *see* Assignment ¶¶ 3-33, and requires Defendant to testify to those facts in any lawsuit or proceeding to enforce the assigned rights, *see* Assignment ¶ 41 ("Rash Curtis agrees to testify in said action to the facts recited above ….").  Class Counsel did not accept Defendant's representations or rely on their veracity.  Class Counsel insisted that Defendant's personal counsel visit with Defendant at their offices to search for documents concerning the facts recited in the Assignment.  And every fact recited is supported by contemporaneous documents.

### III.  RULE 23(E) DOES NOT APPLY

The Assignment is not a class action settlement.  Paragraph 43 of the Assignment recites the parties' understanding that the Assignment was effective upon execution and does not require court approval under Fed. R. Civ. P. 23(e):

> 43.     The parties are not aware of any authorities describing procedures for seeking court approval for an assignment of cause of action in exchange for a covenant not to execute on a class action judgment.  It is the parties' understanding that Fed. R. Civ. P. 23(e) does not apply, and neither notice to the class nor court approval is required, since this agreement does not settle, voluntarily dismiss, or compromise Class members' claims, and does not bind absent Class members.  It is also the parties understanding that this agreement will be effective upon execution.  Nevertheless, the parties have agreed, in an abundance of caution, to present this agreement to the Court for approval, or in the alternative for a ruling that court approval is not required.  Should the Court disapprove of the instant agreement or should the agreement be deemed ineffective for any reason, then this entire agreement will be void and the parties will return to their status quo prior to executing this agreement.

### IV.  THE COURT SHOULD APPROVE THE ASSIGNMENT WITH CONDITIONS PURSUANT TO FED. R. CIV. P. 23(D)(1)(C)

Although Rule 23(e) does not apply, this Court has jurisdiction to approve the Assignment under Fed. R. Civ. P. 23(d)(1)(C), which permits the Court to "issue orders that … impose conditions on the representative parties."  The Court has broad authority under Rule 23(d).  *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981) (recognizing that district courts have "both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties"); *Slovin v. Sunrun, Inc.*, 2017 WL 2902902, at *5 (N.D. Cal. July 7, 2017) (invoking the Court's jurisdiction under Rule 23(d)(1)(C)).

Plaintiff therefore requests that the Court approve the Assignment pursuant to Fed. R. Civ. P. 23(d)(1)(C) subject to two conditions:  (1) That Plaintiff, through Class Counsel, shall promptly notify this Court of the recovery, if any, obtained on behalf of Class Members as a result of the Assignment; and (2) That such recovery, if any, shall be held in trust until this Court approves a

fair, reasonable and adequate method for distributing the proceeds of the recovery to Class Members.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court approve the Assignment pursuant to Fed. R. Civ. P. 23(d)(1)(C) subject to two conditions:  (1) That Plaintiff, through Class Counsel, shall promptly notify this Court of the recovery, if any, obtained on behalf of Class Members as a result of the Assignment; and (2) That such recovery, if any, shall be held in trust until this Court approves a fair, reasonable and adequate method for distributing the proceeds of the recovery to Class Members.

Dated:  October 17, 2019                              Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Scott A. Bursor*
         Scott A. Bursor

Scott A. Bursor (SBN 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
E-Mail:  scott@bursor.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (SBN 191626)
Yeremey O. Krivoshey (SBN 295032)
Blair E. Reed (SBN 316791)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
            ykrivoshey@bursor.com
            breed@bursor.com

*Class Counsel*