1  Mark E. Ellis - 127159
   Anthony P. J. Valenti - 284542
2  Lawrence K. Iglesias - 303700
   ELLIS LAW GROUP, LLP
3  1425 River Park Drive, Suite 400
   Sacramento, CA  95815
4  Tel: (916) 283-8820
   Fax: (916) 283-8821
5  mellis@ellislawgrp.com
   avalenti@ellislawgrp.com
6  liglesias@ellislawgrp.com

7  Attorneys for Defendant RASH CURTIS & ASSOCIATES

8

9                  UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11

| 12 | IGNACIO PEREZ, on Behalf of Himself and all Others Similarly Situated, | Case No.:  4:16-cv-03396-YGR JSC |
|----|---|---|
| 13 | | **DEFENDANT RASH CURTIS &** |
| 14 | Plaintiff, | **ASSOCIATES' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO ALTER OR** |
| 15 | Vs. | **AMEND THE JUDGMENT** |
| 16 | RASH CURTIS & ASSOCIATES, | **DATE:** November 18, 2019 |
| | | **TIME:** 2:00 p.m. |
| 17 | Defendant. | **DEPT:** Courtroom 1 |
| 18 | | **JUDGE:** *Hon. Yvonne Gonzalez Rogers* |

19

20

21

22

23

24

25

26

27

28

---

**TABLE OF CONTENTS**

PAGE

I.    INTRODUCTION ...................................................................................................... 1

II.   ARGUMENT .............................................................................................................. 2

      A.    The Final Judgment Should be Amended or Corrected to Reflect Adjudication
            on the Merits in Favor of Defendant Rash Curtis on Plaintiff's Willful/Knowing
            TCPA Claims ................................................................................................. 2

      B.    The Final Judgment Should be Amended or Corrected to Reflect Adjudication
            on the Merits in Favor of Defendant Rash Curtis on Plaintiff's Claim for
            Injunctive Relief ............................................................................................. 7

      C.    The Final Judgment Must be Amended or Corrected to Reflect that Defendant
            Rash Curtis Prevailed on Plaintiff's Causes of Action under the FDCPA and
            Rosenthal Act .................................................................................................. 9

      D.    The Final Judgment Should be Amended or Corrected to Reflect that any
            Residue of the Class Damages Award Which is Not Claimed by a Class
            Member Releases to Defendant ...................................................................... 11

III.  CONCLUSION ........................................................................................................... 14

- i -

**TABLE OF AUTHORITIES**

PAGE

**Cases**

*Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892 (9th Cir. 2001) ..........................9

*Ammons v. Diversified Adjustment Service, Inc.*, 2019 WL 5064840 (C.D. Cal. Oct. 9, 2019)..............8

*Boeing Co. v. Van Gemert*, 444 U.S. 472,  100 S.Ct. 745 (1980)..........................................12

*Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121 (9th Cir. 2017)..........................................12

*Casey v. Albertson's Inc.*, 362 F.3d 1254 (9th Cir. 2004)..........................................10

*Catlin v. United States*, 324 U.S. 229, 65 S.Ct. 631 (1945).............................2, 10, 11

*Eckert Cold Storage, Inc. v. Behl,* 943 F.Supp. 1230 (E.D. Cal. 1996) ..........................................6

*Hells Canyon Preservation Council v. U.S. Forest Service,* 403 F.3d 683 (9th Cir. 2005)..................4, 5

*Holtzman v. Turza*, 828 F.3d 606 (7th Cir. 2016) ..........................................11, 12

*HSBC Bank USA v. Townsend*, 793 F.3d 771 (7th Cir. 2015) .............................2, 10

*Hunter v. Time Warner Cable Inc.*, 2019 WL 3812063 (S.D.N.Y. Aug. 14, 2019) .........................13

*In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716 (9th Cir. 2013) ...............5, 6

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992) ..........................................6

*Kirkland v. Legion Ins. Co.,* 343 F.3d 1135 (9th Cir. 2003) ..........................................10

*Kunz v. DeFelice*, 538 F.3d 667 (7th Cir. 2008) ..........................................10

*Matter of Bassak*, 705 F.2d 234 (7th Cir. 1983) ..........................................10, 11

*Mullins v. Direct Digital, LLC*, 795 F.3d 654 (7th Cir. 2015) ..........................................12

*Neidermeyer v. Caldwell,* 718 F. App'x 485 (9th Cir. 2017)..........................................6

*Prieto v. Paul Revere Life Ins. Co.*, 354 F.3d 1005 (9th Cir. 2004) ..........................................5

*Riley v. Kennedy*, 553 U.S. 406, 419, 128 S.Ct. 1970 (2008)..........................................2, 8, 10

*Sandoe v. Boston Scientific Corporation*, 2019 WL 5424203 (D. Mass. Oct. 23, 2019) ......................13

*Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080 (9th Cir. 2002) ..........................................6

**Statutes**

28 U.S.C. §§ 1291-1292..........................................10

47 U.S.C. § 227(b)(3)(B) ..........................................12

**Other Authorities**

Federal Rules of Civil Procedure 58, Adv. Comm. Notes (1963) ..........................................7

Jones, Rosen, Wegner & Jones, *Federal Civil Trials and Evidence*
   (Rutter Group, June 2019 Update)..........................................5, 8, 10

