**BURSOR & FISHER, P.A.**
L. Timothy Fisher (SBN 191626)
Yeremey O. Krivoshey (SBN 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
          ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff and the Classes*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA MCMILLION, JESSICA ADEKOYA, and IGNACIO PEREZ, on Behalf of Themselves and all Others Similarly Situated,<br><br>                Plaintiffs,<br>  v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>                Defendant. | Case No. 4:16-cv-03396-YGR<br><br>[~~PROPOSED~~] **FINAL JUDGMENT**<br><br>Judge: Yvonne Gonzalez Rogers |

**FINAL JUDGMENT**

Pursuant to Federal Rules of Civil Procedure 23, 54, and 58, the Court now enters Final Judgment on behalf of the certified Classes[1], defined as follows:

> **(a) Skip-Trace Class 1:** All persons who received a call on their cellular telephones from June 17, 2012 through April 2, 2019 from Rash Curtis' DAKCS VIC dialer and/or Global Connect dialer whose cellular telephone was obtained by Rash Curtis through skip tracing.
>
> **(b) Skip-Trace Class 2:** All persons who received a prerecorded message or robocall on their cellular telephones [or] landline phones from June 17, 2012 through April 2, 2019 from Rash Curtis whose telephone number was obtained by Rash Curtis through skip tracing.
>
> **(c) Non-Debtor Class 1:** All persons who received a call on their cellular telephones from June 17, 2012 through April 2, 2019 from Rash Curtis' DAKCS VIC dialer and/or Global Connect dialer whose telephone number was obtained by Rash Curtis through skip tracing and for whom Rash Curtis never had a debt-collection account in their name.
>
> **(d) Non-Debtor Class 2:** All persons who received a prerecorded message or robocall on their cellular telephones [or] landline phones from June 17, 2012 through April 2, 2019 from Rash Curtis whose telephone number was obtained by Rash Curtis through skip tracing and for whom Rash Curtis has never had a debt-collection account in their name.
>
> Excluded from the Classes are persons who provided their cellular telephone in an application for credit to a creditor that has opened an account with Rash Curtis in such debtor's name prior to Rash Curtis first placing a call using an automatic telephone dialing system and/or prerecorded voice. Also excluded are Rash Curtis & Associates, any entities in which Rash Curtis & Associates has a controlling interest, Rash Curtis & Associates' agents and employees, and any judge or magistrate to whom this action is assigned, their staff, and immediate families.

The dissemination of the Class Notice, ECF Nos. 249, 293, 402: (a) constituted the best practicable notice to Class Members under the circumstances, (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to exclude themselves, the binding effect of the Final Judgment, to apprise Class Members of Plaintiff's Motion for an Award of Attorney's Fees, Costs and Expenses, and Service Award for the Class Representative and Class Members' rights to object thereto, (c) and met all applicable requirements of law, including, but not limited to, the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Rules of this Court, as

---

[1] This Final Judgment amends the Final Judgment entered on September 9, 2019. ECF No. 370.

well as complied with the Federal Judicial Center's illustrative class action notices.  No Class Members requested exclusion, and no Class Members objected to Plaintiff's Motion for an Award of Attorney's Fees, Costs and Expenses, and Service Award for the Class Representative.

Consistent with the jury's verdict on May 13, 2019, ECF No. 347, each member of the Classes shall recover from the Defendant, Rash Curtis & Associates, the amount of $500 per call made in violation of the Telephone Consumer Protection Act, for an aggregate award in favor of the Classes of $267,349,000.

With regard to Plaintiff Ignacio Perez's individual claim under the Telephone Consumer Protection Act, Plaintiff Perez shall recover from Defendant, Rash Curtis & Associates, the amount of $500 per call made in violation of the Telephone Consumer Protection Act, for an aggregate award in favor of Plaintiff Perez of $7,000.  Plaintiff Ignacio Perez is also entitled to a service award in the amount of $25,000 to be awarded out of the $267,349,000 common fund award.

Bursor & Fisher, P.A., Class Counsel, is entitled to an award of attorneys' fees of 33.33 percent of the $267,349,000 common fund award ($89,116,333.33).  Bursor & Fisher, P.A. is also entitled to $277,416.28 in nontaxable costs to be awarded out of the $267,349,000 common fund.

The Classes and Plaintiff Perez are entitled to post-judgment interest on the jury's award at a rate of 2.36% per annum, dating back to September 9, 2019.

Count I of the Complaint for alleged knowing and/or willful violations of the Telephone Consumer Protection Act is dismissed with prejudice.

Plaintiff's request for injunctive relief pursuant to Fed. R. Civ. P. 23(b)(2) is dismissed with prejudice.

As to Counts III and IV of the Complaint for violation of the Fair Debt Collection Practices Act ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), the Court previously granted partial summary judgment in favor of Rash Curtis & Associates as to Plaintiff Perez's claims under 15 U.S.C. §§ 1692d (harassment and abuse) and 1692e(11) (failure to disclose identity), as well as under California Civil Code §§ 1788.11(d)-(e)

(harassment) and 1788.17 (violation of the FDCPA). *See* ECF No. 167. These claims have been adjudicated in favor of Rash Curtis & Associates and are hereby dismissed with prejudice.

On March 5, 2019, the Court granted the parties' Stipulation of Voluntary Dismissal with Prejudice Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) with respect to all individual claims asserted by Plaintiffs Sandra McMillion and Jessica Adekoya against Defendant Rash Curtis & Associates. *See* ECF No. 292. Accordingly, Plaintiffs McMillion and Adekoya's individual claims against Defendant Rash Curtis & Associates are dismissed with prejudice. The parties will bear their own attorney's fees and costs as to these claims.

**IT IS SO ORDERED.**

Dated: May 4, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**