PAGES 1 - 16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**BEFORE THE HONORABLE YVONNE GONZALEZ ROGERS, JUDGE**

| | | |
|---|---|---|
| SANDRA MCMILLION, ET AL., | ) | |
| | ) | |
| PLAINTIFFS, | ) | NO. C-16-3396 YGR |
| | ) | |
| VS. | ) | MONDAY, OCTOBER 2, 2017 |
| | ) | |
| RASH CURTIS & ASSOCIATES, | ) | OAKLAND, CALIFORNIA |
| | ) | |
| | ) | CASE MANAGEMENT CONFERENCE |
| | ) | |
| DEFENDANT. | ) | |

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFFS:**        BURSOR FISHER, P.A.
                           1990 NOR CALIFORNIA BLVD., SUITE 940
                           WALNUT CREEK, CALIFORNIA 94596
                     BY:   YEREMEY O. KRIVOSHEY, ESQUIRE


**FOR DEFENDANT:**         ELLIS LAW GROUP
                           740 UNIVERSITY AVENUE, SUITE 100 EAST
                           SACRAMENTO, CALIFORNIA 95825
                     BY:   MARK ELLIS, ESQUIRE
                           ANTHONY P.J. VALENTI, ESQUIRE



**REPORTED BY:**           DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
                           OFFICIAL COURT REPORTER



TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION

```
 1   MONDAY, OCTOBER 2, 2017                              2:48 P.M.
 2                        P R O C E E D I N G S
 3                                O0O
 4         THE CLERK:  WE WILL DO THE MCMILLION VERSUS RASH
 5   CURTIS.
 6      CALLING CIVIL ACTION 16-3396 MCMILLION VERSUS RASH CURTIS
 7   & ASSOCIATES.
 8      COUNSEL, PLEASE STATE YOUR APPEARANCES.
 9         MR. KRIVOSHEY:  GOOD AFTERNOON, YOUR HONOR.  YEREMEY
10   KRIVOSHEY FOR THE PLAINTIFFS.
11         THE COURT:  GOOD AFTERNOON.
12         MR. ELLIS:  GOOD AFTERNOON, YOUR HONOR.  MARK ELLIS
13   FOR RASH CURTIS FOR THE DEFENDANTS.  AND WITH ME IS ANTHONY
14   VALENTI.
15         MR. VALENTI:  GOOD MORNING (SIC), YOUR HONOR.
16         THE COURT:  GOOD AFTERNOON.
17      WELL, I UNDERSTAND FROM JUDGE CORLEY SHE'S HAVING A LOT OF
18   PROBLEMS WITH YOU ALL.
19      HAVE YOU COMPLIED, MR. ELLIS, WITH MY ORDERS TO PRODUCE?
20         MR. ELLIS:  WE HAVE, YOUR HONOR.
21         THE COURT:  IS THAT TRUE?
22         MR. KRIVOSHEY:  THAT'S TRUE.  I THINK WE GOT THE
23   PRODUCTION ON SEPTEMBER 20TH, I BELIEVE.
24         THE COURT:  HAVE YOU REVIEWED IT?  IS IT COMPLETE?
25         MR. KRIVOSHEY:  I HAVE DONE MY BEST TO GET THROUGH AS
```

