1   Mark E. Ellis (SBN 127159)
2   Anthony P.J. Valenti (SBN 284542)
    Lawrence K. Iglesias (SBN 303700)
3   **ELLIS LAW GROUP LLP**
    1425 River Park Drive, Suite 400
4   Sacramento, CA 95815
    Tel.: (916) 283-8820
5   Fax: (916) 283-8821
    Email: mellis@ellislawgrp.com
6       avalenti@ellislawgrp.com
        liglesias@ellislawgrp.com

    L. Timothy Fisher (SBN 191626)
    Yeremy O. Krivoshey (SBN 295032)
    Blair E. Reed (SBN 316791)
    **BURSOR & FISHER, P.A.**
    1990 North California Blvd., Suite 940
    Walnut Creek, CA 94596
    Tel.: (925) 300-4455
    Fax: (925) 407-2700
    Email: ltfisher@bursor.com
        ykrivoshey@bursor.com
        breed@bursor.com

7

8   Scott A. Bursor (SBN 276006)
    **BURSOR & FISHER, P.A.**
9   2665 S. Bayshore Dr., Suite 220
    Miami, FL 33133
10  Tel.: (305) 330-5511
    Fax: (305) 676-9006
    Email: scott@bursor.com

11  *Attorneys for Defendant Rash Curtis &*
    *Associates*

    *Attorneys for Plaintiff and the Classes*

12

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15

16  IGNACIO PEREZ, on Behalf of Himself and all      Case No.: 4:16-cv-03396-YGR JSC
    Others Similarly Situated,

17                          Plaintiff,              **STIPULATION TO CORRECT THE
                                                    RECORD**
18          v.
                                                    Assigned to Hon. Yvonne Gonzalez Rogers
19  RASH CURTIS & ASSOCIATES,

20                          Defendant.

21

22

23

24

25

26

27

28

- 1 -

**STIPULATION TO CORRECT THE RECORD**

**STIPULATION TO CORRECT THE RECORD**

Following a jury trial, this Court entered judgment against Defendant Rash Curtis & Associates. Defendant appealed. Plaintiff and Defendant now stipulate to correct the record for purposes of appeal.

"If anything material to either party is omitted from . . . the record [on appeal] by error or accident, the omission . . . may be corrected and a supplemental record may be certified and forwarded . . . on stipulation of the parties . . . ." Fed. R. App. P. 10(e)(2)(A).

Under Rule 10(e)(2), when materials are considered by a district court, but they are inadvertently omitted from the record, the record may be supplemented with those materials in order to "reflect[] what actually occurred in the district court." *Townsend v. Columbia Operations*, 667 F.2d 844, 849 (9th Cir. 1982); *see United States v. Kelly*, 535 F.3d 1229, 1241-42 & n.10 (10th Cir. 2008) (approving a district court's supplementation of the record with a written copy of jury instructions that had been read to the jury but had not been transcribed by the reporter).

On April 26, 2019, prior to trial, this Court emailed to counsel three proposed documents, which would be argued at a pretrial conference: pre-evidence jury instructions, jury instructions, and a jury verdict form. (*See* Ex. A (email from Court); Exs. B-D (attached documents).) The contents of those documents were then argued before the Court at the pretrial conference on April 29, 2019. *See* ECF 303. However, the documents themselves—and by extension the exact language referenced by the parties and the Court during the pretrial conference—were not entered onto the record.

The parties agree that these documents should properly be part of the record. *See* Fed R. App. P. 10. They "reflect[] what actually occurred in the district court," *Townsend*, 667 F.2d at 849, and give necessary context for fully understanding the transcript of the pretrial conference. Accordingly, the parties stipulate to supplement the record on appeal with the documents attached in the Court's April 26, 2019 email. Copies of those documents are included in the attached Exhibits B-D.

Because Rule 10(e)(2)(A) permits the record to be supplemented "on stipulation of the parties," no further action from this Court is required.