- ii -

**Rules**

Federal Rules of Civil Procedure 15(a) ............................................................................4

Federal Rules of Civil Procedure 15(a)(2) ....................................................................4, 5

Federal Rules of Civil Procedure 15(b) ...........................................................................5

Federal Rules of Civil Procedure 16 ......................................................................1, 5, 7

Federal Rules of Civil Procedure 41(b) ...........................................................................1

Federal Rules of Civil Procedure 50 ...............................................................................2

Federal Rules of Civil Procedure 52 ...............................................................................2

Federal Rules of Civil Procedure 54(b) ..........................................................................10

Federal Rules of Civil Procedure 58 ...............................................................................7

Federal Rules of Civil Procedure 58(a) ...........................................................................1

Federal Rules of Civil Procedure 59 .............................................................................1, 2

Federal Rules of Civil Procedure 60 ...............................................................................2

Federal Rules of Civil Procedure 60(a) ...........................................................................1

DEFENDANT RASH CURTIS & ASSOCIATES' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO ALTER OR AMEND THE JUDGMENT

# I. INTRODUCTION

Since the inception of this lawsuit, and through the end of the bifurcated trial, class counsel submitted for adjudication TCPA claims against Defendant Rash Curtis for, among other things: (1) treble damages for "knowing and willful" violations of the TCPA and (2) for injunctive relief to the classes. (*See, e.g.,* ECF No. 1, Complaint, filed 6/20/16, p. 17, "a." and "b.", prayers for injunctive relief and treble damages for "willful and/or knowing violations of the TCPA"; *see also* Supplemental Declaration of Mark E. Ellis ("Ellis Supp. Decl."), ¶ 2; **Exhibit S-1**, ECF No. 260, Joint Pretrial Statement, filed 2/15/19, p. 10, confirming that the "relief prayed" for included treble damages and injunctive relief; Ellis Supp. Decl., ¶ 3; **Exhibit S-2,** ECF No. 361, Plaintiff's Closing Brief Regarding Phase 2 (Knowledge and Willfulness), filed 5/20/19, at p. 19, "Because Defendant's conduct was knowing and willful, the Court should treble damages").

Class counsel argues that their (1) belated "withdrawal" of the "First Count" of their complaint for knowing/willful violations, months after it was submitted to the Court, and (2) failure to present any evidence at trial supporting the claim for injunctive relief under Rule 23(b)(2), should not be reflected in the Court's final judgment as adjudications in favor of Rash Curtis. This argument must be rejected. FRCP 16, 41(b), 59, 60(a).

Whether Rash Curtis' motion is treated as a motion to amend or correct the judgment to reflect the omitted post-trial status of Plaintiff's claims on which Rash Curtis prevailed and setting forth final judgments in its favor, or as a motion to dismiss Plaintiff's "abandoned" or waived claims is unimportant; the relief requested is proper under the Federal Rules; justice and a fair and accurate record of the adjudications requires a correct, completed final judgment. *Id.*; Fed. R. Civ. P. 58(a). (*Cf.* Ellis Supp. Decl. ¶ 4; **Exhibit S-3,** ECF No. 362, Rash Curtis' Trial Brief Re: Phase II, filed 5/20/19, p. 15:20-22, "Defendant Rash Curtis respectfully requests the Court find its conduct as to Mr. Perez was not willful, and further that it not treble damages as to Mr. Perez. Likewise, Defendant requests the Court not find its conduct as to the class is willful and knowing, and otherwise that it exercise its discretion to not treble damages as to the class".)

On May 13, 2019, class counsel *insisted* upon continuing the classes' pursuit of a finding on the cause of action for willful/knowing TCPA violations:

- 1 -

> **The Court:** [M]y question to the Plaintiffs is: is this really necessary at this point? That is, the numbers that we are talking about exceed $250 million. So is there – are the Plaintiffs pursuing an award in addition upon which they are looking for a willfulness finding?
>
> **Mr. Bursor:** Your Honor, the answer is yes. … [W]hat we want is a ruling from your Honor on willfulness. … [W]e think it's important that some record be made of what the Court's finding is as to willfulness and finding is as to the conduct of this trial. …[W]e are all for efficiency, but I would like a finding from the Court on willfulness.

(Ellis Supp. Decl., ¶ 5; **Exhibit S-4**, Excerpts of the Trial Transcript ("TT"), dated May 13, 2019 at pp. 804:1-805:3, some text omitted.)

For the reasons stated in its moving papers and herein, Rash Curtis submits the Court's final judgment is premature (Ellis Supp. Decl., ¶ 6; **Exhibit S-5,** Final Judgment, ECF No. 370, filed 9/9/19) and must be amended because of the *paramount importance* that the final judgment accurately reflect the outcome of all the issues. FRCP 50, 52, 59, 60; *see, e.g., Riley v. Kennedy*, 553 U.S. 406, 419, 128 S.Ct. 1970, 1981 (2008); *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631 (1945) (A final judgment is "one which ends the litigation on the merits and leaves nothing for the Court to do but execute the judgment."); *HSBC Bank USA v. Townsend*, 793 F.3d 771, 775 (7th Cir. 2015).