1   MUCH OF IT AS I CAN.  I THINK AT THIS POINT I HAVE GOTTEN
2   THROUGH ABOUT 50 PERCENT OF IT.
3           **THE COURT:**  YOU WERE WITH JUDGE CORLEY LAST WEEK.
4   WHAT WAS THE RESULT OF THAT HEARING?
5           **MR. KRIVOSHEY:**  SO I UPDATED JUDGE CORLEY ON EXACTLY
6   WHAT I SAID NOW.  I SAID I WOULD DO MY BEST ON REVIEWING THE
7   DOCUMENTS.  WE STILL HAVE A NUMBER OF OUTSTANDING ISSUES.
8       THERE WERE OTHER SEARCH TERMS CONCERNING EMAILS THAT WE
9   HAD PREVIOUSLY DISCUSSED, AND JUDGE CORLEY DECIDED TO GO IN A
10  PIECEMEAL FASHION JUST TO LESSEN THE BURDEN.
11      AND AT THAT HEARING, I DIDN'T FEEL THAT IT WAS APPROPRIATE
12  TO DEMAND THAT DEFENDANT PRODUCE ADDITIONAL DOCUMENTS WHILE I
13  HAVEN'T WORKED THROUGH THAT FIRST BATCH.  I JUST NEED TO WRAP
14  MY HEAD AROUND THE ENTIRETY OF WHAT'S BEEN PRODUCED.
15      I GET A GOOD SENSE OF IT NOW THAT I HAVE GONE THROUGH
16  ABOUT HALF OF IT, BUT WE STILL -- SO JUDGE CORLEY SET ANOTHER
17  HEARING BEFORE HER ON THE 12TH AND ASKED THAT THE PARTIES FILE
18  ANY OTHER MOTIONS REGARDING DISCOVERY, LIKE INCLUDING THE CALL
19  LOGS AND THE OTHER ISSUES THAT WE HAVE GOING ON, BY THE 10TH.
20  BUT THAT'S ON A CONDITION THAT WHAT HAPPENS HERE TODAY,
21  BECAUSE AS THIS COURT KNOWS, WE ARE REQUESTING THAT THE
22  DISCOVERY DEADLINE BE PUSHED BACK BY A LITTLE BIT.
23          **THE COURT:**  WELL, I'M ONLY GOING TO PUSH IT BACK TO
24  THE EXTENT -- SO IT WON'T BE FOR ANYTHING NEW; THAT IS, WE
25  AREN'T RE-OPENING -- I CERTAINLY AM NOT RE-OPENING -- GOING TO

1    EXTEND DISCOVERY TO REOPEN SOMETHING.

2        SO ARE ALL OF THE REQUESTS MADE?

3            **MR. KRIVOSHEY:** YOUR HONOR, I THINK WE HAVE MADE ALL

4    THE REQUESTS.

5        THE ONLY ISSUE IS, WE HAVE BEEN CONFERRING ABOUT

6    DEPOSITION SCHEDULING AND WE HAVEN'T AGREED ON THE DATES YET,

7    SO WE HAVEN'T ACTUALLY SERVED THE NOTICES OF DEPOSITIONS. BUT

8    AS FAR AS THE REQUEST FOR PRODUCTION AND INTERROGATORIES, I

9    BELIEVE THAT WE DON'T HAVE ANY PLANS TO SERVE ANYTHING NEW AT

10   THIS TIME.

11           **THE COURT:** SO DO YOU HAVE A LIST?

12           **MR. KRIVOSHEY:** A LIST OF ALL THE DISCOVERY THAT HAS

13   BEEN SERVED?

14           **THE COURT:** ALL OF THE DEPOSITIONS.

15           **MR. KRIVOSHEY:** I HAVE THEM -- I KNOW THAT WE ARE

16   GOING TO BE SEEKING THE DEPOSITIONS OF THE FOUR CUSTODIANS WHO

17   PRODUCED DOCUMENTS.

18           **THE COURT:** WHAT ELSE?