1

2   Dated: November 2, 2020

3

4

5

6

7   Dated: November 2, 2020

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ELLIS LAW GROUP LLP

By: /s/ Mark E. Ellis

Mark E. Ellis


*Attorneys for Defendant*

**BURSOR & FISHER, P.A.**


By: /s/ Scott A. Bursor

Scott A. Bursor



*Class Counsel*

- 3 -

# EXHIBIT A

**Lawrence Iglesias**

| | |
|---|---|
| **From:** | Anthony Paul John Valenti |
| **Sent:** | Monday, November 2, 2020 10:58 AM |
| **To:** | Lawrence Iglesias |
| **Cc:** | Mark Ellis |
| **Subject:** | FW: 16-3396 Perez v. Rash Curtis |
| **Attachments:** | 16-3396 Perez - Jury Instructions (Copy) - Parties' Copy.pdf; 16-3396 Perez - Pre-Evidence Jury Instructions (Copy).pdf; 16-3396 Perez - Verdict Form (Copy).pdf |

**From:** ygrchambers@cand.uscourts.gov <ygrchambers@cand.uscourts.gov>
**Sent:** Friday, April 26, 2019 9:20 AM
**To:** ykrivoshey@bursor.com; breed@bursor.com; ltfisher@bursor.com; Anthony Paul John Valenti <AValenti@ellislawgrp.com>; Mark Ellis <mellis@ellislawgrp.com>
**Subject:** 16-3396 Perez v. Rash Curtis

Counsel,

Please find attached a current draft of the jury instructions and corresponding verdict form for the Perez trial. You should receive three documents, jury instructions to be read before the presentation of evidence, after the presentation of evidence, and the verdict form. Please note that this draft is being sent as a courtesy and is subject to change.


Regards,


Chambers of Hon. Yvonne Gonzalez Rogers
U.S. District Court, Northern District of California
1301 Clay Street, 4th Floor
Oakland, CA 94612

# EXHIBIT B



**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IGNACIO PEREZ, ET AL., | CASE NO. 16-cv-03396-YGR |
| Plaintiffs, | CLASS ACTION |
| vs. | VERDICT FORM |
| RASH CURTIS & ASSOCIATES, | |
| Defendant. | |

United States District Court
Northern District of California

**WE, THE JURY IN THE ABOVE-ENTITLED CASE,** unanimously render the following verdicts in accordance with the instructions provided by the Court:

**A. On Plaintiff Perez's individual claims under the <u>Telephone Consumer Protection Act</u>:**

1. Did Rash Curtis call Plaintiff Ignacio Perez on his cellular telephone during the class period with the Global Connect dialer?

   [*Other Option*: Did Rash Curtis obtain Plaintiff Ignacio Perez's cellular telephone number via skip-tracing and call him on his cellular telephone during the class period with the Global Connect dialer?]

   _____       _____

   Yes                   No

   **If you answered "no" to Question No. 1, skip Question Nos. 2 and 3 and proceed to Question No. 4. If you answered "yes" to Question No. 1, answer Question Nos. 2 and 3.**

2. How many times did Rash Curtis call Plaintiff Ignacio Perez on his cellular telephone during the class period with the Global Connect dialer?

   _____

3. How many of the calls in your answer to Question No. 2 were made using an artificial or prerecorded voice?

   _____

United States District Court
Northern District of California

**B. On Class Members' claims under the <u>Telephone Consumer Protection Act</u>, with respect to defendant's use of the Global Connect Dialer:**

4. Did Rash Curtis make calls with its Global Connect dialer to Class Members' cellular telephone numbers during the class period without their prior express consent?

   [*Other Option*: Did Rash Curtis obtain Class Members' cellular telephone numbers via skip-tracing and call them on their cellular telephone during the class period with the Global Connect dialer and without their prior express consent?]

   _____                    _____

   Yes                                      No

   **If you answered "no" to Question No. 4, skip Question Nos. 5 and 6 and proceed to Question No. 7.  If you answered "yes" to Question No. 4, answer Question Nos. 5 and 6.**

5. State the number of calls Rash Curtis made with its Global Connect dialer to Class Members' cellular telephone numbers during the class period without their prior express consent:

   _____

6. How many of the calls in your answer to Question No. 5 were made using an artificial or prerecorded voice?

   _____

United States District Court
Northern District of California

C. **On Class Members' claims under the <u>Telephone Consumer Protection Act</u>, with respect to defendant's use of the VIC Dialer:**

7.  Did Rash Curtis make calls with its VIC dialer to Class Members' cellular telephone numbers during the class period without their prior express consent?