## II. ARGUMENT

### A. The Final Judgment Should be Amended or Corrected to Reflect Adjudication on the Merits in Favor of Defendant Rash Curtis on Plaintiff's Willful/Knowing TCPA Claims

Assuming that post-submission claims can even be unilaterally withdrawn, amended, or modified, the September 9, 2019 letter submitted by class counsel failures to comply with this Court's standing pretrial order, as well as and Federal Rules of Civil Procedure 15 and 16. The Court's standing pretrial order provides in pertinent part:

> "Parties shall comply in all respects with Fed. R. Civ. P. 16.
>
> [¶]
>
> **PRETRIAL CONFERENCE STATEMENT:** The parties shall file a joint Pretrial Conference Statement containing the information listed below.
>
> [¶¶]
>
> ***Substance of the Action***. A brief description of the substance of claims and defenses which remain to be decided, including a list of the claims

and defenses to be tried. …

***Relief Prayed***. A detailed statement of all the relief claimed,…

[¶¶]

***Amendments, Dismissals***. <u>*A statement of requested or proposed amendments to pleadings or dismissals*</u> of parties, <u>*claims*</u> or defenses and any objections thereto.

[¶¶]

**No party is relieved of any of the requirements of this Standing Order without a prior written order of this Court."**

(Ellis Supp. Decl., ¶ 7; **Exhibit S-6,** Standing Order Re: Pretrial Instructions in Civil Cases, Updated April 2, 2019 (some emphasis added, some emphasis in original)).

Here, the Joint Pretrial Statement submitted by the Parties stated in relevant part:

"Plaintiff seeks the following relief:

**RELIEF PRAYED**

For Rash Curtis' violations of the TCPA, Plaintiff and class members seek at minimum "statutory damages in the amount of $500 per violation." [Cit.] *Plaintiff also intends to present evidence that Rash Curtis' conduct was knowing and willful*. …

*Plaintiff also seeks an injunction* precluding Rash Curtis from calling class members using an ATDS and/or artificial or prerecorded voice.

[¶¶]

**Plaintiff's List of Disputed Factual Issues**
…
[] Whether Rash Curtis *knowingly or willfully* loaded cellphone numbers obtained through skip tracing into its dialers.

[] Whether Rash Curtis *knowingly or willfully* called cellphone numbers obtained through skip tracing using its dialers.
[¶¶]

**FURTHER DISCOVERY OR MOTIONS**

[] Plaintiff does not anticipate filing any additional motions at this time.

[¶¶]

**AMENDMENTS, DISMISSALS**

The parties intend to file stipulations of dismissals of the claims of Plaintiffs McMillion and Adekoya in the near future as required by the settlements with those plaintiffs."

- 3 -

1   (**Exh. S-1,** ECF No. 260, Joint Pretrial Statement, filed 2/15/19, some text and numbering omitted,

2   boldface and underline in original, italics added.)

3        Class counsel never, ever, indicated an intent to amend the complaint during the pretrial

4   proceedings, and indeed, even after the entire case had been submitted, class counsel _insisted_ upon a

5   finding from the Court on the treble damages cause of action. _Ibid._ (**Exh. S-4,** May 13, 2019 TT, pp.

6   804:1-805:3.)

7        Instead, it was not until September 9, 2019, _almost four months after all evidence and_

8   _arguments were submitted to the Court_, that Plaintiff submitted a letter to the Court "voluntarily

9   withdrawing" the treble damages claim. (Ellis Supp. Decl., ¶ 8; **Exhibit S-7,** Plaintiff's Letter

10  withdrawing Count One, ECF No. 369, filed 9/9/19 at 11:21 a.m.)

11       On the same day, within a matter of hours and before Rash Curtis had an opportunity to

12  respond, the Court entered final judgment. (**Exh. S-5,** ECF No. 370, filed 9/9/19, at 5:26 p.m.)

13       Class counsel asserts the letter constitutes a "withdrawal without prejudice" on the First Count,

14  citing to Rule 15, and _Hells Canyon Preservation Council v. U.S. Forest Service,_ 403 F.3d 683, 689

15  (9th Cir. 2005). (ECF No. 395, Pl's Opposition, p. 7, "[_Hells Canyon_] treated the withdrawal as a

16  motion to amend the complaint to remove the claim.") But _Hells Canyon_ is distinguishable; it dealt

17  with an _unopposed_ oral request to amend at the summary judgment oral argument. The Ninth Circuit

18  _expressly stated this situation was an exception to the general rule preventing such unilateral_

19  _amendments without complying with the rules_:

20       _We therefore construe HCPC's oral – and, we emphasize, unopposed –_
         _withdrawal of its Wilderness Act claim as an amendment of its complaint,_
21       _pursuant to Rule 15(a)._

22  _Hells Canyon Preservation Council, supra,_ 403 F.3d at 690 (italics in original, other emphasis added).

23       Plainly, _Hells Canyon_ is inapposite; the "amendment" there was unopposed, by consent, and

24  occurred at the summary judgment hearing, _well before trial_, unlike the instant case. _Ibid._; _cf._ Fed. R.