19           **MR. KRIVOSHEY:** AT THIS TIME WE DON'T HAVE ANYBODY

20   ELSE AT THIS POINT. THEY HAVEN'T MADE AN EXPERT DISCLOSURE,

21   SO THERE'S NO EXPERTS TO DISCLOSE. SO AT THIS TIME THOSE ARE

22   THE ONLY PEOPLE.

23        WE MIGHT SERVE A TARGETED RULE 30(B)(6) DEPOSITION AS WELL

24   IF WE FIND THAT THE -- THOSE CUSTODIANS ARE NOT KNOWLEDGEABLE

25   AS TO, YOU KNOW, SOMETHING THAT'S BEEN AT ISSUE IN THIS CASE.

1    **THE COURT:** YOU BETTER GET THOSE DEPOSITION NOTICES
2    ISSUED BECAUSE IF THEY ARE NOT ISSUED, THEY ARE NOT GOING TO
3    BE SUBJECT TO ANY CONTINUANCE.
4     REBUTTAL DISCLOSURES ARE SUPPOSED TO HAVE ALREADY BEEN
5    DONE.  WHY HAVEN'T THEY BEEN DONE?
6    **MR. ELLIS:** ARE YOU TALKING ABOUT FOR RASH CURTIS?
7    RIGHT NOW WE HAVE NO PLANS ON HAVING AN EXPERT.
8    **THE COURT:** SO YOU'RE NOT GOING TO DESIGNATE AN
9    EXPERT?
10   **MR. ELLIS:** NOT INITIALLY.  AND I DON'T THINK THE
11   TIME FOR REBUTTAL EXPERTS HAS GONE PAST.
12   **THE COURT:** DID I EXTEND IT?
13   **MR. KRIVOSHEY:** YOUR HONOR, I THINK WHAT OCCURRED IS,
14   IN THE INITIAL CASE MANAGEMENT STATEMENT THAT WE FILED AT THE
15   VERY OUTSET OF THE CASE, WE HAD PROPOSED INITIAL EXPERT
16   DESIGNATIONS AND REBUTTAL EXPERT DESIGNATIONS.  AND IN THE
17   COURT'S ORDER, THERE WAS ONLY ONE ENTRY THAT SAID REBUTTAL
18   EXPERT DESIGNATIONS BUT NOT A DATE FOR INITIAL EXPERT
19   DESIGNATIONS.
20    SO WE TOOK THAT AS TO MEAN -- WE THOUGHT THAT THAT MIGHT
21   BE A TYPO SO THAT'S THE DATE WE DISCLOSED OUR EXPERTS SO THERE
22   WASN'T REALLY A -- THERE WAS ONLY ONE DATE GIVEN.
23   **MR. ELLIS:** THAT'S CORRECT, YOUR HONOR.
24   **THE COURT:** SO YOU DIDN'T BOTHER TO COME IN AND SEE
25   WHETHER THAT WAS A TYPO AND WHAT YOU SHOULD DO ABOUT IT?

1        HOW ABOUT THIS FRIDAY?
2              **MR. ELLIS:** OKAY.
3              **MR. KRIVOSHEY:** WELL, YOUR HONOR, OUR ISSUE WITH THAT
4    IS THAT WE ARE ACTUALLY SEEKING -- SO OUR EXPERTS ARE GOING TO
5    NEED TO SEE A LOT OF THE DOCUMENTS THAT HAVE YET TO BE
6    PRODUCED.  WE WERE GOING TO ASK THAT WE FILE AN AMENDED
7    DISCLOSURE FROM OUR EXPERTS AS PART OF THE -- AS PART OF
8    EXTENDING DISCOVERY.  BECAUSE THEY HAVEN'T HAD -- YOU KNOW, IN
9    ORDER FOR US TO EVENTUALLY PROVIDE THINGS LIKE CLASS NOTICE
10   AND TO ASCERTAIN EVERYBODY THAT'S ACTUALLY IN THE CLASS, WE
11   ARE GOING TO NEED THE PHONE RECORDS WHICH THOSE DOCUMENT
12   REQUESTS HAVE BEEN SERVED, WE JUST HAVEN'T GOTTEN THEM YET.
13   OUR EXPERTS ARE GOING TO NEED SIGNIFICANT TIME TO REVIEW
14   THOSE.
15             **THE COURT:** WELL, IT LOOKS LIKE WHAT WAS ANTICIPATED
16   IS THAT WE WOULD HAVE EXPERT OPINIONS WITH RESPECT TO THE
17   CLASS CERTIFICATION.  AND SO THE REBUTTAL EXPERT DESIGNATIONS
18   WERE THERE TO BE RESPONSIVE TO THE COURT'S ORDER.  AND THAT'S
19   WHY YOU DIDN'T HAVE AN INITIAL.
20      UNDER YOUR ORIGINAL PROPOSED ORDER, YOU WERE GOING TO
21   PROVIDE EXPERT DESIGNATIONS BACK IN... LET'S SEE.
22             **MR. KRIVOSHEY:** SO, YOUR HONOR, JUST TO CLARIFY,
23   PLAINTIFFS DID DISCLOSE AN EXPERT EARLIER WITH THE CLASS
24   CERTIFICATION MOTION.  AND THEN WE, MORE OR LESS, REPACKAGED
25   THAT SAME REPORT JUST TO ADD THE AUGUST DATE JUST TO MAKE SURE