    [*Other Option*: Did Rash Curtis obtain Class Members' cellular telephone numbers via skip-tracing and call them on their cellular telephone during the class period with the VIC dialer and without their prior express consent?]

        _____      _____

           Yes           No

    **If you answered "no" to Question No. 7, skip Question Nos. 8 and 9 and proceed to Question No. 10.  If you answered "yes" to Question No. 4, answer Question Nos. 8 and 9.**

8.  State the number of calls Rash Curtis made with its VIC dialer to Class Members' cellular telephone numbers during the class period without their prior express consent:

    _____

9.  How many of the calls in your answer to Question No. 8 were made using an artificial or prerecorded voice?

    _____

**D. On Class Members' claims under the <u>Telephone Consumer Protection Act</u>, with respect to defendant's use of the TCN Dialer:**

10. Did Rash Curtis make calls with its TCN dialer to Class Members' cellular telephone numbers during the class period without their prior express consent?

    [*Other Option*: Did Rash Curtis obtain Class Members' cellular telephone numbers via skip-tracing and call them on their cellular telephone during the class period with the TCN dialer and without their prior express consent?]

    _____          _____
    Yes                  No

    **If you answered "no" to Question No. 10, you are finished.  If you answered "yes" to Question No. 10, answer Question No. 11.**

11. State the number of calls Rash Curtis made with its TCN dialer to Class Members' cellular telephone numbers during the class period without their prior express consent:

    _____

**Please sign and date this verdict form, then return to the Court.**

Dated: _____

                              _____
                              FOREPERSON NUMBER

                              _____
                              FOREPERSON SIGNATURE

United States District Court
Northern District of California

VERDICT FORM                                          NO. 4:16-CV-03396-YGR

# EXHIBIT C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

Iᴳɴᴀᴄɪᴏ Pᴇʀᴇᴢ, ᴇᴛ ᴀʟ,

                    Plaintiffs,

        v.

Tᴀᴛᴀ Cᴏɴsᴜʟᴛᴀɴᴄʏ Sᴇʀᴠɪᴄᴇs, Lᴛᴅ.,

                    Defendant.

Case No. 4:16-cv-03396-YGR

Cʟᴀss Aᴄᴛɪᴏɴ

Pʀᴇ-Eᴠɪᴅᴇɴᴄᴇ Jᴜʀʏ Iɴsᴛʀᴜᴄᴛɪᴏɴs



1

## DUTY OF A JURY

2

### [JOINT PROPOSED INSTRUCTION NO. 2]

3   Members of the jury: You are now the jury in this case. It is my duty to instruct you on the

4   law.

5   These instructions are preliminary instructions to help you understand the principles that

6   apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed

7   to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken

8   home and must remain in the jury room when you leave in the evenings.

9   It is your duty to find the facts from all the evidence in the case. To those facts you will apply

10  the law as I give it to you. You must follow the law as I give it to you whether you agree with it or

11  not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or

12  sympathy. That means that you must decide the case solely on the evidence before you. You will

13  recall that you took an oath to do so.

14  Please do not read into these instructions or anything I may say or do that I have an opinion

15  regarding the evidence or what your verdict should be.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

**[JOINT PROPOSED JURY INSTRUCTION NO. 3]**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.



### WHAT IS EVIDENCE

### [JOINT PROPOSED JURY INSTRUCTION NO. 4]

The evidence you are to consider in deciding what the facts are consists of:

1.  The sworn testimony of any witness;

2.  The exhibits that are admitted into evidence;

3.  Any facts to which the lawyers have agreed; and

4.  Any facts that I may instruct you to accept as proved.



---

## WHAT IS NOT EVIDENCE

### [JOINT PROPOSED JURY INSTRUCTION NO. 5]

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EVIDENCE FOR A LIMITED PURPOSE**

**[JOINT PROPOSED JURY INSTRUCTION NO. 6]**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.



5

## DISTRICT AND CIRCUMSTANTIAL EVIDENCE

### [JOINT PROPOSED JURY INSTRUCTION NO. 7]

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

For example, imagine that you see water on the sidewalk in the morning.  The water could be evidence that it rained overnight.  It could also be evidence that a garden hose that had been left on.  Before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.