25  Civ. P. 15(a).

26       Contrary to class counsel's argument, Rule 15(a), entitled "Amendments **Before** Trial," simply

27  does not apply to a post-submission amendment. _See_ Fed. R. Civ. P. 15 (a)(2) (emphasis added) ("In

28  all other cases [not provided for by Rule 15(a)(1)], a party may amend its pleadings only with the

- 4 -

DEFENDANT RASH CURTIS & ASSOCIATES' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO ALTER
OR AMEND THE JUDGMENT

opposing party's written consent or the court's leave." Emphasis added.); *In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) ("Although Federal Rule of Civil Procedure 15(a) provides that leave to amend 'shall be freely given when justice so requires,' it 'is not to be granted automatically.'"); Fed. R. Civ. P. 15(a)(2). (**Exh. S-6**, Judge Gonzalez Rogers' Standing Pretrial Instructions requiring written prior order.) *Cf. Hells Canyon, supra,* at 689-690 (where amendment was permitted by consent of the defendant during oral argument at summary judgment, and not after the claim had been submitted).

Rule 15(b), entitled "Amendments During and *After* Trial" likewise does not apply:

> **Requirements:** Amendments to the pleadings under FRCP 15(b) are allowed only if the nonmoving party:
>
> - Has *"consented"* to trial of an unpleaded issue or been given notice of the amendment and opportunity to respond after objecting to the evidence [cit]; and
>
> - *Will not be prejudiced* by amendment of the pleadings to include the unpleaded issue [cit].

Jones, Rosen, Wegner & Jones, *Federal Civil Trials and Evidence* Ch. 13-C(2), ¶ 13:192 (Rutter Group, June 2019 Update) (*citing Prieto v. Paul Revere Life Ins. Co.*, 354 F.3d 1005, 1012 (9th Cir. 2004); Fed. R. Civ. P. 15(b) (emphasis added).

Here, the prejudice to Rash Curtis is obvious: if its motion is not granted and the final judgment is not amended or corrected to reflect that Rash Curtis prevailed on the merits as to Plaintiff and the classes' claims for willful or knowing violations and injunctive relief, there will be no *res judicata* or *collateral estoppel* effect, and any member of the class could re-file a complaint alleging those claims again, after Rash Curtis spent approximately three years vigorously defending itself against those very same claims in this lawsuit. Fed. R. Civ. P. 15(b).

Rash Curtis did *not* consent, was *not* given "notice", and had *no* opportunity to respond to Plaintiff's September 9, 2019 letter before the Court entered the purported "final" judgment later that same day. Moreover, Plaintiff failed to seek a prior written order from the Court before attempting to circumnavigate the requirements of the Court's standing pretrial instructions requiring a motion to amend or withdraw. *See also* Fed. R. Civ. P. 16.

While deviation from the pretrial scheduling order could be appropriate in some circumstances,

- 5 -

1   (a) Plaintiff did not seek relief from Rule 16, which requires a showing of "good cause," and (b) good

2   cause did not exist in any event. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th

3   Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking

4   amendment."); *see also Neidermeyer v. Caldwell,* 718 F. App'x 485, 488 (9th Cir. 2017) (quoting *In re*

5   *W. States, supra,* 715 F.3d at 737 ("after the pretrial scheduling order's deadline for amending the

6   pleadings has expired," a party seeking to amend "*must* satisfy the 'good cause' standard of Federal

7   Rule Civil Procedure 16(b)(4)...before the amendment will be permitted." Emphasis added.).

8          "To permit a party to disregard a Rule 16 order by an appeal to the standards of Rule 15 would

9   'undermine the court's ability to control its docket, disrupt the agreed-upon course of litigation, and

10  reward the indolent and the cavalier.'" *Eckert Cold Storage, Inc. v. Behl,* 943 F.Supp. 1230, 1233 (E.D.

11  Cal. 1996) (quoting *Johnson, supra,* 975 F.2d at 610-11). The focus of the good cause inquiry is the

12  diligence, or lack thereof, of the party seeking modification and their reasons for amendment. *Johnson,*

13  *supra,* 975 F.2d at 609; *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)

14  (affirming denial of a motion to modify schedule where plaintiff failed to "demonstrate diligence in

15  complying with the dates set by the district court").

16         Plaintiff's failure to follow Rule 15(b) so as to affirmatively demonstrate good cause is

17  sufficient in itself to find that none exists. *Johnson, supra,* 975 F.2d at 609. Plaintiff *did not act*

18  *diligently*, which is the focus of the inquiry. *Id.* Class counsel first *insisted* upon a ruling on whether

19  Rash Curtis violated the TCPA willfully and knowingly, even after the Court asked class counsel if it

20  was really necessary *at trial*. (**Exh. S-4,** TT from May 13, 2019, pp. 804:1-805:3.) So the matter was

21  fully submitted and closing briefs filed.  The true impetus of class counsel's "withdrawal" of submitted

22  matter appears to be the suspicion it was going to lose the treble damage trial and thus pulled the claim

23  before the result was announced. It may also have been a reaction to Rash Curtis' counsel's letter of

24  September 5, 2019, containing a further attempt to settle the case (with a deadline on Rash Curtis'

25  offer of September 12, 2019). (Ellis Supp. Decl., ¶ 9; **Exhibit S-8**, Rash Curtis's 9/5/19 excerpted

26  letter to class counsel.)

27         Class counsel's September 9, 2019 letter to the Court was not an attempt to amend for good

28  cause. It was an attempt to preempt a possible adverse ruling and a reaction to a settlement offer. It did

- 6 -

1  not operate to satisfy *any* standard to constitute a proper amendment to the pleadings but, instead, was

2  in fact a dismissal with prejudice for tactical and strategic reasons. Final judgment must thus be

3  amended to reflect judgment on that count in Rash Curtis' favor.