1   BECAUSE WE WEREN'T SURE IF THAT WAS THE DATE THE COURT WANTED
2   THE FORMAL EXPERT DISCLOSURES.  SO WE -- IT WAS MORE OR LESS
3   THE SAME REPORT IN ANTICIPATION THAT WE COULD AMEND ONCE MORE
4   DOCUMENTS COME.
5            **THE COURT:**  I'LL BE RIGHT BACK.
6                  (PAUSE IN THE PROCEEDINGS.)
7       SO I'M NOW LOOKING AT THE CMC STATEMENT YOU FILED BACK ON
8   SEPTEMBER 26TH, 2016 WITH YOUR PROPOSED SCHEDULE THAT WE
9   DISCUSSED HERE IN COURT.
10      YOUR MOTIONS FOR CLASS CERT WITH YOUR EXPERT REPORTS -- OR
11  PLAINTIFFS' MOTIONS FOR CLASS CERT WITH THEIR EXPERT REPORTS
12  PER THAT DISCUSSION WERE DUE MARCH 28TH OF THIS YEAR.
13      DEFENDANT'S OPPOSITION AND ANY EXPERT REPORTS DEFENDANT
14  INTENDED TO USE WERE TO BE FILED AND SERVED BACK IN
15  APRIL 25TH.
16      PLAINTIFFS' REPLY IN SUPPORT OF THE CLASS MOTION AND ANY
17  REBUTTAL EXPERT REPORTS PLAINTIFF INTENDED TO USE ON MAY 25TH.
18      THE HEARING ON THE MOTION WAS JUNE 27TH.
19      PARTIES' EXPERT DESIGNATIONS ON ISSUES OTHER THAN CLASS
20  CERT JULY 25TH.
21      PARTIES' REBUTTAL EXPERT DESIGNATIONS, THE AUGUST DATE.
22      DISCOVERY CUTOFF OCTOBER 25TH.
23      SO THAT'S WHAT I ORDERED WHEN YOU WERE LAST HERE BACK ON
24  OCTOBER 3RD, 2016 PER THE SCHEDULE THAT YOU PROVIDED ME, AND
25  THE OUTLINE OF WHAT YOU WERE SUPPOSED TO DO, WHICH IS WHY THIS

1  ALL MAKES MORE SENSE.
2      I CAN GET THE TRANSCRIPT AND SEE WHAT I ORDERED ON THE
3  RECORD.  THERE'S A LOT OF GAMES PLAYING IN THIS CASE.
4          **MR. KRIVOSHEY:**  YOUR HONOR, WE ARE NOT TRYING TO PLAY
5  ANY GAMES.
6      AS YOU KNOW, WE FILED A MOTION TO EXTEND THE CLASS
7  CERTIFICATION BRIEFING AS WELL, WHICH THE COURT GRANTED.  SO
8  WE'VE INITIALLY FILED OUR MOTION FOR CLASS CERTIFICATION AND
9  DISCLOSED OUR EXPERT ON THE 25TH, AND THEN DEFENDANT'S
10 OPPOSITION WAS DUE A MONTH LATER.  THEY DIDN'T MAKE AN
11 EXPERT -- YOU KNOW, ANY KIND OF REBUTTAL REPORT AT THAT TIME.
12 AND THEN --
13         **THE COURT:**  BUT TO THE EXTENT YOU WANTED IT, THAT'S
14 WHEN IT WAS DUE.
15         **MR. ELLIS:**  WELL, LET ME ALSO SAY, I DON'T THINK