6

**RULING ON OBJECTIONS**

**[JOINT PROPOSED JURY INSTRUCTION NO. 8]**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

7

## CREDIBILITY OF WITNESSES

### [JOINT PROPOSED JURY INSTRUCTION NO. 9]

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NO TRANSCRIPT AVAILABLE TO JURY**

**[JOINT PROPOSED JURY INSTRUCTION NO. 11]**

    I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.



9

1

**TAKING NOTES**

2

**[JOINT PROPOSED JURY INSTRUCTION NO. 12]**

3    If you wish, you may take notes to help you remember the evidence.  If you do take notes,

4  please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking

5  distract you.  When you leave, your notes should be left in the courtroom.  No one will read your

6  notes.

7    Whether or not you take notes, you should rely on your own memory of the evidence. Notes

8  are only to assist your memory. You should not be overly influenced by your notes or those of other

9  jurors.



10

**BENCH CONFERENCES AND RECESSES**

**[JOINT PROPOSED JURY INSTRUCTION NO. 13]**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**QUESTIONS TO WITNESSES BY JURORS**

**[DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 33]**

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

1

**OUTLINE OF TRIAL**

2

**[JOINT PROPOSED JURY INSTRUCTION NO. 14]**

3

Trials proceed in the following way:  First, each side may make an opening statement.  An

4

opening statement is not evidence.  It is simply an outline to help you understand what that party

5

expects the evidence will show.  A party is not required to make an opening statement.

6

The plaintiff will then present evidence, and counsel for the defendant may cross examine.

7

Then the defendant may present evidence, and counsel for the plaintiff may cross examine.

8

After the evidence has been presented, I will instruct you on the law that applies to the case

9

and the attorneys will make closing arguments.

10

After that, you will go to the jury room to deliberate on your verdict.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATIONS OF FACT [NECESSARY?]**

**[JOINT PROPOSED JURY INSTRUCTION NO. 15]**

The parties have agreed to certain facts that will be read to you.  [*Read Stipulated Facts*].
You should therefore treat these facts as having been proved.



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEPOSITION TESTIMONY [NECESSARY?]**

**[JOINT PROPOSED JURY INSTRUCTION NO. 16]**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The depositions of the following witnesses were taken on the following dates:

[*To be completed after deposition testimony is presented during the trial*].

Insofar as possible, you should consider deposition testimony presented to you in the same way as if the witness so testified in court.



15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### CONDUCT OF THE JURY

### [JOINT PROPOSED JURY INSTRUCTION NO. 10]

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the

16

1  witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear

2  anything touching on this case in the media, turn away and report it to me as soon as possible.

3       These rules protect each party's right to have this case decided only on evidence that has

4  been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy

5  of their testimony is tested through the trial process.  If you do any research or investigation outside

6  the courtroom, or gain any information through improper communications, then your verdict may be

7  influenced by inaccurate, incomplete or misleading information that has not been tested by the trial

8  process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case

9  based on information not presented in court, you will have denied the parties a fair trial.  Remember,

10  you have taken an oath to follow the rules, and it is very important that you follow these rules.

11       A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a

12  mistrial could result that would require the entire trial process to start over.  If any juror is exposed to

13  any outside information, please notify the court immediately.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

IGNACIO PEREZ, ET AL,

                 Plaintiffs,

    v.

TATA CONSULTANCY SERVICES, LTD.,

                 Defendant.

Case No. 4:16-cv-03396-YGR

**CLASS ACTION**

**JURY INSTRUCTIONS**

      The Court attaches hereto the jury instructions, which were used to instruct the jury orally on May x, 2019.

Dated: May x, 2019

                                  _____
                                YVONNE GONZALEZ ROGERS
                     UNITED STATES DISTRICT COURT JUDGE

## DUTY OF JURY

### [INSTEAD OF JOINT PROPOSED JURY INSTRUCTION NO. 22 & 23]

Members of the jury, you have now heard all the evidence.  The attorneys will have one last chance to talk to you in closing argument.  But before they do, it is my duty to instruct you on the law that applies to this case.  You must follow these instructions as well as those that I previously gave you.  You will have a copy of my instructions with you when you go to the jury room to deliberate.