4  **B.    The Final Judgment Should be Amended or Corrected to Reflect Adjudication on the Merits in Favor of Defendant Rash Curtis on Plaintiff's Claim for Injunctive Relief**

5

6     For the same reasons stated above, Plaintiff's argument that the class certified claim for

7  injunctive relief was "poof – presto" no longer at issue must be rejected.  Plaintiff insisted in their

8  pretrial submissions that this claim was still at issue. The pretrial conference order reflects this. There

9  was an entire failure of proof at trial on the issue by class counsel and no argument.  These facts entitle

10 Rash Curtis to judgment in its favor on that claim.  (*See* ECF No. 81, Order granting class certification

11 "under both Rule 23(b)(2) and Rule 23(b)(3)", p. 15:23-26, filed 9/6/17; *see also* **Exh. S-1,** ECF No.

12 260, Joint Pretrial Statement, filed 2/15/19, "Plaintiff also seeks an injunction".)

13    Plaintiff's argument that the claim for injunctive relief was tacitly "abandoned" at the end of

14 trial is preposterous, but if true, makes no difference. *Cf.* Fed. R. Civ. P. 16. A review of the trial

15 transcript makes clear that Plaintiff's brief has misstated what the Court requested the Parties to

16 submit, with respect to a proposed form of judgment. On May 13, 2019, the Court *only* asked the

17 Parties to submit a proposed form of judgment only on the TCPA questions submitted to the jury in the

18 special verdict:

19      **The Court:** Okay. I need the following: I would like to see from each side
        a proposed form of judgment – ***based upon the jury's verdict***. And I'll

20      give you until Wednesday close of business to file your proposal. [¶] *I still
        have to deal with Phase II, but I do need to know and want to know what*

21      *your proposed form of judgments would look like based upon that verdict*.

22 (**Exh. S-4,** May 13, 2019 TT at pp. 838:22-839:3, some emphasis added.)

23    Plaintiff's proposed form of judgment based on the jury verdict (consistent with the Parties'

24 proposed special verdict forms) does not reflect injunctive relief simply because that is *not* what the

25 Court requested.[1] (*Id.*; *see also* Ellis Supp. Decl., ¶ 10; **Exhibit S-9,** ECF No. 283, the Parties'

26

27 [1] Generally, the practice is for the court to request competing submissions on the proposed judgment. But unless a specific request is made, attorneys should not submit proposed forms of judgment. Fed. R. Civ. P. 58, Adv. Comm. Notes (1963) ("attorneys shall not submit forms of judgment unless directed

28 to do so by the court.").

- 7 -

Proposed Verdict Forms, filed 3/4/19.)

Equally important, class counsel adduced absolutely no evidence or argument at trial in support of injunctive relief. (*Cf.* ECF No. 374-2, Declaration of Paula L. Mahan-Crary, ¶¶ 1-3; Trial Transcript, *passim.*) Again, class counsel had indicated that the claim would be pursued at trial in the Joint Pretrial Statement. Plaintiff's argument that the claim for injunctive relief was abandoned *sub silencio* by not asking for injunctive relief at the end of trial is wholly disingenuous.

Moreover, Rash Curtis put on affirmative evidence at trial that injunctive relief was not warranted because it no longer used an ATDS or prerecorded and/or artificial voice calls. (**Exh. S-4,** May 13, 2019 TT, pp. 821:14-822:9, Robert Keith testifying that Rash Curtis now uses LiveVox HCI to place 100% of its outbound calls; *see also* ECF No. 374-3, Declaration of Laurence Siegel explaining the limited capacity of LiveVox HCI). *See Ammons v. Diversified Adjustment Service, Inc.*, 2019 WL 5064840, at *5 (C.D. Cal. Oct. 9, 2019) ("The Court agrees with other courts to consider the LiveVox HCI system and, applying *Marks*, finds that the clicker agent's role precludes LiveVox HCI from qualifying as an ATDS.").

Notably, Plaintiff does not dispute the truth of the testimony of Robert Keith, Paula L. Mahan-Crary, or Laurence Siegel on this issue. Instead, Plaintiff argues that the Court should consider his failure to adduce evidence at trial to support the Rule 23(b)(2) claims as an "automatic" amendment to the pleadings. This convenient after-the-fact explanation is at odds and in stark contrast to the requirements of Federal Rules of Civil Procedure 15 and 16 which govern and with which Plaintiff and the Rule 23(b)(2) classes failed to comply.

The document at issue (ECF No. 370) purports to be a "final judgment" – but it is not. The standard treatise on federal trial practice, Federal Civil Trials & Evidence, says it best: "A court order that leaves issues unresolved is not a final judgment. A final judgment is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Jones, et al., *Federal Civil Trials and Evidence* §§ 18:126.1 *et seq.* (Rutter Group 2015) (citing *Riley, supra,* 553 US at 419, 128 S.Ct. at 1981) (internal quotation marks omitted).

Accordingly, the Final Judgment must be amended or corrected to reflect that Rash Curtis prevailed against Plaintiff and the Rule 23(b)(2) classes' claims for injunctive relief for which there

was a complete failure of proof at trial by class counsel. (**Exh. S-1,** ECF No. 260, Joint Pretrial Statement, filed 2/15/19.)