16 THERE'S ANY GAME PLAYING GOING ON FROM OUR SIDE EITHER.
17         **THE COURT:**  GIVEN WHAT JUDGE CORLEY HAS TOLD ME, I AM
18 NOT SO -- I'M TAKING THAT WITH A GRAIN OF SALT.
19         **MR. ELLIS:**  WELL, I UNDERSTAND WHAT JUDGE CORLEY HAS
20 SAID.  I HAVE APPEARED IN FRONT OF HER A COUPLE OF TIMES.
21 MR. VALENTI HAS APPEARED IN -- IN FRONT OF HER A FEW TIMES.
22     THE PROBLEM IS WITH THIS CASE, WE STARTED OFF, WE THOUGHT
23 WE HAD A SETTLEMENT.  AND AS YOU RECALL, WE BRIEFED THAT, AND
24 THAT REALLY SLOWED, I THINK, EVERYTHING DOWN.  THOSE THINGS
25 HAPPEN IN CASES LIKE THIS.

```
 1         AND WE ARE -- WE ARE TRYING TO COMPLY WITH THEIR DISCOVERY
 2   OBLIGATIONS.  WE DEAL WITH A SMALL COMPANY.  I KNOW THAT
 3   PLAINTIFFS' COUNSEL WILL DISAGREE WITH THAT, BUT I HAVE BEEN
 4   DOING, YOUR HONOR, I HAVE BEEN DOING CLASS ACTIONS, CONSUMER
 5   CLASS ACTIONS FOR 30 YEARS.  EVERY TIME I DEAL WITH A CLIENT,
 6   THEY TELL ME WE CAN'T DO THIS AND WE TELL THEM YOU HAVE TO.
 7   IT'S A STRUGGLE AND WE GO THROUGH.
 8         ONE OF THE ISSUES THAT I PERSONALLY HAVE HERE IN THIS CASE
 9   IS THAT THE SCOPE OF THE DISCOVERY THAT'S BEING ASKED, WHEN WE
10   ARE LOOKING FOR 60 MILLION, WHICH IS WHERE WE ARE AT RIGHT
11   NOW, 60 MILLION SEPARATE RECORDS DEALING WITH PEOPLE AND HOW
12   ARE WE GOING TO DO THAT IN A RULE 26 WITH THE ESI, IT'S A LOT.
13         AND THIS IS NOT A CLASS ACTION TYPICALLY THE WAY THAT
14   YOU'VE HAD CLASS ACTIONS IN FRONT OF YOU, I DON'T THINK.  THIS
15   IS A WRONG NUMBER CLASS ACTION.  THAT'S WHAT IT HAS COME DOWN
16   TO NOW, NOW THAT MCMILLION AND ADEKOYA ARE NO LONGER HERE.
17         WHEN YOU ARE DEALING WITH A WRONG NUMBER CLASS ACTION BY
18   DEFINITION, YOU DON'T HAVE SOMETHING IN YOUR RECORDS THAT SAY
19   THAT YOU'RE CALLING THE WRONG PERSON.
20         SO, YOU KNOW, SPEAKING ON BEHALF OF PLAINTIFFS' COUNSEL,
21   THEY HAVE DONE A PRETTY GOOD JOB AT TRYING TO TRACK THIS DOWN,
22   BUT IT'S REALLY DIFFICULT.
23         AND THE MAGISTRATE JUDGE, I KNOW, WHENEVER WE GO INTO
24   FEDERAL COURT OR STATE COURT THESE DAYS, REALLY, YOU KNOW,
25   IT'S LIKE DISCOVERY IS OPEN AND THERE SHOULD NOT BE ANY
```