You must decide what the facts are.  You must consider all the evidence and then decide what you think happened.  You must decide the facts based on the evidence admitted in this trial.

Do not allow anything that happens outside this courtroom to affect your decision.  Do not talk about this case or the people involved in it with anyone, including family and persons living in your household, friends and coworkers, spiritual leaders, advisors, or therapists.  Do not do any research on your own or as a group.  Do not use dictionaries or other reference materials.

These prohibitions on communications and research extend to all forms of electronic communications.  Do not use any electronic devices or media, such as a cell phone or smart phone, PDA, computer, tablet device, the Internet, any Internet service, any text or instant-messaging service, any Internet chat room, blog, or website, including social networking websites or online diaries, to send or receive any information to or from anyone about this case or your experience as a juror until after you have been discharged from your jury duty.

Do not investigate the case or conduct any experiments.  Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer.  Do not visit or view the scene of any event involved in this case. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time.  Do not read, listen to, or watch any news accounts of this trial. You must not let bias, sympathy, prejudice, or public opinion influence your decision.

1

I will now tell you the law that you must follow to reach your verdict.  You must follow the law exactly as I give it to you, even if you disagree with it.  If the attorneys say anything different about what the law means, you must follow what I say.

In reaching your verdict, do not guess what I think your verdict should be from something I may have said or done.  You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

Pay careful attention to all the instructions that I give you.  All the instructions are important because together they state the law that you will use in this case.  You must consider all of the instructions together.

After you have decided what the facts are, you may find that some instructions do not apply.  In that case, follow the instructions that do apply and use them together with the facts to reach your verdict.

If I repeat any ideas or rules of law during my instructions that does not mean that these ideas or rules are more important than the others.  In addition, the order in which the instructions are given does not make any difference.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

1

## BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

2

### [JOINT PROPOSED JURY INSTRUCTION NO. 3]

3

When a party has the burden of proving any claim or affirmative defense by a preponderance

4

of the evidence, it means you must be persuaded by the evidence that the claim or affirmative

5

defense is more probably true than not true.

6

You should base your decision on all of the evidence, regardless of which party presented it.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## WHAT IS EVIDENCE

### [JOINT PROPOSED JURY INSTRUCTION NO. 4]

The evidence you are to consider in deciding what the facts are consists of:

1.      The sworn testimony of any witness;

2.      The exhibits that are admitted into evidence;

3.      Any facts to which the lawyers have agreed; and

4.      Any facts that I may instruct you to accept as proved.



1

## WHAT IS NOT EVIDENCE

## [JOINT PROPOSED JURY INSTRUCTION NO. 5]

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### EVIDENCE FOR A LIMITED PURPOSE

### [JOINT PROPOSED JURY INSTRUCTION NO. 6]

Some evidence was admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.



6

1

### DISTRICT AND CIRCUMSTANTIAL EVIDENCE

### [JOINT PROPOSED JURY INSTRUCTION NO. 7]

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

At the beginning of this trial, I gave you an example of circumstantial evidence related to seeing water on the sidewalk in the morning.  The water could be evidence that it rained overnight. It could also be evidence that a garden hose that had been left on.  Before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### RULING ON OBJECTIONS

### [JOINT PROPOSED JURY INSTRUCTION NO. 8]

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overruled the objection, the question may be answered or the exhibit received.  If I sustained the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CREDIBILITY OF WITNESSES**

**[JOINT PROPOSED JURY INSTRUCTION NO. 9]**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### CONDUCT OF THE JURY

### [JOINT PROPOSED JURY INSTRUCTION NO. 10]

I will now say a few words about your conduct as jurors.

Because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you have received all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

10

1    These rules protect each party's right to have this case decided only on evidence that has

2   been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy

3   of their testimony is tested through the trial process.  If you do any research or investigation outside

4   the courtroom, or gain any information through improper communications, then your verdict may be

5   influenced by inaccurate, incomplete or misleading information that has not been tested by the trial

6   process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case

7   based on information not presented in court, you will have denied the parties a fair trial.  Remember,

8   you have taken an oath to follow the rules, and it is very important that you follow these rules.