**C.     The Final Judgment Must be Amended or Corrected to Reflect that Defendant Rash Curtis Prevailed on Plaintiff's Causes of Action under the FDCPA and Rosenthal Act**

Plaintiff's argument against Rash Curtis's request to amend or correct the judgment to reflect that it prevailed against Mr. Perez's FDCPA and Rosenthal Act claims is meritless. "Interlocutory" orders, such as a summary judgment order,  which do not dispose of the entire action (and which include judicial reasoning) do not constitute a "separate document" under Rules 58(a) and 79.  As discussed below, Plaintiff's contention that the earlier orders "merge" into the final judgment – while true - is a red herring.  The merger doctrine is an appellate jurisdiction concept.  The order granting dismissal of these claims becomes appealable upon *entry of* final judgment.

Here, following the return of the jury verdict as to Phase I of the trial, the Court requested the Parties submit proposed forms of judgment, but only on the questions tried to the jury. (**Exh. S-4**, May 13, 2019 TT, pp. 838:22-839:3.)  The Court indicated at the time that it later expected some different form of judgment. (*Id.*)  Rash Curtis cannot be faulted for not giving the Court anything beyond what was requested, particularly where there was an open, pending count (*i.e.*, Plaintiff's First Count) when the Court made its request. (*Cf. id.*)

Class counsel's citation to *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 897 (9th Cir. 2001) is curious and non-persuasive. *Am. Ironworks*, *supra*, deals specifically with the question of *appealability*, and is as such irrelevant to the question at issue, *i.e.*, whether the judgment must be accurate and reflect the litigation history and issues decided. Rash Curtis submits the mislabeled "Final Judgment" must be amended to accurately reflect the final outcome of the litigation:

> A necessary corollary to the final judgment rule is that a party may appeal interlocutory orders after entry of final judgment because those orders merge into that final judgment.

*Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 897 (9th Cir. 2001).

Whether or not interlocutory orders, such as the Court's order on the Parties' cross-motions for summary judgment became appealable when the proposed final judgment was entered on September 9, 2019 is not disputed; Rash Curtis, who prevailed on the claims at the summary judgment stage as to

- 9 -

Mr. Perez, certainly does not intend to appeal portions of that interlocutory order. *Cf.* 28 U.S.C. §§ 1291-1292; *see also Casey v. Albertson's Inc.*, 362 F.3d 1254, 1258 (9th Cir. 2004) ("'Only when both' Rule 58 and Rule 79(a) – which tells the parties how the clerk must enter documents on the civil docket – 'are satisfied is there an 'entry of judgment' that tells the parties they may appeal."); *Kirkland v. Legion Ins. Co.,* 343 F.3d 1135, 1140 (9th Cir. 2003) ("Although a final judgment requires a 'separate document,' neither the Supreme Court nor this court views satisfaction of Rule 58 as a prerequisite to appeal.").

But here the Court has labeled the order dated September 9, 2019 as a "Final Judgment" but it is not. The *Jones* treatise observes as follows: "If the trial judge uses the final judgment form *prematurely,* without deciding all issues before the court, point out the problem immediately." Jones, et al., *supra,* § 18.126.2 (citing *Kunz v. DeFelice*, 538 F.3d 667, 680 (7th Cir. 2008)).

Again, as instructed expressly by the Court, the Parties submitted proposed forms of judgment only *as to questions based on the jury verdict*.  No true "final judgment" could have been entered at that time because, for example, there was no ruling at all on the Phase II trial. *See, e.g., Riley, supra,* 553 U.S. at 419, 128 S.Ct. at 1981; *Catlin, supra,* 324 U.S. at 233, 65 S.Ct. 631 (A final judgment is "one which ends the litigation on the merits and leaves nothing for the Court to do but execute the judgment."); *HSBC Bank, supra,* 793 F.3d at 775; *Matter of Bassak*, 705 F.2d 234, 237-238 (7th Cir. 1983) (a final determination as to one of several legal theories is *not* a final judgment); *cf.* Fed. R. Civ. P. 54(b).  (*See* Ellis Supp. Decl., ¶ 11; **Exhibit S-10,** ECF No. 353-1, Defendant's Transmission Letter, filed 5/15/19, explaining Rash Curtis' position that the proposed forms of judgment submitted on May 15, 2019, even if entered, could not be considered "final.")

Specifically, Rash Curtis set forth its argument that an entry of judgment based on the proposed forms of judgment filed on May 15, 2019 would be incomplete:

> From its research, Rash Curtis submits that any judgment that could be entered at this point in time would only be partial, not disposing of all claims, and thus not final. *See, e.g., Riley v. Kennedy,* 553 U.S. 406, 419, 128 S.Ct. 1970, 1981 (2008); *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631 (1945) (A final judgment is "one which ends the litigation on the merits and leaves nothing for the Court to do but execute the judgment."); *HSBC Bank USA v. Townsend*, 793 F.3d 771, 775 (7th Cir. 2015).

- 10 -

(**Exh. S-10**, ECF No. 353-1, filed 5/15/19.)