1  LIMITATIONS.  BUT THE FACT IS, UNDER RULE 26, WE ARE GOING TO

2  HAVE TO DEAL WITH IS THE CANDLE WORTH THE FLAME.

3  SO WHAT WE HAVE DONE, GOING ALL THE WAY BACK TO WHEN I

4  WASN'T HANDLING THE CASE, BUT MY PARTNER, ANDREW STEINHEIMER

5  WAS, WHO IS NOW WITH THE ATTORNEY GENERAL'S OFFICE AND I TOOK

6  THE CASE OVER, AND THERE WAS SOME DELAY FROM THAT, QUITE

7  FRANKLY, AND I'LL SAY MEA CULPA ON THAT, BUT WAY BACK IN 2016,

8  WE DID A SAMPLE OF ONE WEEK OF OUR PHONE CALLS.  250,000 PHONE

9  CALLS DURING THAT ONE WEEK.  I THINK THAT'S WHAT IT WAS.

10  AM I CORRECT ABOUT THAT?

11  **MR. VALENTI:**  IT SOUNDS RIGHT.

12  **MR. ELLIS:**  SO THIS IS -- NO ONE HERE MEANS TO ANNOY

13  YOU.  WE REALLY DON'T, BUT IT'S A CASE.  AND IT'S TURNED INTO

14  A PRETTY BIG CASE.  SO WE'RE JUST HERE TO GET THE CASE,

15  LITIGATE IT, GET THE DISCOVERY DONE.

16  **THE COURT:**  WELL, I'VE GOT TO BRING THIS TO A

17  RESOLUTION ONE WAY OR THE OTHER.  AND I CERTAINLY -- I DON'T

18  KNOW WHICH OF THE TWO OF YOU APPEARED IN FRONT OF JUDGE CORLEY

19  THE TIME BEFORE LAST.

20  WHICH OF THE TWO OF YOU?

21  **MR. VALENTI:**  THAT WOULD HAVE BEEN ME, YOUR HONOR --

22  I ACTUALLY APPEARED BEFORE HER MOST RECENTLY WHEN SHE

23  CONTINUED THE DISCOVERY HEARING AS WELL.

24  **THE COURT:**  THEN YOU START WORKING ON YOUR FEDERAL

25  COURT DECORUM.  YOU WERE APPARENTLY SO OUT OF LINE THAT ALL

```
 1    THE LAW CLERKS WHO WERE SITTING IN THERE WATCHING WERE
 2    APPALLED, AND IT WAS APPARENTLY SO OBVIOUS THAT MY LAW CLERK,
 3    WHO WASN'T EVEN THERE, BROUGHT ME THE TRANSCRIPT.  SO I DON'T
 4    KNOW WHAT IT IS YOU THINK YOU WERE SAYING OR HOW YOU WERE
 5    SAYING IT, BUT YOU NEED TO IMPROVE.
 6             MR. VALENTI:  UNDERSTOOD, YOUR HONOR.
 7      I GUESS THE POINT I WAS TRYING TO MAKE WITH JUDGE CORLEY
 8    WAS THAT THE BURDEN IN THIS CASE IS IMMENSE, AND THE
 9    PRODUCTION THAT MY CLIENT'S BEING REQUIRED TO MAKE AND IS
10    BEING ORDERED IS VERY OVERBROAD AS NOTED IN THE CMC STATEMENT
11    THAT WE SUBMITTED BEFORE YOUR HONOR.  MANY OF THE EMAILS THAT
12    WE HAVE BEEN ORDERED TO PRODUCE HAVE NO RELEVANCE
13    WHATSOEVER --
14             MR. ELLIS:  MR. VALENTI, APOLOGIZE TO THE COURT.
15             MR. VALENTI:  I DO APOLOGIZE, YOUR HONOR.  AND I
16    APOLOGIZE TO JUDGE CORLEY AS WELL.  I WAS MERELY ADVOCATING
17    FOR MY CLIENT'S POSITION.
18             MR. ELLIS:  I'M SORRY, I DIDN'T MEAN TO INTERRUPT,
19    YOUR HONOR.
20             THE COURT:  ALL RIGHT.  WHERE ARE WE GOING FROM HERE?
21             MR. KRIVOSHEY:  WELL, YOUR HONOR, NOT TO MAKE THIS
22    HEARING INTO A DISCOVERY HEARING, BUT --
23             THE COURT:  YOU WON'T BECAUSE I'M NOT ISSUING ANY
24    ORDERS ON DISCOVERY.  SHE'S TOTALLY IN CONTROL OF THAT
25    PROCESS.  ONE THING THAT I DON'T DO IS GET IN THE WAY OF GOOD
```

```
 1   MAGISTRATE JUDGES WHO ARE MANAGING MY DISCOVERY.  THERE AREN'T
 2   THAT MANY CASES THAT I SEND OUT TO THEM, BUT WHEN I DO, I
 3   DON'T GET IN THEIR WAY.
 4            MR. KRIVOSHEY:  I UNDERSTAND.  I JUST WAS HOPING THAT
 5   WE COULD JUST GET SOME DATES ON THE CALENDAR SO WE CAN PROCEED
 6   FROM HERE ON OUT THROUGH THE REST OF THE CASE.
 7            THE COURT:  THAT'S WHY I AM ASKING.
 8       I AM NOT MOVING ANY DISCOVERY DATES UNTIL I HEAR BACK FROM
 9   JUDGE CORLEY AND I HAVE A VERY SPECIFIC PROPOSAL ABOUT WHAT IS
10   BEING -- WHAT WILL BE EXTENDED AND WHAT WILL NOT BE EXTENDED.
11       SO, AS FAR AS YOU WERE CONCERNED, YOU NEED TO OPERATE ON
12   THE NOTION THAT THAT OCTOBER 25TH DATE IS THE PRIMARY DATE.
13   THAT'S WHY I SAID, IF YOU HAVEN'T GOTTEN YOUR DEPOSITION
14   NOTICES OUT, YOU BETTER GET THEM OUT.  BECAUSE IF THEY ARE NOT
15   OUT, THAT'S GOING TO BE A PROBLEM FOR YOU.
16            MR. KRIVOSHEY:  OKAY.  AND THEN GOING BACK TO THE
17   EXPERT REPORTS THEN....
18            THE COURT:  RIGHT.  SO AS FAR AS I'M CONCERNED,
19   OPENING REPORTS AT LEAST WITH RESPECT TO CLASS ISSUES ON BOTH
20   SIDES SHOULD HAVE BEEN --
21            MR. KRIVOSHEY:  YOUR HONOR, SO OUR EXPERT REPORTS
22   WOULD BE PREPARING -- WE NEED TO GIVE CLASS NOTICE EVENTUALLY.
23   SO WE ARE NOT ASKING TO RELITIGATE CLASS CERTIFICATION BY ANY
24   MEANS.
25       THIS IS JUST, YOU KNOW, INITIALLY IN SUPPORT OF CLASS
```