9    A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a

10   mistrial could result that would require the entire trial process to start over.  If any juror is exposed to

11   any outside information, please notify the court immediately.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXPERT OPINION**

**[JOINT PROPOSED JURY INSTRUCTION NO. 18]**

You have heard testimony from several expert witnesses who testified to their opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.



1

2

### IMPEACHMENT EVIDENCE – WITNESS [NECESSARY?]

### [JOINT PROPOSED JURY INSTRUCTION NO. 17]

The evidence that a witness has lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give the testimony of the witness and for no other purpose.



3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

**[JOINT PROPOSED JURY INSTRUCTION NO. 19]**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CHARTS AND SUMMARIES IN EVIDENCE**

**[JOINT PROPOSED JURY INSTRUCTION NO. 20]**

Certain charts and summaries may have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.



**EVIDENCE IN ELECTRONIC FORMAT**

**[JOINT PROPOSED JURY INSTRUCTION NO. 21]**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk

If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view. If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data disk from the jury room, and do not copy any such data.

16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

~~A<span style="font-variant: small-caps;">DDITIONAL</span> I<span style="font-variant: small-caps;">NSTRUCTIONS OF</span> L<span style="font-variant: small-caps;">AW</span>~~

~~[J<span style="font-variant: small-caps;">OINT</span> P<span style="font-variant: small-caps;">ROPOSED</span> J<span style="font-variant: small-caps;">URY</span> I<span style="font-variant: small-caps;">NSTRUCTION</span> N<span style="font-variant: small-caps;">O.</span> 27]~~

~~At this point I will give you an additional instruction. By giving an additional instruction at this time, I do not mean to emphasize this instruction over any other instruction.~~

~~You are not to attach undue importance to the fact that this instruction was read separately to you. You must consider this instruction together with all of the other instructions that were given to you.~~

~~[Read Case-Specific Instructions.]~~

~~You will now retire to the jury room and continue your deliberations.~~

**[DELETED.]**



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

~~PRERECORDED OR ARTIFICIAL VOICE DEFINED~~

~~[JOINT PROPOSED JURY INSTRUCTION NO. 28]~~

~~The TCPA does not specify a definition for the phrase "prerecorded or artificial voice." You must therefore use the ordinary meaning of the phrase as you understand it.~~

**[DELETED – This instruction has been inserted into Instruction No. 30.]**



**CLAIMS AND DEFENSES**

**[PLAINTIFF'S/DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 29]**

I will now give you specific instructions on the claims to be decided and give you a brief summary of the positions of the parties:

This civil case involves a class action lawsuit. A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who have similar legal claims. All of these people together are called a "class." The Court has appointed Plaintiff Ignacio Perez as the class representative and Bursor & Fisher, P.A. as Class Counsel to represent the class.

In a class action, the claims of many individuals can be resolved at the same time instead of requiring each member to sue separately. Because of the large number of claims that are at issue in this case, not everyone in the class will testify. You may assume that the evidence at this trial applies to all class members, except as I specifically tell you otherwise. All members of the class will be bound by the result of this trial. The people in the classes who received calls from Rash Curtis are referred to as the "Class Members." Rash Curtis must have obtained a person's telephone number through skip tracing and called that number to be a "Class Member." This case concerns calls made by Rash Curtis from June 17, 2012 until [date notice is disseminated]. This is referred to as the "Class Period."

Plaintiff Ignacio Perez, on behalf of unnamed class members, claims that Defendant Rash Curtis & Associates violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, which I will call the "TCPA," by calling cellular telephone numbers using an "automatic telephone dialing system" or a prerecorded or artificial voice. The Plaintiff has the burden of proving this claim.

Defendant denies the Plaintiff's claim.

The defendant denies this claim and also contends that its calls to the plaintiff's cellular telephone number were with prior express consent. The defendant has the burden of proof on these affirmative defenses. The plaintiff denies defendant's affirmative defenses. [1]

---

[1] [The defendant also contends its telephone dialing equipment is not an "automatic telephone dialing system" because it does not have the capacity to store or produce telephone numbers, using a random or sequential number generator, and to dial them.]