Here, the Court asked the Parties to submit proposed forms of judgment solely as to the jury verdict entered on May 15, 2019, even *before the parties were required to submit closing argument briefs on the Phase II trial*, which were not even due until May 20, 2019.  (*See* **Exh. S-4,** May 13, 2019 TT, p. 839:22-23, where the Court requested briefs on Phase II "by the close of business next Monday, 5/20 [2019]".)  Accordingly, *any "judgment"* based on the May 15, 2019 form of judgment submissions could not be entered as "final" within the meaning of Rule 54(b).  *Catlin, supra,* 324 U.S. 15 233; *Matter of Bassak, supra,* 705 F.2d at 237-238.  This is particularly true where Rash Curtis specifically raised this very issue in its May 15 transmission letter, and it had no further opportunity to weigh in on the form of judgment which was entered as final. (**Exh. S-10,** ECF No. 353, filed 5/15/19.)

Plaintiff's remaining argument that the final judgment should not be amended because it may bear on which party may claim to be the "prevailing party" is not relevant at this time, as that issue is not before the Court on this motion.  Moreover, Plaintiff's assertion that "Defendant obtained no relief at all" is wildly inaccurate, but it is also not relevant at this stage of the proceedings.  Accordingly, no consideration should be given to Plaintiff's smug, haughty, *ad hominem* arguments.

**D.   The Final Judgment Should be Amended or Corrected to Reflect that any Residue of the Class Damages Award Which is Not Claimed by a Class Member Releases to Defendant**

Plaintiff offers no legal support in opposition to Rash Curtis' motion to amend or correct the judgment to reflect that any residue of the class damages award (damages not claimed by a member of the class(es)) should be released back to Rash Curtis.  Instead, Plaintiff argues that the request is "premature, unnecessary, and incorrect."  Rash Curtis believes the issue is ripe now, since Plaintiff has filed a motion for attorney's fees on the grounds that the judgment creates a "common fund."  (ECF No. 371, filed 9/23/19.)  Of course, no common fund can exist in a TCPA class action as a matter of law.  *See, e.g., Holtzman v. Turza*, 828 F.3d 606, 609 (7th Cir. 2016) (Easterbrook, J.), cert. denied, 137 S.Ct. 1330 (2017) ("Given our conclusion that the [TCPA] class members have suffered *discrete* rather than undifferentiated losses, however, the money represents a security for payment rather than a common fund." Emphasis added.).

Plaintiff has acknowledged: "[a]s of yet, no money has been recovered, so there is no money

- 11 -

1    for class members to claim." (ECF No. 395, p. 9:12-12, filed 10/30/19.) Under these circumstances, *no*

2    *common fund exists because no fund has been actually **recovered***. *Boeing Co. v. Van Gemert*, 444 U.S.

3    472, 478, 100 S.Ct. 745 (1980) ("a lawyer who *recovers* a common fund for the benefit of persons

4    other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole".)

5    (Emphasis added.)[2]

6         Here, failure to expressly provide for reversion to Rash Curtis of any residue would violate the

7    plain language of the TCPA and Rash Curtis' right to due process. The TCPA and this Court's ruling

8    provides for no more than $500 per call in violation. 47 U.S.C. § 227(b)(3)(B). (**Exh. S-5**, ECF No.

9    370, filed 9/9/19.) By declining to amend the judgment to provide for reversion to Rash Curtis of the

10   residue of the judgment, the effect of the judgment is to award more than $500 per person per *discrete*

11   *violation*, an award beyond what is permitted under the TCPA, is a certainty where Rash Curtis has not

12   yet had any opportunity to challenge the claims of individual class members as to the purported

13   534,698 "violations" upon which the judgment is based.

14         Denial of the right to reversion also raises serious questions about whether Rash Curtis is

15   deprived of due process. *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1131-32 (9th Cir. 2017)

16   ("Defendants will have…opportunities to individually challenge the claims of absent class members if

17   any when they file claims for damages. … As the Seventh Circuit put it, '[t]he due process question is

18   not whether the identity of class members can be ascertained with perfect accuracy at the certification

19   stage but whether the defendant will receive a fair opportunity to present its defenses *when putative*

20   *class members actually come forward*.'") (emphasis added); *cf. Mullins v. Direct Digital, LLC*, 795

21   F.3d 654, 670 (7th Cir. 2015) (unlike the instant case, in some class actions "[t]he addition or

22   subtraction of individual class members affects neither the defendant's liability nor the total amount of

23   damages it owes to the class."). This TCPA case is more like *Holtzman* (TCPA class), rather than

24   *Mullins* (false advertising class).  Here, "class members have suffered discrete rather than

25   undifferentiated losses." *Holtzman, supra,* 828 F.3d at 609.

26         Rash Curtis presented sampling evidence at trial that some (probably many) of the purported

27   _____

28   [2] If the Court desires to put this issue off without prejudice to when attorneys' fees, if any, are argued and determined in January 2020, then Rash Curtis has no objection.

- 12 -

"class members" testified to by Ms. Verkhovskaya were actually "debtors" and thus precluded from participation in the class settlement.  (*Cf.* **Exh. S-5,** ECF No. 370, p. 2 "Excluded from the Classes are persons who provided their cellular telephone in an application for credit to a creditor that has opened an account with Rash Curtis in such debtor's name…" with, *e.g.,* **Exh. S-4,** May 7, 2019 TT, pp. 271:23-272:3, calling into question whether Plaintiff's experts' methodology removed debtors where only a by-account matching analysis, and not a name-to-database analysis was performed; **Exh. S-4**, May 9, 2019 TT, pp. 549:10-20, 632:16-634:7, Anya Verkhovskaya's "class list" contained debtors; *Id.,* TT p. 551:12-25, the "class list" was not free of people who have already attempted to sue Rash Curtis for purported TCPA violations and no longer have valid claims.)