1   CERTIFICATION OUR EXPERTS WERE SAYING THAT THEY BELIEVE THAT
2   DOCUMENTS EXIST, IT CAN BE PRODUCED SO THAT WE CAN MANAGE THIS
3   CASE AND GO EFFICIENTLY TOWARDS TRIAL.
4        CLASS CERTIFICATION HAS NOW BEEN GRANTED, AND THEY NEED TO
5   SUPPLEMENT THEIR REPORT TO MAKE IT COMPLETE SO WE KNOW EXACTLY
6   WHO'S IN THE CLASS.
7            **THE COURT:**  ALL RIGHT.  ANY DEFENSE... ANY DEFENSE
8   AFFIRMATIVE REPORTS NEED TO BE DISCLOSED.
9        LET ME ASK, DID I MOVE THIS JULY 25TH DATE THAT WE
10  DISCUSSED?  I GUESS HALF OF YOU WEREN'T HERE.
11           **MR. ELLIS:**  I AM NOT AWARE OF THAT, HONESTLY.
12           **MR. KRIVOSHEY:**  YOUR HONOR, IT COULD BE... I WILL
13  APOLOGIZE THAT I WAS NOT AT THAT FIRST HEARING.  IT WAS A
14  CO-WORKER OF MINE WHO HANDLED THAT CASE AT THE TIME WHO HAS
15  SINCE LEFT OUR CASE, SO AT THE TIME THAT I TOOK OVER, I WAS
16  GOING OFF OF THE COURT'S ORDERS.  AND I APOLOGIZE, I DID NOT
17  LOOK AT THAT TRANSCRIPT.  SO I WAS NOT -- IF THE COURT ORDERS
18  SOMETHING ON THE RECORD --
19           **THE COURT:**  ARE YOU TRIAL COUNSEL --
20           **MR. KRIVOSHEY:**  -- THAT WAS NOT IN THE -- THAT DID
21  NOT MAKE IT TO THE WRITTEN ORDER --
22           **THE COURT:**  ARE YOU TRIAL COUNSEL?
23           **MR. KRIVOSHEY:**  I WILL BE ON THE TRIAL TEAM, CORRECT.
24           **THE COURT:**  ARE YOU TRIAL COUNSEL?  THAT IS, YOU ARE
25  NOT LEAD COUNSEL?

|   |   |
|---|---|
| 1 | **MR. KRIVOSHEY:** YES. |
| 2 | **THE COURT:** I TAKE IT LEAD COUNSEL WASN'T HERE ON |
| 3 | OCTOBER 3RD, 2016 WHEN WE SET THIS SCHEDULE? IS THAT WHAT YOU |
| 4 | ARE TELLING ME? |
| 5 | **MR. KRIVOSHEY:** I AM NOT -- SO WE DIDN'T KNOW SHE WAS |
| 6 | LEAVING. SHE WAS IN THE SAME POSITION AS ME. SHE WAS GOING |
| 7 | TO BE ON THE TRIAL TEAM. |
| 8 | **THE COURT:** BEING ON THE TRIAL TEAM IS NOT LEAD |
| 9 | COUNSEL. WAS SHE LEAD COUNSEL? |
| 10 | **MR. KRIVOSHEY:** SHE WAS LEAD IN THE CASE AT THAT |
| 11 | TIME, YES. |
| 12 | **THE COURT:** DO YOU UNDERSTAND WHAT I MEAN BY LEAD |
| 13 | COUNSEL? THE PERSON WHO IS GOING TO TALK TO THE JURY THE |
| 14 | WHOLE TIME. WAS SHE THE LEAD TRIAL LAWYER? |
| 15 | **MR. KRIVOSHEY:** NO, SHE WAS NOT. SHE WAS GOING TO |
| 16 | BE -- |
| 17 | **THE COURT:** IT WAS ON YOU, TOO. ENOUGH. |
| 18 | CAN YOU HAVE THOSE REPORTS -- DO YOU HAVE AN EXPERT? |
| 19 | **MR. ELLIS:** I DON'T. |
| 20 | **THE COURT:** ARE YOU -- BUT YOU DON'T THINK YOU'RE |
| 21 | GETTING ONE? |
| 22 | **MR. ELLIS:** I DON'T PLAN ON GETTING ONE. I HAVE NOT |
| 23 | SEEN WHAT THE ULTIMATE RULE 26 DISCLOSURE FROM PLAINTIFFS IS |
| 24 | GOING TO LOOK LIKE. AND I WOULD LIKE AN OPPORTUNITY TO HAVE A |
| 25 | REBUTTAL IF I JUST THINK IT'S WILD ASS -- EXCUSE MY |