19

### ELEMENTS OF A TCPA CLAIM

### [PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 30]

To establish a claim under the TCPA, the Plaintiff must prove the following:

1. Defendant's calls to class members were made using an automatic telephone dialing system *or* using an artificial or prerecorded voice; and

2. Class Members' telephone numbers were assigned to cellular telephone services.

The only exceptions to the TCPA's prohibition relate to calls made for an emergency purpose or calls made with the prior express consent of the called party.  Plaintiff does not have to prove that Defendant lacked prior express consent to call either Plaintiff or the class members to establish this claim.  However, if a claim is established under the TCPA, Defendant is not liable if it can prove that it had prior express consent to call.

You are instructed that the Global Connect, VIC, and TCN dialers used by Defendant are automatic telephone dialing systems, or ATDSs, within the meaning of the TCPA.[2]

The TCPA does not specify a definition for the phrase "prerecorded or artificial voice."  You must therefore use the ordinary meaning of the phrase as you understand it.

If you find that Plaintiff has proved each element, you must next determine whether Defendant has established an affirmative defense.  If you find that Plaintiff has not proved each element, you must find for Defendant.

---

[2] [**Plaintiff's suggested language**: The Court has already determined that Defendant's calls to Plaintiff were made using an automatic telephone dialing system (Global Connect), that the Global Connect, VIC, and TCN dialers Defendant uses to make calls are automatic telephone dialing systems within the meaning of the TCPA, and that Defendant did not have consent to call Plaintiff Perez.

The Court has not decided if Defendant had consent to call the other Class Members, whether Defendant called Class Members using its Global Connect, VIC, or TCN dialers, and whether Defendant called Class Members using an artificial or prerecorded voice.]

**AFFIRMATIVE DEFENSES**

**[JOINT PROPOSED JURY INSTRUCTION NO. 31]**

The only exceptions to liability for a violation of the TCPA relate to calls made for an emergency purpose or with prior express consent.  Defendant has the burden of proving prior express consent.

The TCPA defines "express consent" as consent that is clearly and unmistakably stated.  If a creditor possesses prior express consent, then a third-party debt collector has express consent to make calls on behalf of that creditor.

In the debt collection context, "express consent" is consent to call a particular telephone number in connection with a particular debt that is given before the call in question is placed.  Under the TCPA, the caller must have the express consent of the person being called.

You are instructed that Defendant did not have prior express consent with respect to Plaintiff Ignacio Perez himself.

If you find that Defendant has established an affirmative defense as to the class members, you must find for Defendant.  If you find that Defendant did not prove an affirmative defense, and you previously found that Plaintiff proved the elements of the TCPA claim, you must find for Plaintiff.

21

### INTRODUCTION TO A CLASS ACTION [TO DISCUSS]

### [JOINT PROPOSED JURY INSTRUCTION NO. 32]

In this case, there are four classes that have been approved or "certified" by the Court:

**(a) Skip-Trace Class 1:** All persons who received a call on their cellular telephones within four years of the filing of the complaint until the date that class notice is disseminated from Rash Curtis' DAKCS VIC dialer and/or Global Connect dialer whose cellular telephone was obtained by Rash Curtis through skip tracing.

**(b) Skip-Trace Class 2:** All persons who received a prerecorded message or robocall on their cellular telephones [or] landline phones within four years of the filing of the complaint until the date that class notice is disseminated from Rash Curtis whose telephone number was obtained by Rash Curtis through skip tracing.

**(c) Non-Debtor Class 1:** All persons who received a call on their cellular telephones within four years of the filing of the complaint until the date that class notice is disseminated from Rash Curtis' DAKCS VIC dialer and/or Global Connect dialer whose telephone number was obtained by Rash Curtis through skip tracing and for whom Rash Curtis never had a debt-collection account in their name.

**(d) Non-Debtor Class 2:** All persons who received a prerecorded message or robocall on their cellular telephones [or] landline phones within four years of the filing of the complaint until the date that class notice is disseminated from Rash Curtis whose telephone number was obtained by Rash Curtis through skip tracing and for whom Rash Curtis has never had a debt-collection account in their name.