Plaintiff argues that "[t]here may be no need for claims, as Ms. Verkhovskaya has compiled a class list, and *it may* be possible to send checks to class members without requiring a claim form." (ECF No. 395, p. 9:13-15, filed October 30, 2019 (emphasis added).) Not only would this raise due process problems for the reasons stated above, it also contravenes the long form notice which Plaintiff prepared and mailed to the purported class. (ECF No. 249, filed November 12, 2018, "There is no guarantee that money or benefits will ever be obtained. *If they are, you will be notified about how to ask for a share*." Emphasis added.) This Court has recognized that perhaps only 5 percent of the claims are expected to be returned. (Ellis Supp. Decl., ¶ 12; **Exh. S-11**, 3/19/19 Pretrial hearing transcript, p. 7:11-13.)

Plaintiff's argument that "it *may be* possible to send checks to class members without requiring a claim form" based on the work of Anya Verkhovskaya[3] is also misleading and untrue for practical

---

[3]   Rash Curtis had argued throughout this litigation, including in its *Daubert* motions and at trial, that Plaintiff's experts lacked credibility and that their methodology has not reliably limited the list of purported "class members" created by Anya Verkhovskaya to persons who fit the Court's class definitions. These issues will be part of Rash Curtis' appeal. (*See, e.g.,* ECF Nos. 252, 253, 254, Rash Curtis's *Daubert* motions, filed 1/28/19.) Other courts have found that the "reverse look-up" methodology used by Plaintiff's experts in this case to identify class members has lacked reliability for the same reasons argued by Rash Curtis. *See, e.g., Sandoe v. Boston Scientific Corporation,* 2019 WL 5424203, at *4-5 (D. Mass. Oct. 23, 2019) (declining class certification to TCPA class and finding that Anya Verkhovskaya's methodology failed to satisfy the predominance requirement of Rule 23(b) where, like here, Verkhovskaya's methodology failed to demonstrate (as here with Mr. Perez) the class representative as a member of the class); *Hunter v. Time Warner Cable Inc.,* 2019 WL 3812063, at *12 and *passim* (S.D.N.Y. Aug. 14, 2019) (declining class certification to TCPA class based on Weir's methodology which failed to reliably identify class members: "In addition to these flaws with reverse-lookup data, Time Warner points to errors in Weir's methodology more specifically. [] One of these alleged errors pertains to name-matching efforts, to determine whether a customary user identified by

- 13 -

1   reasons. Victoria Fellner, project manager for Kurtzman Carson Consultants ("KCC"), the group

2   retained to oversee the class notice process in this action, provided to counsel for Rash Curtis a

3   detailed table which shows that over two mailings to the purported 52,025 class members identified by

4   Ms. Verkhovskaya, only 17,703 were actually mailed to the purported class members. (Ellis Supp.

5   Decl., ¶¶ 13-14; **Exhibit S-12,** 10/7/19 email from Victoria Fellner attaching **Exhibit S-13**, "Weekly

6   Case Status Report" containing a table of statistics of how notice has been provided, dated 10/7/19.)

7   During an October 7, 2019 phone call, Victoria Fellner explained to counsel that the reason only

8   17,703 notices had been sent via USPS mail (and 34,823 had been sent via email) was because there is

9   no known mailing address for approximately two-thirds of the purported class members. (Ellis Supp.

10   Decl., ¶ 15.)

11          Class counsel has offered no explanation for how it may be "possible to send checks" to the

12   majority of "class members" who Plaintiff's own "expert" has been unable to pair with any possible

13   known mailing address. Under these circumstances, Plaintiff's argument that Rash Curtis should not be

14   entitled to an amended judgment reflecting that it is entitled to reversion of any unclaimed portion of

15   the class damages award should be disregarded.

16                                         **III.   CONCLUSION**

17          For the foregoing reasons, Defendant Rash Curtis submits that the Court should alter or amend

18   its Final Judgment as requested above, or other such relief as may be deemed just and proper.

19

20   Dated: November 6, 2019

                                 ELLIS LAW GROUP, LLP

21

22                                    By   */s/ Mark E. Ellis*
                                     Mark E. Ellis

23                                        Attorney for Defendant
                                     RASH CURTIS & ASSOCIATES

24

---

25   LexisNexis is the same individual associated with the phone number in Time Warner's records. []
Under Weir's methodology, he determined that the customary user in the LexisNexis data matched the
26   customer in Time Warner's records if they had the same first name or last name. [] But as Time
Warner demonstrates – due to spelling variations and business names – this name-matching process
27   results in numerous false 'mismatches.' [] Plaintiffs' methodology would thus consider these
customary users to be members of the proposed class, and individualized inquiry would be required to
28   prove that they had consented to receive calls associated with the TWC account.").

DEFENDANT RASH CURTIS & ASSOCIATES' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO ALTER
OR AMEND THE JUDGMENT