1  LANGUAGE --
2          **THE COURT:**  WE'LL STRIKE THAT.
3          **MR. ELLIS:**  -- STUFF IN THE DISCLOSURE.
4          **THE COURT:**  DO YOU HAVE ALL OF YOUR EXPERTS?
5          **MR. KRIVOSHEY:**  YES.  WE HAVE RETAINED OUR EXPERTS.
6  BOTH OF OUR EXPERTS HAVE MADE EXPERT DISCLOSURES.  WE WERE
7  JUST ASKING THE COURT FOR PERMISSION TO AMEND THEM WITH NEW
8  DISCOVERY THAT'S GOING TO COME OUT.
9          **THE COURT:**  ALL RIGHT.  ANY OTHER AFFIRMATIVE
10  DISCLOSURES NEED TO HAPPEN BY OCTOBER 16TH.
11     REBUTTALS WILL BE DUE THREE WEEKS AFTER DISCLOSURE.  I SAY
12  THREE WEEKS OR 21 DAYS IN THE EVENT THAT I GET A
13  RECOMMENDATION FROM THE MAGISTRATE JUDGE TO EXTEND THE FACT
14  DISCOVERY, IN WHICH CASE THAT WILL KICK THE EXPERT REPORT.
15     UNDER THE CURRENT MODEL, AMENDMENTS TO CURRENT EXPERT
16  DISCLOSURES WILL BE DUE 14 DAYS AFTER THE CLOSE OF DISCOVERY.
17     YOU WILL BE GIVEN TWO WEEKS TO DO DEPOSITIONS, AT WHICH
18  POINT -- OR 14 DAYS, I SHOULD SAY, AND THEN EXPERT DISCOVERY
19  WILL CLOSE.
20     *DAUBERT* MOTIONS AND DISPOSITIVE MOTIONS TO BE FILED 21
21  DAYS AFTER THE CLOSE OF EXPERT DISCOVERY.  REGULAR 35-DAY
22  CALENDAR UNLESS OTHERWISE ORDERED.
23     TRIAL DATE APRIL 30TH, 2018.
24     YOUR PRETRIAL CONFERENCE WILL BE APRIL 6.  YOUR PRETRIAL
25  CONFERENCE STATEMENTS WILL BE DUE MARCH 23RD.

```
1    ON A COMPLIANCE CALENDAR MARCH 16TH.  AS I'VE SAID TO THE
2    OTHER PARTIES, YOU WILL BE EXPECTED TO FILE A JOINT STATEMENT
3    BY MARCH 9TH INDICATING THAT YOU ARE COMPLYING WITH MY
4    STANDING ORDER.
5         ANY QUESTIONS?
6              MR. KRIVOSHEY:  NO, YOUR HONOR.
7              MR. ELLIS:  THANK YOU, YOUR HONOR.
8         AND LET ME SAY ON BEHALF OF MY FIRM AND MYSELF, AGAIN, I
9    WANT TO APOLOGIZE FOR ANY NONCOMPLIANCE AND FOR ANYTHING THAT
10   MYSELF OR MY ATTORNEYS MAY HAVE DONE TO -- THAT WAS
11   INAPPROPRIATE OR DID NOT SHOW THE PROPER RESPECT OR DEMEANOR
12   TO THE COURT.
13        AND I PLAN ON APPEARING IN FRONT OF JUDGE -- MAGISTRATE
14   JUDGE CORLEY MYSELF WHEN THE HEARING GOES FORWARD TO MAKE THAT
15   SAME APOLOGY TO HER.
16             THE COURT:  GOOD ENOUGH.  WE JUST ALWAYS WANT TO BE
17   IMPROVING.  AND YOU SHOULD KNOW I WON'T TOLERATE IT APPARENTLY
18   THE WAY SHE DID.  I'M NOT THAT NICE.
19             MR. ELLIS:  I'M A FORMER JUDICIAL LAW CLERK MYSELF,
20   SO I UNDERSTAND AND HAVE YOUR MESSAGE LOUD AND CLEAR, YOUR
21   HONOR.
22             THE COURT:  ALL RIGHT, GENTLEMEN, WE ARE ADJOURNED.
23             MR. KRIVOSHEY:  THANK YOU, YOUR HONOR.
24             MR. ELLIS:  THANK YOU, YOUR HONOR.
25                  (PROCEEDINGS CONCLUDED AT 3:17 P.M.)
```

**DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC**

## **CERTIFICATE OF REPORTER**

I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

*Diane E. Skillman*

DIANE E. SKILLMAN, CSR 4909, RPR, FCRR

SUNDAY, JULY 19, 2020