"Class Members" do not include any persons who provided their cellular telephone in an application for credit to a creditor that has opened an account with Rash Curtis in such person's name prior to Rash Curtis first placing a call using an automatic telephone dialing system and/or prerecorded voice.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### ~~AUTOMATIC TELEPHONE DIALING SYSTEM DEFINED~~

### ~~[DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 34]~~

~~For the purposes of the TCPA, an "automatic telephone dialing system" or "ATDS" is defined as equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers.~~

**[STRUCK in light of instruction re Court's prior determination in Instruction 30.]**



JURY INSTRUCTIONS

No. 4:16-CV-03396-YGR

**TREBLE DAMAGES**

**[*BASED UPON* DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 35]**

If you find that Defendant did not prove an affirmative defense, and you previously found that Plaintiff proved the TCPA claim, you must decide whether *treble damages* are available. A defendant may be liable for treble damages under the TCPA if defendant engaged in *knowing and/or willful* violations of the TCPA.

To determine whether Defendant has engaged in knowing and/or willful conduct, you may consider whether Defendant called one or more Class Members in good faith. When the creditor-client provides the debtor's telephone number to the debt collector, the debt collector has a good-faith basis to believe the debtor provided his or her prior express consent to the creditor-client on whose behalf the debt collector sought to collect a debt because the debt collector is entitled to rely on the statements and information provided by its creditor-client.

If you find that Defendant engaged in knowing or willful violations of the TCPA, and you previously found for Plaintiff, you must find that treble damages are available. If not, you must find for Defendant on the issue of treble damages.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SAFE HARBOR DEFENSE**

**[DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 36]**

~~When a debt collector has no knowledge that a cell phone number has been reassigned from one who has provided his or her prior express consent to another individual who has not provided his or her prior express consent, the debt collector's reliance upon the prior subscriber's consent is reasonable unless and until the debt collector actually learns that the cell phone number has been reassigned. Thus, the defendant may not be held liable for calling the plaintiff's cell phone number until it learned that it had been reassigned from the prior subscriber to the plaintiff.~~

**[STRUCK – see Pretrial Order No. 2 at 11-12.]**



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

~~STATUTORY DAMAGES~~

~~[DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 37]~~

~~If you find that the defendant violated the TCPA as to plaintiff, you may award the plaintiff any amount of actual monetary loss he has proven or $500 per violation, whichever is greater.~~

**[WITHDRAWN as parties now agree that the Court shall determine the $ amount for damages.]**



26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

~~CLASS LIABILITY~~

~~[DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 38]~~

~~In order to find that the defendant is liable to the putative class members, you must find that the plaintiff is an adequate class representative. This means you must find that he is a member of each of the certified classes and that his cellular telephone number was obtained by the defendant through skip-tracing.~~

**[DENIED.]**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



STOP

JURY INSTRUCTIONS                                                    No. 4:16-CV-03396-YGR

**DUTY OF DELIBERATE**

**[INSTEAD OF JOINT PROPOSED JURY INSTRUCTION NO. 24]**

When you go to the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are orderly and that everyone has a fair chance to be heard.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently.

Please do not state your opinions too strongly at the beginning of your deliberations or immediately announce how you plan to vote as it may interfere with an open discussion. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.

You should use your common sense, but do not use or consider any special training or unique personal experience that any of you have in matters involved in this case. Your training or experience is not a part of the evidence received in this case.

You may take breaks, but do not discuss this case with anyone, including each other, until you are all back in the jury room.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMMUNICATION WITH THE COURT**

**[JOINT PROPOSED JURY INSTRUCTION NO. 25]**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote county in any note to the court.



30

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### RETURN OF VERDICT

### [JOINT PROPOSED JURY INSTRUCTION NO. 26]

A verdict form has been prepared for you. [Explain verdict form as needed.] After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom.



31

1

### POLLING THE JURY

2       After your verdict is read in open court, you may be asked individually to indicate whether

3  the verdict expresses your personal vote.  This is referred to as "polling" the jury and is done to

4  ensure that each juror has agreed to each decision.

5       The verdict forms that you will receive may ask you to answer several questions.  You must

6  vote separately on each question.

7       Each of you will be provided a draft copy of the verdict forms for your use in keeping track

8  of your own votes.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



32